UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11904-RCL

ALAN C. ANDERSEN, et al.,

Plaintiffs,

v.

BAYVIEW CREMATORY, LLC, et al.,

Defendants.

**ANSWER OF COMMONWEALTH
CREMATION AND SHIPPING
SERVICE, INC. AND CROSSCLAIM**

## INTRODUCTION

The Defendant, Commonwealth Cremation And Shipping Service, Inc.

("Commonwealth"), hereby answer the Plaintiffs' Complaint.  To the extent that the introductory

paragraph of the Plaintiffs' Complaint requires an answer by Commonwealth, Commonwealth

hereby denies any and all allegations in the introductory paragraph, and disputes that the

Plaintiffs should be certified as a class.

1.      Commonwealth is without information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 1 of the Complaint.

2.      Commonwealth denies the truth of the allegations contained in Paragraph 2 of the

Complaint.

3.      Commonwealth is without information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 3 of the Complaint.

4.      Commonwealth denies the truth of the allegations contained in Paragraph 4 of the

Complaint.

5.      Commonwealth is without information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 5 of the Complaint.

6.      Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Commonwealth admits the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Commonwealth denies the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Commonwealth denies the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Commonwealth denies the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     Commonwealth denies the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Commonwealth denies the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Commonwealth denies the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Commonwealth denies the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Commonwealth denies the truth of the allegations contained in Paragraph 51 of the Complaint. Further answering, Commonwealth admits to utilizing the cremation services of Bayview Crematory, LLC ("Bayview").

52. Commonwealth denies the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Commonwealth denies the truth of the allegations contained in Paragraph 54 of the Complaint. Further answering, Commonwealth treated all decedents in a professional manner.

55. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70. Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.  Further answering, Commonwealth treated all decedents in a professional manner.

82.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.  Further answering, Commonwealth denies the allegations as to it.

83.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.  Further answering, Commonwealth denies the allegations as to it.

84.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.  Further answering, Commonwealth denies the allegations as to it.

86.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.  Further answering, Commonwealth denies the allegations as to it.

87.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.  Further answering, Commonwealth denies the allegations as to it.

88.     Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     Commonwealth admits entering into an agreement for the direct cremation of Tyra I. Andersen and utilizing Bayview to conduct the cremation, but denies all other allegations in Paragraph 89 of the Complaint.

90.    Commonwealth admits entering into an agreement for the direct cremation of Claire A. Ignoto and utilizing Bayview to conduct the cremation, but denies all other allegations in Paragraph 90 of the Complaint.

91.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

94.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    Commonwealth is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.    Commonwealth denies the allegations contained in Paragraph 108 of the Complaint.

109.    Commonwealth denies the allegations contained in Paragraph 109 of the Complaint.

110.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-109 of the Complaint.

111.    Commonwealth denies the allegations contained in Paragraph 111 of the Complaint.  Further answering, Commonwealth admits entering agreements for the direct cremation of Tyra I. Andersen and Claire A. Ignoto.

- 11 -

112.    Commonwealth denies the allegations contained in Paragraph 112 of the Complaint.

113.    Commonwealth denies the allegations contained in Paragraph 113 of the Complaint.

114.    Commonwealth denies the allegations contained in Paragraph 114 of the Complaint.

115.    Commonwealth denies the allegations contained in Paragraph 115 of the Complaint.

116.    Commonwealth denies the allegations contained in Paragraph 116 of the Complaint.

117.    Commonwealth denies the allegations contained in Paragraph 117 of the Complaint.

118.    Commonwealth denies the allegations contained in Paragraph 118 of the Complaint.

119.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-118 of the Complaint.

120.    Commonwealth denies the allegations contained in Paragraph 120 of the Complaint.  Further answering, Commonwealth admits entering agreements for the direct cremation of Tyra I. Andersen and Claire A. Ignoto.

121.    Commonwealth denies the allegations contained in Paragraph 121 of the Complaint.

122.    Commonwealth denies the allegations contained in Paragraph 122 of the Complaint.

123.    Commonwealth denies the allegations contained in Paragraph 123 of the Complaint.

124.    Commonwealth denies the allegations contained in Paragraph 124 of the Complaint.

125.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-124 of the Complaint.

