UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11904 (RCL)

ALAN C. ANDERSEN, SUZANNE BOURASSA,
JOHN CARLSON, ROBERT DELIA, STEVEN
DUMAIS, SARA-ANNE EAMES, SHAUN FERRIS,
JOHN FOSTER, DENNIS FOWLER, EDWARD
GALVIN, JR., BRITTON HALL, PATRICIA
HANNIGAN, MARIE IGNOTO, DAVID JOHNSON
DAWN LATTIME, KATHLEEN MCDONOUGH,
TARA MCDONOUGH, ELEANOR POOLE, and
DONNA M. TOMASO, On Behalf of Themselves and
All Others Similarly Situated,

     Plaintiffs,

  v.

BAYVIEW CREMATORY, LLC, DEREK A.
WALLACE, LINDA STOKES, LARRY STOKES,
AMERICAN  CREMATION SOCIETY, INC.,
STEPHEN G. SCATAMACCHIA,
COMMONWEALTH CREMATION &
SHIPPING SERVICE, INC., CREMATION SOCIETY
OF MASSACHUSETTS, DRACUT FUNERAL HOME
INCORPORATED, HAMEL WICKENS & TROUPE
FUNERAL HOME, INC., ROGER HAMEL,
HART-WALLACE FUNERAL HOME,
NEPTUNE SOCIETY, INC., SIMPLICITY BURIAL
& CREMATION, INC. f/k/a OCEANSIDE
FAMILY FUNERAL HOME, and
DOES 1-50, INCLUSIVE,

     Defendants.

ANSWER
WITH AFFIRMATIVE
DEFENSES AND
CROSS-CLAIM

## ANSWER OF DEFENDANT DRACUT FUNERAL HOME, INC.
## TO PLAINTIFFS' COMPLAINT WITH
## AFFIRMATIVE DEFENSES AND CROSS-CLAIM

Defendant Dracut Funeral Home, Inc. ("Dracut"), by its undersigned counsel, hereby

responds to Plaintiffs' Complaint (the "Complaint") and avers as follows:

Dracut states that no answer to the introductory paragraph of the Complaint is required.  To the extent that an answer is required, Dracut denies the same.

## NATURE OF THE ACTION

1.    Denied.  Paragraph 1 of the Complaint purports to summarize the nature of Plaintiffs' Complaint, and therefore, no answer is required.  To the extent that an answer is required, Dracut denies the same.

2.    Denied.  After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint, and therefore, denies the same.  Dracut further states that paragraph 2 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.  By way of further response, Dracut states that it did not turn a willful blind eye to the misconduct allegedly committed by Bayview Crematory.

3.    Denied.  After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 3 of the Complaint, and therefore, denies the same.

4.    Denied.  Paragraph 4 of the Complaint purports to summarize the nature of the relief sought by Plaintiffs and the allegations contained in Plaintiffs' Complaint, and therefore, no answer is required.  To the extent that an answer is required, Dracut denies the same.

2

## PARTIES

**Plaintiffs**

5.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 5 of the Complaint, and therefore, denies the same.

6.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint, and therefore, denies the same.

7.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint, and therefore, denies the same.

8.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 8 of the Complaint, and therefore, denies the same.

9.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 9 of the Complaint, and therefore, denies the same.

10.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 10 of the Complaint, and therefore, denies the same.

3

11.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 11 of the Complaint, and therefore, denies the same.

12.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 12 of the Complaint, and therefore, denies the same.

13.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 13 of the Complaint, and therefore, denies the same.

14.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint, and therefore, denies the same.

15.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint, and therefore, denies the same.

16.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 16 of the Complaint, and therefore, denies the same.

17.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 17 of the Complaint, and therefore, denies the same.

4

18. Admitted in part; denied in part. It is admitted that, in or around April of 2001, the time in which Dracut provided funeral directing services relating to the death of Gloria Dubois-Johnson, David Johnson was an individual residing in Tyngsboro, Massachusetts. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the remaining averments in paragraph 18 of the Complaint, and therefore, denies the same.

19. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint, and therefore, denies the same.

20. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 20 of the Complaint, and therefore, denies the same.

21. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint, and therefore, denies the same.

22. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 22 of the Complaint, and therefore, denies the same.

23. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 23 of the Complaint, and therefore, denies the same.

5

**Defendants**

24.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 24 of the Complaint, and therefore, denies the same.

25.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 25 of the Complaint, and therefore, denies the same.

