UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11904RCL

ALAN C. ANDERSEN, SUZANNE BOURASSA, )
JOHN CARLSON, ROBERT DELIA, STEVEN )
DUMAIS, SARA-ANNE EAMES, SHAUN )
FERRIS, JOHN FOSTER, DENNIS FOWLER, )
EDWARD GALVIN, JR., BRITTON HALL, )
PATRICIA HANNIGAN, MARIA IGNOTO, )
DAVID JOHNSON, DAWN LATTIME, )
KATHLEEN MCDONOUGH, TARA )
MCDONOUGH, ELEANOR POOLE AND )
DONNA M. TOMASO, AND ALL OTHERS )
SIMILARLY SITUATED, Plaintiffs )
Vs. )
BAYVIEW CREMATORY, LLC, DEREK A. )
WALLACE, LINDA STOKES, LARRY STOKES, )
AMERICAN CREMATION SOCIETY, INC., )
STEPHEN G. SCATAMACCHIA, )
COMMONWEALTH CREMATION & SHIPPING )
SERVICE INC., CREMATION SOCIETY OF )
MASSACHUSETTS, DRACUT FUNERAL )
HOME INCORPORATED, HAMEL WICKENS & )
TROUPE FUNERAL HOME, INC. ROGER )
HAMEL, HART-WALLACE FUNERAL HOME, )
NEPTUNE SOCIETY, INC., SIMPLICITY )
BURIAL & CREMATION, INC. F/K/A )
OCEANSIDE FAMILY FUNERAL HOME, AND )
DOES 1-50 INCLUSIVE,    Defendants )

**DEFENDANT NEPTUNE SOCIETY INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**STATEMENT OF THE CASE**

The plaintiffs' have filed this class action lawsuit against various Defendants whom they claim mishandled the cremains of their decedents. Jurisdiction is based on diversity of citizenship. Neptune Society Inc. (hereinafter Neptune) is a corporation that sells cremation services on a pre-need and as needed basis. Since its inception Neptune Society Inc. has been incorporated in the State of Florida. Until July, 2005 Neptune's principal corporate functions were performed in the State of California . In July, 2005 Neptune moved its corporate headquarters to Fort Lauderdale, Florida. The complaint was served on Neptune in California. Neptune is licensed to do business and has local offices in Arizona, California, Colorado, Florida, Illinois, Missouri, Nevada, New York, Oregon, Texas, and Washington. Neptune has never been licensed to do business in the

Commonwealth of Massachusetts, has never operated an office in Massachusetts and has never solicited business in the Commonwealth of Massachusetts.

The only claim asserted against Neptune has been brought by one plaintiff, Patricia Hannigan, who was power of attorney for Gertrude Scheid. [See paragraph 101 of Plaintiffs' complaint.] Both Ms. Hannigan and Mrs. Scheid were residents of the State of Maine at the time of Mrs. Scheid's death. Based on information and belief, at no time material hereto were either Ms. Hannigan or Mrs. Scheid residents of the Commonwealth of Massachusetts. In or around, 1996 Mrs. Scheid purchased a prepaid cremation contract from Neptune's New York office. At the time of the purchase Ms. Scheid was a resident of the State of New York. All transactions relating to the purchase of the contract occurred in the State of New York. Sometime thereafter, Mrs. Scheid moved to the State of Maine.

On or about January 15, 2005 Ms. Scheid passed away in the Cove Edge Nursing Home located in Damariscotta, Maine. Following her death, Ms. Hannigan, also a resident of Maine, telephoned Neptune in New York and informed Neptune's office manager, Dorothy Pacimeo, that Mrs. Scheid had passed away. Ms. Pacimeo telephoned Derek Wallace of Hart-Wallace Funeral Home, a New England based professional mortuary association, to perform the cremation services by calling a toll free number (888-889-4762). Thereafter, Ms. Pacimeo faxed Mrs. Scheid's authorization to Mr. Wallace at 978-499-0847. Ms. Pacimeo had two follow up conversations regarding the death certificate with Mark of Hart-Wallace Funeral Home by dialing the toll free number. No written contract was ever executed by and between Neptune and Mr. Wallace or any of his affiliate companies. Pursuant to the telephone conversation with Neptune Mr. Wallace and/or his agent picked up Mrs. Scheid's body in Maine, transported it to Bayview Crematory in Seabrook, New Hampshire, performed the cremation at Bayview Creamatory in Seabrook, New Hampshire and delivered the remains to Neptune in Medford, New York. Neptune thereafter, pursuant to its contract with Ms. Scheid, disposed of Ms. Scheid's remains in the State of New York. [See Affidavit of Dorothy Pacimeo attached hereto as Exhibit A]

