UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAN C. ANDERSEN, et al., On Behalf of Themselves and All Others Similarly Situated, | ) ) | No. 05-cv-11904-RCL |
| | ) | |
| Plaintiffs, | ) ) | CLASS ACTION |
| | ) | |
| vs. | ) ) | PLAINTIFFS' OPPOSITION TO DEFENDANT DRACUT FUNERAL HOME'S MOTION TO DISMISS |
| | ) | |
| BAYVIEW CREMATORY, LLC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ....................................................................................1

II. PROCEDURAL HISTORY........................................................................................2

III. ARGUMENT ...........................................................................................................4

    A.   Defendant's Motion to Dismiss Is Untimely and Should Be Stricken as Moot...................................................................................................................4

    B.   This Court Has Subject Matter Jurisdiction Over This Action................................5

        1.   This Court Has Already Held that It Has Jurisdiction Over Claims Similar to Those Alleged Here .....................................................................5

        2.   The Court Has Subject Matter Jurisdiction Under CAFA .........................6

        3.   The Court Is Not Required to Decline Jurisdiction Pursuant to Section 1332(d)(4) of CAFA ....................................................................7

            a.   Section 1332(d)(4)(A) Does Not Require the Court to Decline Jurisdiction .........................................................................8

            b.   Section 1332(d)(4)(B) Does Not Require the Court to Decline Jurisdiction .........................................................................9

        4.   The Court Should Not Decline to Exercise Jurisdiction Pursuant to Section 1332(d)(3) of CAFA ..................................................................10

    C.   Dracut's Opposition to Class Certification Is Premature.....................................12

        1.   It Is Improper for Dracut to Oppose Class Certification at This Stage...................................................................................................12

        2.   The Complaint Satisfies Rule 23(a)......................................................12

    D.   The Complaint Should Not Be Dismissed Due to the Fact that Another Action Has Been Filed in State Court..................................................................16

IV. CONCLUSION........................................................................................................19

- i -

## TABLE OF AUTHORITIES

Page

**CASES**

*American Bankers Ins. Co. of Fla. v. First State Ins. Co.,*
   891 F.2d 882 (11th Cir. 1990) ......................................................................18

*Andrews v. Bechtel Power Corp.,*
   780 F.2d 124 (1st Cir. 1985)........................................................................14

*Anzalone, et al. v. Bayview Crematory, et al.,*
   No. 2005-00789 (Essex Super. Ct.) .............................................11, 12, 17, 18

*Bath Mem'l Hosp. v. Me. Health Care Fin. Comm'n,*
   853 F.2d 1007 (1st Cir. 1988)......................................................................16

*Byrne v. Nezhat,*
   261 F.3d 1075 (11th Cir. 2001) .....................................................................4

*Colorado River Water Conservation Dist. v. United States,*
   424 U.S. 800 (1976)................................................................................16, 17

*Currie v. Group Ins. Comm'n,*
   290 F.3d 1 (1st Cir. 2002)............................................................................17

*Favaloro v. President and Fellows of Harvard College,*
   *Bayview Crematory, LLC, et al.,*
   Civ. No. 05-11594 (RCL) ...................................................................... *passim*

*General Tel. Co. of Southwest v. Falcon,*
   457 U.S. 147 (1982).....................................................................................14

*Guzman-Rivera v. Rivera-Cruz,*
   98 F.3d 664 (1st Cir. 1996)............................................................................4

*In re Baldwin-United Corp. Litig.,*
   122 F.R.D. 424 (S.D.N.Y. 1986) ..................................................................14

*Lorraine Hunt v. Bayview Crematory, LLC, et al.,*
   C.A. No. 05-11140 (RCL) .....................................................................3, 4, 9

*Ohman v. Kahn,*
   No. 87 Civ. 7117 (JFK), 1990 U.S. Dist. LEXIS 7781
   (S.D.N.Y. June 27, 1990)..............................................................................14

Page

*Rojas-Hernandez v. P.R. Elec. Power Auth.*,
    925 F.2d 492 (1st Cir. 1991) .................................................................................16

*Roy v. Runyon*,
    954 F. Supp. 368 (D. Me. 1997) .............................................................................4

*Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*,
    No. 99-CV-704, 2004 U.S. Dist. LEXIS 6661
    (N.D.N.Y. Apr. 15, 2004) .......................................................................................4

