UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAN C. ANDERSEN, et al., On Behalf of Themselves and All Others Similarly Situated, | ) ) ) | No. 05-cv-11904-RCL |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | PLAINTIFFS' OPPOSITION TO |
| vs. | ) ) | DEFENDANT NEPTUNE SOCIETY, INC.'S MOTION TO DISMISS |
| BAYVIEW CREMATORY, LLC., et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## TABLE OF CONTENTS

Page

I.   PRELIMINARY STATEMENT ........................................................................1

II.  STATEMENT OF FACTS ............................................................................2

III. ARGUMENT ................................................................................................3

    A.   The Court May Exercise Personal Jurisdiction Over Defendant Neptune
       Under Mass. Gen. Laws. Ann. ch. 223A ...............................................4

        1.   The Court May Exercise Personal Jurisdiction Over Defendant
           Neptune Under Mass. Gen. Laws. Ann. ch. 223A, §3(a) ...........................5

        2.   The Court May Exercise Personal Jurisdiction Over Defendant
           Neptune Under Mass. Gen. Laws. Ann. ch. 223A, §3(c) ...........................6

    B.   Sufficient Contacts Exist for the Court to Exercise Personal Jurisdiction
       Over Defendant Neptune Consistent with Due Process .........................8

IV.  CONCLUSION ............................................................................................11

## TABLE OF AUTHORITIES

Page

**CASES**

*Boit v. Gar-Tec Products, Inc.*,
    967 F.2d 671 (1st. Cir. 1992)...................................................................................4

*Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.*,
    764 F.2d 928 (1st Cir. 1985).....................................................................................5

*Camar Corp. v. N.R. Acquisition Corp.*,
    No. 96-40095-N 1997 U.S. Dist. LEXIS 2952
    (D. Mass. Mar. 11, 1997)..........................................................................................5

*Droukas v. Divers Training Academy, Inc.*,
    376 N.E.2d 548 (1978)...............................................................................................6

*Ealing Corp. v. Harrods, Ltd.*,
    790 F.2d 978 (1st Cir. 1986)..................................................................................4, 5

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945)...................................................................................................8

*Morril v. Tong*,
    453 N.E.2d 1221 (1983).............................................................................................4

*Murphy v. Erwin-Wasey, Inc.*,
    460 F.2d 661 (1st Cir. 1972).....................................................................................4

*Nova Biomedical Corp. v. Moller*,
    629 F.2d 190 (1st Cir. 1980)..................................................................................5, 6

*Nowak v. Tak How Inv.*,
    899 F. Supp. 25 (D. Mass. 1995)......................................................................8, 9, 10

*Pritzker v. Yari*,
    42 F.3d 53 (1st Cir. 1994).........................................................................................10

*Ross v. Ross*,
    371 Mass. 439, 358 N.E.2d 437 (1976)....................................................................5

*Tatro v. Manor Care, Inc.*,
    625 N.E.2d 549 (1994)...............................................................................................4

**Page**

*Ticketmaster-New York, Inc. v. Alioto,*
    26 F.3d 201 (1st Cir. 1994)........................................................................9

*United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp.,*
    960 F.2d 1080 (1st Cir. 1992)...............................................................8, 10

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 12(b)(2)..........................................................................................3

Mass. Gen. Laws. Ann. ch. 223A,
    §3(a) .............................................................................................. *passim*
    §3(c) .............................................................................................. *passim*

Plaintiffs[1] respectfully submit this memorandum of law in opposition to the motion to dismiss filed by Defendant Neptune Society, Inc. ("Neptune" or "Defendant") in the above-captioned action (the "Action").

