## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ALAN C. ANDERSEN, et al., On Behalf of Themselves and All Others Similarly Situated,** | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| **v.** | : **C.A. NO.  05-11904 (RCL)** |
| | : |
| **BAYVIEW CREMATORY, LLC, et al.,** | : |
| | : |
| **Defendants.** | : |

## DEFENDANT DRACUT FUNERAL HOME, INC.'S  REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant Dracut Funeral Home, Inc. ("Dracut"), by and through its undersigned counsel, hereby submits this Reply Memorandum in support of its Motion to Dismiss Plaintiffs' Complaint.

## I.    PRELIMINARY STATEMENT

Plaintiffs' Opposition to Dracut's Motion to Dismiss (the "Opposition") is most striking in what it does not say.  Critically, Plaintiffs make no argument to rebut that the *Anzalone* Action pending in Massachusetts state court involves *identical* issues and circumstances, and that the continuation of both lawsuits would waste this Court's and the litigants' limited resources through piecemeal and duplicative litigation, which might also create conflicting results.  Plaintiffs cannot dispute that an undue and unfair burden would be placed upon Dracut and other small defendants required to defend the same allegations twice, and that this problem is exacerbated in discovery-intensive class actions such as this one.  While Plaintiffs admit that no discovery has taken place in this case, Plaintiffs cannot deny that depositions and extensive document discovery have taken place in the *Anzalone* Action, and therefore, that the state court is the most logical and efficient forum to handle this dispute.  Accordingly, Plaintiff has presented no argument why this case should not be

**Error! Unknown document property name.**

dismissed pursuant to the abstention principles set forth by the Supreme Court of the United States in *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976), and its progeny.

The weakness of Plaintiffs' Opposition is also reflected by Plaintiffs' argument that Dracut's Motion is untimely because Dracut has previously filed an answer to Plaintiffs' Complaint.  Fed. R. Civ. P. 12(h)(3) clearly provides, and courts in the First Circuit have uniformly held, that a party may move to dismiss an action for lack of subject matter jurisdiction, as Dracut has done here, *at any time*.

Plaintiffs' arguments regarding whether this Court is required to decline to exercise jurisdiction under the Class Action Fairness Act ("CAFA") simply ignore their own allegations.  The Complaint on its face establishes that this case involves a truly local dispute in which Massachusetts' interests are at stake, virtually all of the parties are from Massachusetts, and nearly all (if not all) of the alleged injuries resulting from the conduct of the Defendants occurred in Massachusetts – all of which require this Court to decline jurisdiction.[1]

## II.    <u>ARGUMENT</u>

### A.    <u>Dracut's Motion Is Not Untimely.</u>

Plaintiffs contend that Dracut's Motion is untimely because Dracut filed an answer to Plaintiffs' Complaint before filing its Motion.  *See* Plaintiffs' Opposition at 4-5.  Fed. R. Civ. P. 12(h)(3), however, provides that courts may dismiss an action *at any time* for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("*[w]henever* it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action") (emphasis added).  Consistent with this rule, courts in the First Circuit routinely hold that "[s]ubject

---

[1] Plaintiffs also speciously claim that they have satisfied the requirements for class certification under Fed. R. Civ. P. 23(a).  *See* Plaintiffs' Opposition at 12-16.  In fact, as discussed in Dracut's Motion, Plaintiffs have not and cannot specifically plead adequate facts to satisfy the requirements.  *See* Dracut's Motion at 8-10.  Plaintiffs further contend that Dracut's opposition to class certification at this stage is premature.  *See* Plaintiffs' Opposition at 12.  However, because Plaintiffs have had over *six* months since filing this action in September of 2005 to seek certification of a class, the issue of class certification is properly before this Court.

**Error! Unknown document property name.**

matter jurisdiction is not waivable, and a party cannot confer subject matter jurisdiction upon a federal court by failing to assert that defense in a timely manner." *Bolduc v. United States*, 402 F.3d 50, 54 (1st Cir. 2005) (citations omitted).  In other words, a party may move to dismiss an action for lack of subject matter jurisdiction *at any time*.  *See Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 447 (1st Cir. 1995) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *Halleran v. Hoffman*, 966 F.2d 45, 47 (1st Cir. 1992) (citing Fed. R. Civ. P. 12(h)(3) and *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382 (1884)).

