FILED
IN CLERKS OFFICE

2006 MAR 22  P 12: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALAN C. ANDERSEN, et als.,<br>        Plaintiffs,<br><br>V.<br><br>BAYVIEW CREMATORY, LLC, a New<br>Hampshire Limited Liability Company,<br>Et als.,<br>        Defendants. | Case No. 05-11904 RCL<br>Honorable Reginald C. Lindsay |

## ANSWER AND JURY DEMAND OF DEFENDANT
## BAYVIEW CREMATORY, LLC

1. This paragraph contains no factual allegations and no response is required. To the extent a response may be required, defendant denies the allegations of this paragraph.

2. Denied as to this defendant and defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

3. Defendant admits that criminal charges were brought against Derek Wallace and Bayview Crematory, LLC and denies the remaining allegations of this paragraph.

4. This paragraph contains no factual allegations and no response is required. To the extent a response may be required, defendant denies the allegations of this paragraph.

### PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## DEFENDANTS

24. Defendant admits that Bayview Crematory, LLC is a New Hampshire Limited Liability Corporation with a principal place of business at 204 New Zealand Road, Seabrook, New Hampshire and handle an unspecified number of cremations each year. Defendant denies the remaining allegations of this paragraph.

25. Defendant admits that Derek Wallace owned and/or operated Bayview Crematory until on or about September 1, 2002 when he sold it to Linda Stokes for $1.00 and other good and valuable consideration. Defendant further admits that Wallace had an ownership interest in Hart-Wallace and Simplicity Funeral Homes and that Wallace was arrested and indicted in New Hampshire. Defendant denies the remaining allegations of this paragraph.

26. Defendant admits that Linda Stokes is the mother of Derek Wallace and that until her resignation on November 1, 2005 she was the trustee of the real estate trust which owned the property where Bayview Crematory is located. Defendant denies the remaining allegations of this paragraph.

27. Defendant admits that Larry Stokes is Derek Wallace's step-father and denies the remaining allegations of this paragraph.

28. This paragraph contains no factual allegations and no response is required. To the extent a response may be required, defendant denies the allegations of this paragraph.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

39. This paragraph contains no factual allegations and no response is required. To the extent a response may be required, defendant denies the allegations of this paragraph.

40. This paragraph contains no factual allegations directed to this defendant and no response is required. To the extent a response may be required, defendant admits that the named funeral home defendants have utilized Bayview's services at some times in the past and denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

41. Denied.

42. Denied.

43. The allegations of this paragraph are too vague and indefinite for defendant to either admit or deny them as phrased and therefore defendant denies said allegations and puts plaintiffs upon their proof.

## CLASS ACTION ALLEGATIONS

44. This paragraph contains no factual allegations and no response is required. To the extent a response may be required, the defendant denies the allegations of this paragraph.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

### FACTUAL ALLEGATIONS

51. The Defendant denies the allegations of this paragraph as phrased.

52. The Defendant denies the allegations of this paragraph as phrased.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

