UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAN C. ANDERSEN, et al., On Behalf of Themselves and All Others Similarly Situated, | ) ) | No. 05-cv-11904-RCL |
| | ) | |
| Plaintiffs, | ) | **JOINT STATEMENT AND PROPOSED SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1** |
| | ) | |
| vs. | ) | |
| | ) | |
| BAYVIEW CREMATORY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Alan C. Andersen, Suzanne Bourassa, John Carlson, Robert Delia, Steven Dumais, Sara-Anne Eames, Shaun Ferris, John Foster, Dennis Fowler, Edward Galvin, Jr., Britton Hall, Patricia Hannigan, Marie Ignoto, David Johnson, Dawn Lattime, Kathleen McDonough, Tara McDonough, Eleanor Poole and Donna M. Tomaso (the "Plaintiffs"), and Defendants Bayview Crematory, LLC ("Bayview"), Derek A. Wallace ("Wallace"), Linda Stokes ("Linda Stokes"), and Larry Stokes ("Larry Stokes") (the "Bayview Defendants"), and Commonwealth Cremation & Shipping Service, Inc. ("Commonwealth"), Dracut Funeral Home Incorporated ("Dracut"), Hamel Wickens & Troupe Funeral Home, Inc. ("Hamel Wickens"), Roger Hamel ("Roger Hamel"), Hart-Wallace Funeral Home ("Hart-Wallace"), Neptune Society, Inc. ("Neptune"), Simplicity Burial & Cremation, Inc. f/k/a Oceanside Family Funeral Home ("Simplicity") (the "Funeral Home Defendants"), submit this Joint Statement and Proposed Scheduling Order Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1(B) and the Court's Order dated July 25, 2006, attorneys for the Plaintiffs and the Defendants conferred *via* telephone on September 21, 2006. This telephonic meeting was conducted by:

| | |
|---|---|
| For Plaintiffs Alan C. Andersen, Suzanne Bourassa, John Carlson, Robert Delia, Steven Dumais, Sara-Anne Eames, Shaun Ferris, John Foster, Dennis Fowler, Edward Galvin, Jr., Britton Hall, Patricia Hannigan, Marie Ignoto, David Johnson, Dawn Lattime, Kathleen McDonough, Tara McDonough, Eleanor Poole and Donna M. Tomaso | LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS Evan J. Kaufman, Esq. 58 South Service Road, Suite 200 Melville, NY  11747 (631) 367-7100 (631) 367-1173 (fax) |

For Defendants:

| | |
|---|---|
| Bayview Crematory, LLC | GETMAN, STACEY, SCHULTHESS & STEERE, P.A.<br>Dona Feeney, Esq.<br>Three Executive Park Drive, Suite 9<br>Bedford, NH 03110<br>(603) 634-4300<br>(603) 626-3647 (fax)<br><br>and<br><br>HAVERTY & FEENEY<br>William Smith, Esq.<br>54 Samoset Street<br>Plymouth, MA 02360<br>(508) 746-6100<br>(508) 746-7067 (fax) |
| Derek A. Wallace | GALLAGHER & CAVANAUGH LLP<br>Richard E. Cavanaugh, Esq.<br>Boott Cotton Mills<br>100 Foot of John Street<br>Lowell, MA 01852<br>(978) 452-0522<br>(978) 452-0482 (fax) |
| Linda Stokes | CLARK, HUNT & EMBRY<br>William Ahern, Jr. Esq.<br>Mandi Jo Hanneke, Esq.<br>55 Cambridge Pkwy.<br>Cambridge, MA 02142<br>(617) 494-1920<br>(617) 494-1921 (fax) |
| Larry Stokes | CLARK, HUNT & EMBRY<br>William Ahern, Jr. Esq.<br>Mandi Jo Hanneke, Esq.<br>55 Cambridge Pkwy.<br>Cambridge, MA 02142<br>(617) 494-1920<br>(617) 494-1921 (fax) |

| | |
|---|---|
| Commonwealth Cremation & Shipping Service, Inc. | RIEMER & BRAUNSTEIN LLP<br>Dennis E. McKenna, Esq.<br>Three Center Plaza, 6th Floor<br>Boston, MA 02108<br>(617) 523-9000<br>(617) 880-3456 (fax) |
| Cremation Society, Inc. (of Massachusetts) | MORRISON MAHONEY LLP[1]<br>Joseph M. Desmond, Esq.<br>250 Summer Street<br>Boston, MA 02210-1181<br>(617) 439-7500<br>(617) 439-7590 (fax) |
| Dracut Funeral Home Incorporated | DONALD E. FEENER & ASSOC.<br>Michael E. Okolita, Esq.<br>120 Front St., Suite 310<br>Worcester, MA  01608-1424<br>(508) 798-0717<br>(508) 798-1850 (fax)<br><br>and<br><br>BLANK ROME LLP<br>John J. DiChello, Esq.<br>One Logan Square<br>Philadelphia, PA  19103-6998<br>(215) 569-5500<br>(215) 569-5555 (fax) |
| Hamel Wickens & Troupe Funeral Home, Inc. | LAW OFFICES OF ROBERTA FITZPATRICK<br>Brian K. Walsh, Esq.<br>101 Arch Street, Suite 1761<br>Boston, MA 02110<br>(617) 769-3500<br>(617) 946-0569 (fax) |

---

[1] Brian Walsh, counsel for defendant Hamel Wickens, appeared as a proxy on behalf of Morrison Mahoney LLP.

Roger Hamel                              LAW OFFICES OF ROBERTA FITZPATRICK
                                         Brian K. Walsh, Esq.
                                         101 Arch Street, Suite 1761
                                         Boston, MA 02110
                                         (617) 769-3500
                                         (617) 946-0569 (fax)

Hart-Wallace Funeral Home                GALLAGHER & CAVANAUGH LLP
                                         Richard E. Cavanaugh, Esq.
                                         Boott Cotton Mills
                                         100 Foot of John Street
                                         Lowell, MA  01852
                                         (978) 452-0522
                                         (978) 452-0482 (fax)

Neptune Society, Inc.                    MAUREEN L. REILLY, ESQ.
                                         33 Kingston St., 4th Floor
                                         Boston, MA  02111
                                         (617) 338-2144
                                         (617) 451-5462 (fax)

Simplicity Burial & Cremation, Inc.      GALLAGHER & CAVANAUGH LLP
f/k/a Oceanside Family Funeral Home      Richard E. Cavanaugh, Esq.
                                         Boott Cotton Mills
                                         100 Foot of John Street
                                         Lowell, MA  01852
                                         (978) 452-0522
                                         (978) 452-0482 (fax)

During the meet and confer, Plaintiffs proposed a schedule for discovery and motions as set

forth below.  Defendants provided Plaintiffs with their proposed dates as set forth below.

Plaintiffs and Defendants hereby submit the following Statements, pursuant to Local Rule

16.1(D).

## 1.     Parties' Concise Statements

Plaintiffs' and Defendants' Concise Statements are attached as exhibits hereto:

        (a)     Plaintiffs – Exhibit A

        (b)     Bayview – Exhibit B

        (c)     Commonwealth – Exhibit C

(d)    Dracut – Exhibit D

(e)    Hamel Wickens – Exhibit E

(f)    Hart-Wallace – Exhibit F

(g)    Larry Stokes – Exhibit G

(h)    Linda Stokes – Exhibit H

(i)    Neptune – Exhibit I

(j)    Roger Hamel – Exhibit J

(k)    Simplicity – Exhibit K

(l)    Wallace – Exhibit L

**2.    Matters to Be Discussed at Scheduling Conference**

Plaintiffs will be prepared to discuss the following issues at the Scheduling Conference to be held pursuant to Local Rule 16.1(A):

(a)    A proposed pre trial schedule for the case that includes the plan for discovery and deadlines;

(b)    The consolidation of *Lorraine Hunt v. Bayview Crematory, LLC, et al.*, No. 05-11140 (RCL) with this action;

(c)    Anticipated dispositive and pre trial motions;

(d)    Class Certification Motion;

(e)    Alternative Dispute Resolution; and

(f)    Settlement.

**3.    Schedule for Discovery and Dispositive Motions**

Plaintiffs' and Defendants' respective positions with respect to a schedule for discovery and dispositive motions are set forth in the table below.

- 5 -

(a)     <u>Automatic Disclosures</u>

Plaintiffs proposed that the parties produce their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2 on or before October 19, 2006. Defendants propose that the parties produce their Initial Disclosures on or before November 20, 2006.

(b)     <u>Discovery and Motion Schedule</u>

The parties' proposed timetables for completing the various phases of discovery and serving and filing dispositive motions are listed below:

| EVENT | AMOUNT OF TIME PROPOSED BY PLAINTIFFS | AMOUNT OF TIME PROPOSED BY DEFENDANTS |
|---|---|---|
| **FACT DISCOVERY**<br><br>Plaintiffs propose that all deposition notices and subpoenas, and all discovery requests with the exception of requests for admission, must be served with sufficient time for compliance no later than the specified deadline for the completion of fact discovery | Plaintiffs propose that Fact Discovery shall be completed by July 1, 2007. | Defendants propose that Fact Discovery shall be completed by September 5, 2007. |
| **CLASS CERTIFICATION** | **PLAINTIFFS**<br><br>Plaintiffs intend to file a class certification motion as soon as practicable. | **DEFENDANTS**<br><br>Defendants propose that opening class certification motions to be filed and served no later than January 20, 2007, with oppositions to be filed and served no later than February 20, 2007, and any reply to be filed and served no later than March 7, 2007. |

| EVENT | AMOUNT OF TIME PROPOSED BY PLAINTIFFS | AMOUNT OF TIME PROPOSED BY DEFENDANTS |
|---|---|---|
| **IDENTIFICATION OF EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2)** | Plaintiffs propose that opening expert reports shall be served no later than August 7, 2007. | Defendants propose that opening expert reports shall be served no later than November 12, 2007. |
| **IDENTIFICATION OF REBUTTAL EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2)** | Plaintiffs propose that rebuttal expert reports shall be served no later than September 7, 2007. | Defendants propose that rebuttal expert reports shall be served no later than December 20, 2007. |
| **EXPERT DEPOSITIONS** | Plaintiffs propose that expert depositions shall be completed by November 6, 2007. | Defendants propose that expert depositions shall be completed by February 20, 2008. |
| **SUMMARY JUDGMENT** | Plaintiffs propose that any motions for summary judgment and supporting papers shall be filed and served no later than December 6, 2007, with oppositions to be filed and served no later than February 6, 2008, and any reply to be filed and served no later than April 6, 2008. | Defendants propose that any motions for summary judgment and supporting papers shall be filed and served no later than April 20, 2008, with oppositions to be filed and served no later than June 20, 2008, and any reply to be filed and served no later than July 20, 2008. |

4.    **Settlement**

Pursuant to Local Rule 16.1(C) as modified by the Court's Order dated July 25, 2006, Plaintiffs tendered a written settlement proposal to each Defendant represented by counsel prior to the Scheduling Conference to be held pursuant to Local Rule 16.1(A).

