UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN C. ANDERSEN, SUZANNE BOURASSA, JOHN CARLSON, ROBERT DELIA, STEVEN DUMAIS, SARA-ANNE EAMES, SHAUN FERRIS, JOHN FOSTER, DENNIS FOWLER, EDWARD GALVIN, JR., BRITTON HALL, PATRICIA HANNIGAN, MARIE IGNOTO, DAVID JOHNSON, DAWN LATTIME, KATHLEEN MCDONOUGH, TARA MCDONOUGH, ELEANOR POOLE and DONNA M. TOMASO, On Behalf of Themselves And All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, LARRY STOKES, AMERICAN CREMATION SOCIETY, INC., STEPHEN G. SCATAMACCHIA, COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., CREMATION SOCIETY OF MASSACHUSETTS, DRACUT FUNERAL HOME INCORPORATED, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., ROGER HAMEL, HART-WALLACE FUNERAL HOME, NEPTUNE SOCIETY, INC., SIMPLICITY BURIAL & CREMATION, INC. f/k/a OCEANSIDE FAMILY FUNERAL HOME, and DOES 1-50, INCLUSIVE,<br><br>    Defendants. | Civil Action No. 05-cv-11904-RCL |

**ANSWER OF THE DEFENDANT, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME TO PLAINTIFFS' CLASS ACTION COMPLAINT**

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## NATURE OF THE ACTION

1. The defendant, Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home ("Simplicity"), denies the allegations set forth in paragraph 1 of the plaintiffs' Class Action Complaint and Demand for Jury Trial ("Complaint").

2. Simplicity denies the allegations set forth in paragraph 2 of the Complaint.

3. Simplicity denies the allegations set forth in paragraph 3 of the Complaint.

4. Simplicity denies the allegations set forth in paragraph 4 of the Complaint.

## PARTIES

5. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

12. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

23. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Simplicity admits that Bayview Crematory, LLC has its principal place of business at 204 New Zealand Road, Seabrook, New Hampshire but denies the remainder of the allegations set forth in paragraph 24 of the Complaint.

25. Simplicity denies the allegations set forth in paragraph 25 of the Complaint.

26. Simplicity admits that Linda Stokes is Derek Wallace's mother, but denies the remainder of the allegations set forth in paragraph 26 of the Complaint.

27. Simplicity admits that Larry Stokes is Derek Wallace's step-father, but denies the remainder of the allegations set forth in paragraph 27 of the Complaint.

28. Simplicity admits that the plaintiff refers to the parties referenced in paragraphs 24 to 27 in the Complaint as the "Bayview Crematory Defendants" but denies the remainder of the allegations set forth in paragraph 28 of the Complaint.

29. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

34. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Simplicity admits that the Hart-Wallace Funeral Home was located in Lawrence, Massachusetts but denies the remainder of the allegations set forth in paragraph 36 of the Complaint.

37. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Simplicity admits that Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home was a Massachusetts corporation with a principal place of business in Newburyport, Massachusetts, but denies the remainder of the allegations set forth in paragraph 38 of the Complaint.

39. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Simplicity admits that the plaintiffs refer to the parties referenced in paragraphs 29 to 39 in the Complaint as the "Funeral Home Defendants" but denies the remainder of the allegations set forth in paragraph 40 of the Complaint.

## JURISDICTION AND VENUE

41. Simplicity denies the allegations set forth in paragraph 41 of the Complaint.

42. Simplicity denies the allegations set forth in paragraph 42 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

43. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

## CLASS ACTION ALLEGATIONS

44. Simplicity denies the allegations set forth in paragraph 44 of the Complaint.

45. Simplicity denies the allegations set forth in paragraph 45 of the Complaint.

46. Simplicity denies the allegations set forth in paragraph 46 (a-c) of the Complaint.

47. Simplicity denies the allegations set forth in paragraph 47 of the Complaint.

48. Simplicity denies the allegations set forth in paragraph 48 of the Complaint.

49. Simplicity denies the allegations set forth in paragraph 49 of the Complaint.

50. Simplicity denies the allegations set forth in paragraph 50 of the Complaint.

## FACTUAL ALLEGATIONS

51. Simplicity denies the allegations set forth in paragraph 51 of the Complaint.

52. Simplicity denies the allegations set forth in paragraph 52 of the Complaint.

53. Simplicity denies the allegations set forth in paragraph 53 of the Complaint.

54. Simplicity admits that decorum and respect should be accorded in handling human remains but denies the remainder of the allegations set forth in paragraph 54 of the Complaint.

