**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                )
**LORRAINE HUNT V. BAYVIEW**          )
**CREMATORY, LLC, ET AL.**            )          **NO. 05-11140-RCL**
                                                )
**and**                                         )
                                                )
**ALAN C. ANDERSEN ET AL. V.**        )
**BAYVIEW CREMATORY, LLC, ET AL.**  )          **NO. 05-11904-RCL**
_____)

**DEFENDANT, LINDA STOKES', MEMORANDUM IN SUPPORT OF HER MOTION TO**
**COMPEL PRODUCTION OF DOCUMENTS FROM THE PLAINTIFFS**

**RELEVANT FACTS AND NATURE OF THE CASE**

The plaintiffs brought this putative class action against Linda Stokes, and

others, alleging breach of fiduciary duty, fraudulent conduct, negligence, intentional

and negligent interference with remains and mishandling of a corpse, intentional and

negligent emotional distress and civil conspiracy.  In their Complaint, the plaintiffs

allege that the "defendants commonly and systematically failed, throughout the Class

Period, to accomplish the cremation and disposition process with the dignity and

respect expected of them by public sensibility and required of them by law.

Defendants, without describing their actual practices or obtaining express written

permission from Plaintiff or any Class members, knowingly, recklessly and/or

negligently permitted and facilitate the disrespectful, improper and illegal

mishandling, desecration, abuse and commingling of the remains of the decedents."

(Hunt Complaint ¶ 62).

The defendant, Linda Stokes, propounded requests for production of documents

to the plaintiffs on November 21, 2006.  The plaintiffs served their responses to

defendant's requests on December 22, 2006.  In response to thirty-three (32) of the

forty-four (44) requests, the plaintiffs affirmatively stated that all non-privileged

documents responsive to the requests would be produced, even identifying in two instance a cremation certificate. (Exhibit 1, Hunt's Responses, Nos. 2-8, 10-18, 24, 26, and 30-44). In their responses, the plaintiffs never asserted the need for a protective order, never requested a protective order, and never stated that production of the documents was contingent upon entry of a protective order. The plaintiffs never objected to these requests on grounds that the production of the documents would violate the plaintiffs' right to privacy.[1]

Instead of producing the documents as originally represented, one month after their responses were served, the plaintiffs, through counsel, circulated by email a request that the parties enter into a protective order. (Exhibit 2, Email from Attorney Kaufman to All Counsel dated January 19, 2007). Even in that email, the plaintiffs did not state that they would produce documents only upon the execution of the protective order, just that they needed "to enter into a confidentiality stipulation for documents." (Id.) It was only in a L.R. 7.1 teleconference on January 30, 2007, when Attorney Hanneke inquired into when she would receive the responsive documents, that plaintiffs' counsel informed her that they would not be produced until the protective order was executed. Counsel for Ms. Stokes indicated to the plaintiffs' counsel that the proposed protective order was unreasonably broad and unnecessary. (Exhibit 3, Correspondence from Attorney Hanneke to Attorney Kaufman, dated February 28, 2007).

## ATTEMPTS TO NARROW THE ISSUES

On January 30, 2007, pursuant to Local Rule 7.1 and 37.1, Attorney Mandi Jo Hanneke, counsel for Ms. Stokes, and Attorney Evan Kaufman, counsel for the

---

[1] The only requests to which the plaintiffs objected on privacy grounds were those related to the production of medical records, Nos. 19, 27-29. These requests are not at issue in this motion.

plaintiffs, conferred by telephone, to discuss the plaintiffs responses to Ms. Stokes' discovery requests.  During that conference, which lasted just over 30 minutes, Ms. Stokes' counsel requested, among other matters, that the plaintiffs produce all documents referred to in their responses to the defendant's requests. At the request of Attorney Kaufman, the conference was postponed to a later date so that he could review the plaintiffs' discovery responses.  However, before postponing the conference, Attorney Kaufman indicated that the subject responsive documents were Bates stamped and ready to be produced, if only the parties would execute the protective order circulated by his office.

Prior to the January discovery conference, Ms. Stokes requested, in writing, the production of all documents referenced in the plaintiffs' initial disclosures.  The plaintiffs never responded to that request, which was mentioned in the discovery conference, as it related to the plaintiffs' refusal to produce documents.

On February 21, 2007, the parties resumed their conference, with Attorney Mark Reich attending the telephone conference in place of Attorney Kaufman.  During the conference, which lasted about one hour, the plaintiffs agreed to supplement their responses to Ms. Stokes' interrogatories by March 20, 2007 in accordance with nearly all the requests made upon them by Attorney Hanneke.  (Exhibit 4, Correspondence from Attorney Hanneke to Attorney Reich, dated February 27, 2007).  Accordingly, the parties temporarily resolved their differences regarding the plaintiffs' interrogatory answers without the need to seek the Court's assistance.  However, as to the plaintiffs' responses to the document requests, the plaintiffs continued to refuse to produce any documents until a protective order was executed.  The parties were unable to resolve the issue of the plaintiffs' production of documents referred to in their responses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS[2]

In response to nearly all of Ms. Stokes' Requests, after objection, the plaintiffs stated that "Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control." (Exhibit 1, Lorraine Hunt's Combined Responses to Defendant, Linda Stokes', First Set of Requests for the Production of Documents and Things and Interrogatories ("Hunt's Responses"), No. 4-8, 10-18, 24, 26, and 30-44)[3]. In addition, in response to Request Nos. 2 and 3, the plaintiffs stated: "Subject to the foregoing general and specific objections, Plaintiff states that she will produce the cremation certificate concerning the cremation of the decedent." (Id. at Nos. 2-3). Despite numerous requests, the plaintiffs have not produced any documents.

The requests at issue seek the production of documents received with the cremains, documents related to the funeral and cremation services provided, documents that support the allegations in the plaintiffs' Complaints, articles relating to Bayview read or seen by the plaintiffs prior to filing the Complaints, statements of the parties and witnesses, and communications between the parties, among other documents. All of these documents are relevant to this action and necessary to assist Ms. Stokes' defense.

Although the objections to these requests varied, the plaintiffs tailored their objections to the specific requests. For example, according to the plaintiffs, Request Nos. 2-8, 10-17, 20-21, 26, and 30-44 were "not reasonably calculated to lead to the

---

[2] Defendant Stokes has filed a Motion for Leave to File a Non-Conforming Memorandum because compliance with the Local Rule 37.1(B)(4) and (5) would be more burdensome and less efficient in this instance, where this Motion seeks to determine the sole issue of whether the plaintiffs have failed to comply with the Rules by not producing any documents, despite affirmatively stating they would.

[3] The responses of the remaining plaintiffs are substantially similar to Ms. Hunt's responses.

discovery of admissible evidence." The plaintiffs claimed Request Nos. 2-8, 10-18, 20-21, 26, and 30-44 were either "vague", "ambiguous", "unduly burdensome", or "overbroad."

Request Nos. 3, 18, 20-21, 23, 30-39, and 42-44 allegedly called "for a legal determination" while Request Nos. 3-7, 14-18, 20-21[4], 23-24, 26, and 30-44, sought or purported "to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine," although the plaintiffs did not provide a privilege log, as required by Fed.R.Civ.P. 26(b)(5)(A).

Finally, the plaintiffs objected to Request Nos. 6-8, 11-13, 37-38, and 40-41 because they sought "information that is readily available to Defendants from other sources, including Defendant's own files" and objected to Request Nos. 14-17, 23, 30-36, 39, and 42-44 because they are "premature to the extent that [they] seek[] information that is the subject of ongoing future discovery." In a novel objection, the plaintiffs claim Request Nos. 2 and 3 are "offensive and an affront to human decency" and Request No. 2 is designed to "harass, intimidate, and cause distress to the plaintiff."

## LAW

Despite the representation by the plaintiffs in response to the Request for Production of Documents that documents would be produced and numerous follow up requests by the defendant, plaintiffs have not produced even one document. Although plaintiffs did not assert any need for a protective order in their initial disclosures or in their responses to Ms. Stokes' requests, they now have positioned the need for a protective order as a road block to the production of discoverable materials. (Exhibit 1, Hunt's Responses; Exhibit 5, Plaintiffs' Initial Disclosures). Most of the defendants,

---

[4] The objections to Nos. 20 and 21 were only as to the work-product doctrine. The plaintiffs did not object to it on attorney-client privilege grounds.

through counsel, have made clear to plaintiffs' attorney that their request for a protective order is both overbroad and unnecessary. The plaintiffs have not even filed a motion for a protective order with this Court. The plaintiffs' refusal to produce discoverable materials is in direct derogation to the Federal Rules of Civil Procedure.

