UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT V. BAYVIEW CREMATORY, LLC, ET AL. | NO. 05-11140-RCL |
| and | |
| ALAN C. ANDERSEN ET AL. V. BAYVIEW CREMATORY, LLC, ET AL. | NO. 05-11904-RCL |

**MOTION OF DEFENDANTS BAYVIEW CREMATORY, LLC, LINDA STOKES, LAWRENCE STOKES, HART-WALLACE FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, DEREK A. WALLACE, DRACUT FUNERAL HOME, COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., CREMATION SOCIETY OF MASSACHUSETTS, ROGER HAMEL, AND NEPTUNE SOCIETY, INC., TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

NOW COMES the Defendants, Bayview Crematory, LLC, Linda Stokes, Lawrence Stokes, Hart-Wallace Funeral Home, Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home, Derek A. Wallace, Dracut Funeral Home, Commonwealth Cremation & Shipping Service, Inc., Commonwealth Funeral Service, Hamel Wickens & Troupe Funeral Home, Inc., Cremation Society of Massachusetts, Roger Hamel, and Neptune Society, Inc., in Civil Action No. 05-11904 by and through their counsel and hereby move to dismiss Civil Action No. 05-11904 based on lack of federal diversity jurisdiction pursuant to 28 U.S.C. §1332(a), and in support thereof say:

1. In Civil Action No. 05-11904, the plaintiffs, Alan C. Andersen, Suzanne Bourassa, Robert Delia, Steven Dumais, Sara-Anne Eames, John Foster, Britton Hall, Marie Ignoto, David Johnson, Dawn Lattime, and Donna Tomaso, are all residents of Massachusetts. [Plaintiff's Complaint, ¶¶ 5, 6, 8, 9, 10, 12, 15, 17, 18, 19 and 23]

    2.    The following defendants in Civil Action No. 05-11904 are alleged to be corporations organized and existing under the laws of the State of Massachusetts, with a principal place of business in Massachusetts:

    a.    American Cremation Society, Inc.;

    b.    Commonwealth Cremation & Shipping Service, Inc.;

    c.    Cremation Society of Massachusetts;

    d.    Dracut Funeral Home Incorporated;

    e.    Hamel Wickens & Troupe Funeral Home, Inc.;

    f.    Hart-Wallace Funeral Home; and

    g.    Simplicity Burial & Cremation, Inc.

[Plaintiffs' Complaint (05-11904), ¶¶ 29, 31, 32, 33, 34, 36, 37 & 38]

    3.    In Civil Action No. 05-11904, Plaintiffs John Carlson and Shaun Ferris are residents of New Hampshire. [Plaintiffs' Complaint (05-11904), ¶¶ 7 &11]

    4.    In Civil Action No. 05-11904, defendant Bayview Crematory, LLC is a New Hampshire Corporation with a principal place of business in New Hampshire and defendants Derek A. Wallace, Linda Stokes and Larry Stokes are all residents of the State of New Hampshire.[1] [Id. at ¶¶ 24-27]

    5.    The federal district court has original jurisdiction of all civil actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a)(1). For purposes of determining whether the district court has diversity jurisdiction over a controversy, a corporation is deemed to be a citizen of any State by which it has been

---

[1] Since this is a motion to dismiss, the allegation in the Complaint must be taken as true. However, defendants Linda Stokes, Lawrence Stokes, and Derek Wallace are residents of Massachusetts, not New Hampshire. This error does not affect this Motion in any way.

incorporated and of the State in which it has its principal place of business. 28 U.S.C. §1332(c)(1).

6. The diversity requirement of §1332 is strictly construed. Olympic Mills Corporation v. Siaca, 477 F.3d 1, 6 (1st Cir. 2007). It is well-established that "[d]iversity jurisdiction exists only when there is *complete* diversity – that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005). In cases such as this, involving multiple plaintiffs or defendants, the presence of even one nondiverse party divests the district court of original jurisdiction over the entire action. Olympic Mills Corp. v. Siaca, 477 F.3d at 6. The presence of a nondiverse party serves to eliminate the concern of an out-of-state litigant that a state court "may be unduly, if unconsciously and inarticulately, solicitous for the interest of its own citizens." Id. at 7, *quoting* Caso v. Lafayette Radio Elecs. Corp., 370 F.2d 707, 710 (1st Cir. 1966).

7. In Civil Action No. 05-11904, the plaintiffs have failed to allege jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) and, therefore, the claims should be dismissed for failure to allege a proper basis for subject matter jurisdiction in federal court. Furthermore, even if the plaintiffs amend their Complaint to assert diversity of citizenship as a basis for federal court jurisdiction, the claims should be dismissed due to lack of complete diversity.

8. Several of the defendants are alleged to be incorporated, and have their principal place of business, in Massachusetts, the State in which many of the plaintiffs reside. In addition, the Bayview Crematory is a New Hampshire Corporation with a principal place of business in New Hampshire, which is also the state in which some of the plaintiffs reside. Therefore, complete diversity does not exist and this court does not have jurisdiction under 28 U.S.C. §1332.

9.      Further, the plaintiffs do not meet the required level of amount in controversy, $75,000. The amount in controversy should be decided based on the face of the complaint, unless it appears that the amount stated is not claimed in "good faith." Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995). "Good faith" includes an element of "objective" good faith. Id. at 6. The court "cannot close its eyes to the obvious, nor go ahead with the trial of a cause of which it has no jurisdiction." Id. at 5. "[The plaintiff's] good faith in choosing the federal forum is open to challenge not only by resort to the face of the complaint, but by the facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction, there is no injustice in dismissing the suit." Id. at 4.

