UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Alan C. Andersen, et. al.,

      Plaintiffs

v.   No. 05-11904-RCL

Bayview Crematory, LLC, et. al.,

      Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

NOW COME the Defendants, Bayview Crematory, LLC, Larry Stokes, Linda Stokes, Derek A. Wallace, Hart-Wallace Funeral Home, and Simplicity Burial & Cremation, Inc., by and through their counsel, and hereby oppose Plaintiffs' Motion for Leave to Amend Complaint, and in support thereof say as follows:

1.     Plaintiffs' Motion for Leave to Amend Complaint seeks to amend the Complaint pursuant to Fed.R.Civ.P. 15 and Local Rule 15.1 by: 1) specifying the basis for federal subject matter jurisdiction based on diversity of citizenship as to the five remaining plaintiffs, Edward Galvin, Jr., Patricia Hannigan, Kathleen McDonough, Tara McDonough and Eleanor Poole; and 2) adding numerous additional parties plaintiff, specifically, Dana Larsen, Francis DeFort, David Goguen, Jere B. Johnston, Jill Johnston, Dianne E. Munson, LeeAnn Pavelec, Doris Potvin and Linda McCormick.

2. Defendants do not object to the Motion to Amend to the limited extent that it seeks to set forth the basis for diversity jurisdiction as to the pending claims (Galvin, Hannigan, K. McDonough, T. McDonough and Poole). However, defendants' object to the filing of a single motion to amend insofar as the pending claims have not been consolidated by the court and, with the exception of the claims brought by Kathleen and Tara McDonough involving a single decedent, involve different decedents, different funeral homes, different dates of cremation, different sets of facts, and will require the presentation of substantially different evidence on issues of both liability and damages at trial. Having withdrawn their class action count, the plaintiffs should be required to file separate pleadings under separate docket numbers, and to pursue their respective claims as independent causes of action for purposes of discovery and trial. If plaintiffs claim that they are entitled to pursue their causes of action as one lawsuit, they should each be required to file a motion for joinder of parties pursuant to Fed.R.Civ.P. 20. Furthermore, plaintiffs should be required to meet their burden of persuading the court that the requirements of Fed.R.Civ.P. 20(a) are satisfied, specifically, that their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and that there are questions of law and fact common to all the plaintiffs, such that joinder is appropriate under the varied circumstances of these multiple cases. *See*, Beaulieu v. The Concord Group Ins. Co., 208 F.R.D. 478 (D.N.H. 2002) (parties are misjoined when, in the sound discretion of the trial court, it is determined that the preconditions for permissive joinder in Rule 20(a) are not met, such as when the claims do not arise from the same transaction or occurrence).

3.  Defendants also object to the plaintiffs' attempt to add nine entirely new plaintiffs to the pending litigation through the filing of a Rule 15 motion to amend. *See*, 7 Fed. Prac. & Proc. Civ.3d §1688 (most courts hold that the specific provision relation to joinder in Rule 21 governs over the more general text of Rule 15, and that an amendment changing parties requires leave of court); Age of Majority Educational Corp. v. Preller, 512 F.2d 1241 (4th Cir. 1975) (when parties were both dropped and added by the proposed amended complaint and leave of court was neither sought nor obtained prior to the filing thereof, the district court properly declined to receive the amended complaint); South Dakota v. Burlington N. & Santa Fe Ry. Co., 280 F.Supp2d 919 (D.C.S.D. 2003) (if a party to a pending lawsuit wants to add or drop a party, the party may not simply file an amendment to the complaint, but must move to add a party under Rule 21). Thus, the nine entirely new plaintiffs, who allege claims involving different decedents, should be required to each file separate lawsuits and, if and only if they are able to satisfy the requirements for joinder of parties despite the substantial differences among the claims, subsequently seek the court's permission to join the claims under Rule 21.

4.  Furthermore, for the same reasons set forth in paragraph 2 above, the nine new plaintiffs, whose claims also involve different decedents, different funeral homes different dates of cremation, and different sets of facts must each be required to satisfy the requirements of Fed.R.Civ.P. 20(a) before their respective claims may be joined with any of the pending claims.

5.  In the event that this Court should conclude that joinder of the multiple plaintiffs' claims is permissible under the applicable rules for purposes of discovery, it should rule that the claims be severed for purposes of trial in accordance with Fed.R.Civ.P. 20(b).

6.  The legal authority upon which the defendant relies is cited herein and, therefore, a separate legal memorandum is not necessary.

WHEREFORE, the Defendants respectfully request that this Honorable Court:

A.  Deny Plaintiffs' Motion for Leave to Amend Complaint in its entirety;

B.  Rule that the pending claims proceed as four separate claims for purposes of discovery and trial, with the sole exception of the two McDonough claims;

C.  Deny the plaintiffs' request to add nine entirely new plaintiffs to the pending litigation and order said plaintiffs to file separate complaints; and

D.  Grant such other relief as may be just and equitable.

Respectfully submitted,
BAYVIEW CREMATORY, LLC.
By Its Attorneys,
Getman, Stacey, Schulthess & Steere, P.A.

Dated:  August 24, 2007        _/s/ Dona Feeney_____
Dona Feeney, Esq., #600749
Three Executive Park Drive – Suite 9
Bedford, NH 03110
(603) 634-4300

        Respectfully submitted,
LARRY STOKES AND LINDA STOKES
By their Attorneys,
Clark, Hunt & Embry

Dated: August 24, 2007         /s/ MandiJo Hanneke
MandiJo Hanneke, Esquire
William Ahern, Jr., Esquire
55 Cambridge Parkway – Suite 401
Cambridge, MA  02142
(617) 494-1920

Respectfully submitted,
DEREK A. WALLACE, HART-WALLACE FUNERAL HOME, AND SIMPLICITY BURIAL & CREMATION, INC.
By their Attorneys,
Gallagher & Cavanaugh LLP

Dated: August 24, 2007         /s/ Richard E. Cavanaugh
Richard E. Cavanaugh, Esquire
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522

## CERTIFICATE OF SERVICE

     I hereby certify that Defendants' Objection to Plaintiffs' Motion for Leave to Amend Complaint, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 24th day of August, 2007.

Dated: August 24, 2007         /s/ Dona Feeney
Dona Feeney, Esq.

F:\DFeeney\6364\05726\Andersen\Motions\BayviewOppMotAmend.doc