126.    Commonwealth denies the allegations contained in Paragraph 126 of the Complaint.

127.    Commonwealth denies the allegations contained in Paragraph 127 of the Complaint.

128.    Commonwealth denies the allegations contained in Paragraph 128 of the Complaint.

129.    Commonwealth denies the allegations contained in Paragraph 129 of the Complaint.

130.    Commonwealth denies the allegations contained in Paragraph 130 of the Complaint.

131.    Commonwealth denies the allegations contained in Paragraph 131 of the Complaint.

132.    Commonwealth denies the allegations contained in Paragraph 132 of the Complaint.

133.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-132 of the Complaint.

134.    The allegations contained in Paragraph 134 of the Complaint do not pertain to Commonwealth and, therefore, no answer is required by Commonwealth.

135.    The allegations contained in Paragraph 135 of the Complaint do not pertain to Commonwealth and, therefore, no answer is required by Commonwealth.

136.    The allegations contained in Paragraph 136 of the Complaint do not pertain to Commonwealth and, therefore, no answer is required by Commonwealth.

137.    The allegations contained in Paragraph 137 of the Complaint do not pertain to Commonwealth and, therefore, no answer is required by Commonwealth.

138.    The allegations contained in Paragraph 138 of the Complaint do not pertain to Commonwealth and, therefore, no answer is required by Commonwealth.

139.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-138 of the Complaint.

140.    Commonwealth denies the allegations contained in Paragraph 140 of the Complaint.

141.    Commonwealth denies the allegations contained in Paragraph 141 of the Complaint.

142.    Commonwealth denies the allegations contained in Paragraph 142 of the Complaint.

143.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-142 of the Complaint.

144.    Commonwealth denies the allegations contained in Paragraph 144 of the Complaint.

145.    Commonwealth denies the allegations contained in Paragraph 145 of the Complaint.

146.    Commonwealth denies the allegations contained in Paragraph 146 of the Complaint.

147.    Commonwealth denies the allegations contained in Paragraph 147 of the Complaint.

148.    Commonwealth denies the allegations contained in Paragraph 148 of the Complaint.

149.    Commonwealth denies the allegations contained in Paragraph 149 of the Complaint.

150.    Commonwealth denies the allegations contained in Paragraph 150 of the Complaint.

151.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-150 of the Complaint.

152.    Commonwealth denies the allegations contained in Paragraph 152 of the Complaint.

153.    Commonwealth denies the allegations contained in Paragraph 153 of the Complaint.

154.    Commonwealth denies the allegations contained in Paragraph 154 of the Complaint.

155.    Commonwealth denies the allegations contained in Paragraph 155 of the Complaint.

156.    Commonwealth denies the allegations contained in Paragraph 156 of the Complaint.

157.    Commonwealth denies the allegations contained in Paragraph 157 of the Complaint.

158.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-157 of the Complaint.

159.    Commonwealth denies the allegations contained in Paragraph 159 of the Complaint.

160.    Commonwealth denies the allegations contained in Paragraph 160 of the Complaint.

161.    Commonwealth denies the allegations contained in Paragraph 161 of the Complaint.

162.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-161 of the Complaint.

163.    Commonwealth denies the allegations contained in Paragraph 163 of the Complaint.

164.    Commonwealth denies the allegations contained in Paragraph 164 of the Complaint.

165.    Commonwealth denies the allegations contained in Paragraph 165 of the Complaint.

166.    Commonwealth realleges and incorporates by reference herein its answers to Paragraphs 1-165 of the Complaint.

167. Commonwealth denies the allegations contained in Paragraph 167 of the Complaint.

168. Commonwealth denies the allegations contained in Paragraph 168 of the Complaint.

169. Commonwealth denies the allegations contained in Paragraph 169 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint fails to state a cause of action against Commonwealth and should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint should be dismissed for misnomer of a party.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiffs' alleged damages, if any, were caused by others for whose conduct Commonwealth is not responsible.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs have not sustained any cognizable damages for which Commonwealth is responsible.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrine of latches.