26.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 26 of the Complaint, and therefore, denies the same.

27.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 27 of the Complaint, and therefore, denies the same.

28.     Denied.     Paragraph 28 of the Complaint purports to establish a term used by Plaintiffs to refer to certain Defendants in the Complaint, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 28 of the Complaint, and therefore, denies the same.

29.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 29 of the Complaint, and therefore, denies the same.

6

30. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 30 of the Complaint, and therefore, denies the same.

31. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 31 of the Complaint, and therefore, denies the same.

32. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 32 of the Complaint, and therefore, denies the same.

33. Admitted.

34. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 34 of the Complaint, and therefore, denies the same.

35. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 35 of the Complaint, and therefore, denies the same.

36. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 36 of the Complaint, and therefore, denies the same.

37. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 37 of the Complaint, and therefore, denies the same.

7

38.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 38 of the Complaint, and therefore, denies the same.

39.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 39 of the Complaint, and therefore, denies the same.

40.    Denied.    Paragraph 40 of the Complaint purports to establish a term used by Plaintiffs to refer to certain Defendants in the Complaint, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 40 of the Complaint, and therefore, denies the same.    By way of further response, Dracut states that Bayview Crematory was a crematory used by Dracut to perform cremation services during the time period beginning in or around January of 2000 and ending in or around October of 2001.

## JURISDICTION AND VENUE

41.    Denied.    Paragraph 41 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

42.    Denied.    Paragraph 42 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

8

43. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 43 of the Complaint, and therefore, denies the same.

## CLASS ACTION ALLEGATIONS

44. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 44 of the Complaint, and therefore, denies the same.

45. Denied. Paragraph 45 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that the members of the proposed Class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because, upon information and belief, the members of the proposed Class reside in the same geographic region and can be readily identified.

46. Denied. Paragraph 46 of the Complaint and its subparagraphs contain conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that the proposed Class members do not share sufficiently common questions or issues of fact or law. Dracut further states that questions of law or fact common to the proposed Class, if any, do not predominate over individual questions particular to each proposed class member.

47. Denied. Paragraph 47 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that the claims alleged by Plaintiffs are not

9

typical of the claims of the members of the proposed Class because Plaintiffs' claims do not arise out of the same events or circumstances as the claims of the members of the proposed Class, and the legal theories and defenses to be relied upon by Plaintiffs differ from the legal theories and defenses of the members of the proposed Class.  Dracut further denies that Plaintiffs or any member of the proposed Class suffered any damages for which Dracut is liable or responsible.

48.    Denied.    Paragraph 48 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 48 of the Complaint, and therefore, denies the same.

49.    Denied.    Paragraph 49 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.  By way of further response, Dracut states that a class action is not superior to other methods for the fair and efficient adjudication of this matter.  Dracut incorporates by reference its answer to paragraph 45 of the Complaint above as if fully set forth at length herein.

50.    Denied.    Paragraph 50 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.  Dracut incorporates by reference its answers to paragraphs 45 and 49 of the Complaint above as if fully set forth at length herein.

10

## COMMON FACTUAL ALLEGATIONS

**Bayview Crematory Mishandled and Commingled Corpses**

51.    Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 51 of the Complaint, and therefore, denies the same.

52.    Denied. The averments in paragraph 52 of the Complaint are denied.

53.    Denied. Paragraph 53 of the Complaint purports to restate a portion of an article published in *The Boston Globe* on June 29, 2003 entitled "N.H. Firm Offers Lift to Funeral Homes' Bottom Line But Questions, Complaints Are Raised Against Operator," and therefore, no answer is required. To the extent that an answer is required, said article is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut further states that all averments as to the legal effect, if any, of said article are denied as conclusions of law to which no answer is required.

54.    Admitted in part; denied in part. It is admitted that human remains should be handled with decorum and respect. The remaining averments in paragraph 54 of the Complaint are denied. Paragraph 54 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that, at all times, it displayed the requisite decorum and respect in handling human remains, and complied with the applicable ethical codes, if any, regarding the handling of such remains.

11

**Defendant Wallace Was Suspended for Five Years for Unprofessional Conduct**

55.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 55 of the Complaint, and therefore, denies the same.