Neptune never had any dealings of any kind with Ms. Hannigan or Mrs. Schied in the Commonwealth of Massachusetts. The only contact that Neptune had with any party in this action that may have occurred within the Commonwealth of Massachusetts was a phone call to Derek Wallace at the toll free number, a fax to Hart-Wallace and two follow up calls to Hart-Wallace. The purpose of the calls/fax were to arrange for the pick up of Mrs. Scheid in Maine, the transport of Mrs. Scheid to New Hampshire, the cremation of Mrs. Scheid in New Hampshire, the delivery of the cremations to Neptune in New York and the filing of the death certificate in Maine. As Mr. Wallace operated businesses in both Massachusetts and New Hampshire and received phone calls on a toll free line it is unclear whether telephone contact was made in Massachusetts or New Hampshire. Neptune derived no revenue from its dealings with Mr. Wallace or Hart-Wallace Funeral Home.

## **LEGAL ARGUMENT**

When challenged by a defendant the plaintiff bears the burden of proving the existence of personal jurisdiction. See, Foster-Miller, Inc. v. Babcock & Wilcox Cananda, 46 F.3d 138 (1st Cir. 1995). The fact that a case has been brought as a class action suit does not alter or amend the Court's jurisdictional reach. Rules Enabling Act 28 USC 2072.

Whether the Court possesses personal jurisdiction over an out of state defendant in a diversity case depends upon the specific facts of each case. See, Noonan v. Winston Co., 902 F. Supp 298 (D. Mass. 1995). In order for this Court to exercise jurisdiction over Neptune the plaintiff must establish that the there are sufficient contacts between Neptune and the Commonwealth of Massachusetts to satisfy both the Massachusetts long-arm statute, G.L. c. 223A, and the Fourteenth Amendment Due Process Clause. Ticketmaster-New York, Inc. v. Alioto, 26 F. 3d 201 (1st Cir. 1994).

G.L. c. 223A states that a court may exercise jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
    (a) transacting any business in the commonwealth;
    (b) contracting to supply services or things in this commonwealth;
    © causing tortious injury by an act or omission in this commonwealth;
    (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
    (e) having an interest in, using or possessing real property in this commonwealth;
    (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;
    (g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or
    (h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support, or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

The only provision of chapter 223A which is possibly relevant to this action is the "transacting any business" provision contained in G.L. c. 223A section 3(a). The plaintiffs' are unable to establish that Neptune's conduct meets the "transacting any business" standard of G.L. c. 223A section 3(a). In Droukas v. Divens Training Academy, Inc. 375 Mass. 149, 376 N.E. 2d 548 (1978) the Supreme Judicial Court of Massachusetts found that Section 3(a)'s "transacting any business" standard had not been met where the defendants only contacts with Massachusetts were: the placement of an

advertisement in a publication distributed in the Commonwealth, the receipt in Florida of a telephone call in Massachusetts in regard to the purchase of two engines, the sending of correspondence to the plaintiff confirming the sale, and shipment of the engines to the plaintiff in Massachusetts. 376 N.E.2d at 551, relying on, Automatic Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 280 N.E. 2d 423 (1972), Morgan v. Heckle, 171 F. Supp. 482 (E.D. Ill. 1959), Grobark v. Addo Mach. Co., 16 Ill 2d 426, 158 N.E. 2d 73 (1959). See also, P.I.E. Nationwide, Inc. v. New England Tech. Air, 751 F. Supp. 316 (D. Mass. 1990) (shipment of freight to a Massachusetts corporation insufficient to satisfy requirements of section 3(a)). In determining that the defendant had not transacted business in the Commonwealth the Court in Droukas considered the fact that the defendants conduct did not substantially affect the commerce in Massachusetts. In the instant action there is even less reason to find personal jurisdiction under section 3(a) as the contacts of Neptune with the Commonwealth of Massachusetts were less significant than in the cases referenced above. Neptune's conduct had essentially no affect on the commerce in Massachusetts and there is no reason for the Commonwealth to have an nterest in regulating Neptune's activities. As the plaintiffs' are unable to establish that Neptune's conduct satisfies the requirements of G.L. c. 223A section 3(a) the exercise of jurisdiction over Neptune by this Court is improper.

Assuming arguendo that this Court finds that Neptune transacted business in the Commonwealth of Massachusetts the Court must decline to exercise jurisdiction over Neptune because the exercise of jurisdiction does not comport with the requirements of the Fourteenth Amendment. The assertion of jurisdiction over a defendant satisfies constitutional due-process requirements only where the defendant has "certain minimum contacts with the [state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310 (1945). The contacts a defendant must have with the state must be purposeful and substantial, such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). In order for a nonresident defendant to be subject to jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum State, thus invoking the privileges and protections of its laws." Hanson v. Denckla, 357 U.S. 235 at 253 (1958).