*Skrtich v. Thornton*,
    280 F.3d 1295 (11th Cir. 2002) ..............................................................................4

*Tyco Int'l Ltd. v. Walsh*,
    No. 02 Civ. 4633 (DLC), 2003 U.S. Dist. LEXIS 2670
    (S.D.N.Y Feb. 28, 2003) .........................................................................................4

*Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*,
    915 F.2d 7 (1st Cir. 1990).........................................................................16, 17, 18

*Zucco Partners, LLC v. Findwhat.com*,
    No. 2:05-cv-201-FtM-29 DNF, 2005 U.S. Dist. LEXIS 15046,
    (M.D. Fla. July 27, 2005).........................................................................................5

## STATUTES, RULES AND REGULATIONS

28 U.S.C.
    §1332(d) ......................................................................................................... *passim*

Class Action Fairness Act of 2005,
    109 P.L. 2, 119 Stat. 4 (2005) ................................................................... *passim*

Federal Rules of Civil Procedure
    Rule 12 ...............................................................................................................4, 12
    Rule 23 ............................................................................................................ *passim*

## LEGISLATIVE HISTORY

Judiciary Committee Report on Class Action Fairness Act,
S. Rep. No. 109-14, at 42-44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005
    WL 627977 ...............................................................................................................5

Plaintiffs[1] respectfully submit this memorandum of law in opposition to the motion to dismiss filed by Defendant Dracut Funeral Home ("Dracut" or "Defendant") in the above-captioned action (the "Action").

## I.    PRELIMINARY STATEMENT

Plaintiffs filed this Action in federal court because under the Class Action Fairness Act of 2005, 109 P.L. 2, 119 Stat. 4 (2005) ("CAFA"), this Court has original jurisdiction over Plaintiff's claims. Nevertheless, defendant Dracut challenges this Court's jurisdiction. Dracut is the only defendant, out of the fourteen defendants named in this Action, that contends that this Court does not have subject matter jurisdiction over this Action. In addition, Dracut contends that this Action should be dismissed because Plaintiffs' Complaint (the "Complaint") fails to satisfy the requirements for class certification and because another action involving similar facts is proceeding in state court.

The Complaint in this Action was filed by nineteen plaintiffs who are citizens of eight states on behalf of themselves and a class they seek to represent (the "Class") who reside throughout the United States against fourteen defendants that reside in three states. Plaintiffs allege that the remains of their loved ones were entrusted to the Funeral Home Defendants (defined below) for cremation. The Funeral Home Defendants utilized the services of Defendant Bayview Crematory to perform the cremations. In connection with such services, Bayview Crematory, which was located in New Hampshire, drove trucks to pick up the remains of the loved ones of Plaintiffs and the Class members, drove the remains back to its location in New Hampshire, cremated the remains in New

---

[1] Plaintiffs in this action are Alan C. Andersen, Suzanne Bourassa, John Carlson, Robert Delia, Steven Dumais, Sara-Anne Eames, Shaun Ferris, John Foster, Dennis Fowler, Edward Galvin, Jr., Britton Hall, Patricia Hannigan, Marie Ignoto, David Johnson, Dawn Lattime, Kathleen McDonough, Tara McDonough, Eleanor Poole and Donna M. Tomaso (collectively, the "Plaintiffs").

Hampshire, and returned ashes to whatever state in which the funeral home was located. However, as alleged in the Complaint, rather than properly cremate the bodies, Bayview Crematory co-mingled remains during cremation prior to returning the ashes.

Defendant Dracut's assertion that this Action belongs in state court is without merit. First, this Action is precisely the type of action that Congress intended to be heard by federal courts when it enacted CAFA. Second, Defendant answered the Complaint nearly two months before filing its motion to dismiss, thereby rending its motion to dismiss untimely and moot. Third, in another case involving Bayview Crematory's co-mingling of remains during cremation, this Court already rejected almost exactly the same argument raised by Defendant here and ruled that the action belongs in federal court. *Favaloro v. President and Fellows of Harvard College, Bayview Crematory, LLC, et al.*, Civ. No. 05-11594 (RCL) (the "*Favaloro* Action").