## I.    PRELIMINARY STATEMENT

Defendant Neptune's motion to dismiss for lack of personal jurisdiction is a litigation tactic aimed at delaying Plaintiffs' prosecution of this Action.  Neptune does not contest that Plaintiffs have sufficiently alleged claims against any of the Defendants for injuries sustained as a result of the wrongdoing alleged in the Complaint.  Instead, Neptune is asking this Court to dismiss claims related solely to Neptune so that Plaintiffs must re-file the same allegations against Neptune in a different forum and then seek to transfer that action back to this Court to be consolidated with this Action.

It is undisputed that Mrs. Gertrude Scheid entered into a contract with Neptune for Neptune to arrange for Mrs. Scheid's cremation upon her death.  It is also undisputed that when Mrs. Scheid died, Neptune Society repeatedly made purposeful contacts and communications into Massachusetts with defendants Derek Wallace and Hart-Wallace Funeral Home ("Hart-Wallace"), a Massachusetts corporation located in Massachusetts, to arrange for Mrs. Scheid's cremation by Bayview Crematory.  Neptune's self-initiated communications with Derek Wallace and Hart-Wallace in Massachusetts, in connection with Neptune's contractual arrangement with Mrs. Scheid, set the

---

[1] Plaintiffs in this action are Alan C. Andersen, Suzanne Bourassa, John Carlson, Robert Delia, Steven Dumais, Sara-Anne Eames, Shaun Ferris, John Foster, Dennis Fowler, Edward Galvin, Jr., Britton Hall, Patricia Hannigan, Marie Ignoto, David Johnson, Dawn Lattime, Kathleen McDonough, Tara McDonough, Eleanor Poole and Donna M. Tomaso (collectively, the "Plaintiffs").

course of events in motion which caused Plaintiffs' injuries. As such, this Court may exercise personal jurisdiction over Neptune.

## II.     STATEMENT OF FACTS

In or about 1996, Defendant Neptune sold cremation services to Mrs. Gertrude Scheid on a pre-need basis. *See* Affidavit of Dorothy Pacimeo filed with Defendant's Motion to Dismiss (the "Pacimeo Aff.") at ¶4. Neptune collected funds up-front while Mrs. Scheid was alive and was contractually obligated to ensure that Mrs. Scheid was appropriately cremated upon her death. Def. Mem. at 1.[2] Thus, Neptune's transaction with Mrs. Scheid was not completed until after she had been cremated. In connection with its pre-need cremation services, Neptune marketed and offered a travel protection plan. *See* Neptune Society Travel Protection Registration Form attached as Exhibit A to the Affidavit of Theodore M. Hess-Mahan submitted herewith ("Hess-Mahan Aff."). Under the Neptune travel protection plan, if a customer dies 75 miles or more away from his or her legal residence, including in Massachusetts, Neptune agreed to render every assistance, including locating a funeral home, mortuary or crematory facility in Massachusetts, processing all necessary documents, and cremating and transporting cremated remains. *Id.* Thus, Neptune recognized that under the contract with Mrs. Scheid, Neptune could be required to perform important services in Massachusetts.

Hart-Wallace is a corporation organized under the laws of Massachusetts and was operated in Massachusetts. ¶36.[3] Plaintiffs are unable to identify any non-Massachusetts locations for Hart-

---

[2] "Def. Mem. at ___" refers to pages in Defendant's Memorandum in Support of its Motion to Dismiss.

[3] "¶___" herein cites to paragraphs in the Complaint (the "Complaint").

Wallace.  Derek Wallace was the owner and operator of defendants Hart-Wallace and Bayview Crematory.  ¶25.

Upon Mrs. Scheid's death, Neptune contacted Defendants Derek Wallace at Hart-Wallace in order to perform under its contract with Mrs. Scheid.  A Neptune employee telephoned Derek Wallace at Hart-Wallace at 888-889-4762 in Massachusetts, had two follow up conversations with an employee of Defendant Hart-Wallace in Massachusetts, and faxed Mrs. Scheid's cremation authorization to Hart-Wallace at 978-499-0847 in Massachusetts.  *See* Pacimeo Aff. at ¶7.  The area code "978" used to fax Mrs. Scheid's authorization is the same area code as Hart-Wallace's telephone number in Massachusetts.  *See* Hess-Mahan Aff.; Exh. B.  Neptune repeatedly communicated to Hart-Wallace in Massachusetts in order to make arrangements for Mrs. Scheid's cremation.  Neptune undoubtedly paid a fee to Hart-Wallace in Massachusetts for its services.