Plaintiffs cite no legal authority to the contrary.  The cases primarily relied upon by Plaintiffs, *Roy v. Runyon*, 954 F. Supp. 368 (D. Me. 1997), *Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, No. 99-CV-704, 2004 U.S. Dist. LEXIS 6661 (N.D.N.Y. Apr. 15, 2004), *Tyco Int'l Ltd. v. Walsh*, No. 02 CIV 4633 (S.D.N.Y. Feb. 27, 2003), *Skrtich v. Thornton*, 280 F.3d 1295 (11th Cir. 2002), and *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001), involved belated motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and other *waivable* grounds not raised here by Dracut.  *Id.*; *see also* Fed. R. Civ. P. 12(h)(1), (2).

    **B.**    **This Court Lacks Jurisdiction under CAFA.**

        **1.**    **This Court Must Decline Jurisdiction under § 1332(d)(4)(A).**

Without any support, Plaintiffs claim that § 1332(d)(4)(A) does not require the Court to decline to exercise jurisdiction because two-thirds of the members of the proposed class are not citizens of Massachusetts.  *See* Plaintiffs' Opposition at 8-9.  In making this argument, Plaintiffs contend only that the purported class *may* include persons who reside outside of the state.  *Id.*  Even if *some* of the members of the proposed class *may* not be residents of Massachusetts, the only evidence of record is that all of the members of the class are residents of the state.  Plaintiffs'

3

**Error! Unknown document property name.**

Complaint identifies nineteen individual plaintiffs – including eleven that reside in Massachusetts – and all of whom are seeking relief from or through decedents who received funeral directing services from the nine funeral home Defendants in Massachusetts.  *See* Plaintiffs' Complaint at ¶¶ 5-23.

Likewise, the vast majority of the proposed class clearly reside in Massachusetts where *all of the decedents from or through whom the class members seek relief received funeral directing services from the nine funeral homes, all of whom are located exclusively in Massachusetts.  See* Plaintiffs' Complaint at ¶¶ 29-36.  There is no question here that "virtually all of the parties . . . would be local, and local interests therefore presumably would predominate." Sen. Rep., No. 109-14, at 23 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 2005 WL 627977.[2]

In addition, Plaintiffs argue that this Court is not required to decline to exercise jurisdiction under § 1332(d)(4)(A) because the principal injuries resulting from the alleged conduct of each Defendant were not incurred in Massachusetts – a misplaced argument based upon the fact that Bayview Crematory is in New Hampshire.  *See* Plaintiffs' Opposition at 9.  Regardless of the location of Bayview Crematory, it is indisputable that the only alleged injuries sustained by Plaintiffs and the proposed class resulting from this misconduct occurred in Massachusetts.  The injuries in this case are solely alleged injuries for emotional distress to family members in Massachusetts - not harm to the decedents or their ashes.  Because the majority of the named Plaintiffs reside in Massachusetts, all Plaintiffs seek relief from or through decedents who received funeral directing services from funeral homes located in Massachusetts, members of the proposed class are primarily located in Massachusetts, and all nine of the funeral home Defendants are located

---

[2] Plaintiffs also baselessly contend that this Court should not decline to exercise jurisdiction under § 1332(d)(4)(B) because two-thirds of the members of the proposed class of plaintiffs, and the primary defendants, are not residents of Massachusetts.  *See* Plaintiffs' Opposition at 9-10.  As discussed above, Plaintiffs' own allegations establish that more than two-thirds of all members of the proposed class *are* citizens of Massachusetts, and there is no evidence to the contrary.  Similarly, the nine funeral homes, who are citizens of Massachusetts, constitute the primary defendants in this case.  All of the decedents from or through whom Plaintiffs and members of the proposed class seek relief were cremated pursuant to contracts for funeral directing services with the funeral home Defendants.  Based on Plaintiffs' own allegations, this Court must decline to exercise jurisdiction pursuant to § 1332(d)(4)(B).

**Error! Unknown document property name.**

in Massachusetts, "all or almost all"[3] of the alleged injuries undoubtedly occurred in Massachusetts. Simply put, the "impact of the misconduct alleged by the purported class is localized." *See* Sen. Rep., No. 109-14, at 26.

Lastly, Plaintiffs claim that § 1332(d)(4)(A) does not require this Court to decline to exercise jurisdiction because two actions, captioned *Hunt v. Bayview Crematory, LLC, et al.*, No. 05-11140 (D. Mass.) (the "*Hunt* Action"), which involves identical factual allegations against many of the same Defendants, and *Favaloro v. President and Fellows of Harvard College, et al.*, No. 05-11594 (D. Mass.) (the "*Favaloro* Action"), which is purportedly related to this case, were filed during the three-year period preceding the filing of this case. The *Hunt* Action, however, was filed by the same Plaintiffs' counsel and is now being consolidated with this action at Plaintiffs' request. This Court should prohibit Plaintiffs from evading the provisions of CAFA simply by filing separate lawsuits involving identical claims and allegations. The *Favaloro* Action, on the other hand, is entirely different from this case. That case involves claims relating to the cremation of bodies donated to Harvard Medical School's Anatomical Gifts Program, not bodies cremated for or on behalf of funeral homes providing funeral directing services. *See* the *Favaloro* Action Complaint attached as Exhibit A to the Affidavit of Theodore M. Hess-Mahan filed concurrently with Plaintiffs' Opposition. As such, the *Favaloro* Action involves a different class of plaintiffs, different issues, and only two of the defendants in this case. *Id.* For these reasons, this Court must decline to exercise jurisdiction.