54. The Defendant denies the allegations of this paragraph as phrased

55. The Defendant denies the allegations of this paragraph as phrased

56. The Defendant denies the allegations of this paragraph as phrased

57. The Defendant denies the allegations of this paragraph as phrased

58. The Defendant denies the allegations of this paragraph as phrased

59. The Defendant denies the allegations of this paragraph as phrased

60. The Defendant denies the allegations of this paragraph as phrased

61. The Defendant denies the allegations of this paragraph as phrased

62. The Defendant denies the allegations of this paragraph as phrased

63. The Defendant denies the allegations of this paragraph as phrased

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

65. The Defendant denies the allegations of this paragraph as phrased

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

67. The Defendant denies the allegations of this paragraph as phrased

68. The Defendant denies the allegations of this paragraph as phrased

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

70. The Defendant denies the allegations of this paragraph as phrased

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

72. The Defendant denies the allegations of this paragraph as phrased

73. The Defendant denies the allegations of this paragraph as phrased

74. The Defendant denies the allegations of this paragraph as phrased

75. The Defendant denies the allegations of this paragraph as phrased

76. The Defendant denies the allegations of this paragraph as phrased

77. The Defendant denies the allegations of this paragraph as phrased

78. The Defendant denies the allegations of this paragraph as phrased

79. The Defendant denies the allegations of this paragraph as phrased

80. The Defendant denies the allegations of this paragraph as phrased

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

82. The Defendant denies the allegations of this paragraph as phrased

83. The Defendant denies the allegations of this paragraph as phrased

84. The Defendant denies the allegations of this paragraph as phrased

85. The Defendant denies the allegations of this paragraph as phrased

86. The Defendant denies the allegations of this paragraph as phrased

87. The Defendant denies the allegations of this paragraph as phrased

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

89. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

90. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

91. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

92. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

93. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

94. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

96. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

97. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

98. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

99. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

100. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

101. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

102. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

103. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

104. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

105. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

106. The Defendant denies the allegations of this paragraph as phrased

107. The Defendant denies the allegations of this paragraph as phrased

108. The Defendant denies the allegations of this paragraph as phrased

109. The Defendant denies the allegations of this paragraph as phrased

## COUNT I

110. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

111. The Defendant denies the allegations of this paragraph as phrased

112. The Defendant denies the allegations of this paragraph as phrased

113. The Defendant denies the allegations of this paragraph as phrased

114. The Defendant denies the allegations of this paragraph as phrased

115. The Defendant denies the allegations of this paragraph as phrased

116. The Defendant denies the allegations of this paragraph as phrased

117. The Defendant denies the allegations of this paragraph as phrased

118. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

## COUNT II

119. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

120. The Defendant denies the allegations of this paragraph as phrased

121. The Defendant denies the allegations of this paragraph as phrased

122. The Defendant denies the allegations of this paragraph as phrased

123. The Defendant denies the allegations of this paragraph as phrased

124. The Defendant denies the allegations of this paragraph as phrased

## COUNT III

125. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

126. The Defendant denies the allegations of this paragraph as phrased

127. The Defendant denies the allegations of this paragraph as phrased

128. The Defendant denies the allegations of this paragraph as phrased

129. The Defendant denies the allegations of this paragraph as phrased

130. The Defendant denies the allegations of this paragraph as phrased

131. The Defendant denies the allegations of this paragraph as phrased

132. The Defendant denies the allegations of this paragraph as phrased

## COUNT IV

133. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

## COUNT V

139. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

140. Denied.

141. Deneid.

142. Denied.

## COUNT VI

143. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

## COUNT VII

151. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

## COUNT VIII

158. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

159. Denied.

160. Denied.

161. Denied.

### COUNT IX

162. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

163. Denied.

164. Denied.

165. Denied.

### COUNT X

166. Defendant repeats and incorporates by reference its responses to each of the preceding paragraphs.

167. Denied.

168. Denied.

169. Denied.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant states that service of process was insufficient.

### THIRD DEFENSE

The complaint must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## FOURTH DEFENSE

The complaint must be dismissed pursuant to Rule 12(b)(3) for improper venue.

## FIFTH DEFENSE

The complaint must be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

## SIXTH DEFENSE

The complaint should be dismissed pursuant to Rule 12(b)(5) for insufficiency of service of process.

## SEVENTH DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## EIGHTH DEFENSE

The action is barred by the applicable statute of limitations.

## NINTH DEFENSE

This court lacks personal jurisdiction over the defendants.

## TENTH DEFENSE

If the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not, and is not, legally responsible.

## ELEVENTH DEFENSE

If the plaintiff and/or the plaintiff's decedent suffered injuries or damage, as alleged, such injuries or damage were caused by the superceding, intervening conduct of a third party for whom the defendant is not legally responsible.

### TWELTH DEFENSE

This action is barred by the doctrine of a prior pending action where claims of the same right allegedly infringed by the same wrong and which would involve the same evidence have been asserted in Essex Superior Court in Massachusetts, Civil Action No. 05-789C, Anzalone,et al. v. BayviewCrematory, LLC, et al., filed on May 11, 2005 and Ellis, et al. v. Bayview Crematory, LLC, et al,Rockingham County Superior Court, New Hampshire, Civil Action No. 05-C-350.

### THIRTEENTH DEFENSE

This action cannot be maintained as a class action on the grounds that it fails to state a claim entitling the plaintiff to relief because the members of the class are not so numerous as to make it impractical to bring them before the court.

### FORTEENTH DEFENSE

This action cannot be maintained as a class action on the grounds that it fails to state a claim entitling the plaintiff to relief because the claims of the plaintiff are not typical of a class action.

### FIFTEENTH DEFENSE

This action cannot be maintained as a class action on the grounds that it fails to state a claim entitling the plaintiff to relief because the damages sought are unique as to each purported member.