5.      **Trial by Magistrate Judge**

At this time, neither Plaintiffs nor Defendants are prepared to consent to trial by a Magistrate

Judge.

6.      **Budget and Alternative Dispute Resolution**

Counsel for Plaintiffs has conferred with Plaintiffs concerning establishing a budget for

litigation and the use of Alternative Dispute Resolution ("ADR").  At this juncture, Plaintiffs are not

interested in ADR but are willing to consider mediation on an ongoing basis as an option for the

resolution of this matter.  The certifications for Defendants are attached to each parties' Concise

Statements attached as Exhibits B to I hereto pursuant to Local Rule 16.1(D)(3).[2]  Plaintiffs' Counsel

will submit Plaintiffs' Certification as soon as all of the signed Certifications are received from

Plaintiffs.

DATED:  September 28, 2006                    SHAPIRO HABER & URMY LLP
                                              THOMAS G. SHAPIRO BBO #454680
                                              THEODORE M. HESS-MAHAN BBO #557109


                                              _____
                                                  */s/ Theodore M. Hess-Mahan*
                                              THEODORE M. HESS-MAHAN

                                              53 State Street
                                              Boston, MA  02109
                                              Telephone:  617/439-3939
                                              617/439-0134 (fax)

_____

[2]  Defendant Neptune's signed original Certification will be submitted separately.

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EVAN J. KAUFMAN
58 South Service Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

*Attorneys for Plaintiffs Alan C. Andersen, Suzanne
Bourassa, John Carlson, Robert Delia, Steven
Dumais, Sara-Anne Eames, Shaun Ferris, John
Foster, Dennis Fowler, Edward Galvin, Jr., Britton
Hall, Patricia Hannigan, Marie Ignoto, David
Johnson, Dawn Lattime, Kathleen McDonough,
Tara McDonough, Eleanor Poole and Donna M.
Tomaso*

## FOR DEFENDANTS

BLANK ROME LLP
GRANT S. PALMER, ESQ.
JOHN J. DICHELLO, ESQ.

*/s/ Grant S. Palmer*
GRANT S. PALMER

One Logan Square
Philadelphia, PA  19103
(215) 569-5500 / (215) 832-5390
(215) 569-5555 (fax)

*Counsel for Dracut Funeral Home Incorporated*

CLARK, HUNT & EMBRY
WILLIAM F. AHERN, JR., ESQ.
MANDI JO HANNEKE, ESQ.


_____
            */s/ Mandi Jo Hanneke*
         MANDI JO HANNEKE

55 Cambridge Pkwy.
Cambridge, MA  02142
(617) 494-1920
(617) 494-1921 (fax)

*Counsel for Linda Stokes and*
*Counsel for Larry Stokes*


DONALD E. FEENER & ASSOC.
MICHAEL E. OKOLITA, ESQ.


_____
            */s/ Michael E. Okolita*
         MICHAEL E. OKOLITA

120 Front St., Suite 310
Worcester, MA  01608-1424
(508) 798-0717
(508) 798-1850 (fax)

*Counsel for Dracut Funeral Home Incorporated*

- 10 -

LAW OFFICES OF ROBERTA FITZPATRICK
ROBERTA R. FITZPATRICK, ESQ.
BRIAN K. WALSH, ESQ.


*/s/ Brian K. Walsh*
BRIAN K. WALSH

101 Arch Street, Suite 1761
Boston, MA 02110
(617) 769-3500
(617) 946-0569 (fax)

*Counsel for Hamel Wickens & Troupe Funeral
Home, Inc. and Counsel for Roger Hamel*

GALLAGHER & CAVANAUGH LLP
MICHAEL W. GALLAGHER, ESQ.
RICHARD E. CAVANAUGH, ESQ.


*/s/ Richard E. Cavanaugh*
RICHARD E. CAVANAUGH

Boott Cotton Mills
100 Foot of John Street
Lowell, MA  01852
(978) 452-0522
(978) 452-0482 (fax)

*Counsel for Derek A. Wallace;  and
Counsel for Hart-Wallace Funeral Home; and
Counsel for Simplicity Burial & Cremation, Inc.
f/k/a Oceanside Family Funeral Home*

GETMAN, STACEY, SCHULTHESS &
STEERE, P.A.
DONA FEENEY, ESQ.
ANDREW R. SCHULMAN, ESQ.


_____
            */s/ Dona Feeney*
          DONA FEENEY

Three Executive Park Drive, Suite 9
Bedford, NH  03110
(603) 634-4300
(603) 626-3647 (fax)

*Counsel for Bayview Crematory, LLC*

HAVERTY & FEENEY
WILLIAM SMITH, ESQ.


_____
            */s/ William Smith*
          WILLIAM SMITH

54 Samoset Street
Plymouth, MA  02360
(508) 746-6100
(508) 746-7067 (fax)

*Counsel for Bayview Crematory, LLC*

MAUREEN L. REILLY, ESQ.


_____
           */s/ Maureen L. Reilly*
         MAUREEN L. REILLY

33 Kingston St., 4th Floor
Boston, MA  02111
(617) 338-2144
(617) 451-5462 (fax)

*Neptune Society, Inc.*

RIEMER & BRAUNSTEIN LLP
DENNIS E. McKENNA, ESQ.


*/s/ Dennis E. McKenna*

DENNIS E. McKENNA

Three Center Plaza, 6th Floor
Boston, MA  02108
(617) 523-9000
(617) 880-3456 (fax)

*Counsel for Commonwealth Cremation &*
*Shipping Service, Inc.*


## CERTIFICATE OF SERVICE


I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 28, 2006.

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAN C. ANDERSEN, et al., On Behalf of<br>Themselves and All Others Similarly Situated, | ) )<br>) | No. 05-cv-11904-RCL |
| Plaintiffs, | )<br>) | **PLAINTIFFS' SUMMARY OF POSITION** |
| vs. | )<br>) | |
| BAYVIEW CREMATORY, LLC, et al., | )<br>) | |
| Defendants. | )<br>) | |

Plaintiffs Alan C. Andersen, Suzanne Bourassa, John Carlson, Robert Delia, Steven Dumais, Sara-Anne Eames, Shaun Ferris, John Foster, Dennis Fowler, Edward Galvin, Jr., Britton Hall, Patricia Hannigan, Marie Ignoto, David Johnson, Dawn Lattime, Kathleen McDonough, Tara McDonough, Eleanor Poole and Donna M. Tomaso (the "Plaintiffs") bring this action both in their individual capacities, and as a class action against defendants, on behalf of themselves and: (i) all persons who controlled the disposition of the remains of any decedents delivered for cremation to defendant Bayview; (ii) all persons who were parties to any contract with any of the defendants regarding funeral arrangements for a decedent who was delivered for cremation to defendant Bayview; and (iii) the estates of the decedents and the representatives thereof (the "Class") during the period commencing at a date certain, presently unknown to Plaintiff, and continuing through February 23, 2005.

As alleged in the Complaint, Bayview mishandled and commingled the remains during cremation of the loved ones of Plaintiffs and the proposed Class members and that each of the Funeral Home Defendants who conducted business with Bayview knew, or should have known, that Bayview was commingling bodies during cremation and mishandling the remains. In fact, had any of the Funeral Home Defendants conducted a minimum amount of due diligence, they would have learned that Bayview had operated without a license since at least 1999.

This suit seeks equitable relief and damages on behalf of the Plaintiffs and the members of the Class and alleges breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, negligence, intentional mishandling of a corpse, negligent mishandling of a corpse, intentional infliction of emotional distress, negligent infliction of emotional distress and civil conspiracy.

I:\Bayview Crematory\Pleadings\060925 ANDERSEN Plaintiffs Summary of Position.doc