55. Simplicity denies the allegations set forth in paragraph 55 of the Complaint.

56. Simplicity denies the allegations set forth in paragraph 56 of the Complaint.

57. Simplicity denies the allegations set forth in paragraph 57 of the Complaint.

58. Simplicity denies the allegations set forth in paragraph 58 of the Complaint.

59. Simplicity denies the allegations set forth in paragraph 59 of the Complaint.

60. Simplicity denies the allegations set forth in paragraph 60 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

61. Simplicity denies the allegations set forth in paragraph 61 of the Complaint.

62. Simplicity denies the allegations set forth in paragraph 62 of the Complaint.

63. Simplicity denies the allegations set forth in paragraph 63 of the Complaint.

64. Simplicity denies the allegations set forth in paragraph 64 of the Complaint.

65. Simplicity denies the allegations set forth in paragraph 65 of the Complaint.

66. Simplicity denies the allegations set forth in paragraph 66 of the Complaint.

67. Simplicity denies the allegations set forth in paragraph 67 of the Complaint.

68. Simplicity denies the allegations set forth in paragraph 68 of the Complaint.

69. Simplicity denies the allegations set forth in paragraph 69 of the Complaint.

70. Simplicity denies the allegations set forth in paragraph 70 of the Complaint.

71. Simplicity denies the allegations set forth in paragraph 71 of the Complaint.

72. Simplicity admits that criminal proceedings were commenced in New Hampshire against Derek Wallace, James Fuller, and Putnam Breed, but denies the remaining allegations set forth in paragraph 72 of the Complaint.

73. Simplicity admits that a criminal investigation of Bayview was conducted by New Hampshire authorities, but denies the remaining allegations set forth in paragraph 73 of the Complaint.

74. Simplicity admits that criminal proceedings were commenced in New Hampshire against Derek Wallace, James Fuller, and Putnam Breed, but denies the remaining allegations set forth in paragraph 74 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

75. Simplicity admits that criminal proceedings were commenced in New Hampshire against Derek Wallace and Bayview Crematory, but denies the remaining allegations set forth in paragraph 75 of the Complaint.

76. Simplicity admits that criminal proceedings were commenced in New Hampshire against James Fuller, but denies the remaining allegations set forth in paragraph 76 of the Complaint.

77. Simplicity admits that due diligence should be accorded in handling human remains but denies the remainder of the allegations set forth in paragraph 77 of the Complaint.

78. Simplicity admits that a legal, professional and ethical manner should be accorded in handling human remains but denies the remainder of the allegations set forth in paragraph 78 of the Complaint.

79. Simplicity admits that due diligence should be accorded in handling human remains but denies the remainder of the allegations set forth in paragraph 79 of the Complaint.

80. Simplicity admits that due diligence should be accorded in handling human remains but denies the remainder of the allegations set forth in paragraph 80 of the Complaint.

81. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82. Simplicity denies the allegations set forth in paragraph 82 of the Complaint.

83. Simplicity denies the allegations set forth in paragraph 83 of the Complaint.

84. Simplicity denies the allegations set forth in paragraph 84 of the Complaint.

85. Simplicity denies the allegations set forth in paragraph 85 of the Complaint.

86. Simplicity denies the allegations set forth in paragraph 86 of the Complaint.

87. Simplicity denies the allegations set forth in paragraph 87 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

88. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint.

90. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint.

95. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint.

96. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

99. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint.

102. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint.

103. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint.

104. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.

105. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint.

106. Simplicity denies the allegations set forth in paragraph 106 of the Complaint.

107. Simplicity denies the allegations set forth in paragraph 107 of the Complaint.

108. Simplicity denies the allegations set forth in paragraph 108 of the Complaint.

109. Simplicity denies the allegations set forth in paragraph 109 (a-c) of the Complaint.

## COUNT I

### EQUITABLE (INJUNCTIVE AND/OR DECLARATORY) RELIEF
### (AGAINST ALL DEFENDANTS)

110. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 109 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

111. Simplicity denies the allegations set forth in paragraph 111 of the Complaint.

112. Simplicity denies the allegations set forth in paragraph 112 of the Complaint.

113. Simplicity denies the allegations set forth in paragraph 113 of the Complaint.

114. Simplicity denies the allegations set forth in paragraph 114 of the Complaint.

115. Simplicity denies the allegations set forth in paragraph 115 of the Complaint.

116. Simplicity denies the allegations set forth in paragraph 116 of the Complaint.

117. Simplicity denies the allegations set forth in paragraph 117 of the Complaint.

118. Simplicity denies the allegations set forth in paragraph 118 (a-f) of the Complaint.

**WHEREFORE**, Simplicity moves that Count I of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

## COUNT II

### BREACH OF CONTRACT
### (AGAINST THE FUNERAL HOME DEFENDANTS)

119. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 118 of the Complaint.