Fed. R. Civ. P. Rule 34(b) states that "The party upon whom the request is served shall serve a written response within 30 days…The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Moreover, "Any ground not stated in an objection … shall be deemed waived." Local Rule 34.1(C)(1). Ms. Stokes seeks an order compelling the plaintiffs to produce the documents they stated would be produced in their responses. The failure to produce responsive documents is prejudicing the defendant.

Unless objected to by the responding party, documents requested pursuant to Rule 34 must be produced. Willard v. Constellation Fishing Corp., 136 F.R.D. 28 (D.Mass. 1991). If a party wishes to defer disclosure or premise disclosure upon the happening of certain events, the party must respond to the request and "interpose an objection to disclosure of the [document]." Id. In addition, "the party seeking to defer disclosure is under an obligation to file a motion for protective order pursuant to Rule 26(c)(3)…seeking an order 'that the discovery may be had only on specified terms and conditions,' …" Id. Here, the plaintiffs neither objected to producing the documents, nor filed a timely motion for protective order seeking an order that the production of the responsive documents be had only upon the execution of a protective order. Having agreed to produce the responsive documents, without any restrictions and having failed to file a motion for protective order prior to or at the time of their response to Ms. Stokes' requests, the plaintiffs waived any right to seek a protective

order for the documents they stated they would produce.  The plaintiffs' failure to produce these documents, which are the basis for their action, is substantially prejudicing Ms. Stokes.  The documents must be produced.

### CONCLUSION

The plaintiffs' failure to produce documents they affirmatively indicated would be produced is in direct violation of the Rules of Civil Procedure.  The defendant is entitled to the documents requested in order to adequately prepare her defense and assess the case.  The defendant is substantially prejudiced in the defense of this matter by plaintiffs' failure to produce discoverable materials.  Accordingly, defendant, Linda Stokes, respectfully requests this Court allow her Motion to Compel Production of Documents and require the plaintiffs to produce the documents responsive to the defendant's requests that plaintiffs affirmatively stated would be produced within fourteen (14) days of the allowance of this Motion.

Respectfully submitted,
on behalf of defendant,
Linda Stokes, by her Attorneys,

**CLARK, HUNT & EMBRY**

*/s/ Mandi Jo Hanneke*
William F. Ahern, Jr. (013365)
Mandi Jo Hanneke (657349)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of March, 2007, a true and correct copy of this Memorandum in Support of Defendant Linda Stokes' Motion to Compel Production of Documents from the Plaintiffs was served on all counsel of record in this matter.

<u>/s/ Mandi Jo Hanneke</u>
Mandi Jo Hanneke

# EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LORRAINE HUNT v. BAYVIEW CREMATORY, LLC., et al., | ) ) ) | No. 05-cv-11140-RCL |
| and | ) ) | |
| ALAN C. ANDERSEN, et al., v. BAYVIEW CREMATORY, LLC., et al. | ) ) ) ) | No. 05-cv-11904-RCL |

PLAINTIFF LORRAINE HUNT'S COMBINED RESPONSES TO DEFENDANT
LINDA STOKES'S FIRST SET OF REQUESTS
<u>FOR THE PRODUCTION OF DOCUMENTS AND THINGS AND INTERROGATORIES</u>

## GENERAL OBJECTIONS TO REQUEST FOR PRODUCTION

1.      Plaintiff objects to the Document Request to the extent that it purports to impose obligations on Plaintiff that are not imposed by, or are otherwise inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for Massachusetts.

2.      Plaintiff objects to the Document Request to the extent that it seeks or requires the disclosure of information, documents or things that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

3.      Plaintiff objects to the Document Request to the extent that it imposes upon Plaintiff a duty to seek out documents or things not in their possession, custody or control.

4.      Plaintiff objects to the Document Request to the extent that the requests contained therein are overly broad and unduly burdensome.

5.      Plaintiff objects to the Document Request to the extent that the requests contained therein are vague and ambiguous.

6.      Plaintiff objects to the Document Request to the extent that the request calls for Plaintiff to make legal conclusions.

7.      Plaintiff objects to the Document Request to the extent that the documents or things sought are not relevant to the claim or defense of any party, not relevant to the subject matter of the lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Plaintiff objects to the Document Request to the extent that it calls for documents or things relating to Plaintiff's contentions prior to the completion of sufficient discovery from Defendant, among others.

9.     Plaintiff objects to the Document Request to the extent that it calls for documents or things relating to Plaintiffs' experts prior to the time set for expert disclosures pursuant to the October 31, 2006 Scheduling Order.

10.     Plaintiff objects to the Document Request to the extent that Defendant did not define the term "document."

11.     Plaintiff objects to the Document Request to the extent that it calls for documents or things that are equally available to, or are already in Defendant's possession, custody or control.

12.     In providing responses to the Document Request, Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and are preserving:

(a)     All objections as to the competency, relevancy, materiality and admissibility of any documents or things produced in response to the Document Request;

(b)     All objections as to vagueness, ambiguity or other infirmity in the form of the Document Request, and any objections based on the undue burden imposed thereby;

(c)     All rights to object on any ground to the use of any of the documents or things produced in response to the Document Request in any subsequent proceedings, including the trial of this or any other lawsuit;

(d)     All rights to object on any ground to any other discovery requests involving or related to the subject matter of the Document Request;

(e)     The right to revise, correct, supplement or clarify any of the responses to the Document Request; and

(f)     Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, or the Local Rules of the United States District Court for Massachusetts.

## GENERAL OBJECTIONS TO INTERROGATORIES

13.     Plaintiff objects to the Interrogatories to the extent that they purport to impose obligations on Plaintiff that are not imposed by, or are otherwise inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Massachusetts.

14.     Plaintiff objects to the Interrogatories to the extent that they seek or require the disclosure of information, documents or things that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

15.     Plaintiff objects to the Interrogatories to the extent that they impose upon Plaintiff a duty to seek out information for which Plaintiff does not have personal knowledge.

16.     Plaintiff objects to the Interrogatories to the extent that the requests contained therein are overly broad and unduly burdensome.

17.     Plaintiff objects to the Interrogatories to the extent that the requests contained therein are vague and ambiguous.

18.     Plaintiff objects to the Interrogatories to the extent that requests contained therein call for Plaintiff to make legal conclusions.

19.     Plaintiff objects to the Interrogatories to the extent that the information sought is not relevant to the claim or defense of any party, not relevant to the subject matter of the lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

20.     Plaintiff objects to the Interrogatories to the extent that they call for information relating to Plaintiff's contentions prior to the completion of sufficient discovery from Defendant, among others.

- 3 -

21.    Plaintiff objects to the Interrogatories to the extent that they call for information relating to Plaintiff's experts prior to the time set for expert disclosures pursuant to the October 31, 2006 Scheduling Order.

22.    Plaintiff objects to the Interrogatories to the extent that they call for information that is equally available to, or are already in Defendant's possession, custody or control.

23.    In providing responses to the Interrogatories, Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

(a)    All objections as to the competency, relevancy, materiality and admissibility of any documents or things produced in response to the Interrogatories;

(b)    All objections as to vagueness, ambiguity or other infirmity in the form of the Interrogatories, and any objections based on the undue burden imposed thereby;

(c)    All rights to object on any ground to the use of any of the documents or things produced in response to the Interrogatories in any subsequent proceedings, including the trial of this or any other lawsuit;

(d)    All rights to object on any ground to any other discovery requests involving or related to the subject matter of the Interrogatories;

(e)    The right to revise, correct, supplement or clarify any of the responses to the Interrogatories; and

(f)    Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, or the Local Rules of the United States District Court for Massachusetts.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Subject to and without waiver of the General Objections stated above, Plaintiff objects and responds to the specific Document Requests as follow:

REQUEST FOR PRODUCTION NO. 1:

All photographs, videotapes, films, audiotapes or visual recordings of any kind, of the cremains of the decedent, and any packaging, containers, tags, paperwork, or other documents or materials, which were provided with the cremains of the decedent referred to in the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the General Objections, above, Plaintiff objects to this Request as vague, ambiguous, unduly burdensome and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request because it is designed to harass, intimidate and cause distress to the Plaintiff. Plaintiff further objects to this Request because the demand for production of things concerning the cremains of the decedent is offensive and an affront to human decency.

REQUEST FOR PRODUCTION NO. 2:

The cremains of the decedent, and any packaging, containers, tags, paperwork or other documents or materials, that were provided with the cremains of the decedent referred to in the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to the General Objections, above, Plaintiff objects to this Request as vague, ambiguous and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request because it is designed to harass, intimidate and cause distress to the Plaintiff. Plaintiff further objects to this Request because the demand for production of the cremains of the decedent is offensive and an affront to human decency. Subject to the foregoing

general and specific objections, Plaintiff states that she will produce the cremation certificate concerning the cremation of the decedent.