10.     A court may dismiss an action for insufficiency of the amount in controversy only when "from the face of the pleadings, it is apparent, to a legal certainty, …that the plaintiff never was entitled to recover" a sum in excess of the jurisdictional minimum. Gibbs v. Golden Eagle Credit Corp., 2004 WL 2302570 (D.Mass. 2004), *quoting* St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed.2d 845 (1938); *see,* Harvard Real Estate-Allston, Inc. v. Kmart Corp., 407 F.Supp.2d 317 (2005) ("speculative economic valuation is not the touchstone of the amount in controversy necessary for federal jurisdiction" – "the horizon for the amount in controversy lies well short of economic speculation").

11.     Once an opposing party challenges the sufficiency of the damages allegation, the burden shifts to the party claiming jurisdiction to allege with "sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Corliss v. Levesque Auto Services, Inc., 2004 WL

2337018, p. 4 (D.Mass. 2004), *quoting* Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 1991).

   12.   Each plaintiff must meet the jurisdictional amount requirement. Ellis v. Huttig Bldg. Products, Inc., 141 F.Supp.2d 1070, 1072 (M.D. Ala. 2001).

   13.   Here the plaintiffs have brought forth no evidence of actual mishandling of any decedent. The plaintiffs have alleged no loss of money due to the alleged mishandling. Their damages are based solely on the emotional distress they allegedly suffered, but have not received treatment for. The plaintiffs have no evidence to show that it is not a legal certainty that each of their claims involves less than the jurisdictional amount.

   14.   The legal authority upon which defendant relies is set forth fully herein and, therefore, a separate memorandum of law has not been submitted.

   WHEREFORE, the Defendants, Bayview Crematory, LLC, Linda Stokes, Lawrence Stokes, Hart-Wallace Funeral Home, Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home, Derek A. Wallace, Dracut Funeral Home, Commonwealth Cremation & Shipping Service, Inc., Commonwealth Funeral Service, Hamel Wickens & Troupe Funeral Home, Inc., Cremation Society of Massachusetts, Roger Hamel, and Neptune Society, Inc., respectfully request that this Honorable Court:

   A.   Dismiss Civil Action No. 05-11904 for lack of subject matter jurisdiction; and

   B.   Grant such other relief as may be just and equitable.

Respectfully submitted,

/s/ Dona Feeney_____
Dona Feeney, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
Three Executive Park Drive – Suite 9
Bedford, NH 03110
(603) 634-4300
*Counsel for Bayview Crematory, LLC*

/s/ William P. Smith_____
William P. Smith, Esq.
Haverty & Feeney
54 Samoset Street, Route 44
Plymouth, MA 02360-4546
Tel: (508) 746-6100
Fax: (508) 746-7067
*Counsel for Bayview Crematory, LLC*

/s/ Mandi Jo Hanneke_____
Mandi Jo Hanneke, Esq.
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA 02142
Tel: (617) 494-1920
Fax: (617) 494-1921
*Counsel for Linda Stokes and Lawrence Stokes*

/s/ Richard E. Cavanaugh__
Richard E. Cavanaugh, Esq.
Sheryl M. Bourbeau, Esq.
Gallagher & Cavanaugh
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
Tel: (978) 452-0522
Fax: (978) 452-0482
*Counsel for Derek A. Wallace, Hart-Wallace Funeral Home & Simplicity Burial & Cremation, Inc.*

/s/ Matthew W. Perkins_____
Matthew W. Perkins, Esq.
Lecomte, Emanuelson and Doyle
Battery March Park II
One Pine Hill Drive, Suite 101
Quincy, MA 02169
Tel: (617) 328-1900
Fax: (617) 328-2030
*Counsel for Derek A. Wallace, Hart-Wallace Funeral Home and Simplicity Burial & Cremation Service*

/s/ John J. Dichello, Jr.____
Grant S. Palmer, Esq.
John J. DiChello, Esq.
Blank Rome, LLP
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5578
*Counsel for Dracut Funeral Home*

/s/ Dennis E. McKenna_____
Dennis E. McKenna, Esq.
Riemer & Braunstein, LLP
Three Center Plaza
Boston, MA 02108-2003
Tel: (617) 523-9000
Fax: (617) 880-3456
*Counsel for Commonwealth Cremation & Shipping Service, Inc. and Commonwealth Funeral Service*

/s/ Brian K. Walsh_____
Brian K. Walsh, Esq.
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, MA 02110
Tel: (617) 769-3500
Fax: (617) 946-0569
*Counsel for Hamel Wickens & Troupe Funeral Home, Inc. and Roger Hamel*

/s/ Joseph M. Desmond_____
Joseph M. Desmond, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 02210-1181
Tel: (617) 439-7500
Fax: (617) 342-4935
*Counsel for Cremation Society of Massachusetts*

/s/ Maureen L. Reilly_____
Maureen L. Reilly, Esq.
33 Kingston Street
Boston, MA 02111
Tel: 617-338-2144
Fax: 617-451-5462
*Counsel for Neptune Society*

## **CERTIFICATION PURSUANT TO L.R. 7.1**

Counsel certifies that counsel for Bayview Crematory, Dona Feeney, conferred with counsel for the plaintiffs in an attempt to resolve or narrow the issue in dispute by requesting that the plaintiffs file a stipulation of dismissal due to the lack of subject matter jurisdiction.  Plaintiffs' counsel was unwilling to do so because he believed the Court would do so on its own.  Therefore, counsel have been unable to reach a resolution after making a reasonable and good faith effort to do so.

>*/s/ Mandi Jo Hanneke*
>Mandi Jo Hanneke

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 23rd day of April, 2007, a true and correct copy of this Motion to Dismiss For Lack Of Subject Matter Jurisdiction was served was served on all counsel of record in this matter.

*/s/ Mandi Jo Hanneke*
Mandi Jo Hanneke