## EIGHTH AFFIRMATIVE DEFENSE

Commonwealth owes no duty to the Plaintiffs as alleged.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs lack standing.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged damages, if any, were caused by the superceding intervening alleged wrongful conduct of another for whose conduct Commonwealth is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

Commonwealth's alleged actions were not the proximate cause of the Plaintiffs' alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to set forth a legal duty owed to it.

## FOURTEENTH AFFIRMATIVE DEFENSE

Commonwealth has not breached any duty to the Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs, or some of the Plaintiffs, lack privity of contract with Commonwealth.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs should not be certified as a class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are not entitled to award of attorneys' fees.

## CROSSCLAIM

## CROSSCLAIM AGAINST THE CO-DEFENDANT, BAYVIEW CREMATORY, LLC

## PARTIES

1.    As for this Crossclaim, Commonwealth Cremation And Shipping Service, Inc. is a Massachusetts corporation with a principal place of business in Boston, Suffolk County, Massachusetts.

2.    The Defendant-in-Crossclaim, Bayview Crematory, LLC ("Bayview"), is a New Hampshire limited liability company.

3.    The Plaintiff have asserted claims against Commonwealth Cremation seeking damages purportedly sustained as a result of the actions of Bayview.

## COUNT I
### (v. Bayview for Contribution)

4.    Commonwealth Cremation realleges and incorporates by reference herein Paragraphs 1 through 3 above.

5.    Commonwealth Cremation states that if the Plaintiffs have sustained damages as those alleged in the Complaint, such damages were caused, in whole or in part, by the conduct of Bayview.

6.    Commonwealth Cremation denies that it was in any way responsible or answerable.

7.    Commonwealth Cremation denies that it was in any way responsible or answerable for the damages complained by the Plaintiffs.

8.    If Commonwealth Cremation is found liable to the Plaintiffs, which liability is expressly denied, then Commonwealth Cremation is entitled to contribution for damages and costs awarded, from the Co-Defendant, Bayview, pursuant to Mass. G.L. ch. 231(b), § 1 et seq.

- 19 -

WHEREFORE, the Defendant, Commonwealth Cremation And Shipping Service, Inc., hereby demands that Judgment enter against the Co-Defendant, Bayview Crematory, LLC, for contribution for damages and costs that may be assessed against Commonwealth Cremation in favor of the Plaintiffs.

**COUNT II**
**(v. Bayview for Indemnification)**

9.      Commonwealth Cremation realleges and incorporates by reference herein Paragraphs 1 through 8 above.

10.     If the Plaintiffs were damaged as alleged in the Plaintiffs' Complaint, then the Plaintiffs' damages, if any, were caused if not by the Plaintiffs' action, then by the conduct of the Co-Defendant, Bayview.

11.     If Commonwealth Cremation is found liable to the Plaintiffs, which liability is expressly denied, Commonwealth Cremation is entitled to indemnification from the Co-Defendant, Bayview.

WHEREFORE, the Defendant, Commonwealth Cremation And Shipping Service, Inc., hereby demands that Judgment enter against the Co-Defendant, Bayview Crematory, LLC, for indemnification for damages and costs that may be assessed against Commonwealth Cremation in favor of the Plaintiff, plus all attorneys' fees and costs incurred in defending itself in this action.

COMMONWEALTH CREMATION AND
SHIPPING SERVICE, INC.

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: November 7, 2005

Dennis E. McKenna, BBO # 556428
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

## CERTIFICATE OF SERVICE

I, Dennis E. McKenna, hereby certifies that on this 7 day of November, 2005, I caused a true and accurate copy of the foregoing document to be served by first class mail, postage prepaid, upon the following:

Theodore M. Hess-Mahan, Esquire
Shapiro Haber & Urmy, LLP
53 State Street
Boston, Massachusetts  02109
(Plaintiffs' Counsel)

William P. Smith, Esquire
Haverty & Feeney
54 Samoset Street
Plymouth, Massachusetts  02360-4546
(Counsel for Bayview)

Dennis E. McKenna

919128.1

- 21 -