56.    Denied.    Paragraph 56 of the Complaint purports to restate a portion of a written decision rendered by the Board of Registration of Funeral Directors and Embalmers regarding the alleged misconduct of Derek A. Wallace, and therefore, no answer is required. To the extent that an answer is required, said decision is a writing that speaks for itself, and all characterizations of that writing are denied. By way of further response, all averments as to the legal effect, if any, of said decision are denied as conclusions of law to which no answer is required. Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 56 of the Complaint, and therefore, denies the same.

57.    Denied.    Paragraph 57 of the Complaint purports to restate a portion of a written decision rendered by the Board of Registration of Funeral Directors and Embalmers regarding the alleged misconduct of Mr. Wallace, and therefore, no answer is required. To the extent that an answer is required, said decision is a writing that speaks for itself, and all characterizations of that writing are denied. By way of further response, all averments as to the legal effect, if any, of said decision are denied as conclusions of law to which no answer is required.    Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 57 of the Complaint, and therefore, denies the same.

12

58.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 58 of the Complaint, and therefore, denies the same.

59.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 59 of the Complaint, and therefore, denies the same.

60.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 60 of the Complaint, and therefore, denies the same.

61.     Denied.     Paragraph 61 of the Complaint purports to restate a portion of a written decision rendered by the Board of Registration of Funeral Directors and Embalmers regarding the alleged misconduct of Mr. Wallace, and therefore, no answer is required.  To the extent that an answer is required, said decision is a writing that speaks for itself, and all characterizations of that writing are denied.  By way of further response, all averments as to the legal effect, if any, of said decision are denied as conclusions of law to which no answer is required.     Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 61 of the Complaint, and therefore, denies the same.

62.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 62 of the Complaint, and therefore, denies the same.

13

**The Police Shut Down Bayview Crematory Due to a Series of Gruesome Finds**

63.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 63 of the Complaint, and therefore, denies the same.

64.     Denied.     Paragraph 64 of the Complaint purports to restate a portion of an article published in *The Boston Herald* on February 24, 2005 entitled "Cops find rotting corpse at crematory," and therefore, no answer is required.     To the extent that an answer is required, said article is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut further states that all averments as to the legal effect, if any, of said article are denied as conclusions of law to which no answer is required.

65.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 65 of the Complaint, and therefore, denies the same.

66.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 66 of the Complaint, and therefore, denies the same. By way of further response, Dracut states that it did not betray the confidence of any persons for which it provided funeral directing services.

67.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 67 of the Complaint, and therefore, denies the same.

68.     Denied.     Paragraph 68 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the

14

same. Paragraph 68 of the Complaint purports to restate a portion of an article published in *The Boston Globe* on February 26, 2005 entitled "Families' Doubt on Ashes Led to Lawsuits, Crematory Was Sued Last Year in Boston," and therefore, no answer is required. To the extent that an answer is required, said article is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut further states that all averments as to the legal effect, if any, of said article are denied as conclusions of law to which no answer is required. Dracut also states that it is not liable or responsible to Plaintiffs, any members of the proposed Class, or any other person for any of the alleged misconduct or "atrocities" that occurred at Bayview Crematory.

69.    Denied.    Paragraph 69 of the Complaint purports to restate a portion of an article published over *The Associated Press State & Local Wire* on March 20, 2005 entitled "Unlicensed crematorium operator faces more complaints," and therefore, no answer is required. To the extent that an answer is required, said article is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut further states that all averments as to the legal effect, if any, of said article are denied as conclusions of law to which no answer is required.

70.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 70 of the Complaint, and therefore, denies the same.

71.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 71 of the Complaint, and therefore, denies the same.

15

**Criminal Charges Were Brought Against Bayview Crematory and Defendant Wallace and Several Cohorts in Connection with the Wrongful Conduct at Bayview Crematory**

72.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 72 of the Complaint, and therefore, denies the same.

73.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 73 of the Complaint, and therefore, denies the same.

74.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 74 of the Complaint, and therefore, denies the same.

75.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 75 of the Complaint, and therefore, denies the same.

76.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 76 of the Complaint, and therefore, denies the same.

**The Funeral Home Defendants Were Obligated to Conduct Due Diligence on Bayview Crematory**

77.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 77 of the Complaint, and therefore, denies the same. Dracut further states that paragraph 77 of the Complaint purports to restate a portion of the document or package entitled "Due Diligence

16

for Funeral Homes Utilizing Third Party Crematories," and therefore, no answer is required. To the extent that an answer is required, said document or package is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut also states that all averments as to the legal effect, if any, of said document or package are denied as conclusions of law to which no answer is required. By way of further response, upon information and belief, the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories" was not drafted, published, presented, and/or released until in or around the fall of 2003, two years after Dracut last used Bayview Crematory for cremations.