The Court may exercise "specific jurisdiction" where the cause of action arises out of or relates to the defendant's contact with the forum state. The gist of the claims in this action are that Bayview Crematory improperly cremated the bodies of the plaintiffs' decedents and that the other defendants were remiss in referring clients to Bayview Crematory. Bayview Crematory is located in Seabrook, New Hampshire. The claims in this action arise from conduct which occurred in New Hampshire and not from Neptune's contact with Massachusetts. The communications Neptune had in Massachusetts were ancillary to the allegedly wrongful non-forum activities. See, Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995). Accordingly, this Court must refuse to exercise "specific jurisdiction" over Neptune.

Where the cause of action does not arise out of or relate to the defendant's contact with the forum state the Court may exercise "general jurisdiction' but only where it can be shown that the defendant has had numerous and substantial contacts with the forum. In other words, the contacts must be systematic and continuous. See Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952) (contacts found sufficiently systematic and continuous where defendant company's president maintained an office in the forum state and conducted business from that office, maintained business files, managed personnel matters, held director's meetings and procured financial services from banks in the forum state for the benefit of the company). Neptune maintained no offices in the Commonwealth of Massachusetts, had no employees or representatives in Massachusetts, solicited no business in Massachusetts and derived no revenue or benefits from the Commonwealth of Massachusetts. Under the circumstances this Court can not possibly find that Neptune's contacts were systematic and continuous and therefore, must decline to exercise general jurisdiction over Neptune. See, Sandstrom v. Chemlawn Corporation, 904 F.2d 83 (1st Cir. 1990); Helicpteros Nationals de Columbia S.A. v. Hall, 466 US 408 (1984).

The Court's exercise of jurisdiction over Neptune offends the notions of fair play and substantial justice and therefore violates the Fourteenth Amendment. Accordingly, this Court must dismiss this action against Neptune pursuant to Fed. Rule Civ. Pro. 12(b)(2).

WHEREFORE, based on the foregoing the Defendant Neptune Society Inc. requests that this Honorable Court dismiss the Plaintiffs' Complaint against Defendant Neptune Society Inc. pursuant to Fed. R. Civ. Pro. 12(b)(2).

DEFENDANT
NEPTUNE SOCIETY INC.,
By its Attorney,
Maureen L. Reilly

Dated: 12/22/05

Maureen L. Reilly
33 Kingston St. 4th Floor
Boston, MA 02111
(617)338-2144
BBO#555369

## CERTIFICATE OF SERVICE

I, Maureen Reilly, hereby certify that on this 21̂ day of December, 2005, I caused a true and accurate copy of the foregoing document to be served by first class mail, postage prepaid, upon the following:

Theodore M. Hess-Mahan, Esquire
Thomas G. Shapiro, Esquire
Shapiro, Haver & Urmy LLP
53 State Street
Boston, MA 02109
    And
Samuel H. Rudman, Esquire
Robert M. Rothman, Esquire
Evan J. Kaufman, Esquire
Mark S. Reich, Esquire
Lerach Couglin Stoia Geller Rudman & Robbins LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747
**Counsel for Plaintiffs**

Donna Feeney, Esquire
Getman, Stacey, Tamposi, Schulthess & Steere
163 South River Road
Bedford, NH 03110
**Counsel for Bayview Crematory, LLC**

Richard Cavanaugh, Esquire
Gallagher & Cavanaugh
1 Foot of John Street
Lowell, MA 01852
**Counsel for Derek A. Wallace**

Mandi Jo Hanneke, Esquire

Clark, Hunt, & Embry
55 Cambridge Parkway
Cambridge, MA 02142
**Counsel for Linda and Larry Stokes**

Joseph M. Desmond, Esquire
Morrison, Mahoney, & Miller LLp
250 Summer Street
Boston, MA 02210
**Counsel for Cremation Society of Massachusetts**

Michael Okolita
Donald E. Fenner and Associates
120 Front Street Suite 310
Worcester, MA 01608-1424

Grant S. Palmer
John J. Dichello
Blank Rome LLp
1 Logan Square
Philadelphia, PA 19103
**Counsel for Dracut Funeral Home**

Dennis E. McKenna
Reimer & Braunstein
3 Center Plaza
Boston, MA 02108
**Counsel for Cremation and Shipping Service Inc.**

American Cremation Society, Inc.
Stephen Scatamacchia
385 Washington Street
Haverhill, MA 01832
**Defendant**

Simplicity Burial & Cremation, Inc.
f/k/a Oceanside Family Funeral Home
287 High Street
Newburyport, MA 01950
**Defendant**

Hart Wallace Funeral Home
107 S Broadway
Lawrence, MA 01843
**Defendant**

Commonwealth Cremation and Funeral Services Inc.
1654 Washington Street
Boston, MA 02118
**Defendant**


Hamel Wickens & Troupe Funeral Home, Inc.
Roger Hamel
26 Adams Street
Quincy, MA
**Defendant**