## II.    PROCEDURAL HISTORY

Plaintiffs filed the complaint in this Action (the "Complaint") on September 20, 2005, against defendants Bayview Crematory, LLC ("Bayview Crematory"), Derek A. Wallace ("Wallace"), Linda Stokes and Larry Stokes (collectively, the "Bayview Crematory Defendants") and American Cremation Society, Inc., Stephen G. Scatamacchia, Commonwealth Cremation & Shipping Service, Inc., Cremation Society of Massachusetts, Dracut Funeral Home, Inc., Hamel Wickens & Troupe Funeral Home, Inc., Roger Hamel, Hart-Wallace Funeral Home, Neptune Society, Inc., and Simplicity Burial & Cremation, Inc. f/k/a Oceanside Family Funeral Home (collectively, the "Funeral Home Defendants").

Plaintiffs' claims arise from the mishandling, abuse and desecration of the remains of the loved ones of Plaintiffs and the members of the Class they seek to represent. Plaintiffs and the Class

contracted with, and utilized the services of, the Funeral Home Defendants, to properly and respectfully perform services, including the cremation of their loved ones. ¶2.[2] Motivated by greed, the Funeral Home Defendants utilized the cut-rate services of Bayview Crematory, which was "well known throughout the industry" as a "shoddy operator." ¶2. Bayview Crematory engaged in practices offensive to public decency. For example, Bayview Crematory performed multiple cremations at the same time, co-mingled bodies as they were being cremated, failed to keep accurate records concerning the custody of bodies, and engaged in other wrongful conduct, so that the bodies of the deceased were returned to their family members in urns mixed with the ashes of other bodies or not returned at all. The Funeral Home Defendants turned a willful blind eye to the actions of defendant Bayview Crematory. ¶2.

Almost half of the named Plaintiffs are residents of states other than Massachusetts, including, New York, Virginia, Maine, Rhode Island and Florida. ¶¶5-23. Defendants reside in New Hampshire, Massachusetts, and California. ¶¶24-27.

Defendant Dracut served its answer to the Complaint on November 3, 2005, but did not serve its motion to dismiss until December 20, 2005, almost two months later. No other defendant moved to dismiss the Complaint by challenging the jurisdiction of this Court over the subject matter of this Action.[3]

The Complaint was filed as a related case to *Lorraine Hunt v. Bayview Crematory,* LLC, *et al.*, C.A. No. 05-11140 (RCL) (the "*Hunt* Action") because this Action arises out of many of the same facts and circumstances as the *Hunt* Action. The *Favaloro* Action, which also contains similar

---

[2] "¶___" refers to paragraphs of the Complaint.

[3] Defendant Neptune Society moved to dismiss the Complaint by asserting lack of personal jurisdiction but did not challenge the Court's subject matter jurisdiction.

factual allegations to this Action and the *Hunt* Action, is also before this Court. Plaintiff in the *Favaloro* Action alleged, *inter alia*, claims against Bayview Crematory and other defendants, for negligence in connection with the handling of the putative Class members' decedents' remains. *See Favaloro* Action Complaint attached to the Affidavit of Theodore M. Hess-Mahan submitted herewith (the "Hess-Mahan Aff.") as Exhibit A. Plaintiffs in the *Favaloro* Action originally filed their complaint in state court in Essex County but it was subsequently removed to this Court. Plaintiffs in the *Favaloro* Action filed a motion to remand, which was opposed by defendants, including defendant Bayview Crematory (which is also a primary defendant in this Action). The Court denied the motion to remand by electronic order dated October 3, 2005, and determined that it would exercise subject matter jurisdiction over the *Favaloro* Action pursuant to CAFA.

## III.    ARGUMENT

### A.    Defendant's Motion to Dismiss Is Untimely and Should Be Stricken as Moot

Defendant served its answer to the Complaint on November 3, 2005, almost two months before filing its motion to dismiss. Pursuant to Fed. R. Civ. P. 12(b), if a Defendant is going to move to dismiss, it must do so prior to serving its answer. *Roy v. Runyon*, 954 F. Supp. 368, 380 (D. Me. 1997) (stating that Fed. R. Civ. P. 12(b) requires a motion made thereunder to precede the filing of an answer.). *See Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, No. 99-CV-704, 2004 U.S. Dist. LEXIS 6661 (N.D.N.Y. Apr. 15, 2004); *Tyco Int'l Ltd. v. Walsh*, No. 02 Civ. 4633 (DLC), 2003 U.S. Dist. LEXIS 2670, at *4 (S.D.N.Y Feb. 28, 2003). A motion to dismiss is improper once a responsive pleading has been filed. *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) ("In this case, because a responsive pleading--an answer--had been filed, under the plain language of Rule 12(b), a motion to dismiss would have been inappropriate.") (citing *Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664 (1st Cir. 1996)); *Byrne v. Nezhat*, 261 F.3d 1075, 1094 n. 35 (11th Cir. 2001).