The Complaint in this action was filed by Plaintiffs who are citizens of eight states on behalf of themselves and a class they seek to represent (the "Class") who reside throughout the United States against fourteen defendants that reside in three states.  Plaintiffs allege that the remains of their loved ones were entrusted to the Funeral Home Defendants, including Neptune, for cremation.  The Funeral Home Defendants, including Neptune, utilized the services of Bayview Crematory to perform the cremations because it charged much less money than other crematories even though Bayview had a reputation as a "shoddy" operator.  However, as alleged in the Complaint, rather than properly cremating the bodies, Bayview Crematory co-mingled remains during cremation prior to returning the ashes.

## III.  ARGUMENT

This Court may exercise personal jurisdiction over Defendant Neptune.  When deciding a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), courts in this Circuit apply a *prima facie* standard of analysis under which the Court "consider[s] only whether the

plaintiff has proffered evidence that, if credited, is enough to support the finding of all facts essential to personal jurisdiction." *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st. Cir. 1992). It is well settled that if the plaintiff makes this *prima facie* showing, its burden is met. *Ealing Corp. v. Harrods, Ltd.*, 790 F.2d 978, 979 (1st Cir. 1986); *see also Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 665 (1st Cir. 1972). However, Plaintiffs' burden at this stage of the litigation is simply a "threshold requirement." *Ealing,* 790 F.2d at 979.

When determining whether a court may exercise personal jurisdiction over a defendant, the court looks to both state and federal law. "A Massachusetts court may exercise personal jurisdiction over a foreign defendant when it is authorized by state statute and is consistent with due process." *Id.* at 981. As discussed below, this Court may exercise personal jurisdiction under both the Massachusetts long arm statute, Mass. Gen. Laws Ann. ch. 223A, §3, and the due process clause of the Fourteenth Amendment of the United States Constitution.

### A.    The Court May Exercise Personal Jurisdiction Over Defendant Neptune Under Mass. Gen. Laws. Ann. ch. 223A

Mass. Gen. Laws Ann. ch. 223A, §3 states in relevant part:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

\*        \*        \*

(c) causing tortious injury by an act or omission in this commonwealth.

"The Massachusetts courts have recognized that in a proper situation 'a single act within the forum may . . . be sufficient to warrant the assertion of jurisdiction over a defendant." *Ealing*, 790 F.2d at 983 (quoting *Morril v. Tong*, 453 N.E.2d 1221, 1229 (1983)). When evaluating "arising from" under ch. 223A, §3, courts in Massachusetts apply a liberal "but for" standard. *See Tatro v. Manor Care, Inc.*, 625 N.E.2d 549 (1994) (adopting the "but for" approach when determining

- 4 -

whether injuries "arose from" activities in Massachusetts under 223A). As discussed below, the Court may exercise personal jurisdiction over Defendant Neptune pursuant to either 223A, §3(a) or (c) because "but for" Neptune's transacting business in, or its acts or omissions in, Massachusetts, Plaintiffs' injuries would not have occurred.

### 1.    The Court May Exercise Personal Jurisdiction Over Defendant Neptune Under Mass. Gen. Laws. Ann. ch. 223A, §3(a)

Courts construe 223A, §3(a) broadly. *Camar Corp. v. N.R. Acquisition Corp.*, No. 96-40095-NMG, 1997 U.S. Dist. LEXIS 2952 (D. Mass. Mar. 11, 1997). "The statute's reference to 'transacting any business' does not require that the defendant have engaged in commercial activity. That language is general and applies to any purposeful acts by an individual, whether personal, private, or commercial." *Ealing*, 790 F.2d at 982 (quoting *Ross v. Ross*, 371 Mass. 439, 358 N.E.2d 437, 439 (1976) (internal quotations omitted). Under this liberal standard, the Court may exercise personal jurisdiction under 223A, §3(a) over Neptune because Plaintiffs' cause of action arises from Defendant's transacting business in Massachusetts.