2.    **This Court Should Exercise Its Discretion to Decline Jurisdiction under § 1332(d)(3).**

---

[3] Congress intended for this requirement to mean that "all or *almost all* of the damage caused by defendants' alleged conduct occurred in the state where the suit was brought." Sen. Rep., No. 109-14, at 26 (emphasis added).

**Error! Unknown document property name.**

Plaintiffs speciously argue that this Court should not exercise its discretion to decline jurisdiction under § 1332(d)(3) because there is no evidence that greater than one-third of the members of the proposed class, and the primary defendants, are citizens of Massachusetts, and the claims in this case involve matters of national or interstate interest. *See* Plaintiffs' Opposition at 10-11.[4]  It is difficult to understand how Plaintiffs can make this argument with a straight face based on the allegations in the Complaint.  As discussed above, Plaintiffs' Complaint confirms that practically all, and certainly one-third of the class, are Massachusetts citizens, and that the nine funeral homes are residents of Massachusetts.

Further, this action does not involve matters of national interest.  This is not a case in which class actions were filed in multiple jurisdictions across the county seeking relief for side effects caused by a nationally-distributed pharmaceutical product, which actions should be heard by a federal court due to the national ramifications of the dispute and the interface with federal drug laws. *See* Sen. Rep., No. 109-14, at 24.  Rather, this action is at its core a local one because substantially all of the members of the proposed class, and all nine of the primary defendants, are citizens of Massachusetts.  In addition, Plaintiffs' claims are governed by Massachusetts state law, and nearly all (if not all) of the alleged harm resulting from the Defendants' misconduct occurred in Massachusetts.  Therefore, this Court should exercise its discretionary authority under § 1332(d)(3) and dismiss this action.

### 3.    The *Favaloro* Case Is Inapposite.

Without any analysis, Plaintiffs also claim that this Court has jurisdiction under CAFA because this Court retained jurisdiction over a different case involving cremation of bodies, captioned *Favaloro v. President and Fellows of Harvard College, et al.*, No. 05-11594 (D. Mass.)

---

[4] Plaintiffs do not contend that *any* of the other factors set forth in § 1332(d)(3), each of which Dracut relied upon in its Motion and this Court must consider here, support Plaintiffs' position.

**Error! Unknown document property name.**

(the "*Favaloro* Action").  *See* Plaintiffs' Opposition at 5-6.  As previously discussed, the *Favaloro* Action is entirely different from this case.  In *Favaloro*, the plaintiff filed suit in Massachusetts state court and a defendant sought removal of the action.  There was no concern in the *Favaloro* Action regarding piecemeal litigation or forcing a party like Dracut to defend identical class actions in two different forums, wasting the time, effort, and resources of the courts, the litigants, and the attorneys. The *Favaloro* Action also involves claims relating to the cremation of bodies donated to Harvard's Anatomical Gifts Program, not bodies cremated for or on behalf of funeral homes providing funeral directing services.  *See Favaloro* Complaint attached as Exhibit A to the Affidavit of Theodore M. Hess-Mahan filed concurrently with Plaintiffs' Opposition.  In short, the *Favaloro* Action involves a different class of plaintiffs, different issues, and only two of the defendants in this case.  *Id.*

In addition, the moving party in the *Favaloro* Action failed to satisfy the requirements of § 1332(d)(4)(A) because there was no evidence that two-thirds of the proposed class of plaintiffs resided in Massachusetts, since Harvard is a world-renowned institution and likely received gifts for its Anatomical Gifts Program from donors located all around the country.  Furthermore, the moving party did not meet the requirements of § 1332(d)(4)(B) because two-thirds of the proposed class, and all of the primary defendants, were not residents of Massachusetts.  In contrast, Dracut has clearly satisfied the requirements under these two provisions.

### C.     This Court Should Abstain from Hearing this Case under *Colorado River* because Exceptional Circumstances Exist.