### SIXTEENTH DEFENSE

This action cannot be maintained as a class action on the grounds that it fails to state a claim entitling the plaintiff to relief because there are no questions of law or fact common to the alleged wrongdoing of this defendant as regard to the clients or the conduct of other defendants.

### SEVENTEENTH DEFENSE

The plaintiff cannot prove objective evidence of physical harm and therefore her claim for negligent infliction of emotional distress must be dismissed.

### EIGHTEENTH DEFENSE

The plaintiff suffered no damages as the result of any alleged actions on the part of the defendant and therefore the plaintiff cannot recover.

### NINETEENTH DEFENSE

It was not reasonably foreseeable that the plaintiff would suffer damages as the result of the defendant's actions as alleged by the plaintiff and therefore the plaintiff cannot recover.

### TWENTETH DEFENSE

The plaintiff provided authorization to the defendant and therefore the defendant is not in breach of any contract, nor was it negligent or in violation of any regulation or act and therefore the plaintiff cannot recover.

### TWENTY-FIRST DEFENSE

The plaintiff's damages do not exceed $75,000.00 and therefore the plaintiff's complaint should be dismissed.

### TWENTY-SECOND DEFENSE

The plaintiff's complaint is barred by the doctrines of estoppel, laches, release or waiver.

### TWENTY-THIRD DEFENSE

Plaintiff has failed to mitigate their damages.

WHEREFORE, Defendant Bayview Crematory, LLC demands judgment against the plaintiff and further demands that said action be dismissed.

## DEMAND FOR TRIAL BY JURY

The Defendant demands a trial by jury on all issues so triable.

For the Defendant,
Bayview Crematory, LLC
By its attorneys,

*/s/ William P. Smith*
William P. Smith, BBO #546582
Haverty & Feeney
54 Samoset St.
Plymouth, MA 02360
(508) 746-6100


Dona Feeney, BBO #600749
GETMAN, STACEY,
SCHULTHESS & STEERE, P.A.
Three Executive Park Drive, Suite 9
Bedford, New Hampshire 03110
(603) 634-4300
N.H. Bar No. 2276
Mass. BBO No. 549769

Date: 3/8/06

## CERTIFICATE OF SERVICE

I, William P. Smith, Esq. hereby certify that on this __8th__ day of March, 2006, I served a copy of the foregoing document, by first class mail postage prepaid to all counsel of record and pro se litigants:

Theodore M. Hess-Mahan, Esq.
Thomas G. Shapiro, Esq.
Shapiro Haber & Urmy LLP
53 State St.
Boston, MA  02109

Samuel H. Rudman, Robert M. Rothman, Evan J. Kaufman
Lerach Coughlin Stoia Geller Rueman $ Robbins, LLP
200 Broadhollow Road, Suite 406
Melville, NH 11747

George Clancy, Esq.
Fuller Rosenberg, Palmer & Beliveau, LLP
340 Main St., Suite 817
Worcester, MA 01608

Richard E. Cavanaugh, Esq.
Gallagher & Cavanaugh, LLP
Scott Cotton Mills
100 Foot of John St.
Lowell, MA  01822

William F. Ahern, Jr.
Clark, Hunt $ Embry
55 Cambridge Parkway
Cambridge, MA  02142

Roger A. Emanuelson, Esq.
Lecomte, Emanuelson, & Doyle
Batterymarch Park #2
1 Pinehill Road, Suite # 101
Quincy, MA  02169

Dona Feeney, Esq.
Getman, Stacey, Schulthess & Steere
3 Executive Park Drive, Suite 9
Bedford, NH  03110

Bradley A. MacDonald, Esq.
Nicole H. Pierce, Esq.
Cummings, King & MacDonald
One Gateway Center
Suite 351
Newton, MA 02458

Joseph M. Desmond, Esq.
Morrison Mahoney, LLP
250 Summer St.
Boston, MA 02210

Robert Curley, Esq.
Kim M. Roussos, Esq.
Curley & Curley, P.C.
27 School St.
Boston, MA 02108

Dennis E. McKenna, Esq.
Riemer & Braunstein, LLP
Three Center Plaza
Boston, MA 02108

Michael E. Okolita, Esq.
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608

Grant S. Palmer, Esq.
John J. DiChello, Esq.
Blank Rome, LLP
One Logan Square
Philadelphia, PA 19103

Brian K. Walsh, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

/s/ Will P. Smith
_____
William P. Smith, Esq.