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*******************************************
Alan C. Andersen, Suzanne Bourassa,          *
John Carlson, Robert Delia, Steven Dumais    *
Sara-Anne Eames, Shaun Ferris, John Foster   *
Dennis Fowler, Edward Galvin, Jr., Britton Hall  *
Patricia Hannigan, Marie Ignoto, David Johnson   *
Dawn Lattime, Kathleen McDonough             *
Tara McDonough, Eleanor Poole, and           *
Donna M. Tomaso, On Behalf of Themselves and *
All Others Similarly Situated                *
                                             *
        Plaintiffs,                          *
                                             *          Docket No.: 05-11904 (RCL)
v.                                           *
                                             *
Bayview Crematory, LLC, Derek A. Wallace,    *
Linda Stokes, Larry Stokes, American Cremation  *
Society, Inc., Stephen G. Scatamacchia,      *
Commonwealth Cremation & Shipping Service, Inc.*
Cremation Society of Massachusetts, Dracut Funeral*
Home Incorporated, Hamel Wickens & Troupe    *
Funeral Home, Inc., Roger Hamel, Hart-Wallace *
Funeral Home, Neptune Society, Inc., Simplicity *
Burial & Cremation, Inc. f/k/a Oceanside Family *
Funeral Home, and Does 1-50, Inclusive       *
                                             *
        Defendants.                          *
*******************************************
```

## BAYVIEW CREMATORY, LLC'S SUMMARY OF POSITION

Pursuant to the Court's Notice of Scheduling Conference and in contemplation of the Court's

initial scheduling conference in the above-captioned matter, Bayview Crematory, LLC, by its counsel,

submits the following Summary of Position for inclusion in the parties' Joint Statement.

Bayview's Concise Summary of Position

## I.    Position on Liability

Bayview denies that it is liable to plaintiff or the members of the proposed class for any of the

causes of action or claims set forth in plaintiff's complaint.  Bayview asserts that it acted at all times reasonably, and in accordance with accepted standards and practices.  Bayview's building and equipment conformed to all industry standards and local codes.  Bayview obtained all necessary permits and complied with all land use regulations. Bayview conducted cremations in accordance with industry standards and best practices.  Bayview acted at all times to ensure that bodies were handled with respect and were properly identified throughout the cremation process with the cremated remains being returned to the funeral homes that engaged the services of Bayview to perform the cremations. Bayview denies that there are any facts or evidence to support that any plaintiff received the wrong cremated remains or were damaged in any way.  Bayview further denies that there was any violation of any law, standard or regulation during the time of this operation.  Bayview expressly does not waive any defenses, including but not limited to any contractual defenses, including indemnification and waiver.

## II.     Position on Damages

Bayview further denies that plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Bayview is liable or responsible.  Bayview disputes the causal nexus as well as the nature and scope of any alleged injuries claimed by plaintiff or any proposed class member.

Moreover, any injuries or harm for which the plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Bayview.  In addition, the plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained.  Nor have the plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of any actions by Bayview.

Additionally, Bayview asserts it is not liable to plaintiff or the members of the proposed class

for any damages alleged because plaintiff and the members of the proposed class failed to use

reasonable efforts to mitigate or avoid such damages.

### III.  Position on Class Certification

Bayview contends that Plaintiff's designation of this action as a class action fails to satisfy the

requirements for class certification under rule 23, the Class Action Fairness Act of 2005, and other

applicable laws.

I:\Bayview Crematory\Pleadings\Joint Statement\Andersen\Bayview Position Statement1.doc

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**NO. 05-11904-RCL**

|  |  |
|---|---|
| ALAN C. ANDERSEN, SUZANNE BOURASSA, JOHN CARLSON, ROBERT DELIA, STEVEN DUMAIS, SARA-ANNE EAMES, SHAUN FERRIS, JOHN FSOTER, DENNIS FOWLER, EDWARD GALVIN, JR., BRITTON HALL, PATRICIA HANNIGAN, MARIE IGNOTO, DAVID JOHNSON, DAWN LATTIME, KATHLEEN MCDONOUGH, TARA MCDONOUGH, ELEANOR POOLE and DONNA M. TOMASO, on behalf of all others similarly situated,<br>    **Plaintiffs**<br><br>v.<br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, LARRY STOKES, AMERICAN CREMATION SOCIETY, INC., STEPHEN G. SCATAMACCHIA, COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., CREMATION SOCIETY OF MASSACHUSETTS, DRACUT FUNERAL HOME INCORPORATED, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., ROGER HAMEL, HART-WALLACE FUNERAL HOME, NEPTUNE SOCIETY, INC., SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, and DOES 1-50 INCLUSIVE,<br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) BY DEFENDANTS LINDA STOKES AND BAYVIEW CREMATORY, LLC

We hereby certify that the undersigned counsel and Linda Stokes, individually and as authorized representative of Bayview Crematory, LLC have conferred concerning budgets for the cost of conducting the full course and various alternative courses of this litigation, and to consider the resolution of the litigation for the use of alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

Respectfully submitted,
on behalf of defendant,
Linda Stokes, by her Attorneys,

CLARK, HUNT & EMBRY

William Ahern (013365)
Mandi Jo Hanneke (657349)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

Respectfully Submitted,
Linda Stokes,

Linda Stokes
18 Seabrook Road
Salisbury, MA 01952

Respectfully Submitted,
On behalf of defendant Bayview
Crematory, LLC
By its attorneys,

GETMAN, STACEY, SCHULTHESS &
STEERE, P.A.

Dona Feeney (600749)
Andrew Schulman (549769)
Three Executive Park Drive, Suite 9
Bedford, NH 03110

Respectfully Submitted,
Bayview Crematory, LLC

Linda Stokes
Manager, Bayview Crematory, LLC
18 Seabrook Road
Salisbury, MA 01952

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2006, a true and correct copy of this Certification of Compliance with Local Rule 16.1(d)(3) by defendants Linda Stokes and Bayview Crematory, LLC, was served on all counsel of record in this matter.

Mandi Jo Hanneke

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11904-RCL

| | |
|---|---|
| ALAN C. ANDERSEN, et al., | **CONCISE STATEMENT OF** |
| Plaintiffs, | **DEFENDANT, COMMONWEALTH** |
| | **CREMATION AND SHIPPING SERVICE,** |
| v. | **INC.** |
| BAYVIEW CREMATORY, LLC, et al., | |
| Defendants. | |

Commonwealth Cremation and Shipping Service, Inc. ("Commonwealth Cremation")
denies the allegations of the Plaintiffs, Alan C. Andersen and Marie Ignoto. Commonwealth
Cremation fulfilled its contractual obligations to coordinate the cremations and denies that it
acted fraudulently or improper in any way. Commonwealth Cremation is unaware of any basis
for the Plaintiffs' claims as to Bayview Crematory, and furthermore denies any responsibility for
the actions of Bayview Crematory, an independent provider of cremation services.
Massachusetts Law does not Commonwealth Cremation to perform cremations and, consistent
with the instructions provided to Commonwealth Cremation by the Plaintiffs, Commonwealth
Cremation coordinated for the cremation of the Plaintiffs' decedents with Bayview, an
independent business for which Commonwealth Cremation has no responsibility. Bayview then
performed the cremations. Subsequent to the cremations, Bayview certified to Commonwealth
Cremation that it had returned the cremated remains of the Plaintiffs' decedents to
Commonwealth Cremation, and Commonwealth Cremation then returned the same remains to
the Plaintiffs.

973308.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11904-RCL

| | |
|---|---|
| ALAN C. ANDERSEN, et al., | **DEFENDANT'S, COMMONWEALTH** |
|            Plaintiffs, | **CREMATION AND SHIPPING SERVICE,** |
| | **INC., LOCAL RULE 16.1(D)(3)** |
| v. | **CERTIFICATION** |
| BAYVIEW CREMATORY, LLC, et al., | |
|            Defendants. | |

The Defendant, Commonwealth Cremation and Shipping Service, Inc., and its counsel,

hereby certify that they have conferred (a) with a view to establishing a budget for the cost of

conducting the full course and various alternative courses of the litigation; and (b) to consider the

resolution of the litigation through the use of alternative dispute resolution programs such as

those outlined in Local Rule 16.4.

COMMONWEALTH CREMATION AND
SHIPPING SERVICE, INC.

COMMONWEALTH CREMATION AND
SHIPPING SERVICE, INC.

By its attorneys,
RIEMER & BRAUNSTEIN LLP

By:    Arthur C. Hasiotis
Title:  President

Dennis E. McKenna, BBO No. 556428
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts  02108-2003
(617) 523-9000

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ALAN C. ANDERSEN, et al., On Behalf of Themselves** : | |
| **and All Others Similarly Situated,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | **C.A. NO.  05-11904-RCL** |
| : | |
| **BAYVIEW CREMATORY, LLC, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

**DRACUT FUNERAL HOME, INC.'S SUMMARY OF POSITION**

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in contemplation of the Court's initial scheduling conference in the matter of *Andersen, et al. v. Bayview Crematory, LLC, et al.*, C.A. No. 05-11904-RCL, Dracut Funeral Home, Inc. ("Dracut"), by and through its counsel, hereby submits its Summary of Position for inclusion in the parties' Joint Statement.

**I.    Position on Liability**

Dracut denies that it is liable to Plaintiffs or the members of the proposed class for any of the causes of action or claims set forth in Plaintiffs' Complaint.  At all times, Dracut exercised reasonable care and due diligence in providing funeral directing services.  Dracut complied with, satisfied, discharged, and performed any and all of its obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines.  Similarly, Dracut displayed the requisite decorum and respect in

handling the bodies and remains of any decedents for which it provided funeral directing services.

## II.    Position on Relief Sought

Dracut further denies that Plaintiffs or the members of the proposed class suffered any damages, injuries, or other losses for which Dracut is liable or responsible. To the extent that Plaintiffs or the members of the proposed class suffered any damages or losses, which Dracut expressly denies, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom Dracut has no control and for whom Dracut is not responsible. Specifically, Defendant Bayview Crematory, LLC ("Bayview") is solely liable to Plaintiffs and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is jointly or severally liable or liable over to Dracut, by way of contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against Dracut. Dracut did not know, and, in view of its reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully. Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, Dracut is not liable to Plaintiffs or the members of the proposed class for any damages alleged in Plaintiffs' Complaint because Plaintiffs and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages. Moreover, any injuries or harm for which Plaintiffs and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiffs' Complaint