120. Simplicity denies the allegations set forth in paragraph 120 of the Complaint.

121. Simplicity denies the allegations set forth in paragraph 121 of the Complaint

122. Simplicity denies the allegations set forth in paragraph 122 of the Complaint.

123. Simplicity denies the allegations set forth in paragraph 123 of the Complaint.

124. Simplicity denies the allegations set forth in paragraph 124 of the Complaint.

**WHEREFORE**, Simplicity moves that Count II of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## COUNT III

### BREACH OF FIDUCIARY DUTY/SPECIAL DUTY
### (AGAINST ALL DEFENDANTS)

125. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 124 of the Complaint.

126. Simplicity denies the allegations set forth in paragraph 126 of the Complaint.

127. Simplicity denies the allegations set forth in paragraph 127 of the Complaint.

128. Simplicity denies the allegations set forth in paragraph 128 of the Complaint.

129. Simplicity denies the allegations set forth in paragraph 129 of the Complaint.

130. Simplicity denies the allegations set forth in paragraph 130 of the Complaint.

131. Simplicity denies the allegations set forth in paragraph 131 of the Complaint.

132. Simplicity denies the allegations set forth in paragraph 132 of the Complaint.

**WHEREFORE**, Simplicity moves that Count III of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

## COUNT IV

### FRAUDULENT CONDUCT
### (AGAINST BAYVIEW CREMATORY DEFENDANTS)

133. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 132 of the Complaint.

134. Simplicity denies the allegations set forth in paragraph 134 of the Complaint.

135. Simplicity denies the allegations set forth in paragraph 135 of the Complaint.

136. Simplicity denies the allegations set forth in paragraph 136 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

137. Simplicity denies the allegations set forth in paragraph 137 of the Complaint.

138. Simplicity denies the allegations set forth in paragraph 138 of the Complaint.

**WHEREFORE**, Simplicity moves that Count IV of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

## COUNT V

### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

139. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 138 of the Complaint.

140. Simplicity denies the allegations set forth in paragraph 140 of the Complaint.

141. Simplicity denies the allegations set forth in paragraph 141 of the Complaint.

142. Simplicity denies the allegations set forth in paragraph 142 of the Complaint.

**WHEREFORE**, Simplicity moves that Count V of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

## COUNT VI

### WILLFUL INTERFERENCE WITH REMAINS AND
### INTENTIONAL MISHANDLING OF A CORPSE
### (AGAINST ALL DEFENDANTS)

143. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 142 of the Complaint.

144. Simplicity denies the allegations set forth in paragraph 144 of the Complaint.

145. Simplicity denies the allegations set forth in paragraph 145 of the Complaint.

146. Simplicity denies the allegations set forth in paragraph 146 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

147. Simplicity denies the allegations set forth in paragraph 147 of the Complaint.

148. Simplicity denies the allegations set forth in paragraph 148 of the Complaint.

149. Simplicity denies the allegations set forth in paragraph 149 of the Complaint.

150. Simplicity denies the allegations set forth in paragraph 150 of the Complaint.

**WHEREFORE**, Simplicity moves that Count VI of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

## COUNT VII

### NEGLIGENT INTERFERENCE WITH REMAINS AND MISHANDLING OF A CORPSE
### (AGAINST ALL DEFENDANTS)

151. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 150 of the Complaint.

152. Simplicity denies the allegations set forth in paragraph 152 of the Complaint.

153. Simplicity denies the allegations set forth in paragraph 153 of the Complaint.

154. Simplicity denies the allegations set forth in paragraph 154 of the Complaint.

155. Simplicity denies the allegations set forth in paragraph 155 of the Complaint.

156. Simplicity denies the allegations set forth in paragraph 156 of the Complaint.

157. Simplicity denies the allegations set forth in paragraph 157 of the Complaint.

**WHEREFORE**, Simplicity moves that Count VII of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

158. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 157 of the Complaint.