REQUEST FOR PRODUCTION NO. 3:

All photographs, videotapes, audiotapes, films, or any other documentary evidence, which evidence or depict the damages, or the cause or origin of the damages, which are the subject of the complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to the General Objections above, Plaintiff objects to this Request as vague, ambiguous and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request because it is offensive and an affront to human decency. Plaintiff further objects to this Request on the ground that it calls for a legal determination. Moreover, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to the foregoing general and specific objections, Plaintiff states that she will produce the cremation certificate concerning the cremation of the decedent.

REQUEST FOR PRODUCTION NO. 4:

All newspaper or magazine articles related in any way to Bayview Crematory or the incident that is the subject matter of the plaintiff's complaint that were read or seen by the plaintiff prior to the filing of the complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to the General Objections above, Plaintiff objects to this Request as vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and

general objections, Plaintiff states that she will produce nonprivileged documents responsive to this

Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 5:

Copies of any and all written statements, signed or unsigned, and/or copies of all verbatim written transcriptions of any and all statements taken on a recording device of the plaintiff, relating to the plaintiff's complaint, which are in the possession, custody or control of the plaintiff, or the plaintiff's attorney.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

In addition to the General Objections above, Plaintiff objects to this Request as vague,

ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of

information which is protected from disclosure by the attorney-client privilege and/or the attorney

work product doctrine.    Subject to and without waiving the foregoing specific and general

objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request,

if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 6:

Copies of any and all written statements, signed or unsigned, and/or copies of all verbatim written transcriptions of any and all statements taken on any recording device of any defendant, relating to the plaintiff's complaint, which are in the possession, custody or control of the plaintiff, or the plaintiff's attorney.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

In addition to the General Objections above, Plaintiff objects to this Request as vague,

ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of

information which is protected from disclosure by the attorney-client privilege and/or the attorney

work product doctrine.  Moreover, Plaintiff objects because this request seeks information that is

readily available to Defendants from other sources, including Defendant's own files. Subject to and

without waiving the foregoing specific and general objections, Plaintiff states that she will produce

nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's

possession, custody or control.

REQUEST FOR PRODUCTION NO. 7:

Copies of any and all written statements, signed or unsigned, and/or copies of all verbatim
written transcriptions of any and all statements taken on a recording device, of any person relating to
the plaintiff's complaint, which are in the possession, custody or control of the plaintiff, or the
plaintiff's attorney.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

In addition to the General Objections above, Plaintiff objects to this Request as vague,

ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of

information which is protected from disclosure by the attorney-client privilege and/or the attorney

work product doctrine. Moreover, Plaintiff objects because this request seeks information that is

readily available to Defendants from other sources, including Defendant's own files. Subject to and

without waiving the foregoing specific and general objections, Plaintiff states that she will produce

nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's

possession, custody or control.

REQUEST FOR PRODUCTION NO. 8:

Copies of any and all reports, notes or documents of any governmental entity, including, but
not limited to, any fire department, police department, health department or medical examiner, which
refer or relate in any way to any of the matters which are the subject of the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

In addition to the General Objections above, Plaintiff objects to this Request as vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff further objects to this Request to the extent it that seeks information

- 8 -

that is readily available to Defendants from other sources, including Defendant's own files. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 9:

Copies of any and all reports of any expert regarding any of the matters which are the subject of the plaintiff's complaint, and/or any damages which the plaintiff alleges.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

In addition to the General Objections above, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney work product doctrine. Plaintiff further objects to this Request to the extent it requires expert opinion testimony. This Request is premature and inconsistent with the expert discovery schedule established by the Court and the Federal Rules of Civil Procedure.

REQUEST FOR PRODUCTION NO. 10:

Copies of any and all reports made by the plaintiff, or which the plaintiff caused to be made to any official authority, including, but not limited to, any local, state or federal authority relevant to the allegations in the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 11:

All written communications, or copies thereof, sent by the plaintiff, or anyone acting on the plaintiff's behalf, to any defendant relating or referring to the plaintiff's complaint or the allegations contained therein.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to the General Objections above, Plaintiff objects to this Request as vague, ambiguous and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request because it seeks information that is readily available to Defendants from other sources, including Defendant's own files. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 12:

All written communications, or copies thereof, sent by any defendant, to the plaintiff, the plaintiff's decedent, or anyone acting on their behalf, relating or referring to the incident and/or the allegations contained in the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

In addition to the General Objections above, Plaintiff objects to this Request as vague, ambiguous and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects because this request seeks information that is readily available to Defendants from other sources, including Defendant's own files. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 13:

All written communications, or copies thereof, sent by any defendant, to the plaintiff, the plaintiff's decedent, or anyone acting on their behalf, relating or referring to any funeral, memorial or cremation services provided to the plaintiff or the plaintiff's decedent.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects because this request seeks information that is readily available to Defendants from other sources, including Defendant's own files. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 14:

All written communications, or copies thereof, received by the plaintiff, or anyone acting on the plaintiff's behalf, relating or referring to the plaintiff's complaint or the allegations contained therein.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 15:

Copies of any and all documents which relate or refer to the incident or the allegations contained in the plaintiff's complaint.

<u>OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 15</u>:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

<u>REQUEST FOR PRODUCTION NO. 16</u>:

Copies of any and all documents which relate or refer to any funeral, memorial or cremation services provided to the plaintiff or the decedent.

<u>OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 16</u>:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 17:

Any memorandum, report and/or correspondence, written or transcribed, and/or verbal or oral communication reduced to a writing, relating to any and all investigations concerning, in any way, the allegations made in the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous,

overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

further objects to this Request because it is premature to the extent that it seeks information that is

the subject of ongoing future discovery. Moreover, Plaintiff further objects to this Request to the

extent that it seeks or purports to require disclosure of information which is protected from

disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and

without waiving the foregoing specific and general objections, Plaintiff states that she will produce

nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's

possession, custody or control.

REQUEST FOR PRODUCTION NO. 18:

All documentary evidence on which the plaintiff relies in alleging, or which support your allegations, that Stokes is liable, was negligent and /or responsible for, the incident which is the subject of the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

In addition to the General Objections above, Plaintiff objects to this Request as vague,

ambiguous and overbroad. Plaintiff further objects to this Request on the ground that it calls for a

legal determination. Plaintiff further objects to this Request to the extent that it seeks or purports to

require disclosure of information which is protected from disclosure by the attorney-client privilege

and/or attorney work product doctrine. Subject to and without waiving the foregoing specific and

general objections, Plaintiff states that she will produce nonprivileged documents responsive to this

Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 19:

A signed copy of the medical release, which is attached as Exhibit A.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

In addition to the General Objections above, Plaintiff objects as premature and as reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks information that is protected by applicable rights of privacy under state and federal law.

REQUEST FOR PRODUCTION NO. 20:

Copies of any and all codes, statutes, regulations, rules, standards, and/or guidelines which you, or anyone on your behalf, allege govern the conduct of Stokes, at the time of the incident, which is alleged in your complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

In addition to the General Objections above, Plaintiff objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it calls for a legal determination. Moreover, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff refers Defendant to Plaintiff's Complaint filed on June 1, 2005.

REQUEST FOR PRODUCTION NO. 21:

Copies of any and all codes, statutes, regulations, rules, standards, and/or guidelines which you, or anyone on your behalf, allege were violated by any of the defendants at the time of the incident, which is alleged in your complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

In addition to the General Objections above, Plaintiff objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

- 14 -

Plaintiff further objects to this Request on the ground that it calls for a legal determination. Moreover, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff refers Defendant to Plaintiff's Complaint filed on June 1, 2005.

REQUEST FOR PRODUCTION NO. 22:

Copies of any and all documents or materials which you intend to offer as evidence at the trial of this action.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

In addition to the General Objections above, Plaintiff objects to this Request as premature. Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney work product doctrine. Plaintiff further objects to this Request as premature as premature and inconsistent with the Federal Rules of Civil Procedure with respect to when Plaintiff is required to submit trial exhibits.

REQUEST FOR PRODUCTION NO. 23:

Copies of any and all documents or materials which support the plaintiff's claim for damages.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

In addition to the General Objections above, Plaintiff objects to this Request as premature and to the extent that it seeks information that is subject of ongoing future discovery. Plaintiff further objects to the extent that it requests Plaintiff to make legal determinations concerning "damages." Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

REQUEST FOR PRODUCTION NO. 24:

Copies of all documents referred to, or relied upon, by you in answering the defendant's interrogatories to the plaintiff.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

In addition to the General Objections above, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 25:

A copy of the curriculum vitae of each expert you expect to testify at the trial of this matter.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

In addition to the General Objections above, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this Request to the extent it requires expert opinion testimony. This Request is premature and inconsistent with the expert discovery schedule established by the Court and the Federal Rules of Civil Procedure.