78.    Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 78 of the Complaint, and therefore, denies the same. Dracut further states that paragraph 78 of the Complaint purports to restate a portion of the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories," and therefore, no answer is required. To the extent that an answer is required, said document or package is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut also states that all averments as to the legal effect, if any, of said document or package are denied as conclusions of law to which no answer is required. By way of further response, upon information and belief, the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories" was not drafted, published, presented, and/or released until in or around the fall of 2003, two years after Dracut last used Bayview Crematory for cremations.

17

79. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 79 of the Complaint, and therefore, denies the same. Dracut further states that paragraph 79 of the Complaint purports to restate a portion of the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories," and therefore, no answer is required. To the extent that an answer is required, said document or package is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut also states that all averments as to the legal effect, if any, of said document or package are denied as conclusions of law to which no answer is required. By way of further response, upon information and belief, the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories" was not drafted, published, presented, and/or released until in or around the fall of 2003, two years after Dracut last used Bayview Crematory for cremations.

80. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 80 of the Complaint, and therefore, denies the same.

**The Funeral Home Defendants Are Liable for Selecting Bayview Crematory**

81. Denied. Paragraph 81 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, paragraph 81 of the Complaint purports to restate the terms of written contracts between Plaintiffs or members of the proposed Class and certain Defendants, and therefore, no answer is required. To the extent that an answer is required,

18

said contracts are writings that speak for themselves, and all characterizations of those writings are denied. Dracut further states that all averments as to the legal effect, if any, of said contracts are denied as conclusions of law to which no answer is required. Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 81 of the Complaint, and therefore, denies the same.

82.    Denied.    The averments in paragraph 82 of the Complaint are denied.

83.    Denied.    The averments in paragraph 83 of the Complaint are denied.  By way of further response, paragraph 83 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same. Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements, and discharged and satisfied its duties, if any, to Plaintiffs and the members of the proposed Class for which Dracut provided funeral directing services.

84.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 84 of the Complaint, and therefore, denies the same.

85.    Denied.    Paragraph 85 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same. Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements, and

19

discharged and satisfied its duties, if any, to Plaintiffs and the members of the proposed Class for which Dracut provided funeral directing services.

86.    Denied.    Paragraph 86 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut also states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements, and discharged and satisfied its duties, if any, to Plaintiffs and the members of the proposed Class for which Dracut provided funeral directing services. By way of further response, Dracut denies that Plaintiffs or any members of the proposed Class suffered any harm for which Dracut is liable or responsible.

87.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 87 of the Complaint, and therefore, denies the same.

**Each of the Plaintiffs Was Damaged by Defendants' Wrongful Conduct**

American Cremation Society

88.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 88 of the Complaint, and therefore, denies the same.

Commonwealth Cremation & Shipping Service

89.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 89 of the Complaint, and therefore, denies the same.

90.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 90 of the Complaint, and therefore, denies the same.

Cremation Society of Massachusetts

91.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 91 of the Complaint, and therefore, denies the same.

Dracut Funeral Home

92.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 92 of the Complaint, and therefore, denies the same.

93.    Admitted in part; denied in part.  It is admitted that, upon information and belief, Gloria Dubois-Johnson died on or about April 7, 2001 and was cremated at Bayview Crematory.  After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the remaining averments in paragraph 93 of the Complaint, and therefore, denies the same.

Hamel, Wickens & Troupe Funeral Home

94.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 94 of the Complaint, and therefore, denies the same.

21

95. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 95 of the Complaint, and therefore, denies the same.

Hamel, Wickens & Troupe Funeral Home and American Cremation Society

96. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 96 of the Complaint, and therefore, denies the same.

Hamel, Wickens & Troupe and Cremation Society of Massachusetts

97. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 97 of the Complaint, and therefore, denies the same.

98. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 98 of the Complaint, and therefore, denies the same.

Hart-Wallace Funeral Home

99. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 99 of the Complaint, and therefore, denies the same.

100. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 100 of the Complaint, and therefore, denies the same.

123458.00601/11481470v.1

<u>Hart-Wallace Funeral Home & Neptune Society</u>

101. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 101 of the Complaint, and therefore, denies the same.

<u>Simplicity</u>

102. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 102 of the Complaint, and therefore, denies the same.

103. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 103 of the Complaint, and therefore, denies the same.

104. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 104 of the Complaint, and therefore, denies the same.

105. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 105 of the Complaint, and therefore, denies the same.

106. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 106 of the Complaint, and therefore, denies the same.

107. Denied. The averments in paragraph 107 of the Complaint are denied.

123458.00601/11481470v.1

108.    Denied.    The averments in paragraph 108 of the Complaint are denied. By way of further response, paragraph 108 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same. Dracut further states that the claims of Plaintiffs and the proposed Class members do not arise out of a series of transactions or occurrences that have a question of law or fact common to Dracut and any other Defendants.

109.    Denied.    The averments in paragraph 109 of the Complaint are denied. By way of further response, paragraph 109 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

### COUNT I

### EQUITABLE (INJUNCTIVE AND/OR DECLARATORY) RELIEF (AGAINST ALL DEFENDANTS)

110.    Dracut repeats and realleges its answers to paragraphs 1 through 109 of the Complaint above as if fully set forth at length herein.

111.    Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 111 of the Complaint, and therefore, denies the same. By way of further response, paragraph 111 of the Complaint purports to restate the terms of written contracts between Plaintiffs, members of the proposed Class, and/or decedents and the Defendants, and therefore, no answer is required.    To the extent that an answer is required, said contracts are writings that speak for themselves, and all characterizations of those writings are denied. Dracut further states that all averments as to the legal effect, if any, of said contracts are denied as

24

conclusions of law to which no answer is required. Dracut also states that paragraph 111 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

112.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 112 of the Complaint, and therefore, denies the same.

113.    Denied.    Paragraph 113 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.    Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements.

114.    Denied.    The averments in paragraph 114 of the Complaint are denied.

115.    Denied.    The averments in paragraph 115 of the Complaint are denied. By way of further response, Dracut states that, at all times, it displayed the requisite decorum and respect for human remains in handling the remains of any decedents for which it provided funeral directing services.

116.    Denied.    Paragraph 116 of the Complaint purports to restate the terms of written contracts between Plaintiffs, members of the proposed Class, and/or decedents and the Defendants, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, said contracts are writings that speak for themselves, and all characterizations of those writings are denied. Dracut further states that all averments as to the legal effect, if any, of said contracts are denied as conclusions of law to which no answer is required. By way of further response, paragraph

25

116 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

117. Denied. Paragraph 117 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

118. Denied. Dracut denies that Plaintiffs and/or the proposed Class are entitled to any equitable relief, a judgment in any manner or amount, or any other relief, and therefore, requests that the Court enter a judgment in its favor and against Plaintiffs and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT
## (AGAINST THE FUNERAL HOME DEFENDANTS)

119. Dracut repeats and realleges its answers to paragraphs 1 through 118 of the Complaint above as if fully set forth at length herein.

120. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 120 of the Complaint, and therefore, denies the same. By way of further response, paragraph 120 of the Complaint purports to restate the terms of written contracts between Plaintiffs, members of the proposed Class, and/or decedents and the Defendants, and therefore, no answer is required. To the extent that an answer is required, said contracts are writings that speak for themselves, and all characterizations of those writings are denied. Dracut further states that all averments as to the legal effect, if any, of said contracts are denied as

26

conclusions of law to which no answer is required. Dracut also states that paragraph 120 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

121.    Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 121 of the Complaint, and therefore, denies the same.

122.    Denied.    Paragraph 122 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements.

123.    Denied.    Paragraph 123 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

124.    Denied.    Paragraph 124 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements. Dracut also denies that Plaintiffs, any member of the proposed Class, or any decedent suffered any damages or monetary losses for which Dracut is liable or responsible.

27

## COUNT III

## BREACH OF FIDUCIARY DUTY/SPECIAL DUTY
## (AGAINST ALL DEFENDANTS)

125.    Dracut repeats and realleges its answers to paragraphs 1 through 124 of the Complaint above as if fully set forth at length herein.

126.    Denied.    Paragraph 126 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

127.    Denied.    Paragraph 127 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

128.    Denied.    Paragraph 128 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    Dracut further states that it discharged and satisfied its duty, if any, to Plaintiffs, the members of the proposed Class, and/or decedents for which Dracut provided funeral directing services.

129.    Denied.    Paragraph 129 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    By way of further response, Dracut denies that Plaintiffs or any member of the proposed Class suffered any damages or injuries for which Dracut is liable or responsible.