- 4 -

For this reason, the Court should strike Dracut's motion as having been mooted by Defendant's answer. *Zucco Partners, LLC v. Findwhat.com*, No. 2:05-cv-201-FtM-29 DNF, 2005 U.S. Dist. LEXIS 15046, at \*7 (M.D. Fla. July 27, 2005) (holding that "Defendants' Motions to Dismiss are DENIED as moot in light of the Answers filed by defendants" and explaining that "[a] motion to dismiss is improper once a responsive pleading has been filed . . . and a nullity.").

### B.    This Court Has Subject Matter Jurisdiction Over This Action

In the event that the Court does not strike Defendant's motion to dismiss as moot, the Court should deny Defendant's motion because, as this Court has already ruled in the *Favaloro* Action, the Court has subject matter jurisdiction over this Action. The legislative history of CAFA makes clear that it is Defendant's burden to demonstrate that the Court does not have jurisdiction over this Action: "It is the Committee's intention with regard to each of these exceptions that the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption." Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14, at 42-44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977. Defendant has clearly not met this burden.

### 1.    This Court Has Already Held that It Has Jurisdiction Over Claims Similar to Those Alleged Here

In the *Favaloro* Action, this Court rejected a very similar argument to that raised by Defendant here. The plaintiff in the *Favaloro* Action initially filed the complaint in Trial Court of Massachusetts, Superior Court Department, County of Essex, and defendant Harvard removed the case to this Court because this Court has original jurisdiction under 28 U.S.C. §1332(d)(2)(A). Harvard based its removal on the fact that the *Favaloro* Action was a class action that sought relief in excess of the requisite amount in controversy and at least one member of the proposed class of

- 5 -

plaintiffs was a citizen of a different state from at least one defendant. Plaintiff Favaloro moved to remand the action back to state court and raised arguments based on the arguments raised here.

This Court rejected Plaintiff Favaloro's argument and denied the motion to remand by electronic order dated October 3, 2005. As in *Favaloro*, this Action belongs before this Court and Defendant's motion to dismiss should be denied.

### 2.    The Court Has Subject Matter Jurisdiction Under CAFA

Pursuant to CAFA, federal district courts have original jurisdiction of class actions where: (i) the number of members of the proposed plaintiff class contains 100 or more members; (ii) the aggregate amount in controversy exceeds $5 million; and (iii) at least one member of the plaintiff class is diverse from at least one defendant. 28 U.S.C. §1332(d). This action satisfies each prong of CAFA.

The Class consists of more than 100 members. In fact, the definition of the Class in this Action includes: (i) all persons who controlled the disposition of the remains of any decedents delivered for cremation to defendant Bayview Crematory; (ii) all persons who were parties to any contract with any of the defendants regarding funeral arrangements for a decedent who was delivered for cremation to defendant Bayview Crematory; and (iii) the estates of the decedents and the representatives thereof (the "Class") during the period commencing at a date certain, presently unknown to Plaintiffs, and continuing through February 23, 2005. ¶44. Bayview Crematory performed thousands of cremations per year. ¶24. As such, there are thousands upon thousands of potential Class members – well in excess of the 100 members set forth in CAFA.

The aggregate amount in controversy exceeds the $5 million threshold set forth by CAFA. Indeed, Dracut does not contest that the potential damages are in excess of $5 million. Finally, at least one member of the plaintiff class is diverse from at least one defendant since the plaintiffs reside in multiple states as do defendants. *See* ¶¶5-40.

- 6 -

Thus, according to the plain language of CAFA, the Court has original jurisdiction over the Action.

### 3.    The Court Is Not Required to Decline Jurisdiction Pursuant to Section 1332(d)(4) of CAFA

Notwithstanding this Court's subject matter jurisdiction, CAFA provides that, in limited circumstances, the Court must decline to hear the case. None of those circumstances apply here.