Neptune transacted business in connection with Mrs. Scheid's pre-need cremation agreement in Massachusetts and "but for" Neptune's contacts with Hart-Wallace in Massachusetts, Mrs. Scheid would not have been cremated by Bayview Crematory. Neptune reached out to Hart-Wallace, which is located in Massachusetts, by telephone on several occasions and sent a fax to Hart-Wallace in Massachusetts to enable Mrs. Scheid to be cremated by Bayview Crematory. This is sufficient under 223A, §3(a) to confer jurisdiction over Neptune. *Ealing*, 790 F.2d at 983 (holding that the sending of a telex to plaintiff in Massachusetts satisfies the "transacting any business" requirement of 223A, §3(a)); *Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.*, 764 F.2d 928, 932 (1st Cir. 1985) (held that mailing four letters and making one telephone call to Massachusetts satisfied the "transacting any business" requirement of §3(a)); *Nova Biomedical Corp. v. Moller*, 629 F.2d 190, 193-95 (1st

Cir. 1980) (finding that mailing two letters charging patent infringement and threatening litigation satisfied the statutory prerequisite of "transacting any business.").

Defendant's sole argument that the Court cannot exercise personal jurisdiction under 223A, §3(a) relies upon *Droukas v. Divers Training Academy, Inc.*, 376 N.E.2d 548, 551-53 (1978). Defendant contends that the Court cannot exercise personal jurisdiction under 223A, §3(a) by asserting that Neptune's conduct did not have a sufficient effect on commerce in Massachusetts. Def. Mem. at 3-4. However, Neptune's reliance on *Droukas* is misplaced since *Droukas* was decided in connection with a due process analysis rather than an analysis under 223A, §3(a). *Nova Biomedical*, 629 F.2d at 193 n.2 ("Despite the Court's conclusion in *Droukas* that 'the defendant's contacts with Massachusetts were insufficient to constitute the transaction of business in the Commonwealth so as to come within the reach of §3(a),' . . . the [*Droukas*] decision . . . rested on constitutional rather than statutory grounds."). Thus, Defendant's argument has no bearing on the "transacting business requirement." Further, as discussed below, the Court may also exercise personal jurisdiction under the due process clause.

### 2.    The Court May Exercise Personal Jurisdiction Over Defendant Neptune Under Mass. Gen. Laws. Ann. ch. 223A, §3(c)

Similarly, the Court may exercise personal jurisdiction over Neptune under 223A, §3(c) because Plaintiffs' cause of action arises from Defendant causing tortious injury by act or omission in Massachusetts. Plaintiffs and Class members were injured, in part, as a result of Defendant Neptune contacting Hart-Wallace to utilize the services of Bayview Crematory for the cremation of Mrs. Scheid while turning a willful blind eye to the actions of defendant Bayview Crematory. Plaintiffs have sufficiently alleged, *inter alia*, claims for negligence, willful and negligent interference with remains and intentional mishandling of a corpse, and intentional and negligent

infliction of emotional distress against Defendant Neptune.[4] Neptune's communications with Derek Wallace and Hart-Wallace in order to perform under its contract with Mrs. Scheid and so that she would be cremated by Bayview Crematory constitute acts or omissions in Massachusetts that caused Plaintiff's injuries. Accordingly, the Court may exercise personal jurisdiction over Neptune under 223A, §3(c).