Plaintiffs correctly note in their Opposition that federal courts generally abstain from exercising jurisdiction under *Colorado River* only in exceptional circumstances.  *See* Plaintiffs' Opposition at 16-17.  Plaintiffs fail to note that, in cases similar to this one, courts have uniformly determined that exceptional circumstances *do* exist.  *See, e.g.*, *Currie v. Group Ins. Comm'n*, 290 F.3d 1 (1st Cir. 2002) (abstention due to *some* risk of piecemeal litigation, a more complete record in

**Error! Unknown document property name.**

the state case, a complex and unsettled issue of state law, and the adequacy of the state court);

*Davila v. Maloney*, No. 99-2163, 2000 U.S. App. LEXIS 38581 (1st Cir. Dec. 27, 2000) (abstention

where both actions were duplicative, the state court obtained jurisdiction first and the case was more

advanced, and the state court could adequately protect the parties' rights); *Villa Marina Yacht Sales,*

*Inc. v. Hatteras Yacht*, 947 F.2d 529 (1st Cir. 1991) (abstention where a novel issue of state law

existed, the state case had progressed further, and the risk of piecemeal litigation rose above routine

inefficiency); *Shepard v. Egan*, 767 F. Supp. 1158 (D. Mass. 1990) (abstention because risk of

piecemeal litigation existed, dual proceedings would involve questions arising from the same factual

background and impose burdensome discovery obligations upon the parties, and state law governed

the majority of the claims).

### 1.    <u>Abstention Is Particularly Appropriate In Class Actions.</u>

In *Romine v. CompuServe Corp.*, 160 F.3d 337 (6th Cir. 1998), a case similar to this one, the

Sixth Circuit affirmed the district court's decision to abstain from hearing a federal court class action

that was parallel to a state court class action under *Colorado River*. *Id.* at 342-43. The *Romine*

Court decided to abstain because the threat of piecemeal results was high where the state and federal

actions depended upon resolution of the very same issue. *Id.* at 341. Significantly, the court stated

that "*the specter of judicial duplication of effort looms particularly ominously in the class action*

*context*, where the potential for inefficiency is acute, and "*[c]omplex class litigation is particularly*

*suited to application of a non-duplication principle* [because] duplication of such class litigation,

with all the multiplicity of waste attendant in it, is simply more likely to present an exceptional

circumstance warranting *Colorado River* abstention." *Id.* (citations omitted) (emphasis added). The

court added that the "threat to efficient adjudication is self-evident" where parallel cases proceed in

state and federal court, jeopardizing judicial economy, the legitimacy of the court system, and

fairness to the parties. *Id.* (citation omitted).

**Error! Unknown document property name.**

Like *Romine*, this case presents exactly the type of extraordinary circumstances that warrant abstention. There are compelling reasons here to avoid piecemeal litigation because this case and the *Anzalone* Action are class actions in which the proposed classes include large numbers of members and allegations against more than a dozen defendants. Both actions are predicated on the same allegations, contain the same defendants and nearly identical proposed classes, and are fact-intensive, requiring the parties to examine each plaintiff's alleged mental injuries, each funeral home's contract and services, and the unique circumstances of each Defendants' conduct and relationship with Bayview Crematory. The amount of discovery and pleadings will likely be substantial. If this Court does not abstain, then Dracut will be forced to defend identical class actions in two different forums, resulting in wasted time, effort, and resources for the Court, the litigants, and the attorneys, and unduly prejudicing Dracut's defense. Critically, courts in this Circuit assign the most weight to this factor where, as here, piecemeal litigation could severely prejudice one of the parties. *See Rojas-Hernandez v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 496-97 (1st Cir. 1991) (citations omitted). *See also Shepard*, 767 F. Supp. at 1164 (abstention where "piecemeal litigation will prove costly and troublesome to the parties"). This factor, alone, warrants abstention under *Colorado River*.

### 2.     Abstention Is Warranted Where Discovery Has Advanced In The State Court.

Moreover, the court in the *Anzalone* Action acquired jurisdiction before this case was filed, and that action is significantly more advanced than this case. In the *Anzalone* Action, extensive written discovery has been exchanged by numerous parties and depositions are progressing expeditiously. Here, in contrast, *no* discovery has been taken to date.