and were directly and proximately caused by events or incidents that did not involve Dracut. In addition, Plaintiffs and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have Plaintiffs or the members of the proposed class suffered sufficiently severe emotional distress as a result of Dracut's actions.

## III.    Position on Class Certification

Plaintiffs' designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiffs' claims are not typical of the claims of the members of the proposed class because Plaintiffs' claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiffs differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN C. ANDERSEN, et al., On Behalf of Themselves and All Others Similarly Situated, | : : : |
| Plaintiffs, | : : |
| v. | : C.A. NO. 05-11904-RCL : |
| BAYVIEW CREMATORY, LLC, et al., | : : |
| Defendants. | : : |

## CERTIFICATION

The undersigned hereby certify that Dracut Funeral Home, Inc., by and through its counsel, has conferred with Plaintiffs and Defendants, by and through their respective counsel, with a view toward establishing a budget for the costs of conducting the full course, as well as various alternative courses, for the foregoing litigation, and toward considering the resolution of the foregoing litigation through the use of alternative dispute resolution programs, including those programs outlined in L. R. 16.4.

_____
Mark Gacek
Dracut Funeral Home, Inc.

_____
Grant S. Palmer
Counsel for Dracut Funeral Home, Inc.

123458.00601/11488872v.1

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

C.A. NO. 05-11904RCL

ALAN C. ANDERSEN, SUZANNE
BOURASSA, JOHN CARLSON, ROBERT
DELIA, STEVEN DUMAIS, SARA-ANNE
EAMES, SHAUN FERRIS, JOHN FOSTER,
DENNIS FOWLER, EDWARD GALVIN, JR.,
BRITTON HALL, PATRICIA HANNIGAN,
MARIE IGNOTO, DAVID JOHNSON, DAWN
LATTIME, KETHLEEN MCDONOUGH,
TARA MCDONOUGH, ELEANOR POOLE,
and DONNA M. TOMASO, on behalf of
themselves and all others similarly situated,

     Plaintiffs,

v.

BAYVIEW CREMATORY, LLC, DEREK A.
WALLACE, LINDA STOKES, LARRY
STOKES, AMERICAN CREMATION
SOCIETY, INC., STEPHEN G.
SCATAMACCHIA, COMMONWEALTH
CREMATION & SHIPPING SERVICE, INC.,
CREMATION SOCIETY OF
MASSACHUSETTS, INC., DRACUT
FUNERAL HOME INCORPORATED,
HAMEL, WICKENS & TROUPE FUNERAL
HOME, INC., ROGER HAMEL, HART-
WALLACE FUNERAL HOME, NEPTUNE
SOCIETY, INC., SIMPLICITY BURIAL &
CREMATION, INC. f/k/a OCEANSIDE
FAMILY FUNERAL HOME, and DOES 1-50,
INCLUSIVE,

     Defendants.

DEFENDANTS ROGER HAMEL AND
HAMEL WICKENS & TROUPE FUNERAL HOME, INC.'S
SUMMARY OF POSITION

9433_1

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in contemplation of the Court's initial scheduling conference in the matter of Andersen v. Bayview Crematory, LLC et al., C.A. No. 05-11904-RCL, Roger Hamel and Hamel, Wickens & Troupe Funeral Home, Inc., by and through their counsel, hereby submit this Summary of Position for inclusion in the parties' Joint Statement.

## I.    **Position on Liability**

Roger Hamel and Hamel, Wickens & Troupe deny that they are liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all times, Roger Hamel and Hamel, Wickens & Troupe exercised reasonable care and due diligence in providing funeral directing services. Roger Hamel and Hamel, Wickens & Troupe complied with, satisfied, discharged, and performed any and all of their obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines. Similarly, Roger Hamel and Hamel, Wickens & Troupe displayed the requisite decorum and respect in handling the bodies and remains of any decedents for which they provided funeral directing services.

## II.    **Position on Relief Sought**

Roger Hamel and Hamel, Wickens & Troupe further deny that Plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Roger Hamel and Hamel, Wickens & Troupe are liable or responsible. To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which Roger Hamel and Hamel, Wickens & Troupe expressly deny, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom Roger Hamel and Hamel, Wickens & Troupe have no control, and for whom Roger Hamel and Hamel, Wickens & Troupe are not responsible. Specifically, Defendant Bayview is solely liable to Plaintiff and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is jointly or severally liable or liable to Roger Hamel and Hamel, Wickens & Troupe by way of contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against Roger Hamel and Hamel, Wickens & Troupe. Roger Hamel and Hamel, Wickens & Troupe did not know, and, in view of their reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully. Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, Roger Hamel and Hamel, Wickens & Troupe are not liable to Plaintiff or the members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages. Moreover, any injuries or harm for which Plaintiff and the members of the

9433_1

proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Roger Hamel and Hamel, Wickens & Troupe. In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of the actions of Roger Hamel or Hamel, Wickens & Troupe.

## III.    Position on Class Certification

Plaintiff s designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

9433_1

UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

C.A. NO. 05-11904RCL

ALAN C. ANDERSEN, SUZANNE
BOURASSA, JOHN CARLSON, ROBERT
DELIA, STEVEN DUMAIS, SARA-ANNE
EAMES, SHAUN FERRIS, JOHN FOSTER,
DENNIS FOWLER, EDWARD GALVIN, JR.,
BRITTON HALL, PATRICIA HANNIGAN,
MARIE IGNOTO, DAVID JOHNSON, DAWN
LATTIME, KETHLEEN MCDONOUGH,
TARA MCDONOUGH, ELEANOR POOLE,
and DONNA M. TOMASO, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

v.

BAYVIEW CREMATORY, LLC, DEREK A.
WALLACE, LINDA STOKES, LARRY
STOKES, AMERICAN CREMATION
SOCIETY, INC., STEPHEN G.
SCATAMACCHIA, COMMONWEALTH
CREMATION & SHIPPING SERVICE, INC.,
CREMATION SOCIETY OF
MASSACHUSETTS, INC., DRACUT
FUNERAL HOME INCORPORATED,
HAMEL, WICKENS & TROUPE FUNERAL
HOME, INC., ROGER HAMEL, HART-
WALLACE FUNERAL HOME, NEPTUNE
SOCIETY, INC., SIMPLICITY BURIAL &
CREMATION, INC. f/k/a OCEANSIDE
FAMILY FUNERAL HOME, and DOES 1-50,
INCLUSIVE,

        Defendants.

CERTIFICATION OF COMPLAINCE WITH LOCAL RULE 16.1(d)(3)
BY DEFENDANTS ROGER HAMEL AND
HAMEL WICKENS & TROUPE FUNERAL HOME, INC.

9424_1

We hereby certify that the undersigned counsel and Roger Hamel, individually and as President of Hamel, Wickens & Troupe Funeral Home, Inc., have conferred concerning budgets for the cost of conducting the full course and various alternative courses of this litigation, and to consider the resolution of the litigation for the use of alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

**Respectfully submitted,**
**On behalf of Defendants**
**ROGER HAMEL AND HAMEL,**
**WICKENS & TROUPE FUNERAL**
**HOME, INC.**

By their attorney,

Brian K. Walsh
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, Massachusetts  02110
(617) 769-3500

Respectfully submitted,
Roger Hamel, individually and as
President of Hamel, Wickens & Troupe
Funeral Home, Inc.

Roger Hamel

9424_1

## CERTIFICATE O/F SERVICE

     I, Brian K. Walsh, counsel for the above-named Defendants, hereby certify that a true copy of the above document, was served, this day, via mail, postage prepaid, on all counsel of record in this matter:

Dated:  September 27, 2006

                               Brian K. Walsh

9424_1

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALAN C. ANDERSEN, SUZANNE )
BOURASSA, JOHN CARLSON, ROBERT )
DELIA, STEVEN DUMAIS, SARA-ANNE )
EAMES, SHAUN FERRIS, JOHN FOSTER, )
DENNIS FOWLER, EDWARD GALVIN, )
JR., BRITTON HALL, PATRICIA )
HANNIGAN, MARIE IGNOTO, DAVID )
JOHNSON, DAWN LATTIME, KATHLEEN )
MCDONOUGH, TARA MCDONOUGH, )
ELEANOR POOLE and DONNA M. )
TOMASO, On Behalf of Themselves And All )
Others Similarly Situated, )
                                     )    Civil Action No. 05-cv-11904-RCL
        Plaintiffs, )
                                       )
v. )
                                       )
BAYVIEW CREMATORY, LLC, DEREK A. )
WALLACE, LINDA STOKES, LARRY )
STOKES, AMERICAN CREMATION )
SOCIETY, INC., STEPHEN G. )
SCATAMACCHIA, COMMONWEALTH )
CREMATION & SHIPPING SERVICE, INC., )
CREMATION SOCIETY OF )
MASSACHUSETTS, DRACUT FUNERAL )
HOME INCORPORATED, HAMEL )
WICKENS & TROUPE FUNERAL HOME, )
INC., ROGER HAMEL, HART-WALLACE )
FUNERAL HOME, NEPTUNE SOCIETY, )
INC., SIMPLICITY BURIAL )
& CREMATION, INC. f/k/a OCEANSIDE )
FAMILY FUNERAL HOME, and DOES 1-50, )
INCLUSIVE, )
                                       )
        Defendants. )

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## SUMMARY OF POSITION OF THE DEFENDANTS, DEREK A. WALLACE, HART-WALLACE FUNERAL HOME, AND SIMPLICITY BURIAL & CREMATION, INC.

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in preparation for the Court's initial scheduling conference in the above-referenced matter, the defendants, Derek A. Wallace ("Mr. Wallace"), Hart-Wallace Funeral Home ("Hart-Wallace"), and Simplicity Burial & Cremation, Inc., ("Simplicity")(collectively referred to as the "Wallace Defendants"), by and through counsel, hereby submit their Summary of Position in the parties' Joint Statement.

## Position on Liability

The Wallace Defendants deny that they are liable to the plaintiffs or the members of the proposed class for any of the causes of action or claims set forth in Plaintiffs' Complaint. At all relevant times, the Wallace Defendants exercised reasonable care and due diligence in providing funeral directing services and complied with, satisfied, discharged, and performed any and all of their obligations and duties, under any and all applicable contracts or agreements and/or under any and all applicable laws, rules and industry guidelines and standards. In addition, the Wallace Defendants exercised appropriate decorum and respect in handling the bodies and remains of any decedents for which they provided funeral directing services.

Furthermore, the Wallace Defendants maintain that plaintiffs cannot meet their burdens in this matter. Plaintiffs are unable to cite to any specific instance in which any of the plaintiffs' loved ones were mishandled in any way and, in Massachusetts, there is no cause of action for uncertainty. In addition, the plaintiffs are unable to prove that the cremated remains they received are not the cremated remains of the loved one which they had cremated. The Wallace Defendants maintain that the plaintiffs cannot prove the essential elements of any of their claims, including their claims of fraud and conspiracy, and that the Wallace Defendants have done nothing nor failed to do anything that would cause them to be liable to the plaintiffs.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

2

**Position on Relief Sought**

The Wallace Defendants deny that the plaintiffs or the members of the proposed class suffered any damages, injuries, or other losses for which the Wallace Defendants are liable or responsible.

To the extent that the plaintiffs or any member of the proposed class suffered any damages or losses, which the Wallace Defendants expressly deny, the alleged damages, injuries or other losses are a direct result of the actions and/or omissions of other persons or entities over whom the Wallace Defendants have no control and for whom the Wallace Defendants are not responsible. The Wallace Defendants intend to challenge the cause, duration, and extent of any alleged injuries suffered by the plaintiffs or the proposed class members. Any injuries or harm for which the plaintiffs and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve the Wallace Defendants. In addition, the plaintiffs and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient objective evidence of physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have the plaintiffs or the members of the proposed class suffered emotional distress as a result of the actions of the Wallace Defendants sufficiently severe to entitle them to recover damages from the Wallace Defendants. Finally, the Wallace Defendants are not liable to the plaintiffs or any member of the proposed class because said plaintiffs and proposed class members failed to use reasonable efforts to mitigate or avoid such damages.