159. Simplicity denies the allegations set forth in paragraph 159 of the Complaint.

160. Simplicity denies the allegations set forth in paragraph 160 of the Complaint.

161. Simplicity denies the allegations set forth in paragraph 161 of the Complaint.

**WHEREFORE**, Simplicity moves that Count VIII of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

## COUNT IX

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

162. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 161 of the Complaint.

163. Simplicity denies the allegations set forth in paragraph 163 of the Complaint.

164. Simplicity denies the allegations set forth in paragraph 164 of the Complaint.

165. Simplicity denies the allegations set forth in paragraph 165 of the Complaint.

**WHEREFORE**, Simplicity moves that Count IX of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

## COUNT X

### CIVIL CONSPIRACY
### (AGAINST ALL DEFENDANTS)

166. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 165 of the Complaint.

167. Simplicity denies the allegations set forth in paragraph 167 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

168. Simplicity denies the allegations set forth in paragraph 168 of the Complaint.

169. Simplicity denies the allegations set forth in paragraph 169 of the Complaint.

**WHEREFORE**, Simplicity moves that Count X of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorneys' fees.

### PRAYER FOR RELIEF

Simplicity denies that the Plaintiffs and members of the proposed Class are entitled to (a) certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appointment of the Plaintiffs as class representatives, and appointment of the law firm of Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP as class counsel; and (b-i) a judgment in any manner or amount or any other relief.

**WHEREFORE**, Simplicity requests that the Court enter a judgment in its favor along with costs and reasonable attorneys' fees.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint was not brought within the time period permitted by the applicable statutes of limitations, and, therefore, the plaintiffs are barred from recovery from Simplicity.

### SECOND DEFENSE

The damages alleged by the plaintiffs resulted from the negligent act(s) or failure(s) to act of a party(ies) for whose negligent act(s) or failure(s) to act Simplicity is not responsible.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

### THIRD DEFENSE

The process and service of process in this action were improper and insufficient.

### FOURTH DEFENSE

The Plaintiffs have failed to mitigate their damages, if any, in a reasonable manner.

### FIFTH DEFENSE

This Court lacks jurisdiction over Simplicity; wherefore, the plaintiffs may not maintain this action against Simplicity.

### SIXTH DEFENSE

Even if Simplicity is negligent, which it denies, then such negligence was not the proximate cause of the alleged damages but said damages were the result of an intervening and superceding cause over which Simplicity had no control.

### SEVENTH DEFENSE

The plaintiffs have failed to state a cause of action upon which relief could be granted and, therefore, the Complaint should be dismissed.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver, estoppel, and/or laches.

### NINTH DEFENSE

Venue is improper and, therefore, the Complaint should be dismissed.

### TENTH DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted in a class action.

### ELEVENTH DEFENSE

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

The persons constituting the alleged class are not so numerous as to make it impracticable to bring them all before the Court.

### TWELFTH DEFENSE

The persons on whose behalf the action purports to be brought do not constitute a class, but on the contrary, their interests are distinct and adverse.

### THIRTEENTH DEFENSE

The plaintiffs assert that to the extent that evidence has been spoliated, Simplicity has been adversely affected.

### FOURTEENTH DEFENSE

The plaintiffs' damages do not meet the jurisdictional requirement of this Court.

### FIFTEENTH DEFENSE

The plaintiffs cannot prove objective evidence of physical harm and, therefore, their claims for negligent infliction of emotional distress must be dismissed.

### SIXTEENTH DEFENSE

The plaintiffs suffered no damages as a result of any alleged actions on the part of Simplicity and, therefore, the plaintiffs cannot recover.

### SEVENTEENTH DEFENSE

It was not reasonably foreseeable that the plaintiffs would suffer damages as the result of Simplicity's actions as alleged by the plaintiffs and, therefore, the plaintiffs cannot recover.

### EIGHTEENTH DEFENSE

The plaintiffs' damages do not exceed $75,000.00 and, therefore, the plaintiffs' Complaint must be dismissed.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

THE DEFENDANT, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THE PLAINTIFFS' COMPLAINT.

/s/ Richard E. Cavanaugh
Michael W. Gallagher (BBO#: 183400)
Richard E. Cavanaugh (BBO#: 557539)
Sheryl M. Bourbeau (BBO#: 564089)
Gallagher & Cavanaugh LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
Attorneys for the Defendants,
Hart-Wallace Funeral Home,
Simplicity Burial & Cremation, Inc.,
f/k/a Oceanside Family Funeral Home,
and Derek A. Wallace

Dated: 11/20/06

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 20, 2006.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482