REQUEST FOR PRODUCTION NO. 26:

All non-privileged, electronic mail, text messages or instant messages concerning any and all allegations contained in the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff further objects to this Request to the extent that it seeks or purports to

require disclosure of information which is protected from disclosure by the attorney-client privilege

and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific

and general objections, Plaintiff states that she will produce nonprivileged documents responsive to

this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 27:

Copies of all medical records of any hospital, medical center, physician, psychiatrist, psychologist, psychotherapist, social worker, counselor, laboratory or other person or institution, providing medical treatment, testing, therapy or counseling to the plaintiff as a result of the injuries, including emotional and psychiatric injuries or distress, you allege in the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous,

vague, overbroad as not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request as premature. Moreover, Plaintiff objects to this Request to

the extent that it seeks information that is protected by applicable rights of privacy under state and

federal law.

REQUEST FOR PRODUCTION NO. 28:

Copies of all medical bills or other expenses incurred as a result of the injuries and/or emotional distress damages you allege in the plaintiff's complaint.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous,

vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request to the extent that it seeks information that is protected by

applicable rights of privacy under state and federal law.

- 17 -

REQUEST FOR PRODUCTION NO. 29:

Copies of all medical records, reports, test results, office notes, treatment notes, or other documents of any hospital, medical center, physician, psychiatrist, psychologist, psychotherapist, social worker, counselor, laboratory, or other person or institution providing medical treatment, testing, therapy or counseling to the plaintiff, between five years prior to the decedent's death and the present.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks information that is protected by applicable rights of privacy under state and federal law.

REQUEST FOR PRODUCTION NO. 30:

Each and every document that supports your allegation that Bayview operated without a license since 1999.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery and calls for a legal determination. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 31:

Any and all documents which support your claims that Stokes failed to accomplish the cremation and disposition of the decedent with dignity and respect.

- 18 -

<u>OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 31</u>:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery and calls for a legal determination. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

<u>REQUEST FOR PRODUCTION NO. 32</u>:

Any and all documents which support your allegation that Stokes mishandled, desecrated, abused and/or commingled the remains of the decedent.

<u>OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 32</u>:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad, unduly burdensome, duplicative of Request No. 31 and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery and calls for a legal determination. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

- 19 -

REQUEST FOR PRODUCTION NO. 33:

Any and all documents which support your allegation that Stokes concealed the alleged misconduct or unlawful conduct of Bayview.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery and calls for a legal determination. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 34:

Any and all documents which support your allegation that the decedent's remains were commingled, mishandled, abused, desecrated or otherwise improperly handled.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery and calls for a legal determination. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and

general objections, Plaintiff states that she will produce nonprivileged documents responsive to this

Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 35:

Any and all documents which support your allegation that Stokes entered into a special relationship with the plaintiff or decedent.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous,

vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff objects to this Request because it is premature to the extent that it

seeks information that is the subject of ongoing future discovery and calls for a legal determination.

Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require

disclosure of information which is protected from disclosure by the attorney-client privilege and/or

the attorney work product doctrine. Subject to and without waiving the foregoing specific and

general objections, Plaintiff states that she will produce nonprivileged documents responsive to this

Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 36:

Any and all documents which support your allegation that Stokes entered into an agreement with the plaintiff or decedent to dispose of the remains of the decedent.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous,

vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff objects to this Request because it is premature to the extent that it

seeks information that is the subject of ongoing future discovery and calls for a legal determination.

Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require

disclosure of information which is protected from disclosure by the attorney-client privilege and/or

the attorney work product doctrine.  Subject to and without waiving the foregoing specific and

general objections, Plaintiff states that she will produce nonprivileged documents responsive to this

Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 37:

      Any and all written, oral or implied contracts between you and any defendants to this action.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

      In addition to the General Objections above, Plaintiff objects to this Request as ambiguous,

vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request because it calls for a legal determination.  Plaintiff further

objects to this Request to the extent that it seeks or purports to require disclosure of information

which is protected from disclosure by the attorney-client privilege and/or the attorney work product

doctrine.  Moreover, Plaintiff further objects because this request seeks information that is readily

available to Defendants from other sources, including Defendant's own files.  Subject to and without

waiving the foregoing specific and general objections, Plaintiff states that she will produce

nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's

possession, custody or control.

REQUEST FOR PRODUCTION NO. 38:

      Any and all documents that reflect, refer, or relate to any and promises made by any
defendant to you.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

      In addition to the General Objections above, Plaintiff objects to this Request as ambiguous,

vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request because it calls for a legal determination.  Plaintiff further

objects to this Request to the extent that it seeks or purports to require disclosure of information

which is protected from disclosure by the attorney-client privilege and/or the attorney work product

doctrine. Moreover, Plaintiff further objects because this request seeks information that is readily

available to Defendants from other sources, including Defendant's own files. Subject to and without

waiving the foregoing specific and general objections, Plaintiff states that she will produce

nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's

possession, custody or control.

REQUEST FOR PRODUCTION NO. 39:

Any and all documents referring or relating to any willful or deliberate mishandling of the
cremains of the decedent by Stokes.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous,

vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff objects to this Request because it is premature to the extent that it

seeks information that is the subject of ongoing future discovery and calls for a legal determination.

Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require

disclosure of information which is protected from disclosure by the attorney-client privilege and/or

the attorney work product doctrine. Subject to and without waiving the foregoing specific and

general objections, Plaintiff states that she will produce nonprivileged documents responsive to this

Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 40:

Copies of any and all documents which relate or refer to any communications, contacts,
interactions, consultations, events, and/or activities you or the decedent had or conducted with
Stokes.

- 23 -

<u>OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 40</u>:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Moreover, Plaintiff further objects because this request seeks information that is readily available to Defendant from other sources, including Defendant's own files. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

<u>REQUEST FOR PRODUCTION NO. 41</u>:

Copies of any and all documents relating or referring to any information you received from the New Hampshire or Massachusetts authorities which relate in any way to the allegations contained in the complaint.

<u>OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 41</u>:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Moreover, Plaintiff further objects because this request seeks information that is readily available to Defendant from other sources, including Defendant's own files. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 42:

Copies of any and all documents which support your belief that the decedent was subjected to unlawful and improper funeral or cremation services.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery and calls for a legal determination. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 43:

Any and all documents which support your allegations that Stokes had a duty of special care to ensure the remains of the decedent were handled respectfully and in accordance with your wishes.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery and calls for a legal determination. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and

general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

REQUEST FOR PRODUCTION NO. 44:

Any and all documents which support your allegations that Stokes expressly or impliedly agreed to perform services for the plaintiff or decedent.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

In addition to the General Objections above, Plaintiff objects to this Request as ambiguous, vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request because it is premature to the extent that it seeks information that is the subject of ongoing future discovery and calls for a legal determination. Moreover, Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to and without waiver of the general objections stated above, Plaintiff specifically objects and responds to the Interrogatories as follows:

INTERROGATORY NO. 1:

Please state your full name, date of birth, social security number, residence, business address, current occupation, marital status, number of children, and the authority by which you are answering these interrogatories.

OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague, overbroad and not reasonably calculated to lead to the discovery of admissible

- 26 -

evidence. Plaintiff further objects to this Interrogatory because it is designed to harass and intimidate Plaintiff by demanding information that is plainly unrelated to this action, such as the request for social security number and business address. Moreover, Plaintiff objects to this Interrogatory because it seeks information that is protected by applicable rights of privacy under state and federal law. Subject to and without waiving these objections and the General Objections above, Plaintiff responds as follows:

      (a)    Name: Lorraine C. Hunt

      (b)    Residence: 470 Adams St., Unit 4, Quincy, Massachusetts 02169

## INTERROGATORY NO. 2:

Please state the full name of the decedent, any other names the decedent has been known by, date of birth, date of death, social security number, your relation to the decedent, and the names and relation of any parents, children, spouses or grandchildren surviving at the time of the decedent's death.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory because it is designed to harass and intimidate Plaintiff by demanding information that is plainly unrelated to this action, such as the decedent's social security number. Moreover, Plaintiff objects to this Interrogatory because it seeks information that is protected by applicable rights of privacy under state and federal law. Subject to and without waiving these objections and the General Objections above, Plaintiff responds as follows:

      (a)    Name of the decedent: Robert Lowe Cashman

      (b)    Any other names the decedent has been known by: No

      (c)    Date of birth: October 11, 1921

      (d)    Date of death: April 6, 2004

(e)    Your relation to the decedent: Daughter

INTERROGATORY NO. 3:

Please state the name, residence, business address, occupation and specialty of each person you expect may be called by you as an expert witness at the trial of this action, setting forth the subject matter, in detail, on which such person may be expected to testify, the substance of all facts, in details, about which each person may be expected to testify, the contents of all facts, in detail, about which each person may be expected to testify, a detailed summary of the grounds for each such opinion and the substance of all facts on which such opinions are based.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:

In addition to the General Objections above, Plaintiff objects to this Interrogatory to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it requires expert opinion testimony. Moreover, Plaintiff objects to this Interrogatory because it is premature. This Interrogatory is premature and inconsistent with the expert discovery schedule established by the Court and the Federal Rules of Civil Procedure.