130.    Denied.    Paragraph 130 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the

28

same.    By way of further response, Dracut denies that Plaintiffs or any member of the proposed Class suffered any injuries for which Dracut is liable or responsible.

131.    Denied.    Paragraph 131 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

132.    Denied.    Paragraph 132 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same. Dracut further states that it discharged and satisfied its duty, if any, to Plaintiffs, the members of the proposed Class, and/or decedents for which Dracut provided funeral directing services.    By way of further response, Dracut denies that Plaintiffs and/or the proposed Class are entitled to punitive and/or exemplary damages, a judgment in any manner or amount, or any other relief, and therefore, requests that the Court enter a judgment in its favor and against Plaintiffs and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT IV

### FRAUDULENT CONDUCT
### (AGAINST BAYVIEW CREMATORY DEFENDANTS)

133.    Dracut repeats and realleges its answers to paragraphs 1 through 132 of the Complaint above as if fully set forth at length herein.

134.    The averments in paragraph 134 of the Complaint are not directed at Dracut, and therefore, no answer is required.    To the extent that an answer is required, Dracut denies the same.

29

135.    The averments in paragraph 135 of the Complaint are not directed at Dracut, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

136.    The averments in paragraph 136 of the Complaint are not directed at Dracut, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

137.    The averments in paragraph 137 of the Complaint are not directed at Dracut, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

138.    The averments in paragraph 138 of the Complaint are not directed at Dracut, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

## COUNT V

### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

139.    Dracut repeats and realleges its answers to paragraphs 1 through 138 of the Complaint above as if fully set forth at length herein.

140.    Denied.    Paragraph 140 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

141.    Denied.    Paragraph 141 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the

same.   Dracut further states that it discharged and satisfied its duty, if any, to Plaintiffs and the members of the proposed Class for which Dracut provided funeral directing services.

142.   Denied.   Paragraph 142 of the Complaint contains conclusions of law to which no answer is required.   To the extent that an answer is required, Dracut denies the same.   By way of further response, Dracut denies that Plaintiffs or any member of the proposed Class suffered any damages or injuries for which Dracut is liable or responsible.

## COUNT VI

## WILLFUL INTERFERENCE WITH REMAINS AND INTENTIONAL MISHANDLING OF A CORPSE (AGAINST ALL DEFENDANTS)

143.   Dracut repeats and realleges its answers to paragraphs 1 through 142 of the Complaint above as if fully set forth at length herein.

144.   Denied.   Paragraph 144 of the Complaint contains conclusions of law to which no answer is required.   To the extent that an answer is required, Dracut denies the same.

145.   Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 145 of the Complaint, and therefore, denies the same.

146.   Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 146 of the Complaint, and therefore, denies the same.

31

147.    Denied.    Paragraph 147 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

148.    Denied.    Paragraph 148 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

149.    Denied.    Paragraph 149 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    By way of further response, Dracut denies that Plaintiffs or any member of the proposed Class suffered any injuries or damages for which Dracut is liable or responsible.

150.    Denied.    Paragraph 150 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    By way of further response, Dracut denies that Plaintiffs and/or the proposed Class are entitled to punitive and/or exemplary damages, a judgment in any manner or amount, or any other relief, and therefore, requests that the Court enter a judgment in its favor and against Plaintiffs and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

### COUNT VII

### NEGLIGENT INTERFERENCE WITH REMAINS AND MISHANDLING OF A CORPSE (AGAINST ALL DEFENDANTS)

151.    Dracut repeats and realleges its answers to paragraphs 1 through 150 of the Complaint above as if fully set forth at length herein.

32

152.   Denied.   Paragraph 152 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.

153.   Denied.   After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 153 of the Complaint, and therefore, denies the same.

154.   Denied.   After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 154 of the Complaint, and therefore, denies the same.

155.   Denied.   Paragraph 155 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.

156.   Denied.   Paragraph 156 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.

157.   Denied.   Paragraph 157 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.  By way of further response, Dracut denies that Plaintiffs or any member of the proposed Class suffered any damages or injuries for which Dracut is liable or responsible.

33

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

158.    Dracut repeats and realleges its answers to paragraphs 1 through 157 of the Complaint above as if fully set forth at length herein.

159.    Denied.    Paragraph 159 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

160.    Denied.    Paragraph 160 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    By way of further response, Dracut denies that Plaintiffs or any member of the proposed Class suffered any mental injuries or emotional distress for which Dracut is liable or responsible.