In particular, Section 1332(d)(4) provides:

A district court shall decline to exercise jurisdiction under paragraph (2)–

(A)    (i) over a class action in which-

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant-

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

- 7 -

a.     **Section 1332(d)(4)(A) Does Not Require the Court to Decline Jurisdiction**

Contrary to Dracut's assertions, each of the four factors under subsection (A) are not met. Therefore, the Court is not required to decline jurisdiction. <u>First</u>, Dracut has not demonstrated that two thirds of the members of the proposed Class are citizens of Massachusetts. Rather, without any support, Dracut simply concludes that more than two thirds of the members of the Class are citizens of Massachusetts based upon its assertion that: (i) Plaintiffs used funeral homes in Massachusetts; and (ii) eleven out of nineteen named plaintiffs, and nine out of fourteen defendants, are located in Massachusetts. This argument fails.

Dracut does not point to any specific facts about the members of the Class that demonstrate that more than two-thirds of potential Class members are citizens of Massachusetts. Instead Dracut solely relies on the residency of the named Plaintiffs. However, under CAFA, where the named plaintiffs live is irrelevant. Rather, the citizenship of the Class members controls. Even if the Court follows the flawed reasoning of Dracut when evaluating the composition of the Class by looking to the composition of the named plaintiffs, that reasoning results in less than two-thirds of the Class being citizens of Massachusetts.

Specifically, although some of the named plaintiffs are residents of Massachusetts, eight of the named plaintiffs, or 42%, are not citizens of Massachusetts. Importantly, the Class is defined to include the family members and trustees of the estates of those who were cremated at Bayview. Simply because some of those who were cremated lived in Massachusetts does not mean that each of their family members and trustees of their estates are also citizens of Massachusetts. In fact, the large percentage of named plaintiffs who are not citizens of Massachusetts indicates that a large percentage of members of the Class will also be citizens of states other than Massachusetts. Thus, because Dracut has no basis for asserting that greater than two-thirds of the family members of

- 8 -

people who were cremated at Bayview Crematory are citizens of Massachusetts, Defendants have failed to satisfy their burden of proving that this Court lacks jurisdiction.

Moreover, the Action does not satisfy subsection III: that the principal injuries resulting from the alleged conduct of *each* defendant were incurred in Massachusetts. First, as discussed above, Plaintiffs and Class members are located throughout the country. Additionally, the face of the Complaint shows that defendant Bayview Crematory was located in New Hampshire and that is where the mishandling of the remains occurred.

In support of its argument, Dracut misquotes CAFA by stating that the Court does not have jurisdiction if the principal injuries sustained by Plaintiff were incurred in Massachusetts, regardless of the conduct of each defendant and injuries suffered by each Plaintiff. Dracut, therefore, incorrectly argues that since *some* injuries caused by *some* defendants were incurred in Massachusetts, subsection III is satisfied. This is simply an incorrect reading of the statute because the conduct of each Defendant and injuries of each Plaintiff must be examined.

Finally, Defendant has not met its burden with respect to subsection (ii) because several class actions have been filed asserting the same or similar factual allegations against several of the defendants on behalf of the same or other persons during the 3-year period preceding the filing of this action. For example, the *Hunt* Action and the *Favaloro* Action were both filed prior to this Action and are both before this Court.

### b.    Section 1332(d)(4)(B) Does Not Require the Court to Decline Jurisdiction

CAFA also does not require the Court to decline to exercise jurisdiction under §1332(d)(4)(B) because Dracut has not met its burden of establishing that two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of Massachusetts. Dracut points out that the Funeral Home Defendants (with the exception of

Neptune Society which is based in California) are located in Massachusetts, but ignores that defendant Bayview Crematory, where the atrocious acts of co-mingling remains occurred, and the Bayview Crematory Defendants, reside in New Hampshire. Dracut cannot contest that the Bayview Crematory Defendants, who reside outside of Massachusetts, are central and primary defendants in this action so the inquiry should stop here. Additionally, as described above, Dracut has not established that more than two-thirds of the members of all proposed plaintiff classes are citizens of Massachusetts.

**4.    The Court Should Not Decline to Exercise Jurisdiction Pursuant to Section 1332(d)(3) of CAFA**

Dracut also asserts that the Court should exercise its discretion to decline jurisdiction under §1332(d)(3). Section 1332(d)(3) provides:

> (3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of–
>
> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

     (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

An examination of the above factors does not warrant the Court declining to exercise jurisdiction over this Action. As a preliminary matter, as discussed above, Dracut has not even come close to satisfying its burden to show that greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of Massachusetts. Nevertheless, even if this was the case, the Court still should not decline jurisdiction for several reasons. First, the claims asserted in the Complaint clearly involve matters of national or interstate interest. The Funeral Home Defendants, which were located in Massachusetts and California, utilized the services of Bayview Crematory which was located in New Hampshire. Bayview Crematory sent box trucks across state lines in connection with interstate commerce to pick up bodies for cremation. Many of the named plaintiffs as well as numerous other unnamed Class members are located throughout the United States. There is a significant national and interstate interest involved in this action.