Defendant asserts that its employee did not know where she called since she called a toll free number and Defendant mischaracterizes Hart-Wallace as a "New England" funeral home. Pacimeo Aff. ¶7. An accurate characterization is that Hart-Wallace is a *Massachusetts* funeral home and Defendant's assertion that it did not know where Hart-Wallace was located, or where its employee was calling, is ridiculous. The fax was sent to Massachusetts and Hart-Wallace was located in Massachusetts. Neptune should have known that the telephone number also reached the Hart-Wallace Funeral Home in Massachusetts.

While the Court need not address the merits of Plaintiffs' claims at this time, it is telling that Neptune asserts that it had no knowledge of where Hart-Wallace was located but yet still entrusted the remains of one of its clients to that funeral home to enable that person to be cremated. Such conduct, if true, supports Plaintiffs' claims that Neptune did not perform adequate due diligence prior to arranging Mrs. Scheid's cremation. Neptune suggests that it was aware of the fact that Defendant Wallace operated both Hart-Wallace Funeral Home in Massachusetts and Bayview Crematory in New Hampshire. Def. Mem. at 2. Had Neptune been aware of this at that time, this would support Plaintiffs' claims against Neptune because Neptune would have been aware of the

---

[4] Indeed, not one of the defendants named in this action have moved to dismiss on the ground that Plaintiffs have failed to sufficiently allege claims for tortious injury.

significant conflict of interest raised by such dual business interests, which directly violates Massachusetts law that prohibits owning both a funeral home and a crematory. ¶61.

**B.  Sufficient Contacts Exist for the Court to Exercise Personal Jurisdiction Over Defendant Neptune Consistent with Due Process**

For the Court to exercise personal jurisdiction over Neptune, under the due process clause of the United States Constitution, there must also be present such minimum contacts with the forum that the exercise of personal jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, such minimum contacts exist. The Court may exercise "specific jurisdiction" where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts. *United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1088-89 (1st Cir. 1992).

The First Circuit has adopted a three part test to evaluate whether sufficient contacts exist to exercise specific personal jurisdiction:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's instate contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the *Gestalt* factors, be reasonable.

*Id.* at 1089.

Here, all three parts of the test are satisfied. First, Plaintiffs' claims underlying this action directly arise out of, or relate to, Neptune's Massachusetts activities. Mrs. Scheid was cremated by Bayview Crematory and Plaintiff Hannigan's injuries were incurred as a result of Neptune taking it upon itself to contact Defendants Derek Wallace and Hart-Wallace in Massachusetts to arrange for Mrs. Scheid's cremation by Bayview Crematory. In *Nowak v. Tak How Inv.*, 899 F. Supp. 25 (D. Mass. 1995), the Court held that a foreign defendant hotel's solicitation of the plaintiff's business

- 8 -

"set in motion a chain of reasonably forseeable events" resulting in the injury alleged in the plaintiff's complaint." *Id.* at 31. Here, Neptune's communications with Derek Wallace and Hart-Wallace in Massachusetts set in motion the chain of reasonably forseeable events such as Mrs. Scheid's cremation at Bayview Crematory and the resulting injuries to Plaintiffs. Thus, the relatedness factor is satisfied.

Defendant incorrectly asserts that because Bayview Crematory is located in New Hampshire, the claims in this action only arise from conduct which occurred in New Hampshire and that Neptune's communications in Massachusetts were "ancillary" to Plaintiffs' claims. Neptune ignores that it was Neptune's communications in Massachusetts which led to the wrongful conduct at Bayview Crematory. Further, Plaintiffs allege claims arising out of Neptune's selection of Hart-Wallace and Bayview Crematory, and Neptune's conduct in Massachusetts is a material part of that process.