### 3.     Novel Issues Of State Law Support Abstention.

In addition, all of Plaintiffs' claims are governed by Massachusetts state law. The existence of issues of state law supports abstention where, as here, *unsettled* or *complex* claims of state law are

9

**Error! Unknown document property name.**

raised.  *See Rojas-Hernandez*, 925 F.2d at 496.  *See also Villa Marina*, 947 F.2d at 534-35 (claim for tortious interference with prospective business advantage presented a sufficiently novel issue of state law because it was uncertain whether the state's courts would adopt the approach taken by the majority of other courts).  Here, at least three of Plaintiffs' claims involve novel issues of state law, namely, the claims for negligent interference with a corpse or remains, intentional interference with a corpse or remains, and breach of a fiduciary or special duty by a funeral home.  Open issues exist as to whether such claims are viable under Massachusetts law.  Because this is not a simple, garden variety tort action, this factor supports abstention.

**Error! Unknown document property name.**

4.    **Abstention Is Also Warranted Because The State Court Is An Adequate Forum.**

Finally, the state court is fully capable of resolving the novel issues of state law, safeguarding the parties' rights, and otherwise providing an adequate forum. Because the balance of factors weighs heavily in favor of abstention, it is of no consequence that, as Plaintiffs contend, the proposed class of plaintiffs in the *Anzalone* Action *may* not include persons contained within the proposed class in this case (a contention that is belied by the undisputed evidence above), or that this Court has retained jurisdiction over the *Favaloro* Action (which involves different factual allegations, different issues, different claims, and different parties). Consequently, this Court should decline jurisdiction under *Colorado River*.

III.    **CONCLUSION**

For each of the foregoing reasons, Dracut respectfully requests that Plaintiffs' Complaint be dismissed in its entirety.

Respectfully Submitted,
**DEFENDANT DRACUT FUNERAL HOME, INC.**
By its attorneys,

Dated:  March 10, 2006

/s/ Michael E. Okolita
MICHAEL E. OKOLITA
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608-1424
         and
GRANT S. PALMER
JOHN J. DiCHELLO
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
(215) 569-5500
*Attorneys for Defendant Dracut Funeral Home, Inc.*

11

**Error! Unknown document property name.**

## <u>CERTIFICATE OF SERVICE</u>

I, Michael E. Okolita, certify that a true and correct copy of the foregoing Dracut Funeral Home Inc.'s Reply Memorandum in Support of Motion to Dismiss Plaintiffs' Complaint was served upon the parties or their counsel of record as appearing on the attached Service List on this 10th day of March, 2006.

/s/ Michael E. Okolita
MICHAEL E. OKOLITA

**Error! Unknown document property name.**

**SERVICE LIST**
***Andersen, et al. v. Bayview Crematory, LLC, et al.***
**C.A. NO.  05-11904 (RCL)**

Theodore M. Hess-Mahan, Esquire
Shapiro, Haber & Urmy LLP
53 State Street
Boston, MA 02108
*Counsel for Plaintiffs*

Robert M. Rothman, Esquire
Evan J. Kaufman, Esquire
Lerach Coughlin Stoia Geller Rudman & Robbins
200 Broadhollow Road, Suite 406
Melville, NY  11747
*Counsel for Plaintiffs*

Dona Feeney, Esquire
Getman, Stacey, Tamposi, Schulthess & Steere
163 South River Road
Bedford, NH 03110
*Counsel for Bayview Crematory, LLC*

Richard E. Cavanaugh, Esquire
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA  01852
*Counsel for Derek A. Wallace, Hart-Wallace Funeral Home,
and Simplicity Burial & Cremation, Inc.*

Mandi Jo Hanneke, Esquire
William F. Ahern, Jr.
Clark, Hunt, & Embry
55 Cambridge Parkway
Cambridge, MA 02142
*Counsel for Linda Stokes*

Joseph M. Desmond, Esquire
Morrison, Mahoney, & Miller LLP
250 Summer Street
Boston, MA 02210
*Counsel for Cremation Society of Massachusetts*

**Error! Unknown document property name.**

Brian K. Walsh, Esq.
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, MA 02110
Tel:  (617) 769-3500
*Counsel for Hamel Wickens & Troupe Funeral Home, Inc.*
*and Roger Hamel*

Roger A. Emanuelson, Esq.
Lecomte, Emanuelson and Doyle
Battery March Park II
One Pine Hill Drive, Suite 101
Quincy, MA 02169
*Counsel for Hart-Wallace Funeral Home and Simplicity Burial & Cremation, Inc.*

Dennis E. McKenna, Esq.
Riemer & Braunstein, LLP
Three Center Plaza
Boston, MA 02108-2003
*Counsel for Commonwealth Cremation & Shipping Service, Inc.*

Maureen L. Reilly, Esq.
33 Kingston Street
Boston, MA 02111
*Counsel for Neptune Society, Inc.*

American Cremation Society, Inc.
385 Washington Street
Haverhill, MA 01832

**Error! Unknown document property name.**