The Wallace Defendants expressly do not waive any affirmative defenses asserted in their Answers to the plaintiff's Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

3

## Position on Class Certification

Plaintiffs' designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification. Among other things, the members of the proposed class are not so numerous that separate joinder of each member is impracticable. In addition, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, plaintiffs' claims are not typical of the claims of the members of the proposed class because plaintiffs' claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories to be relied upon by the plaintiffs (and the defenses thereto) differ from the legal theories of the members of the proposed class as well as the defenses to those claims. In addition, a class is not superior to other methods for the fair and efficient adjudication of this matter.

CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALAN C. ANDERSEN, SUZANNE BOURASSA, JOHN CARLSON, ROBERT DELIA, STEVEN DUMAIS, SARA-ANNE EAMES, SHAUN FERRIS, JOHN FOSTER, DENNIS FOWLER, EDWARD GALVIN, JR., BRITTON HALL, PATRICIA HANNIGAN, MARIE IGNOTO, DAVID JOHNSON, DAWN LATTIME, KATHLEEN MCDONOUGH, TARA MCDONOUGH, ELEANOR POOLE and DONNA M. TOMASO, On Behalf of Themselves And All Others Similarly Situated, <br><br>    Plaintiffs, <br><br>v. <br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, LARRY STOKES, AMERICAN CREMATION SOCIETY, INC., STEPHEN G. SCATAMACCHIA, COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., CREMATION SOCIETY OF MASSACHUSETTS, DRACUT FUNERAL HOME INCORPORATED, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., ROGER HAMEL, HART-WALLACE FUNERAL HOME, NEPTUNE SOCIETY, INC., SIMPLICITY BURIAL & CREMATION, INC. f/k/a OCEANSIDE FAMILY FUNERAL HOME, and DOES 1-50, INCLUSIVE, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Civil Action No. 05-cv-11904-RCL |

## CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

In accordance with Local Rule 16.1(D)(3), counsel of record for the defendants, Derek A. Wallace, Hart-Wallace Funeral Home and Simplicity Burial & Cremation, Inc., hereby certifies that he has conferred with the defendant and/or its authorized representative:

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.


<u>Derek A. Wallace, Individually and</u>
On behalf of Hart-Wallace Funeral
Home, and Simplicity Burial &
Cremation, Inc.

<u>/s/ Richard E. Cavanaugh</u>
Richard E. Cavanaugh, Esq.
BBO #: 557539
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
richardc@gcattorneys.com
Attorneys for the Defendants,
Derek A. Wallace, Hart-Wallace
Funeral Home, and Simplicity
Burial & Cremation, Inc.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**NO. 05-11904-RCL**

---

| |
|---|
| ALAN C. ANDERSEN, SUZANNE )
BOURASSA, JOHN CARLSON, )
ROBERT DELIA, STEVEN DUMAIS, )
SARA-ANNE EAMES, SHAUN FERRIS, )
JOHN FOSTER, DENNIS FOWLER, )
EDWARD GALVIN, JR., BRITTON )
HALL, PATRICIA HANNIGAN, MARIE )
IGNOTO, DAVID JOHNSON, DAWN )
LATTIME, KATHLEEN MCDONOUGH, )
TARA MCDONOUGH, ELEANOR )
POOLE and DONNA M. TOMASO, )
on behalf of all others similarly )
situated, )
    **Plaintiffs** )
 )
v. )
 )
BAYVIEW CREMATORY, LLC, DEREK )
A. WALLACE, LINDA STOKES, )
LARRY STOKES, AMERICAN )
CREMATION SOCIETY, INC., )
STEPHEN G. SCATAMACCHIA, )
COMMONWEALTH CREMATION & )
SHIPPING SERVICE, INC., )
CREMATION SOCIETY OF )
MASSACHUSETTS, DRACUT )
FUNERAL HOME INCORPORATED, )
HAMEL WICKENS & TROUPE )
FUNERAL HOME, INC., ROGER )
HAMEL, HART-WALLACE FUNERAL )
HOME, NEPTUNE SOCIETY, INC., )
SIMPLICITY BURIAL & CREMATION, )
INC., f/k/a OCEANSIDE FAMILY )
FUNERAL HOME, and DOES 1-50 )
 INCLUSIVE, )
    **Defendants** ) |

---

**LAWRENCE STOKES' SUMMARY OF POSITION**

Pursuant to the Court's Notice of Scheduling Conference and Additional

Matters, and in contemplation of the Court's initial scheduling conference in the

matter of <u>Andersen v. Bayview Crematory, LLC, et al.</u>, C.A. No. 05-11904-RCL,

Lawrence Stokes ("Stokes"), by and through his counsel, hereby submits his Summary

of Position for inclusion in the parties' Joint Statement.

## I.    <u>Position on Liability</u>

Lawrence Stokes maintains that he is not liable to the plaintiffs in this matter.

At all times, Bayview Crematory acted reasonably and in accordance with accepted

standards and practices.  Mr. Stokes, at all times, acted reasonably and in accordance

with accepted standards and practices in conduct at Bayview Crematory.  Mr. Stokes,

at all times, acted to ensure bodies were handled with respect and were properly

identified throughout the cremation process with the cremated remains being returned

to the funeral homes that engaged the services of Bayview to perform the cremations.

Mr. Stokes denies that there are any facts or evidence to support that any plaintiff

received the wrong cremated remains or were damaged in any way.  Mr. Stokes further

denies that there were any violations of any law, standard or regulations during the

time of the operation of Bayview Crematory.  Furthermore, Mr. Stokes states that, in

order to find him liable for any actions of Bayview Crematory, the plaintiffs must prove

that Lawrence Stokes, himself, was involved in the individual cremations at issue and

acted negligently during those cremations.  Lawrence Stokes maintains that the

plaintiffs cannot prove the essential elements of any of their claims, including their

claims of fraud and conspiracy, cannot pierce the corporate veil, and that he has done

nothing that would cause him to be liable to the plaintiffs or the proposed class

members.

Mr. Stokes expressly does not waive any contractual defenses he may have in

this action, including indemnification and waiver.

II.    **Position on Damages**

Lawrence Stokes denies that the plaintiffs, or members of the proposed class, suffered any damages, injuries or other losses for which Mr. Stokes is liable or responsible.  Mr. Stokes intends to challenge the cause, duration and extent of any alleged injuries suffered by the plaintiff or the proposed class members.  Moreover, the injuries or harms for which the plaintiffs and members of the proposed class seek damages existed prior to the alleged events and incidents referred to in the plaintiff's complaint, and were directly and proximately caused by events or incidents that did not involve Mr. Stokes.  In addition, the plaintiffs and members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained, nor have the plaintiffs or members of the proposed class suffered sufficiently severe emotional distress as a result of Mr. Stokes' action.

Mr. Stokes expressly does not waive any affirmative defense asserted in his answer to the plaintiffs' Complaint.

III.    **Position on Class Certification**

Plaintiffs' designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 05-11904-RCL

ALAN C. ANDERSEN, SUZANNE )
BOURASSA, JOHN CARLSON, )
ROBERT DELIA, STEVEN DUMAIS, )
SARA-ANNE EAMES, SHAUN FERRIS, )
JOHN FSOTER, DENNIS FOWLER, )
EDWARD GALVIN, JR., BRITTON )
HALL, PATRICIA HANNIGAN, MARIE )
IGNOTO, DAVID JOHNSON, DAWN )
LATTIME, KATHLEEN MCDONOUGH, )
TARA MCDONOUGH, ELEANOR )
POOLE and DONNA M. TOMASO, )
on behalf of all others similarly )
situated, )
    Plaintiffs )
 )
v. )
 )
BAYVIEW CREMATORY, LLC, DEREK )
A. WALLACE, LINDA STOKES, )
LARRY STOKES, AMERICAN )
CREMATION SOCIETY, INC., )
STEPHEN G. SCATAMACCHIA, )
COMMONWEALTH CREMATION & )
SHIPPING SERVICE, INC., )
CREMATION SOCIETY OF )
MASSACHUSETTS, DRACUT )
FUNERAL HOME INCORPORATED, )
HAMEL WICKENS & TROUPE )
FUNERAL HOME, INC., ROGER )
HAMEL, HART-WALLACE FUNERAL )
HOME, NEPTUNE SOCIETY, INC., )
SIMPLICITY BURIAL & CREMATION, )
INC., f/k/a OCEANSIDE FAMILY )
FUNERAL HOME, and DOES 1-50 )
 INCLUSIVE, )
    Defendants )

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3)
## BY DEFENDANT LAWRENCE STOKES

We hereby certify that the undersigned counsel and Lawrence Stokes have

conferred concerning budgets for the cost of conducting the full course and various

alternative courses of this litigation, and to consider the resolution of the litigation for

the use of alternative dispute resolution programs, such as those outlined in Local

Rule 16.4.


Respectfully submitted,
on behalf of defendant,
Linda Stokes, by her Attorneys,                Respectfully Submitted,
                                                Lawrence Stokes,

**CLARK, HUNT & EMBRY**

_____                         _____
                                                Lawrence Stokes
William Ahern (013365)                          18 Seabrook Road
Mandi Jo Hanneke (657349)                       Salisbury, MA 01952
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

## CERTIFICATE OF SERVICE

I hereby certify that on the 76th day of September, 2006, a true and correct copy of this Certification of Compliance with Local Rule 16.1(d)(3) by defendant Lawrence Stokes, was served on all counsel of record in this matter.

Mandi Jo Hanneke

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

NO. 05-11904-RCL

_____

ALAN C. ANDERSEN, SUZANNE )
BOURASSA, JOHN CARLSON, )
ROBERT DELIA, STEVEN DUMAIS, )
SARA-ANNE EAMES, SHAUN FERRIS, )
JOHN FSOTER, DENNIS FOWLER, )
EDWARD GALVIN, JR., BRITTON )
HALL, PATRICIA HANNIGAN, MARIE )
IGNOTO, DAVID JOHNSON, DAWN )
LATTIME, KATHLEEN MCDONOUGH, )
TARA MCDONOUGH, ELEANOR )
POOLE and DONNA M. TOMASO, )
on behalf of all others similarly )
situated, )
     Plaintiffs )
)
v. )
)
BAYVIEW CREMATORY, LLC, DEREK )
A. WALLACE, LINDA STOKES, )
LARRY STOKES, AMERICAN )
CREMATION SOCIETY, INC., )
STEPHEN G. SCATAMACCHIA, )
COMMONWEALTH CREMATION & )
SHIPPING SERVICE, INC., )
CREMATION SOCIETY OF )
MASSACHUSETTS, DRACUT )
FUNERAL HOME INCORPORATED, )
HAMEL WICKENS & TROUPE )
FUNERAL HOME, INC., ROGER )
HAMEL, HART-WALLACE FUNERAL )
HOME, NEPTUNE SOCIETY, INC., )
SIMPLICITY BURIAL & CREMATION, )
INC., f/k/a OCEANSIDE FAMILY )
FUNERAL HOME, and DOES 1-50 )
 INCLUSIVE, )
     Defendants )
_____)

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) BY DEFENDANTS LINDA STOKES AND BAYVIEW CREMATORY, LLC

We hereby certify that the undersigned counsel and Linda Stokes, individually and as authorized representative of Bayview Crematory, LLC have conferred concerning budgets for the cost of conducting the full course and various alternative courses of this litigation, and to consider the resolution of the litigation for the use of alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

Respectfully submitted,
on behalf of defendant,
Linda Stokes, by her Attorneys,

**CLARK, HUNT & EMBRY**

William Ahern (013365)
Mandi Jo Hanneke (657349)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

Respectfully Submitted,
Linda Stokes,

Linda Stokes
18 Seabrook Road
Salisbury, MA 01952

Respectfully Submitted,
On behalf of defendant Bayview
Crematory, LLC
By its attorneys,

**GETMAN, STACEY, SCHULTHESS & STEERE, P.A.**

Dona Feeney (600749)
Andrew Schulman (549769)
Three Executive Park Drive, Suite 9
Bedford, NH 03110

Respectfully Submitted,
Bayview Crematory, LLC

Linda Stokes
Manager, Bayview Crematory, LLC
18 Seabrook Road
Salisbury, MA 01952

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2006, a true and correct copy of this Certification of Compliance with Local Rule 16.1(d)(3) by defendants Linda Stokes and Bayview Crematory, LLC, was served on all counsel of record in this matter.