INTERROGATORY NO. 4:

Please identify the names and addresses of each fact witness the plaintiff expects to call at the trial of this matter, and provide a summary of the testimony expected to be elicited from each witness.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:

In addition to the General Objections above, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney work product doctrine. This Interrogatory is premature and inconsistent with the expert discovery schedule established by the Court and the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing specific and general objections, Plaintiff refers Defendant to Plaintiff's Initial Disclosures served on November 20, 2005.

- 28 -

INTERROGATORY NO. 5:

Please identify the names and addresses of all persons who have knowledge of any facts alleged in your complaint, and/or all persons who have knowledge of any discoverable information, including all eye-witnesses to the incident which is the subject of your complaint, and/or the conditions which you allege caused or contributed to the incident.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:

In addition to the General Objections above, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney work product doctrine. Plaintiff further objects to this Interrogatory to the extent it requires expert opinion testimony. This Interrogatory is premature and inconsistent with the expert discovery schedule established by the Court and the Federal Rules of Civil Procedure. Additionally, Plaintiff refers Defendant Stokes to the Initial Disclosures that were filed on November 20, 2006. To the extent Defendant seeks the disclosure of additional information in response to this Interrogatory, such information, if any, is obtainable through the more convenient, less burdensome and less expensive method of witness depositions.

INTERROGATORY NO. 6:

Please identify each expert consulted, employed or retained by you, or anyone on your behalf, in anticipation of litigation or preparation for trial, who is not expected to be called as a witness at trial, by his name, home address, business address, profession and occupation.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:

In addition to the General Objections above, Plaintiff objects to this Interrogatory to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney work product doctrine. Plaintiff further objects to this Interrogatory because it is premature. This Interrogatory is premature and inconsistent with the discovery schedule established by the Court and the Federal Rules of Civil Procedure..

INTERROGATORY NO. 7:

Please identify and describe in complete detail all packaging, containers, paperwork, labels, tags, or other documents and materials which contained or accompanied the cremains of the decedent, provided to you as alleged in the complaint, including the date, time, manner and identity of any individual present at the time said cremains were provided to you, all identifying numbers contained on any tags or documents provided to you or with the cremains, the present custodian of all packaging, containers, paperwork, labels, tags, or other documents or materials which contained or accompanied the cremains and the disposition of any such packaging, containers, paperwork, labels, tags, or other documents or materials which contained or accompanied the cremains, that are no longer in your possession.

OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the extent Defendant seeks the disclosure of additional information in response to this Interrogatory, such information, if any, is obtainable through the more convenient, less burdensome and less expensive method of witness depositions. Subject to and without waiving these objections and the General Objections above, Plaintiff responds as follows: On or about August 25, 2004, Plaintiff received the cremains by either Scott Hamel or Stephanie LaPusata of Hamel, Wickens and Troupe Funeral Home. The cremains were contained in a plastic bag within a box. Included was a cremation certificate issued by Bayview Crematory dated April 8, 2004. Also provided was a biodegradable urn for the cremains. The cremain containers were disposed of when the cremains were transferred to the urn. Plaintiff is currently in possession of the cremation certificate.

INTERROGATORY NO. 8:

Please identify and describe, in detail, the current whereabouts of the cremains of the decedent, the manner in which the cremains were maintained from the time they first came into your possession or the possession of any other family member of the decreased to the present, and if the cremains were disposed of, a description, in detail, of the date, time, circumstances, and manner of disposition, including the identities of any and all persons participating in, or present at, the disposition of the cremains.

<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8</u>:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory because it is designed to harass, intimidate and demand information that is plainly unrelated to this action. To the extent Defendant seeks the disclosure of additional information in response to this Interrogatory, such information, if any, is obtainable through the more convenient, less burdensome and less expensive method of witness depositions. Subject to and without waiving these objections and the General Objections above, Plaintiff responds as follows: Plaintiff has remained in possession of the cremains since receiving them. On or about August 28, 2004, following a memorial service on the deck of the U.S.S. North Carolina in Wilmington, Delaware, the cremains were scattered at sea. Present at the ceremony were Plaintiff, her husband, John Hunt, Frances O'Reilly, Ellen Loughran, Drew Wilkes, Mark Bardolf and Jenna Barolf.

<u>INTERROGATORY NO. 9</u>:

Please state all facts, not opinions, known to you, which support your allegations that Stokes had direct knowledge of unlawful conduct at Bayview and/or failed to accomplish the cremation and disposition of the decedent with dignity and respect.

<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9</u>:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory because it calls for legal determinations. Plaintiff further objects to this Interrogatory because it is premature to the extent that it seeks information that is the subject of ongoing future discovery. Moreover, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without

- 31 -

waiving the foregoing specific and general objections, Plaintiff refers Defendant to Plaintiff's

Complaint filed on June 1, 2005.

INTERROGATORY NO. 10:

    Please state all facts, not opinions, known to you, which support your allegations that Stokes
is negligent, in breach of contract, or otherwise liable to you for damages as alleged in the complaint.

<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10</u>:

    In addition to the General Objections above, Plaintiff objects to this Interrogatory as

ambiguous, vague, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff further objects to this Interrogatory because it calls for legal

determinations. Plaintiff further objects to this Interrogatory because it is premature to the extent

that it seeks information that is the subject of ongoing future discovery. Moreover, Plaintiff objects

to this Request to the extent that it seeks or purports to require disclosure of information which is

protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing specific and general objections, Plaintiff refers

Defendant to Plaintiff's Complaint filed on June 1, 2005.

INTERROGATORY NO. 12:

    Please state all facts, not opinions, known to you, which support your allegations that Stokes
intentionally steered business to Bayview and/or schemed to funnel clients to illegal cremations.

<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12</u>:

    In addition to the General Objections above, Plaintiff objects to this Interrogatory as

ambiguous, vague and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory because it calls for legal determinations. Plaintiff

further objects to this Interrogatory because it is premature to the extent that it seeks information that

is the subject of ongoing future discovery. Moreover, Plaintiff objects to this Request to the extent

that it seeks or purports to require disclosure of information which is protected from disclosure by

the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff refers Defendant to Plaintiff's Complaint filed on June 1, 2005.

<u>INTERROGATORY NO. 13</u>:

Please describe and itemize in complete detail the amounts of any and all damages, expenses or losses for which you claim Stokes is liable to you, including a detailed itemization of all damages, expenses or losses claimed, and the manner in which the amounts claimed or calculated are otherwise determined.

<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13</u>:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory because it calls for legal determinations. Plaintiff further objects to this Interrogatory to the extent it requires expert opinion testimony. This Interrogatory is premature and inconsistent with the expert discovery schedule established by the Court and the Federal Rules of Civil Procedure. Moreover, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff refers Defendant to Plaintiff's Complaint filed on June 1, 2005. Subject to and without waiving the foregoing General and Specific objections, Plaintiff states as follows: Plaintiff was harmed by Defendant as a result of the following: breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, negligence, intentional mishandling of a corpse, negligent mishandling of a corpse, intentional infliction of emotional distress, negligent infliction of emotional distress and civil conspiracy.

INTERROGATORY NO. 14:

Described in complete detail personal injuries, including any claimed mental, psychiatric or emotional injury or distress, sustained by you as a result of the incident, which is the subject matter of the complaint.

OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory because it calls for legal determinations. Plaintiff further objects to this Interrogatory to the extent it requires expert opinion testimony. This Interrogatory is premature and inconsistent with the expert discovery schedule established by the Court and the Federal Rules of Civil Procedure. Moreover, Plaintiff objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff refers Defendant to Plaintiff's Complaint filed on June 1, 2005. Subject to and without waiving the foregoing General and Specific objections, Plaintiff states as follows: Plaintiff was harmed by Defendant as a result of the following: breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, negligence, intentional mishandling of a corpse, negligent mishandling of a corpse, intentional infliction of emotional distress, negligent infliction of emotional distress and civil conspiracy.