161.    Denied.    Paragraph 161 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that Plaintiffs and/or the proposed Class are entitled to punitive and/or exemplary damages, a judgment in any manner or amount, or any other relief, and therefore, requests that the Court enter a judgment in its favor and against Plaintiffs and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

34

## COUNT IX

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

162.    Dracut repeats and realleges its answers to paragraphs 1 through 161 of the Complaint above as if fully set forth at length herein.

163.    Denied.    Paragraph 163 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

164.    Denied.    Paragraph 164 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    By way of further response, Dracut states that it discharged and satisfied its duty, if any, to Plaintiffs and the members of the proposed Class for which Dracut provided funeral directing services.

165.    Denied.    Paragraph 165 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    By way of further response, Dracut denies that Plaintiffs or any member of the proposed Class suffered any mental injuries or emotional distress for which Dracut is liable or responsible.    Dracut further states that Plaintiffs and members of the proposed Class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained.

## COUNT X

## CIVIL CONSPIRACY
## (AGAINST ALL DEFENDANTS)

166.    Dracut repeats and realleges its answers to paragraphs 1 through 165 of the Complaint above as if fully set forth at length herein.

167.    Denied.    Paragraph 167 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

168.    Denied.    Paragraph 168 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that it discharged and satisfied its duty, if any, to Plaintiffs and the members of the proposed Class for which Dracut provided funeral directing services.

169.    Denied.    Paragraph 169 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that Plaintiffs or any member of the proposed Class suffered any harm for which Dracut is liable or responsible.

## PRAYER FOR RELIEF

WHEREFORE, Dracut denies that Plaintiffs and the members of the proposed Class are entitled to (a) certification of this action as a class action; (b) appointment of Plaintiffs as class representatives or the law firms of Shapiro, Haber & Urmy LLP or Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP as class counsel; and (c) a judgment in any manner or amount or any other relief.    Therefore, Dracut requests that the Court enter a judgment in

36

its favor and against Plaintiffs and the members of the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Dracut reserves its right to amend this Answer to add any matter that may constitute an additional affirmative defense.

### First Affirmative Defense

Plaintiffs' Complaint fails, in whole or in part, to state a claim for which relief can be granted and should be dismissed.

### Second Affirmative Defense

Plaintiffs' alleged injuries, if any, are a direct result of the actions and inaction of other persons or entities over whom Dracut has no control and for whom Dracut is not responsible.

### Third Affirmative Defense

Plaintiffs' designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and/or other applicable law, and fails to satisfy the requirements for class certification thereunder.

### Fourth Affirmative Defense

Plaintiffs' Complaint is barred or otherwise limited by the doctrines of release, waiver, and/or estoppel.

### Fifth Affirmative Defense

Plaintiffs' Complaint is barred by the equitable doctrine of unclean hands.

37

### Sixth Affirmative Defense

Plaintiffs' Complaint is barred by the applicable statute of limitations, including, but not limited to, G.L. c. 260 *et seq.* relating to the limitation of actions.

### Seventh Affirmative Defense

Plaintiffs' Complaint is barred by the equitable doctrine of laches.

### Eighth Affirmative Defense

Plaintiffs' Complaint is barred because Dracut has complied with and performed all of its obligations and duties, whether express or implied, under the applicable contracts or agreements.

### Ninth Affirmative Defense

Plaintiffs' Complaint is barred, in whole or in part, because Dracut discharged and satisfied its duty, if any, to Plaintiffs, the members of the proposed Class, and/or decedents for which Dracut provided funeral directing services.

### Tenth Affirmative Defense

Plaintiffs' Complaint is barred because Plaintiffs failed to give proper or adequate notice of the damages or injuries allegedly suffered by Plaintiffs and/or members of the proposed Class to Dracut as required by the statutes of the Commonwealth of Massachusetts.

### Eleventh Affirmative Defense

Plaintiffs' Complaint is barred because a prior pending action in which claims of the same right allegedly infringed upon by the same wrong and involving the same evidence has been asserted in Essex Superior Court, captioned *Anzalone, et al. v. Bayview Crematory, LLC, et*

*al.*, Civil Action No. 05-789C, which action was filed on or about May 11, 2005, and in this Court, captioned *Hunt v. Bayview Crematory, LLC, et al.*, Civil Action No. 05-11140 (RCL), which action was filed on or about June 1, 2005 by the same counsel as in the instant matter.