Furthermore, this action is precisely the type of action that Congress intended to be litigated in federal court when enacting CAFA. Indeed, CAFA's legislative history demonstrates Congress' intent for federal courts to hear actions such as the one before this Court. For example, the Judiciary Committee Report on CAFA states that CAFA "is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court . . ." Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14, at 42-44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977.

Finally, Dracut points to the filing of *Anzalone, et al. v. Bayview Crematory, et al.*, No. 2005-00789 (Essex Super. Ct.) (the "*Anzalone*" Action) in state court as a reason for the Court to decline

exercising jurisdiction. As discussed in point D, below, the existence of the *Anzalone* Action does not warrant declining jurisdiction over this Action.

### C. Dracut's Opposition to Class Certification Is Premature

#### 1. It Is Improper for Dracut to Oppose Class Certification at This Stage

Defendant asserts that the Complaint should be dismissed because the Complaint fails to satisfy the requirements under Rule 23 for class certification. While Dracut certainly will have an opportunity to argue that a Class should not be certified, that argument should be heard in connection with Plaintiff's motion for class certification under Rule 23 – not as a motion to dismiss under Rule 12. Here, Plaintiffs have not yet even filed a motion for class certification.

As discussed above, CAFA grants this Court subject matter jurisdiction over an action if it is a "class action" when certain criteria are met. CAFA defines a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" §1332(d)(1)(b). Thus, all CAFA requires is that Plaintiffs file a complaint under Rule 23 and have a sufficient basis for doing so. Here, there is no dispute that those two requirements have been met.

#### 2. The Complaint Satisfies Rule 23(a)

At the appropriate time, Plaintiffs will establish that this action should be certified as a class action because it satisfies both the prerequisites for Rule 23(a),[4] and the requirements of Rule

---

[4] Rule 23 provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) is met and, in addition, the action qualifies under one of the subdivisions of Rule 23(b). Fed. R. Civ. P. 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the

- 12 -

23(b)(3) that common questions of law and fact predominate and that a class action is superior to alternative methods for the fair and efficient adjudication of defendants' alleged wrongdoing.

However, even at this stage of the litigation, it is clear that this action should be certified as a class action. First, for a class action to be appropriate, the members of the proposed class must be so numerous that joinder of all of those individual members would be impracticable. Fed. R. Civ. P. 23(a)(1). Here, Bayview Crematory "handled thousands of cremations each year" (¶24) and operated without a license since at least 1999. There are potentially several Class members for each person who was cremated at Bayview Crematory so there are thousands and thousands of potential Class members. This readily satisfies the numerosity requirement.

Second, Rule 23(a)(2) requires that, in order for an action to be properly maintained as a class action, there must be questions of law or fact common to the class. As alleged in the Complaint, common questions of law and fact exist as to all Class members and predominate over any questions which affect only individual Class members. These common questions of law and fact include:

1.     whether contrary to their contractual, fiduciary and non-delegable duties, defendants systematically and commonly failed to accomplish the cremation and disposition process with dignity and respect expected of them by public sensibilities (¶46(a));

2.     whether defendant Bayview Crematory systematically and commonly mishandled, desecrated, abused and commingled the remains of decedents in a manner offensive to human sensibilities and/or expressly prohibited by law (¶46(b)); and

3.     whether the Funeral Home Defendants turned a blind eye or otherwise failed to inspect, supervise, monitor or oversee Bayview Crematory's practices (¶46(c)).

---

claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

- 13 -

While certain Class members may have utilized the services of different funeral homes, each claim is connected with the wrongdoing that occurred at Bayview Crematory. Additionally, at the class certification stage of the litigation, the Court can establish subclasses based upon the respective funeral homes.