Plaintiff also satisfies the second prong of the test because Neptune's contacts with Massachusetts constituted a "purposeful availment" of the benefits and protections of conducting activities in Massachusetts. "The standard of purposeful availment is not rigorous, casts a wide net . . . and may be fulfilled by a single act." *Nowak*, 899 F. Supp. at 32 (internal quotations and citations omitted). The First Circuit has identified two cornerstones of the purposeful availment test: voluntariness and foreseeability. *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 207 (1st Cir. 1994). Neptune voluntarily contacted Derek Wallace and Hart-Wallace in Massachusetts and set in motion the chain of events resulting in Plaintiff's injuries. Additionally, while Neptune may not have been registered to do business in Massachusetts, it marketed its services as reaching into Massachusetts. Neptune offered a "travel protection plan" to its customers in which it agreed to

arrange cremation services wherever a customer dies, including in Massachusetts. *See* Hess-Mahan

Aff.; Exh. A. As such, it was forseeable that Neptune would be hauled into court in Massachusetts.

Finally, the exercise of jurisdiction would be reasonable and comport with "fair play and

substantial justice" in light of the Gestalt factors:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating
> the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4)
> the judicial system's interest in obtaining the most effective resolution of the
> controversy, and (5) the common interest of all sovereigns in promoting substantive
> social policies.

*United Elec.*, 960 F.2d at 1088.

First, defendant's burden would not be great for appearing since it is a public corporation

with offices throughout the country. ¶37. In fact, the "ordinary cost and inconvenience of litigating

in [Massachusetts] is insufficient to render the first factor meaningful." *Nowak*, 899 F. Supp. at 33.

In the First Circuit, there must be "some kind of special or unusual burden." *Pritzker v. Yari*, 42

F.3d 53, 64 (1st Cir. 1994). Such a special or unusual burden does not exist here. Second,

Massachusetts has a significant interest in adjudicating this dispute because this action involves the

improper conduct of funeral homes throughout Massachusetts.

Third, it is in the Plaintiff's interest to litigate this action in Massachusetts because it is

related to claims made against other defendants in this action. Defendant incorrectly states that only

plaintiff Hannigan alleges claims against Neptune. This is not true. Each of the plaintiffs in this

action allege claims against Neptune, including a claim for civil conspiracy, and plaintiff Hannigan

alleges claims against each of the other defendants, including Bayview Crematory. Fourth, due to

the numerous parties in this action, it would conserve judicial resources and be the most effective

resolution of this controversy for it to be heard before one court. Plaintiff Hannigan determined to

file in Massachusetts and a plaintiff's choice of forum should be afforded deference. *Nowak*, 899 F.

Supp. at 34 (stating that the "Court must accord the [plaintiffs'] choice of forum a measure of

- 10 -

deference."). Further, in the event that this Court dismisses the claims against Neptune, Plaintiff will simply file the same action in a different court and then request that the action be transferred back before this Court, resulting in unnecessary delay of the prosecution of Plaintiff's claims.

Finally, there are common interests of all sovereigns involved in promoting substantive social policies. Each sovereign that might have jurisdiction over these claims has the common interest of ensuring that funeral homes handle the remains of the deceased with the appropriate respect and dignity and perform the appropriate due diligence on selected crematories prior to cremation instead of simply choosing the crematory with the lowest price.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Defendant's motion to dismiss should be denied in its entirety.

Respectfully submitted,                          Respectfully submitted,


                                    _____/s/Theodore M. Hess-Mahan_____
                                    Thomas G. Shapiro BBO #454680
                                    Theodore M. Hess-Mahan BBO #557109
                                    Shapiro Haber & Urmy LLP
                                    53 State Street
                                    Boston, MA  02109
                                    Telephone:  617/439-3939

                                    LERACH COUGHLIN STOIA GELLER
                                      RUDMAN & ROBBINS LLP
                                    SAMUEL H. RUDMAN
                                    ROBERT M. ROTHMAN
                                    EVAN J. KAUFMAN
                                    MARK S. REICH
                                    58 South Service Road, Suite 200
                                    Melville, NY  11747
                                    Telephone:  631/367-7100

                                    *Attorneys for Plaintiffs*