Mandi Jo Hanneke

# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

NO. 05-11904-RCL

_____
                                                    )
ALAN C. ANDERSEN, SUZANNE        )
BOURASSA, JOHN CARLSON,          )
ROBERT DELIA, STEVEN DUMAIS,     )
SARA-ANNE EAMES, SHAUN FERRIS,   )
JOHN FSOTER, DENNIS FOWLER,      )
EDWARD GALVIN, JR., BRITTON      )
HALL, PATRICIA HANNIGAN, MARIE   )
IGNOTO, DAVID JOHNSON, DAWN      )
LATTIME, KATHLEEN MCDONOUGH,     )
TARA MCDONOUGH, ELEANOR          )
POOLE and DONNA M. TOMASO,       )
on behalf of all others similarly )
situated,                        )
        **Plaintiffs**            )
                                 )
v.                               )
                                 )
BAYVIEW CREMATORY, LLC, DEREK    )
A. WALLACE, LINDA STOKES,        )
LARRY STOKES, AMERICAN           )
CREMATION SOCIETY, INC.,         )
STEPHEN G. SCATAMACCHIA,         )
COMMONWEALTH CREMATION &         )
SHIPPING SERVICE, INC.,          )
CREMATION SOCIETY OF             )
MASSACHUSETTS, DRACUT            )
FUNERAL HOME INCORPORATED,       )
HAMEL WICKENS & TROUPE           )
FUNERAL HOME, INC., ROGER        )
HAMEL, HART-WALLACE FUNERAL      )
HOME, NEPTUNE SOCIETY, INC.,     )
SIMPLICITY BURIAL & CREMATION,   )
INC., f/k/a OCEANSIDE FAMILY     )
FUNERAL HOME, and DOES 1-50      )
 INCLUSIVE,                      )
        **Defendants**            )
_____)

**LINDA STOKES' SUMMARY OF POSITION**

Pursuant to the Court's Notice of Scheduling Conference and Additional

Matters, and in contemplation of the Court's initial scheduling conference in the

matter of <u>Andersen v. Bayview Crematory, LLC, et al.</u>, C.A. No. 05-11904-RCL, Linda Stokes ("Stokes"), by and through her counsel, hereby submits her Summary of Position for inclusion in the parties' Joint Statement.

## I.   **Position on Liability**

Linda Stokes maintains that she is not liable to the plaintiffs or the proposed class members in this matter.  Prior to becoming manager of Bayview Crematory, LLC, her only involvement with Bayview Crematory was as a bookkeeper.  After becoming manager of Bayview Crematory, LLC, she has continued her bookkeeping duties at Bayview Crematory and has undertaken no other duties.  Ms. Stokes has never participated in the cremation of any individual at Bayview Crematory.  Without having participated in any cremation, Ms. Stokes, as a manager of a limited liability corporation, is not liable for any of the alleged actions contemplated in the plaintiff's Complaint; the plaintiff    cannot pierce the corporate veil.

Ms. Stokes expressly does not waive any contractual defenses she may have in this action, including indemnification and waiver.

Ms. Stokes is no longer the Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts.  The Dekes Realty Trust owns the property upon which Bayview Crematory, LLC operates its business.  Since Bayview Crematory has operated its business on Dekes Realty Trust's property, Bayview Crematory has paid for the privilege through rental payments to Dekes Realty Trust.  As a landowner, Dekes Realty Trust is only liable for physical injuries that occurred on the Trust's property.  Since there were no physical injuries to any of the plaintiffs that occurred on the Trust's property, Dekes Realty Trust is not liable.

Furthermore, Ms. Stokes maintains that plaintiff cannot meet her burden in this matter.  Plaintiff is unable to cite to any specific instance in which any of the

plaintiff's loved ones were mishandled in any way and, in Massachusetts, there is no cause of action for uncertainty. In addition, the plaintiffs are unable to prove that the cremains she received are not the cremains of the loved ones which they had cremated. Stokes maintains that the plaintiffs cannot prove the essential elements of any of their plaintiff's claims, including their claims of fraud and conspiracy, and that she has done nothing that would cause her to be liable to the plaintiffs or the proposed class members.

## II.     **Position on Damages**

Linda Stokes denies that the plaintiffs or the members of the proposed class suffered any damages, injuries, or other losses for which Ms. Stokes is liable or responsible. Ms. Stokes intends to challenge the cause, duration, and extent of any alleged injuries suffered by the plaintiffs or the proposed class members.

Moreover, any injuries or harm for which the plaintiffs and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiffs' Complaint and were directly and proximately caused by events or incidents that did not involve Ms. Stokes. In addition, the plaintiffs and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have the plaintiffs or the members of the proposed class suffered sufficiently severe emotional distress as a result of Ms. Stokes' actions.

Ms. Stokes expressly does not waive any affirmative defenses asserted in her Answer to the plaintiffs' Complaint.

III.     **<u>Position on Class Certification</u>**

Plaintiffs' designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**NO. 05-11904-RCL**

|  |  |
|---|---|
| ALAN C. ANDERSEN, SUZANNE BOURASSA, JOHN CARLSON, ROBERT DELIA, STEVEN DUMAIS, SARA-ANNE EAMES, SHAUN FERRIS, JOHN FSOTER, DENNIS FOWLER, EDWARD GALVIN, JR., BRITTON HALL, PATRICIA HANNIGAN, MARIE IGNOTO, DAVID JOHNSON, DAWN LATTIME, KATHLEEN MCDONOUGH, TARA MCDONOUGH, ELEANOR POOLE and DONNA M. TOMASO, on behalf of all others similarly situated,  **Plaintiffs**  v.  BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, LARRY STOKES, AMERICAN CREMATION SOCIETY, INC., STEPHEN G. SCATAMACCHIA, COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., CREMATION SOCIETY OF MASSACHUSETTS, DRACUT FUNERAL HOME INCORPORATED, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., ROGER HAMEL, HART-WALLACE FUNERAL HOME, NEPTUNE SOCIETY, INC., SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, and DOES 1-50 INCLUSIVE,  **Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) BY DEFENDANTS LINDA STOKES AND BAYVIEW CREMATORY, LLC

We hereby certify that the undersigned counsel and Linda Stokes, individually and as authorized representative of Bayview Crematory, LLC have conferred concerning budgets for the cost of conducting the full course and various alternative courses of this litigation, and to consider the resolution of the litigation for the use of alternative dispute resolution programs, such as those outlined in Local Rule 16.4.


Respectfully submitted,
on behalf of defendant,
Linda Stokes, by her Attorneys,

CLARK, HUNT & EMBRY

William Ahern (013365)
Mandi Jo Hanneke (657349)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920


Respectfully Submitted,
On behalf of defendant Bayview
Crematory, LLC
By its attorneys,

GETMAN, STACEY, SCHULHESS &
STEERE, P.A.

Dona Feeney (600749)
Andrew Schulman (549769)
Three Executive Park Drive, Suite 9
Bedford, NH 03110


Respectfully Submitted,
Linda Stokes,

Linda Stokes
18 Seabrook Road
Salisbury, MA 01952


Respectfully Submitted,
Bayview Crematory, LLC

Linda Stokes
Manager, Bayview Crematory, LLC
18 Seabrook Road
Salisbury, MA 01952

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2006, a true and correct copy of this Certification of Compliance with Local Rule 16.1(d)(3) by defendants Linda Stokes and Bayview Crematory, LLC, was served on all counsel of record in this matter.

Mandi Jo Hanneke

# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. No. 05-11904RCL

ALAN C. ANDERSEN, SUZANNE BOURASSA, )
JOHN CARLSON, ROBERT DELIA, STEVEN     )
DUMAIS, SARA-ANNE EAMES, SHAUN          )
FERRIS, JOHN FOSTER, DENNIS FOWLER,   )
EDWARD GALVIN, JR., BRITTON HALL,       )
PATRICIA HANNIGAN, MARIA IGNOTO,       )
DAVID JOHNSON, DAWN LATTIME,            )
KATHLEEN MCDONOUGH, TARA                )
MCDONOUGH, ELEANOR POOLE AND            )
DONNA M. TOMASO, ON BEHALF OF           )
THEMSEVLES AND ALL OTHERS               )
SIMILARLY SITUATED,                       )
    Plaintiffs                              )
Vs.

BAYVIEW CREMATORY, LLC, DEREK A.       )
WALLACE, LINDA STOKES, LARRY STOKES, )
AMERICAN CREMATION SOCIETY, INC.,      )
STEPHEN G. SCATAMACCHIA,                )
COMMONWEALTH CREMATION & SHIPPING )
SERVICE INC., CREMATION SOCIETY OF     )
MASSACHUSETTS, DRACUT FUNERAL          )
HOME INCORPORATED, HAMEL WICKENS & )
TROUPE FUNERAL HOME, INC. ROGER        )
HAMEL, HART-WALLACE FUNERAL HOME,    )
NEPTUNE SOCIETY, INC., SIMPLICITY       )
BURIAL & CREMATION, INC. F/K/A          )
OCEANSIDE FAMILY FUNERAL HOME, AND   )
DOES 1-50 INCLUSIVE,                      )
    Defendants

## DEFENDANT NEPTUNE SOCIETY INC.'S SUMMARY OF POSITION

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in contemplation of the Court's initial screening conference in the matter of Andersen v. Bayview Crematory, LLC et. Al. C.A. No. 05-11904-RCL Neptune Society (Neptune), by and through its counsel, hereby submits its summary of position for inclusion in the Parties' Joint Statement.

I. Position on Liability:

Neptune denies that it is liable to Patricia Hannigan, or any other plaintiff or potential plaintiff for the claims asserted in this action. Neptune maintains that it exercised reasonable care and due diligence in accordance with accepted industry standards and practices of the pre-paid cremation services industry. Neptune complied with, satisfied and fully discharged any and all of its obligations and duties, whether express or implied, under any and all applicable contracts, agreements and/or laws, rules and guidelines.

Neptune further maintains that to the extent that Ms. Hannigan, or any other plaintiff or potential plaintiff suffered any damage said damage resulted solely from the conduct of persons or entities over whom Neptune has/had no control and for whom Neptune is not responsible. Neptune denies that it knew or should/could have known of Bayview's alleged mishandling of decedent's bodies. Ms. Hannigan has insufficient evidence to establish that her decedent's body was in fact mishandled by any person or entity or that the cremains which were disposed of were not the cremains of the decedent.

Neptune expressly does not waive any common law, statutory or contractual defense it may have including but not limited to jurisdiction, standing, indemnification and/or waiver.

II. Position on Damages

Neptune denies that Patricia Hannigan or any of the plaintiffs or potential plaintiffs suffered any damages, injuries or other losses due to the conduct of Neptune. Neptune disputes the nature, cause and extent of the alleged damages. Any injuries or losses for which the plaintiffs seek damages existed prior to the alleged events or incidents alleged in the Complaint and were directly and proximately caused by events which did not involve Neptune. Patricia Hannigan or any plaintiff or potential plaintiff can not establish that she/they suffered sufficient physical harm in connection with any mental injuries or emotional distress allegedly sustained or that the emotional distress was sufficiently severe to sustain its causes of action. Plaintiffs have failed to mitigate their damages.

Neptune expressly does not waive any of its affirmative defenses asserted in its answer to plaintiffs complaint.

III. Position on Class Certification

Plaintiffs' designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. The members of the proposed class do not share sufficiently

common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not dominate over individual questions particular to each class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class is not superior to other methods for the fair and efficient adjudication of this matter.