INTERROGATORY NO. 15:

Please identify the name and address of each and every physician, hospital, psychiatrist, psychologist, psychotherapist, social worker, counselor or other health care professional, from which you sought or received any medical, psychological or psychiatric testing, treatment, therapy or counseling, for any psychological psychiatric, mental, emotional or medical problem, disease or condition between January 1, 1995 and the present, the dates such testing or treatment were received, the condition, symptoms, disease or triggering events for which you sought and/or received each such testing or treatment, and any and all medications prescribed, dosage, frequency and time period for which the medication was prescribed.

- 34 -

<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15</u>:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory because it is designed to harass and intimidate Plaintiff by seeking information that is protected by applicable rights of privacy under state and federal law.

<u>INTERROGATORY NO. 16</u>:

Please describe in full and complete detail any and all communications between you, the decedent, or anyone acting on your or the decedent's behalf, and any servants, agents, and/or employees of any defendant or government authority, concerning the incident which is the subject matter of your complaint, funeral, memorial or cremation services provided to you or the decedent, and/or the conditions which you assert caused or contributed to said incident. For each communication, please state the names and addresses of all communicants, the date, time and location of the communication, the form of the communication, (written or oral), the names and addresses of every person present during the course of the communication, and the substance of the communication, including what was said by each communicant.

<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16</u>:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects because this request seeks information that is readily available to Defendants from other sources, including Defendant's own files. To the extent Defendant seeks the disclosure of information in response to this Interrogatory, such information, if any, is obtainable through the more convenient, less burdensome and less expensive method of witness depositions.

<u>INTERROGATORY NO. 17</u>:

Please state all facts, not opinions, known to you, which support your allegations that Stokes owned the property where Bayview is located.

- 35 -

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague, overly broad and not calculated to lead to admissible evidence. Plaintiff further objects to this Interrogatory because it prematurely seeks information that is the subject of ongoing future discovery and calls for legal determinations. Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff refers Defendant to Plaintiff's Complaint filed on June 1, 2005.

INTERROGATORY NO. 18:

Please state all facts, not opinions, known to you, which support your allegations that Stokes concealed any alleged misconduct and/or conspired to accomplish an unlawful purpose.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague, overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Plaintiff further objects to this Interrogatory because it prematurely seeks information that is the subject of ongoing future discovery and calls for legal determinations. Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing specific and general objections, Plaintiff refers Defendant to Plaintiff's Complaint filed on June 1, 2005.

INTERROGATORY NO. 19:

If you allege that Stokes violated any national, state, local or industry laws, regulations, standards or guidelines, or caused or contributed to your damages or the incident as alleged in the complaint, please state in full and complete detail all facts, not opinions, upon which you base these

- 36 -

allegations, and identify all national, state, local or industry statutes, regulations, standards or guidelines that you allege Stokes violated.

<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19</u>:

In addition to the General Objections above, Plaintiff objects as ambiguous, vague, overly broad, unduly burdensome and not calculable to lead to admissible evidence.  Plaintiff further objects to this Interrogatory because it requests Plaintiff to make legal determinations and prematurely seeks information that is the subject of ongoing future discovery.  Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving the foregoing specific and general objections, Subject to and without waiving the foregoing specific and general objections, Plaintiff refers Defendant to Plaintiff's Complaint filed on June 1, 2005.

<u>INTERROGATORY NO. 20</u>:

Please describe in full and complete detail all communications, contacts, interactions, consultations, events, and/or activities you or the decedent had or conducted with Stokes, or upon the premises on which Bayview Crematory operated its business.

<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20</u>:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague, overly broad, unduly burdensome, duplicative of Interrogative No. 16 and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects because this request seeks information that is readily available to Defendants from other sources, including Defendant's own files. To the extent Defendant seeks the disclosure of information in response to this Interrogatory, such information, if any, is obtainable through the more convenient, less burdensome and less expensive method of witness depositions.

INTERROGATORY NO. 21:

Please state all facts, not opinions, that support your allegations that the decedent's remains were commingled, mishandled, abused, desecrated, or otherwise subjected to improper practices and processes, including the person or entity involved in the alleged acts or omissions.

OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 21:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as ambiguous, vague, overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Plaintiff further objects to this Interrogatory because it prematurely seeks information that is the subject of ongoing discovery and calls for legal determinations. Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff refers Defendant Stokes to Plaintiff's Complaint filed on June 1, 2005 and all the documents provided in response to Defendant's document request. To the extent Defendant seeks the disclosure of additional information in response to this Interrogatory, such information, if any, is obtainable through the more convenient, less burdensome and less expensive method of witness depositions.

INTERROGATORY NO. 22:

Please state all facts, not opinions, which support your allegations that Stokes offered funeral-related services to you, Stokes agreed to effectuate and complete the disposition of remains for you, you expressed your wishes to Stokes regarding the manner of handling the decedent, and/or Stokes directed conduct toward you.

OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 22:

In addition to the General Objections above, Plaintiff objects to this Interrogatory as overly broad. Plaintiff further objects to this Interrogatory because it prematurely seeks information that is the subject of ongoing future discovery and calls for legal determinations. Plaintiff further objects to this Request to the extent that it seeks or purports to require disclosure of information which is

- 38 -

protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff refers Defendant Stokes to Plaintiff's Complaint filed on June 1, 2005 and all the documents provided in response to Defendant's document request. To the extent Defendant seeks the disclosure of additional information in response to this Interrogatory, such information, if any, is obtainable through the more convenient, less burdensome and less expensive method of witness depositions.

DATED: December 22, 2006

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EVAN J. KAUFMAN

_____
                EVAN J. KAUFMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO (557109)
THEODORE M. HESS-MAHAN (557109)
53 State Street
Boston, MA 02109
Telephone: 617/439-3939
617/439-0134 (fax)

*Attorneys for Plaintiffs*

# EXHIBIT 2

**Mandi Jo Hanneke**

| | |
|---|---|
| **From:** | Evan Kaufman [ekaufman@lerachlaw.com] |
| **Sent:** | Friday, January 19, 2007 1:08 PM |
| **To:** | Evan Kaufman; dichello@blankrome.com; palmer@blankrome.com; Mandi Jo Hanneke; William Ahern; bmacdonald@ckmlaw.net; cneidig@ckmlaw.net; mokolita@legal-org.com; gclancy@frpb.com; dmckenna@riemerlaw.com; jbrunelle@frpb.com; richardc@gcattorneys.com; sherylb@gcattorneys.com; dfeeney@getmanstacey.com; aschulman@getmanstacey.com; wsmith@havertyfeeney.com; brian.walsh@arbella.com; jdesmond@morrisonmahoney.com; MReilly797@aol.com |
| **Cc:** | tshapiro@shulaw.com; Carolina Torres |
| **Subject:** | Hunt v. Bayview Crematory; Andersen v. Bayview Crematory |



Deposition Protocol
Order2.pdf...



070119 Conf Stip
and Prot Orde...

Dear Counsel:

As you are aware, Defendant Derek Wallace has served notices of depositions on the plaintiffs in the above-referenced consolidated actions. We presume that more than just defendant Wallace wants to depose these individuals. However, we intend to produce each deponent only once for their deposition. Since this is a complex case with multiple parties, we propose entering into the attached deposition protocol order to enable us to efficiently coordinate depositions.
Please provide me with comments.

We also need to enter into a confidentiality stipulation for documents.
Attached is a draft for your comments.

This email shall not constitute a waiver of any of plaintiffs' rights or objections.

We are experiencing technical difficulties so you might have received more than one of this email.

Regards,

Evan J. Kaufman
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
Tel: 631/367-7100
Fax: 631/367-1173
www.lerachlaw.com

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT 3

# CLARK, HUNT&EMBRY
### ATTORNEYS AT LAW

BRUCE J. EMBRY
WILLIAM J. HUNT
WILLIAM F. AHERN, JR.
HENRY W. CLARK
JAMES T. BUCHANAN
DAVID GRAY HANSON
————————
MATTHEW J. McNAMARA, OF COUNSEL
COREY H. SURETT, OF COUNSEL

MICHAEL B. NEWMAN
DIANE SWIERCZYNSKI
JOSHUA D. KRELL
MANDI JO HANNEKE
STACEY A. WARD
SARAH M. ALLEN
MARISA S. GREGG
YOUNG B. HAN
LAURA R. McKELLIGOTT
JANINE BROWN-SMITH

February 28, 2007

Evan J. Kaufman, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
58 S Service Rd., Suite 200
Melville, NY 11747

**Re:**  **Hunt v. Bayview Crematory, LLC, et al.**
**United States District Court for the District of Massachusetts**
**Docket No. 05-11140-RCL**

**Re:**  **Andersen et al. v. Bayview Crematory, et al.**
**Civil Action No. 05-11904 RCL**

Dear Attorney Kaufman:

In follow up to our recent conversation, I am writing to confirm my office's objection to the plaintiffs' proposed deposition protocol order and confidentiality stipulation and protective order. I will address each one separately.