## CROSS-CLAIM AGAINST DEFENDANT BAYVIEW CREMATORY, LLC

170. Without admitting any averments set forth in the Complaint, Dracut asserts that if there is any legal responsibility or liability for the acts and/or damages set forth in the Complaint, Defendant Bayview Crematory, LLC is solely liable to Plaintiffs and the proposed Class for any and all acts and/or damages alleged. In the alternative, Defendant Bayview Crematory, LLC is jointly or severally liable or liable over to Dracut, by way of contribution or indemnity, for any and all acts and/or damages, costs, or attorneys' fees that may be assessed against Dracut.

## JURY DEMAND

Dracut demands a trial by jury as to all issues properly triable by a jury.

39

WHEREFORE, Defendant Dracut Funeral Home, Inc. denies that Plaintiffs and the proposed Class are entitled to a judgment in any manner or amount or any other relief, and therefore, requests that the Court enter a judgment in its favor and against Plaintiffs and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper, or alternatively, in the event that the Court finds that there is legal responsibility or liability for the acts and/or damages set forth in the Complaint, a judgment in Dracut's favor and against Bayview Crematory, LLC, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

Respectfully Submitted,

**DEFENDANT, DRACUT FUNERAL HOME, INC.**
By its attorneys,

Dated:  November 3, 2005

MICHAEL E. OKOLITA
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608-1424

and

GRANT S. PALMER
JOHN J. DiCHELLO
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
(215) 569-5500
(*Pro Hac Vice* Motions Pending)

*Attorneys for Defendant, Dracut Funeral Home, Inc.*

123458.00601/11481470v.1

## CERTIFICATE OF SERVICE

I, Michael E. Okolita, certify that a true and correct copy of the above and foregoing Answer of Defendant Dracut Funeral Home, Inc. to Plaintiff's Complaint with Affirmative Defenses and Cross-Claim was served upon the counsel of record as appearing on the attached Service List on this ___3rd___ day of November, 2005 via First Class Mail, postage prepaid.

MICHAEL E. OKOLITA

## SERVICE LIST
### *Anderson et als vs. Bayview Crematory, LLC, et als*
### Civil Action No. 05-11904 (RCL)

Theodore M. Hess-Mahan, Esquire
Thomas G. Shapiro, Esquire
Shapiro, Haber & Urmy LLP
53 State Street
Boston, MA 02109
      and
Samuel H. Rudman, Esquire
Robert M. Rothman, Esquire
Evan J. Kaufman, Esquire
Mark S. Reich, Esquire
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747
**Counsel for Plaintiffs**

Dona Feeney, Esquire
Getman, Stacey, Tamposi, Schulthess & Steere
163 South River Road
Bedford, NH 03110
**Counsel for Bayview Crematory, LLC**

Richard Cavanaugh, Esquire
Gallagher & Cavanaugh
1 Foot of John Street
Lowell, MA 01852
**Counsel for Derek A. Wallace**

Mandi Jo Hanneke, Esquire
Clark, Hunt, & Embry
55 Cambridge Parkway
Cambridge, MA 02142
**Counsel for Linda Stokes**

Joseph M. Desmond, Esquire
Morrison, Mahoney, & Miller LLP
250 Summer Street
Boston, MA 02210
**Counsel for Cremation Society, Inc.**

-2-

Bradley A. MacDonald, Esquire
Cummings, King & MacDonald
One Gateway Center
Suite 351
Newton, MA 02458
**Counsel for Farrah Funeral Home**

Brian K. Walsh, Esquire
Roberta Fitzpatrick, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111
**Counsel for Hamel Wickens & Troupe Funeral Home, Inc.**

George E. Clancy, Esquire
Fuller, Rosenberg, Palmer & Beliveau
340 Main Street
Suite 817
Worcester, MA 01608
**Counsel for Keefe Funeral Home, Inc.**

Robert A. Curley, Jr., Esquire
Curley & Curley P.C.
27 School Street
Boston, MA 02108
**Counsel for William F. Spencer Funeral Services**

American Cremation Society, Inc.
385 Washington Street
Haverhill, MA  01832
**Defendant**

Neptune Society, Inc.
4312 Woodman Avenue; 3rd Floor
Sherman Oaks, CA 91423
**Defendant**

Simplicity Burial & Cremation, Inc.
f/k/a Oceanside Family Funeral Home
287 High Street
Newburyport, MA  01950
**Defendant**