Third, Rule 23(a)(3) requires that "the claims . . . of the representative parties [be] typical of the claims . . . of the class."[5] Courts have recognized that "[a]s a general rule, a plaintiff's claim meets the typicality requirement if it arises from the same events or course of conduct that gives rise to the claims of other Class members and if it is based on evidence and legal theories consistent with the other members' claims." *In re Baldwin-United Corp. Litig.*, 122 F.R.D. 424, 428 (S.D.N.Y. 1986). Here, Plaintiffs' claims are typical of the claims of the Class members they seek to represent in that Plaintiffs and each Class member sustained, and continue to sustain, damages arising from defendants' wrongdoing. Plaintiffs' damages, as well as the damages of each Class member, were caused by defendants' wrongful conduct as alleged in the Complaint.

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This requirement is met if it appears that: (1) Plaintiffs do not have interests antagonistic to those of the class; and (2) Plaintiffs' attorneys are qualified, experienced, and generally able to conduct the litigation. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985).

---

[5] The Supreme Court has noted that the "commonality and typicality requirements of Rule 23(a) tend to merge." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982). *Accord Ohman v. Kahn*, No. 87 Civ. 7117 (JFK), 1990 U.S. Dist. LEXIS 7781 at *n.6 (S.D.N.Y. June 27, 1990) ("The typicality requirement of Rule 23(a)(3) is a close cousin of the commonality requirement."). Accordingly, inasmuch as commonalty has been established, typicality has been established as well.

Plaintiffs easily satisfy both prongs of the adequacy test. Indeed, Plaintiffs have already successfully represented the interests of the proposed Class and demonstrated their adequacy to prosecute the case. Moreover, Plaintiffs' interests are not antagonistic to those of the Class. As discussed above, all members of the Class allege claims arising from the same wrongful conduct and are based on the same legal theories as the claims advanced by Plaintiffs. Plaintiffs are committed to the vigorous prosecution of this action and will protect the interests of the other members of the Class.

As to the second prong regarding adequacy of counsel, Plaintiffs have selected and retained the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") which is well-established, possesses extensive experience prosecuting class actions, and has served as lead counsel in hundreds of class action cases. Lerach Coughlin is qualified to represent the Class and will, together with the Plaintiffs, vigorously protect the interests of the proposed Class. Indeed, Lerach Coughlin has successfully prosecuted the action thus far by, *inter alia*, conducting an intensive investigation of Lead Plaintiffs' claims and drafting and filing a detailed Complaint. In addition, the Boston-based firm of Shapiro Haber & Urmy is serving as liaison counsel. Thus, the requirements of Rule 23(a)(4) are satisfied.

It is puzzling that Dracut would assert that Plaintiffs have not identified a proposed Class member who had any relationship with Dracut or specific facts with respect to Dracut. Def. Mem. at 9.[6] The Complaint plainly alleges that Denise Dumais, Plaintiff Steven Dumais' sister, and Gloria Dubois-Johnson, Plaintiff David Johnson's wife, were entrusted to Dracut and subsequently cremated by Bayview Crematory. ¶¶92-93.

---

[6] "Def. Mem. at ___ " refers to pages of Defendant's Memorandum in Support of its Motion to Dismiss.

This action deserves to be certified as a class. However, the Court need not resolve this issues at this stage of the litigation. All that is required is for the Court to determine that this action is a class action as defined under CAFA. Plaintiffs have demonstrated that this action is a class action as defined under CAFA for purposes of the Court's jurisdiction.

### D.     The Complaint Should Not Be Dismissed Due to the Fact that Another Action Has Been Filed in State Court

Defendant asserts that the Court should dismiss the Complaint because this Action is within the scope of the *Colorado River* abstention doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The Supreme Court, in *Colorado River*, identified several factors to consider when evaluating whether to decline exercising jurisdiction, including: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties.

Although the Supreme Court held in *Colorado River* that "in situations involving the contemporaneous exercise of concurrent jurisdiction[] . . . by state and federal courts" it may be appropriate for the federal court to defer to the state court, the Court emphasized that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention" and should be "*exceptional*" to justify deferral to the state court. *Id*. at 818 (emphasis added); *see also Rojas-Hernandez v. P.R. Elec. Power Auth.*, 925 F.2d 492, 495-96 (1st Cir. 1991); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts ("Villa Marina I")*, 915 F.2d 7, 12 (1st Cir. 1990); *Bath Mem'l Hosp. v. Me. Health Care Fin. Comm'n*, 853 F.2d 1007, 1015 (1st Cir. 1988).