NEPTUNE SOCIETY INC.,

By its Attorney,
Maureen L. Reilly

Dated:

_____
Maureen L. Reilly
33 Kingston St. 4th Floor
Boston, MA 02111
(617)338-2144
BBO#555369

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
C.A. No. 05-11904RCL

ALAN C. ANDERSEN, SUZANNE BOURASSA, )
JOHN CARLSON, ROBERT DELIA, STEVEN    )
DUMAIS, SARA-ANNE EAMES, SHAUN        )
FERRIS, JOHN FOSTER, DENNIS FOWLER,   )
EDWARD GALVIN, JR., BRITTON HALL,     )
PATRICIA HANNIGAN, MARIA IGNOTO,      )
DAVID JOHNSON, DAWN LATTIME,          )
KATHLEEN MCDONOUGH, TARA              )
MCDONOUGH, ELEANOR POOLE AND          )
DONNA M. TOMASO, ON BEHALF OF         )
THEMSEVLES AND ALL OTHERS             )
SIMILARLY SITUATED,                   )
    Plaintiffs                        )
Vs.

BAYVIEW CREMATORY, LLC, DEREK A.       )
WALLACE, LINDA STOKES, LARRY STOKES, )
AMERICAN CREMATION SOCIETY, INC.,      )
STEPHEN G. SCATAMACCHIA,               )
COMMONWEALTH CREMATION & SHIPPING )
SERVICE INC., CREMATION SOCIETY OF     )
MASSACHUSETTS, DRACUT FUNERAL          )
HOME INCORPORATED, HAMEL WICKENS & )
TROUPE FUNERAL HOME, INC. ROGER        )
HAMEL, HART-WALLACE FUNERAL HOME,  )
NEPTUNE SOCIETY, INC., SIMPLICITY      )
BURIAL & CREMATION, INC. F/K/A         )
OCEANSIDE FAMILY FUNERAL HOME, AND  )
DOES 1-50 INCLUSIVE,                   )
    Defendants

CERTIFICATION

The undersigned hereby certify that Neptune Society, by and through its counsel, has
conferred with plaintiff and Defendants, by and through their respective counsel, with a
view toward establishing a budget for the course of conducting the full course, as well as
various alternative courses, for the foregoing litigation, and towards considering the
resolution of the foregoing litigation through the use of alternative dispute resolution
programs, including those programs outlined in L.R. 16.4.

Jim Ford

_____
Neptune Society inc.

NEPTUNE SOCIETY INC.,

By its Attorney,
Maureen L. Reilly


Dated:

_____
Maureen L. Reilly
33 Kingston St. 4th Floor
Boston, MA 02111
(617)338-2144
BBO#555369

# EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

C.A. NO. 05-11904RCL

ALAN C. ANDERSEN, SUZANNE
BOURASSA, JOHN CARLSON, ROBERT
DELIA, STEVEN DUMAIS, SARA-ANNE
EAMES, SHAUN FERRIS, JOHN FOSTER,
DENNIS FOWLER, EDWARD GALVIN, JR.,
BRITTON HALL, PATRICIA HANNIGAN,
MARIE IGNOTO, DAVID JOHNSON, DAWN
LATTIME, KETHLEEN MCDONOUGH,
TARA MCDONOUGH, ELEANOR POOLE,
and DONNA M. TOMASO, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

v.

BAYVIEW CREMATORY, LLC, DEREK A.
WALLACE, LINDA STOKES, LARRY
STOKES, AMERICAN CREMATION
SOCIETY, INC., STEPHEN G.
SCATAMACCHIA, COMMONWEALTH
CREMATION & SHIPPING SERVICE, INC.,
CREMATION SOCIETY OF
MASSACHUSETTS, INC., DRACUT
FUNERAL HOME INCORPORATED,
HAMEL, WICKENS & TROUPE FUNERAL
HOME, INC., ROGER HAMEL, HART-
WALLACE FUNERAL HOME, NEPTUNE
SOCIETY, INC., SIMPLICITY BURIAL &
CREMATION, INC. f/k/a OCEANSIDE
FAMILY FUNERAL HOME, and DOES 1-50,
INCLUSIVE,

        Defendants.

DEFENDANTS ROGER HAMEL AND
HAMEL WICKENS & TROUPE FUNERAL HOME, INC.'S
SUMMARY OF POSITION

9433_1

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in

contemplation of the Court's initial scheduling conference in the matter of Andersen v. Bayview

Crematory, LLC et al., C.A. No. 05-11904-RCL, Roger Hamel and Hamel, Wickens & Troupe

Funeral Home, Inc., by and through their counsel, hereby submit this Summary of Position for

inclusion in the parties' Joint Statement.

## I.    Position on Liability

Roger Hamel and Hamel, Wickens & Troupe deny that they are liable to Plaintiff or the
members of the proposed class for any of the causes of action or claims set forth in Plaintiff's
Complaint. At all times, Roger Hamel and Hamel, Wickens & Troupe exercised reasonable care
and due diligence in providing funeral directing services. Roger Hamel and Hamel, Wickens &
Troupe complied with, satisfied, discharged, and performed any and all of their obligations and
duties, whether express or implied, under any and all applicable contracts or agreements and/or
laws, rules, and guidelines. Similarly, Roger Hamel and Hamel, Wickens & Troupe displayed
the requisite decorum and respect in handling the bodies and remains of any decedents for which
they provided funeral directing services.

## II.    Position on Relief Sought

Roger Hamel and Hamel, Wickens & Troupe further deny that Plaintiff or the members
of the proposed class suffered any damages, injuries, or other losses for which Roger Hamel and
Hamel, Wickens & Troupe are liable or responsible. To the extent that Plaintiff or the members
of the proposed class suffered any damages or losses, which Roger Hamel and Hamel, Wickens
& Troupe expressly deny, the alleged damages, injuries, or other losses are a direct result of the
actions and/or inactions of other persons or entities over whom Roger Hamel and Hamel,
Wickens & Troupe have no control, and for whom Roger Hamel and Hamel, Wickens & Troupe
are not responsible. Specifically, Defendant Bayview is solely liable to Plaintiff and the
members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is
jointly or severally liable or liable to Roger Hamel and Hamel, Wickens & Troupe by way of
contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees
that may be assessed against Roger Hamel and Hamel, Wickens & Troupe. Roger Hamel and
Hamel, Wickens & Troupe did not know, and, in view of their reasonable care and due diligence,
should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly
conducting cremations, or otherwise acting negligently or unlawfully. Bayview's alleged
misconduct was not reasonably foreseeable.

Furthermore, Roger Hamel and Hamel, Wickens & Troupe are not liable to Plaintiff or
the members of the proposed class for any damages alleged in Plaintiff's Complaint because
Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or
avoid such damages. Moreover, any injuries or harm for which Plaintiff and the members of the

9433_1

proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Roger Hamel and Hamel, Wickens & Troupe. In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of the actions of Roger Hamel or Hamel, Wickens & Troupe.

## III.    Position on Class Certification

Plaintiff s designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

9433_1

UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

C.A. NO. 05-11904RCL

ALAN C. ANDERSEN, SUZANNE
BOURASSA, JOHN CARLSON, ROBERT
DELIA, STEVEN DUMAIS, SARA-ANNE
EAMES, SHAUN FERRIS, JOHN FOSTER,
DENNIS FOWLER, EDWARD GALVIN, JR.,
BRITTON HALL, PATRICIA HANNIGAN,
MARIE IGNOTO, DAVID JOHNSON, DAWN
LATTIME, KETHLEEN MCDONOUGH,
TARA MCDONOUGH, ELEANOR POOLE,
and DONNA M. TOMASO, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

v.

BAYVIEW CREMATORY, LLC, DEREK A.
WALLACE, LINDA STOKES, LARRY
STOKES, AMERICAN CREMATION
SOCIETY, INC., STEPHEN G.
SCATAMACCHIA, COMMONWEALTH
CREMATION & SHIPPING SERVICE, INC.,
CREMATION SOCIETY OF
MASSACHUSETTS, INC., DRACUT
FUNERAL HOME INCORPORATED,
HAMEL, WICKENS & TROUPE FUNERAL
HOME, INC., ROGER HAMEL, HART-
WALLACE FUNERAL HOME, NEPTUNE
SOCIETY, INC., SIMPLICITY BURIAL &
CREMATION, INC. f/k/a OCEANSIDE
FAMILY FUNERAL HOME, and DOES 1-50,
INCLUSIVE,

        Defendants.

## CERTIFICATION OF COMPLAINCE WITH LOCAL RULE 16.1(d)(3) BY DEFENDANTS ROGER HAMEL AND HAMEL WICKENS & TROUPE FUNERAL HOME, INC.

9424_1

We hereby certify that the undersigned counsel and Roger Hamel, individually and as

President of Hamel, Wickens & Troupe Funeral Home, Inc., have conferred concerning budgets

for the cost of conducting the full course and various alternative courses of this litigation, and to

consider the resolution of the litigation for the use of alternative dispute resolution programs,

such as those outlined in Local Rule 16.4.

**Respectfully submitted,**
**On behalf of Defendants**
**ROGER HAMEL AND HAMEL,**
**WICKENS & TROUPE FUNERAL**
**HOME, INC.**

By their attorney,

Brian K. Walsh
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, Massachusetts  02110
(617) 769-3500

Respectfully submitted,
Roger Hamel, individually and as
President of Hamel, Wickens & Troupe
Funeral Home, Inc.

Roger Hamel

## CERTIFICATE O/F SERVICE

I, Brian K. Walsh, counsel for the above-named Defendants, hereby certify that a true copy of the above document, was served, this day, via mail, postage prepaid, on all counsel of record in this matter:

Dated:  September 27, 2006

_____
Brian K. Walsh

# EXHIBIT K

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALAN C. ANDERSEN, SUZANNE BOURASSA, JOHN CARLSON, ROBERT DELIA, STEVEN DUMAIS, SARA-ANNE EAMES, SHAUN FERRIS, JOHN FOSTER, DENNIS FOWLER, EDWARD GALVIN, JR., BRITTON HALL, PATRICIA HANNIGAN, MARIE IGNOTO, DAVID JOHNSON, DAWN LATTIME, KATHLEEN MCDONOUGH, TARA MCDONOUGH, ELEANOR POOLE and DONNA M. TOMASO, On Behalf of Themselves And All Others Similarly Situated, ) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, ) | ) Civil Action No. 05-cv-11904-RCL ) |
| v. ) | ) ) |
| BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, LARRY STOKES, AMERICAN CREMATION SOCIETY, INC., STEPHEN G. SCATAMACCHIA, COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., CREMATION SOCIETY OF MASSACHUSETTS, DRACUT FUNERAL HOME INCORPORATED, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., ROGER HAMEL, HART-WALLACE FUNERAL HOME, NEPTUNE SOCIETY, INC., SIMPLICITY BURIAL & CREMATION, INC. f/k/a OCEANSIDE FAMILY FUNERAL HOME, and DOES 1-50, INCLUSIVE, ) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. ) | ) |

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## SUMMARY OF POSITION OF THE DEFENDANTS, DEREK A. WALLACE, HART-WALLACE FUNERAL HOME, AND SIMPLICITY BURIAL & CREMATION, INC.

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in preparation for the Court's initial scheduling conference in the above-referenced matter, the defendants, Derek A. Wallace ("Mr. Wallace"), Hart-Wallace Funeral Home ("Hart-Wallace"), and Simplicity Burial & Cremation, Inc., ("Simplicity")(collectively referred to as the "Wallace Defendants"), by and through counsel, hereby submit their Summary of Position in the parties' Joint Statement.

## Position on Liability

The Wallace Defendants deny that they are liable to the plaintiffs or the members of the proposed class for any of the causes of action or claims set forth in Plaintiffs' Complaint. At all relevant times, the Wallace Defendants exercised reasonable care and due diligence in providing funeral directing services and complied with, satisfied, discharged, and performed any and all of their obligations and duties, under any and all applicable contracts or agreements and/or under any and all applicable laws, rules and industry guidelines and standards. In addition, the Wallace Defendants exercised appropriate decorum and respect in handling the bodies and remains of any decedents for which they provided funeral directing services.

Furthermore, the Wallace Defendants maintain that plaintiffs cannot meet their burdens in this matter. Plaintiffs are unable to cite to any specific instance in which any of the plaintiffs' loved ones were mishandled in any way and, in Massachusetts, there is no cause of action for uncertainty. In addition, the plaintiffs are unable to prove that the cremated remains they received are not the cremated remains of the loved one which they had cremated. The Wallace Defendants maintain that the plaintiffs cannot prove the essential elements of any of their claims, including their claims of fraud and conspiracy, and that the Wallace Defendants have done nothing nor failed to do anything that would cause them to be liable to the plaintiffs.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