As I indicated on the telephone, my office believes that a deposition protocol order is unnecessary at this time due to the fact that there have been no indications that the parties and counsel to these actions will have difficulties coordinating the efficient and appropriate conduct of depositions in these actions. Accordingly, my office believes an order from the court is unnecessary at this time.

In addition, even if an order was necessary, my office objects to a number of the sections of the proposed order. My office cannot agree to Section I, subsections 2 and 4, Section II, and Section IV. Also, my office questions the appropriateness of Section I.3, the stipulation as to the number of depositions that can be taken in any one day. Although, in principle, my office agrees with this restriction, I question the need for it at this time, and whether the restriction would apply if a number of depositions of outside witnesses want to be scheduled that are expected to take a short amount of time in order to minimize the traveling of the parties to this action. My office does not believe an order from the court, prohibiting more than two depositions to be taken in one day without an option to conduct more by agreement of the parties, should be entered.

As for the confidentiality stipulation and protective order, my office believes it exceeds the scope and intent of Rule 26. Further, my office believes the scope of

# CLARK, HUNT & EMBRY
### ATTORNEYS AT LAW

Evan Kaufman, Esq.
February 28, 2007
Page 2 of 2

materials and information the proposed confidentiality stipulation and protective order seeks to include is exceedingly vague, broad, and beyond the bounds of information and documents for which a protective order and confidentiality agreement is normally entered into.  My office objects to the definition of "confidential information" and the definition of "outside counsel" or "counsel".  In addition, my office objects to paragraphs 2, 3, 4, 5, 6, 7, 13 and 14.  I am at a loss to understand the purpose of paragraph 12, which states that any information, document and testimony, whether or not designated as "confidential", can only be used for purposes of prosecution or defense of the claims of the action, and shall not be used for any other purpose in a confidentiality order that already prohibits the release of information.

In sum, my office finds the proposed confidentiality order overly broad, unduly burdensome, and not appropriate for this action in which the plaintiffs chose to bring suit for emotional distress resulting from the alleged mishandling of their decedents' remains.  To me, it seems the plaintiffs are attempting to unreasonably restrict the use of legitimate information in a lawsuit the plaintiffs chose to file.

If you wish to discuss this further, please contact me.

Very truly yours,

Mandi Jo Hanneke

MJH/jmt

cc:  All counsel of record

# EXHIBIT 4

# CLARK, HUNT & EMBRY
### ATTORNEYS AT LAW

BRUCE J. EMBRY

WILLIAM J. HUNT

WILLIAM F. AHERN, JR.

HENRY W. CLARK

JAMES T. BUCHANAN

DAVID GRAY HANSON

————————

MATTHEW J. McNAMARA, OF COUNSEL

COREY H. SURETT, OF COUNSEL

MICHAEL B. NEWMAN

DIANE SWIERCZYNSKI

JOSHUA D. KRELL

MANDI JO HANNEKE

STACEY A. WARD

SARAH M. ALLEN

MARISA S. GREGG

YOUNG B. HAN

LAURA R. McKELLIGOTT

JANINE BROWN-SMITH

February 27, 2007

Mark Reich, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747

> Re: **Andersen et al. v. Bayview Crematory, et al.**
>     **Civil Action No. 05-11904 RCL**

Dear Mr. Reich:

This correspondence serves to confirm our recent conversation about my firm's position on the plaintiffs' answers to Linda Stokes' discovery requests.

During our conversation, the plaintiffs agreed to supplement their answers to Interrogatory No. 1 with each plaintiff's occupation. A dispute remains regarding the identification of each plaintiff's employer and business address. You indicated Evan Kaufman would contact me to discuss that issue further.

The plaintiffs agreed to supplement Interrogatory No. 2 with information regarding the decedent's spouse and children living at the time of the decedent's death or, if the decedent did not have any living spouse or children, the decedent's parents living at the time of the decedent's death.

The plaintiffs agreed to supplement Interrogatory No. 5, or their initial disclosures, in order to ensure that the names identified in their previous answers to Linda Stokes' interrogatories are provided to either Interrogatory No. 5 or the initial disclosures, including an address and the information known to that individual.

The plaintiffs agreed to supplement Interrogatory No. 20, indicating whether they have spoken to or met with Linda Stokes, or whether they have been on the property commonly known as Bayview Crematory.

The plaintiffs have agreed to supplement Interrogatory No. 16 with a brief identification of the individuals in the decedent's family who spoke with anyone at the relevant funeral home or crematory. In addition, the plaintiffs will supplement Interrogatory No. 16 to provide information on whether they spoke with any governmental authority and, if so, whom.

# CLARK, HUNT & EMBRY
### ATTORNEYS AT LAW

Mark Reich, Esq.
February 27, 2007
Page 2 of 2

The plaintiffs agreed to supplement their answers to <u>Interrogatory Nos. 9, 10, 11, 12, 17, 18, 19, 21 and 22</u>, providing the facts that form the basis of their allegations in the Complaint. I acknowledged that this supplementation can only contain facts known to the plaintiffs at this time, and that the supplementation will contain such a restriction. In addition, I acknowledged that it is not always possible to list every specific fact known to the plaintiffs, as the recitation and remembrance of certain facts can be triggered in different manners at different times. I did reserve my right to ask for further supplementation of these answers towards the end of discovery.

It was also agreed that the plaintiffs would be signing their supplemental interrogatories in accordance with the Federal Rules of Civil Procedure and that, depending on the manner of supplementation, the plaintiffs may also produce signed copies their original answers to Linda Stokes' interrogatories.

During the conversation, you represented that plaintiff Dumais would likely be dismissing his claims, and that it was counsel's intention to circulate a stipulation of dismissal prior to supplementation of the plaintiffs' discovery responses. Finally, it was agreed the interrogatories would be supplemented by March 20, 2007.

As for request for production of documents, no agreement was reached, as it is the plaintiffs' continued position that no documents will be produced until a protective order is signed, and it is my office's position that a protective order is inappropriate at this time, and that the plaintiffs waived such a request by serving initial disclosures that did not discuss a protective order, and serving answers to Linda Stokes' request for production of documents that also did not discuss a protective order or limit the production to only after a protective order was signed. You indicated that Evan Kaufman would be contacting me to discuss this issue in greater detail. He has not yet done so.

Finally, in a previous discussion with Evan Kaufman, I had indicated my dissatisfaction with the plaintiffs' answers to Linda Stokes' request for the production of the cremains. Although I am not pursuing my dissatisfaction with the plaintiffs' response to that request at this time, please be aware that I am not waiving my right to pursue the production of the cremains at a later time in this litigation.

Please contact me if you disagree with my summarization of our conversation.

Very truly yours,

Mandi Jo Hanneke

MJH/jmt

cc: Counsel of Record

# EXHIBIT 5

REGFPB

NOV 2 2006

BY

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LORRAINE HUNT vs. BAYVIEW CREMATORY, LLC, et al. | ) ) ) | No. 05-11140-RCL |
| and | ) ) | |
| ALAN C. ANDERSEN, et al. vs. BAYVIEW CREMATORY, LLC, et al. | ) ) ) | NO. 05-CV-11904-RCL |

## PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Local Rule 26.2 of this District,

Plaintiffs[1] hereby make their initial disclosures.  These initial disclosures are based upon information

reasonably available to Plaintiffs at this time.  Plaintiffs reserve the right to further amend or

supplement these initial disclosures as required by Fed. R. Civ. P. 26(e) or as otherwise appropriate.