- 16 -

Accordingly, the First Circuit has held that there is a "heavy presumption favoring the exercise of jurisdiction." *Villa Marina I*, 915 F.2d at 13. "There must be some extraordinary circumstances for a federal court to shrink from 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Currie v. Group Ins. Comm'n*, 290 F.3d 1 (1st Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817). Those extraordinary circumstances do not exist here and the Court should not decline to exercise jurisdiction.

This federal forum is very convenient for this litigation. For example, the parties are located in several states across the country so the nationwide subpoena power available to this Court (but unavailable in a state court) will streamline discovery and other aspects of the litigation. Defendant points to the *Anzalone* Action as a basis for the Court to decline jurisdiction and asserts that unless this case is dismissed, there will be piecemeal litigation. Defendant, however, ignores that the Court has already decided to exercise jurisdiction over the *Favaloro* Action as discussed above. As such, regardless of whether this Action proceeds before this Court, the *Favaloro* Action will be separate from the *Anzalone* Action.

Further, Defendant incorrectly contends that the *Anzalone* matter will adequately protect the interest of all parties. The *Anzalone* Action cannot represent the interests of the Class in this action. As discussed above, Plaintiffs here seek to represent the family members and loved ones of those who were cremated at Bayview Crematory, regardless of what states those Class members reside. In stark contrast, the *Anzalone* Action defines its class to only include Massachusetts residents and *excludes* many of the members of the Class in this Action. *See* Def. Mem. Exh. B at ¶124. In fact, the definition of the *Anzalone* classes even excludes almost half of the named Plaintiffs in this Action. There is no merit to Dracut's assertion that the interests of the class in this Action will be adequately represented by the *Anzalone* Action.

- 17 -

Defendant asserts that since the *Anzalone* Action was filed prior to the *Andersen* action and has begun discovery, the Court should decline jurisdiction. First, while some discovery may have begun in the *Anzalone* Action, that matter is not much further advanced than this Action. Further, Plaintiffs have been unable to begin discovery in this Action because under the Federal Rules of Civil Procedure, the parties must appear at a conference before the Court prior to initiating discovery. Additionally, Defendant's motion to dismiss itself has delayed the progress of this Action so Defendant should not be rewarded for this litigation tactic.[7]

Defendant also wrongly contends that there is not peculiar "federal" interest in this case. Plaintiffs and Class Members are located throughout the United States, Defendants are located in various states, and Bayview Crematory, a New Hampshire entity, crossed state lines in order to pick up the remains of the loved ones of Plaintiffs and the Class Members. Additionally, by enacting CAFA, Congress has clearly expressed a "federal" interest in this type of case.

Finally, Defendant asserts that a state court should hear this Action because the Complaint alleges violations of state law. However, as stated by the First Circuit, "courts generally have agreed that rare circumstances exist only when a case presents complex questions of state law that would best be resolved by a state court." *Villa Marina I*, 915 F.2d at 13 (quoting *American Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 886 (11th Cir. 1990)). In fact, federal courts resolve issues involving the interpretation of state law every day. Congress long ago provided federal courts with the authority to do so in diversity actions based on state laws and more recently in class actions based on state laws. 28 U.S.C. §1332(d). This is not one of those rare circumstances when only a state court can adjudicate Plaintiff's claims.

---

[7] The Court has informed Plaintiffs that it will determine to schedule a conference after the submission of the parties' papers in connection with the motion to dismiss.

IV.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that Defendant's motion to dismiss should be denied in its entirety.[8]

DATED:  February 17, 2006                Respectfully submitted,


                                        /s/Theodore M. Hess-Mahan
                                        _____
                                        Thomas G. Shapiro BBO #454680
                                        Theodore M. Hess-Mahan BBO #557109
                                        Shapiro Haber & Urmy LLP
                                        53 State Street
                                        Boston, MA  02109
                                        Telephone:  617/439-3939


                                        LERACH COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP
                                        SAMUEL H. RUDMAN
                                        ROBERT M. ROTHMAN
                                        EVAN J. KAUFMAN
                                        MARK S. REICH
                                        58 South Service Road, Suite 200
                                        Melville, NY  11747
                                        Telephone:  631/367-7100


                                        *Attorneys for Plaintiffs*

_____

[8] In the event that the Court is inclined to grant Defendant's motion, Plaintiffs respectfully request the opportunity to conduct discovery with respect to the jurisdictional issues raised herein.