2

## Position on Relief Sought

The Wallace Defendants deny that the plaintiffs or the members of the proposed class suffered any damages, injuries, or other losses for which the Wallace Defendants are liable or responsible.

To the extent that the plaintiffs or any member of the proposed class suffered any damages or losses, which the Wallace Defendants expressly deny, the alleged damages, injuries or other losses are a direct result of the actions and/or omissions of other persons or entities over whom the Wallace Defendants have no control and for whom the Wallace Defendants are not responsible. The Wallace Defendants intend to challenge the cause, duration, and extent of any alleged injuries suffered by the plaintiffs or the proposed class members. Any injuries or harm for which the plaintiffs and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve the Wallace Defendants. In addition, the plaintiffs and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient objective evidence of physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have the plaintiffs or the members of the proposed class suffered emotional distress as a result of the actions of the Wallace Defendants sufficiently severe to entitle them to recover damages from the Wallace Defendants. Finally, the Wallace Defendants are not liable to the plaintiffs or any member of the proposed class because said plaintiffs and proposed class members failed to use reasonable efforts to mitigate or avoid such damages.

The Wallace Defendants expressly do not waive any affirmative defenses asserted in their Answers to the plaintiff's Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

3

## Position on Class Certification

Plaintiffs' designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification. Among other things, the members of the proposed class are not so numerous that separate joinder of each member is impracticable. In addition, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, plaintiffs' claims are not typical of the claims of the members of the proposed class because plaintiffs' claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories to be relied upon by the plaintiffs (and the defenses thereto) differ from the legal theories of the members of the proposed class as well as the defenses to those claims. In addition, a class is not superior to other methods for the fair and efficient adjudication of this matter.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN C. ANDERSEN, SUZANNE BOURASSA, JOHN CARLSON, ROBERT DELIA, STEVEN DUMAIS, SARA-ANNE EAMES, SHAUN FERRIS, JOHN FOSTER, DENNIS FOWLER, EDWARD GALVIN, JR., BRITTON HALL, PATRICIA HANNIGAN, MARIE IGNOTO, DAVID JOHNSON, DAWN LATTIME, KATHLEEN MCDONOUGH, TARA MCDONOUGH, ELEANOR POOLE and DONNA M. TOMASO, On Behalf of Themselves And All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, LARRY STOKES, AMERICAN CREMATION SOCIETY, INC., STEPHEN G. SCATAMACCHIA, COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., CREMATION SOCIETY OF MASSACHUSETTS, DRACUT FUNERAL HOME INCORPORATED, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., ROGER HAMEL, HART-WALLACE FUNERAL HOME, NEPTUNE SOCIETY, INC., SIMPLICITY BURIAL & CREMATION, INC. f/k/a OCEANSIDE FAMILY FUNERAL HOME, and DOES 1-50, INCLUSIVE,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-cv-11904-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA  01852
978.452.0522
FAX 978.452.0482

In accordance with Local Rule 16.1(D)(3), counsel of record for the defendants, Derek A. Wallace, Hart-Wallace Funeral Home and Simplicity Burial & Cremation, Inc., hereby certifies that he has conferred with the defendant and/or its authorized representative:

SEP. 28. 2006  3:08PM  1904 GALLAGHER CAVANAUGH        Filed 09/28/2006  NO. 748  Page 7 of 8

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.


_____
Derek A. Wallace, Individually and
On behalf of Hart-Wallace Funeral
Home, and Simplicity Burial &
Cremation, Inc.

/s/ Richard E. Cavanaugh
Richard E. Cavanaugh, Esq.
BBO #: 557539
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
richardc@gcattorneys.com
Attorneys for the Defendants,
Derek A. Wallace, Hart-Wallace
Funeral Home, and Simplicity
Burial & Cremation, Inc.


GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

# EXHIBIT L

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALAN C. ANDERSEN, SUZANNE )
BOURASSA, JOHN CARLSON, ROBERT )
DELIA, STEVEN DUMAIS, SARA-ANNE )
EAMES, SHAUN FERRIS, JOHN FOSTER, )
DENNIS FOWLER, EDWARD GALVIN, )
JR., BRITTON HALL, PATRICIA )
HANNIGAN, MARIE IGNOTO, DAVID )
JOHNSON, DAWN LATTIME, KATHLEEN )
MCDONOUGH, TARA MCDONOUGH, )
ELEANOR POOLE and DONNA M. )
TOMASO, On Behalf of Themselves And All )
Others Similarly Situated, )
)
)   Civil Action No. 05-cv-11904-RCL
       Plaintiffs, )
)
v. )
)
BAYVIEW CREMATORY, LLC, DEREK A. )
WALLACE, LINDA STOKES, LARRY )
STOKES, AMERICAN CREMATION )
SOCIETY, INC., STEPHEN G. )
SCATAMACCHIA, COMMONWEALTH )
CREMATION & SHIPPING SERVICE, INC., )
CREMATION SOCIETY OF )
MASSACHUSETTS, DRACUT FUNERAL )
HOME INCORPORATED, HAMEL )
WICKENS & TROUPE FUNERAL HOME, )
INC., ROGER HAMEL, HART-WALLACE )
FUNERAL HOME, NEPTUNE SOCIETY, )
INC., SIMPLICITY BURIAL )
& CREMATION, INC. f/k/a OCEANSIDE )
FAMILY FUNERAL HOME, and DOES 1-50, )
INCLUSIVE, )
)
       Defendants. )

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## SUMMARY OF POSITION OF THE DEFENDANTS, DEREK A. WALLACE, HART-WALLACE FUNERAL HOME, AND SIMPLICITY BURIAL & CREMATION, INC.

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in preparation for the Court's initial scheduling conference in the above-referenced matter, the defendants, Derek A. Wallace ("Mr. Wallace"), Hart-Wallace Funeral Home ("Hart-Wallace"), and Simplicity Burial & Cremation, Inc., ("Simplicity")(collectively referred to as the "Wallace Defendants"), by and through counsel, hereby submit their Summary of Position in the parties' Joint Statement.

## Position on Liability

The Wallace Defendants deny that they are liable to the plaintiffs or the members of the proposed class for any of the causes of action or claims set forth in Plaintiffs' Complaint. At all relevant times, the Wallace Defendants exercised reasonable care and due diligence in providing funeral directing services and complied with, satisfied, discharged, and performed any and all of their obligations and duties, under any and all applicable contracts or agreements and/or under any and all applicable laws, rules and industry guidelines and standards. In addition, the Wallace Defendants exercised appropriate decorum and respect in handling the bodies and remains of any decedents for which they provided funeral directing services.

Furthermore, the Wallace Defendants maintain that plaintiffs cannot meet their burdens in this matter. Plaintiffs are unable to cite to any specific instance in which any of the plaintiffs' loved ones were mishandled in any way and, in Massachusetts, there is no cause of action for uncertainty. In addition, the plaintiffs are unable to prove that the cremated remains they received are not the cremated remains of the loved one which they had cremated. The Wallace Defendants maintain that the plaintiffs cannot prove the essential elements of any of their claims, including their claims of fraud and conspiracy, and that the Wallace Defendants have done nothing nor failed to do anything that would cause them to be liable to the plaintiffs.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

2

## Position on Relief Sought

The Wallace Defendants deny that the plaintiffs or the members of the proposed class suffered any damages, injuries, or other losses for which the Wallace Defendants are liable or responsible.

To the extent that the plaintiffs or any member of the proposed class suffered any damages or losses, which the Wallace Defendants expressly deny, the alleged damages, injuries or other losses are a direct result of the actions and/or omissions of other persons or entities over whom the Wallace Defendants have no control and for whom the Wallace Defendants are not responsible. The Wallace Defendants intend to challenge the cause, duration, and extent of any alleged injuries suffered by the plaintiffs or the proposed class members. Any injuries or harm for which the plaintiffs and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve the Wallace Defendants. In addition, the plaintiffs and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient objective evidence of physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have the plaintiffs or the members of the proposed class suffered emotional distress as a result of the actions of the Wallace Defendants sufficiently severe to entitle them to recover damages from the Wallace Defendants. Finally, the Wallace Defendants are not liable to the plaintiffs or any member of the proposed class because said plaintiffs and proposed class members failed to use reasonable efforts to mitigate or avoid such damages.

The Wallace Defendants expressly do not waive any affirmative defenses asserted in their Answers to the plaintiff's Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

3

**Position on Class Certification**

Plaintiffs' designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification. Among other things, the members of the proposed class are not so numerous that separate joinder of each member is impracticable. In addition, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, plaintiffs' claims are not typical of the claims of the members of the proposed class because plaintiffs' claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories to be relied upon by the plaintiffs (and the defenses thereto) differ from the legal theories of the members of the proposed class as well as the defenses to those claims. In addition, a class is not superior to other methods for the fair and efficient adjudication of this matter.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN C. ANDERSEN, SUZANNE BOURASSA, JOHN CARLSON, ROBERT DELIA, STEVEN DUMAIS, SARA-ANNE EAMES, SHAUN FERRIS, JOHN FOSTER, DENNIS FOWLER, EDWARD GALVIN, JR., BRITTON HALL, PATRICIA HANNIGAN, MARIE IGNOTO, DAVID JOHNSON, DAWN LATTIME, KATHLEEN MCDONOUGH, TARA MCDONOUGH, ELEANOR POOLE and DONNA M. TOMASO, On Behalf of Themselves And All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, LARRY STOKES, AMERICAN CREMATION SOCIETY, INC., STEPHEN G. SCATAMACCHIA, COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., CREMATION SOCIETY OF MASSACHUSETTS, DRACUT FUNERAL HOME INCORPORATED, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., ROGER HAMEL, HART-WALLACE FUNERAL HOME, NEPTUNE SOCIETY, INC., SIMPLICITY BURIAL & CREMATION, INC. f/k/a OCEANSIDE FAMILY FUNERAL HOME, and DOES 1-50, INCLUSIVE,<br><br>      Defendants. | Civil Action No. 05-cv-11904-RCL |

## CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA  01852
978.452.0522
FAX 978.452.0482

     In accordance with Local Rule 16.1(D)(3), counsel of record for the defendants, Derek A. Wallace, Hart-Wallace Funeral Home and Simplicity Burial & Cremation, Inc., hereby certifies that he has conferred with the defendant and/or its authorized representative:

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.


_____
Derek A. Wallace, Individually and
On behalf of Hart-Wallace Funeral
Home, and Simplicity Burial &
Cremation, Inc.

/s/ Richard E. Cavanaugh
Richard E. Cavanaugh, Esq.
BBO #: 557539
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
richardc@gcattorneys.com
Attorneys for the Defendants,
Derek A. Wallace, Hart-Wallace
Funeral Home, and Simplicity
Burial & Cremation, Inc.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482