> A.     *The name, and if known, the address and telephone number of each*
> *individual likely to have discoverable information that the disclosing party*
> *may use to support its claims or defenses, unless solely for impeachment,*
> *identifying the subjects of the information*

| Name | Contact Information | Subject of Information |
|------|--------------------|------------------------|
| Alan C. Andersen | 25 Queensberry Street, Unit 11<br>Boston, MA  02215-5014<br>(617) 266-2748 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Suzanne Bourassa | 20 Fieldstone Circle<br>Whitman, MA  02382<br>(781) 447-0247 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| John Carlson | 6 Timber Court<br>Seabrook, NH  03874 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |

---

[1] Plaintiffs' Initial Disclosures are made on behalf of Plaintiffs Lorraine Hunt, Alan C. Andersen, Suzanne Bourassa, John Carlson, Robert Delia, Steven Dumais, Sara-Anne Eames, Shaun Ferris, John Foster, Dennis Fowler, Edward Galvin, Jr., Britton Hall, Patricia Hannigan, Marie Ignoto, David Johnson, Dawn Lattime, Kathleen McDonough, Tara McDonough, Eleanor Poole and Donna M. Tomaso.

| Name | Contact Information | Subject of Information |
|---|---|---|
| Robert Delia | 29 Shattuck Street<br>Pepperell, MA  01463<br>(978) 433-9322 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Steven Dumais | 1180 Merrimack Avenue<br>Dracut, MA  01826<br>(978) 459-7340 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Sara-Anne Eames | 4 B Golden Drive<br>Newburyport, MA  01950<br>(978) 462-3403 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Judith P. Eastman | deceased | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Shaun Ferris | 6 Hawley Road<br>Windham, NH  03087<br>(617) 908-6015 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| John Foster | 6 Warren Avenue<br>Salisbury, MA  01952<br>(978) 767-1062 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |

| Name | Contact Information | Subject of Information |
|------|--------------------|-----------------------|
| Diane Sullivan (daughter of deceased Joan Mae Foster) | 135 E. Maine Street, Apt. E-5 Westboro, MA 01581 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Dennis Fowler | 504 Mill Creek Road Otego, NY 13825 (607) 432-0597 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Edward Galvin, Jr. | P.O. Box 2818 Leesburg, VA 20177 (703) 728-5242 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Britton Hall | 3 Goulding Street Sherborn, MA 01770 (508) 655-4035 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Patricia Hannigan | 325 Lynch Road Newcastle, ME 04553 (207) 563-6975 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Lorraine Hunt | 470 Adams Street, Unit 4 Quincy, MA 02169 (617) 984-2634 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |

| Name | Contact Information | Subject of Information |
|------|-------------------|------------------------|
| Marie Ignoto | 40 Puritan Road<br>Watertown, MA 02472<br>(617) 926-2723 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| David Johnson | 26 Autumn St.<br>Tyngsboro, MA 01879<br>(978) 649-8792 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Kathyrn E. Johnson (daughter of deceased Gloria Dubois-Johnson) | P.O. Box 326<br>Tyngsboro, MA 01879 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Daniel E. Johnson (son of deceased Gloria Dubois-Johnson) | 26 Autumn St.<br>Tyngsboro, MA 01879 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Dawn Lattime | 47 Folly Mill Road<br>Salisbury, MA 01952<br>(978) 388-8559 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Stephen Lattime | 90 N. Norwood Ave.<br>54 Beach Rd.<br>Hillsdale, MI 48242 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |

| Name | Contact Information | Subject of Information |
|------|--------------------|-----------------------|
| Kathleen McDonough | 81 Armistice Blvd.<br>Pawtucket, RI 02860<br>(401) 477-4185 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Tara McDonough | 10 Wasaga Road<br>Pawtucket, RI 02861<br>(401) 480-5006 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Eleanor Poole | 20435 Wildcat Run Drive<br>Estero, FL 33928<br>(239) 495-7697 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Donna Tomaso | 338 Hight Street, #2<br>Medford, MA 02155<br>(617) 957-0308 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Derek A. Wallace | 20 Forest Road<br>Salisbury, MA 01952-1601<br>(978) 462-4911 | Conduct of Funeral Home and Bayview Crematory. |
| Linda Stokes | 2 Stonehurst Street, Apt. 2<br>Dorchester, MA 02122-1515 | Conduct of Funeral Home and Bayview Crematory. |
| James G. Higgins | Commonwealth Cremation & Shipping Service, Inc.<br>1654 Washington Street<br>Boston, MA 02118 | Conduct of Funeral Home and Bayview Crematory. |
| Kimberly Winter | American Cremation Society, Inc.<br>342 Washington Street<br>Haverhill, MA 01832<br>(978) 372-7764 | Conduct of Funeral Home and Bayview Crematory. |

| Name | Contact Information | Subject of Information |
|---|---|---|
| Jennifer A. Peabody | Southern New Hampshire Crematory Inc<br>10 A Street<br>Derry, NH  03038-1716<br>(603) 432-6090 | Conduct of Funeral Home and Bayview Crematory. |
| Mark P. Gacek | Dracut Funeral Home Incorporated<br>2159 Lakeview Avenue<br>Dracut, MA  01826 | Conduct of Funeral Home and Bayview Crematory. |
| Roger G Hamel | Hamel Wickens & Troupe Funeral Home, Inc.<br>26 Adams Street<br>Quincy, MA  02169<br><br>- and –<br><br>Cremation Society, Inc.<br>28 Adams Street<br>Quincy, MA  02169 | Conduct of Funeral Home and Bayview Crematory. |
| Scott Hamel | Cremation Society, Inc.<br>28 Adams Street<br>Quincy, MA  02169 | Conduct of Funeral Home and Bayview Crematory. |
| Arthur C. Hasiotis | Commonwealth Cremation & Shipping Service, Inc.<br>1654 Washington Street<br>Boston, MA  02118 | Conduct of Funeral Home and Bayview Crematory. |
| Henry L. Farmer III | Simplicity Burial & Cremation, Inc.<br>34 Lafayette Road<br>Salisbury, MA | Conduct of Funeral Home and Bayview Crematory. |
| Louis Farrah | Farrah Funeral Home<br>133 Lawrence Street<br>Lawrence, MA  01841 | Conduct of Funeral Home and Bayview Crematory. |

| Name | Contact Information | Subject of Information |
|---|---|---|
| Charles Keefe | Keefe Funeral Home, Inc.<br>2175 Massachusetts Avenue<br>Cambridge, MA  02140<br>(781) 648-5544 | Conduct of Funeral Home and Bayview Crematory. |
| Robert Scatamacchia | Scatamacchia Funeral Home<br>25 Railroad Square<br>Haverhill, MA  01832 | Conduct of Funeral Home and Bayview Crematory. |
| Stephen G. Scatamacchia (deceased) | American Society For Funeral Services, Inc.<br>342 Washington Street<br>Haverhill, MA  01832 | Conduct of Funeral Home and Bayview Crematory. |
| William F. Spencer | William F. Spencer Funeral Service<br>575 E. Broadway<br>South Boston, MA  02127-4404 | Conduct of Funeral Home and Bayview Crematory. |
| Jerry A. Norman | Neptune Society<br>2084 Horseblock Rd.<br>Medford, NY 11763<br>(516) 378-5990 | Conduct of Funeral Home and Bayview Crematory. |
| Daniel M. Solberg | Neptune Society<br>2084 Horseblock Rd.<br>Medford, NY  11763<br>(516) 378-5990 | Conduct of Funeral Home and Bayview Crematory. |
| Brent Lokash | Neptune Society<br>2084 Horseblock Rd.<br>Medford, NY  11763<br>(516) 378-5990 | Conduct of Funeral Home and Bayview Crematory. |

Plaintiffs reserve their right to supplement this disclosure.

B.    *A copy of, or a description by category and location of, all documents,
      data compilations, and tangible things that are in the possession, custody,
      or control of the party and that the disclosing party may use to support its
      claims or defenses, unless solely for impeachment.*

Documents that are in the possession, custody, or control of Plaintiffs that Plaintiffs may use

to support their claims, unless solely for impeachment, concern the funeral homes that utilized the

services of Bayview and the cremation of their loved ones by Bayview. These documents include,

but are not limited to, service contracts, letter agreements, cremation certificates and invoices. These

documents are in the custody of Plaintiffs.

C.    *A computation of any category of damages claimed by the disclosing
      party, making available for inspection and copying as under Rule 34 the
      documents or other evidentiary material, not privileged or protected from
      disclosure, on which such computation is based, including materials
      bearing on the nature and extent of injuries suffered.*

As set forth in the Complaint, Plaintiffs seek compensatory damages, interest, litigation costs,

and other relief as the Court deems proper. At the appropriate time, Plaintiffs' expert will opine on

the damages that the Class has sustained and provide an expert opinion in compliance with Fed. R.

Civ. P. 26(a)(2).

D.    *For inspection and copying as under Rule 34 any insurance agreement
      under which any person carrying on an insurance business may be liable
      to satisfy part or all of a judgment which may be entered in the action or
      to indemnify or reimburse for payments made to satisfy the judgment.*

Plaintiffs do not have in their possession, custody or control any insurance agreements

covered by Fed. R. Civ. P. 26(a)(1)(D).

- 8 -

DATED:  November 20, 2006

By their attorneys,

Thomas G. Shapiro BBO #454680
Theodore M. Hess-Mahan BBO #557109
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA  02109
Telephone:  617/439-3939

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EVAN J. KAUFMAN
MARK S. REICH
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100

*Attorneys for Plaintiffs*

I:\Bayview Crematory\Pleadings\061117 Initial Disclosures.doc

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD
FOR EACH OTHER PARTY BY MAIL-HAND-FAX ON 11/20/2006

THEODORE M. HESS-MAHAN