UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALAN C. ANDERSEN, at al.,
    Plaintiffs,

    v.

CIVIL ACTION NO.
05-11904-RCL

BAYVIEW CREMATORY, LLC, et al.,
    Defendants.

**MEMORANDUM AND ORDER RE:
PLAINTIFFS' MOTION FOR LEAVE TO AMEND
(DOCKET ENTRY # 105)**

**September 21, 2007**

**BOWLER, U.S.M.J.**

    Pending before this court is a motion to amend the complaint filed under Rule 15, Fed. R. Civ. P. ("Rule 15") by plaintiffs Edward Galvin, Jr., Patricia Hannigan, Kathleen and Tara McDonough and Eleanor Poole ("plaintiffs"). (Docket Entry # 105). Defendants Bayview Crematory, LLC ("Bayview"), Linda Stokes, Lawrence Stokes, Hart-Wallace Funeral Home, Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home, and Derek A. Wallace ("the Bayview defendants") oppose the motion. (Docket Entry # 106). After conducting a hearing on September 14, 2007, this court took the motion (Docket Entry # 105) under advisement.

    The July 19, 2007 Report and Recommendation directed plaintiffs to seek leave to amend the complaint to allege the necessary diversity and conform the complaint to the stipulations

of the parties.  In addition to complying with this directive, the proposed amended complaint proposes to add eight new plaintiffs.[1]

The Bayview defendants do not object to conforming the complaint to allege diversity and abide by the parties' prior stipulations.  They do, however, strenuously object to adding eight new plaintiffs.

The Bayview defendants accurately point out that the proposed plaintiffs involve different decedents, different factual settings and a strong likelihood of different factual evidence presented at trial including on damages.  The Bayview defendants further argue that plaintiffs improperly seek relief under Rule 15 as opposed to Rule 20, Fed. R. Civ. P. ("Rule 20").

On the other hand, the existing and the proposed plaintiffs surrendered the bodies of their decedents to various funeral services companies that, in turn, surrendered the bodies to Bayview.

## DISCUSSION

Where, as here, a motion to amend only requests the addition of new plaintiffs, Rule 20 as opposed to Rule 15 provides the framework for analyzing the merits of the motion.  See Trombino v. Transit Casualty Company, 110 F.R.D. 139, 141 (D.R.I. 1986)

---

[1] Linda McCormick no longer wishes to participate as a plaintiff.  (Docket Entry # 107).

("case-specific joinder provisions" of Rules 19 to 21, Fed. R. Civ. P., apply as opposed to general provisions of Rule 15(a), Fed. R. Civ. P., if sole purpose of amendment is to add new party) (collecting cases); see also South Dakato v. Burlington Northern & Sante Fe Railroad, 280 F.Supp.2d 919, 924 (D.S.D. 2003) (if party to "already filed lawsuit" wishes "to add or drop a party, this is not to be accomplished by simply amending the complaint"). Although plaintiffs rely upon Rule 15, this court is not bound by the label employed. It is the substance of the relief sought as opposed to the label applied by the moving party that controls. "In this regard, courts have applied intervention or joinder standards to motions to amend when plaintiffs have sought, by that means, to add claims of additional parties." Effjohn International Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F.3d 552, 560 (5th Cir. 2003) (collecting cases).

Defendants correctly identify Rule 20 as the appropriate statutory provision. Rule 20, which pertains to permissive joinder, "requires that a right of relief must be asserted by each plaintiff relating to, or arising out of, the same transaction, occurrence, or series of transactions or occurrences, and there must be a question of law or fact common to all of the parties." Carye v. Long Beach Mortgage Co., 470 F.Supp.2d 3, 8 (D.Mass. 2007). Both preconditions must exist to warrant joinder. Blesedell v. Mobil Oil Co., 708 F.Supp. 1408, 1421 (S.D.N.Y. 1989).

The rule promotes both judicial convenience and encourages a comprehensive final resolution of a dispute.  4 James Wm. Moore Moore's Federal Practice § 20.02[1][a] (3d ed. 2007); see Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002); Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974) ("purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits").  "The preconditions for permissive joinder are" therefore "construed liberally in order to promote the broadest scope of action consistent with fairness to the parties."  Beaulieu v. Concord Group Ins. Co., 208 F.R.D. 478, 479 (D.N.H. 2002).

Common questions of fact include the use of Bayview by all of the funeral services companies.  Avoiding a multiplicity of lawsuits also favors joining the additional plaintiffs.

Although commonality may exist, the presence of transactional relatedness is more problematic.  Even though the funeral services companies surrendered the bodies of the decedents to Bayview, the transactions at issue involve different individuals suffering losses unique to that individual's relationship with the decedent.  Proposed plaintiffs Francis DeFort and Dana Larsen also used different funeral services companies, to wit, the American Cremation Society, Inc., a dismissed defendant, and defendant Commonwealth Cremation & Shipping Service, Inc.  All of the proposed plaintiffs suffered

losses at different times under different circumstances. See generally Abdullah v. Acands, Inc., 30 F.3d 264, 269 (1st Cir. 1994) (noting that the complaint gave "no indication of whether plaintiffs were injured while serving on the same vessels or during the same time periods"). Whether a plaintiff is entitled to relief presents a fact specific inquiry dependent upon what funeral arrangements each plaintiff made, the factual circumstances regarding the cremation of the body of that plaintiff's decedent and the nature of the personal and emotional loss suffered.

In light of these and other factors, this court finds in its discretion that permissive joinder under Rule 20(a) is inadvisable. See, e.g., Black v. UnumProvident Corp., 245 F.Supp.2d 194, 200 (D.Me. 2003) (joinder inappropriate because, although the plaintiffs uniformly allege a "right to benefits under the same section of ERISA, each claim for benefits involves different people, diagnoses, doctors, treatments and claim files"); Ghaly v. U.S. Department of Agriculture, 228 F.Supp.2d 283, 292-293 (S.D.N.Y. 2002) (refusing to join three additional plaintiffs to whistle blower suit even though allegations involved same investigation into falsification of time sheets); see generally Reed v. American Medical Security Group, Inc., 324 F.Supp.2d 798, 805 (S.D.Miss. 2004) (interpreting parallel state joinder rule and finding a misjoinder because, although the plaintiffs purchased same insurance policy, they "did so under

different circumstances and with a different understanding of his or her policy based on allegedly different misrepresentations or omissions by different agents at different times").

## CONCLUSION

In light of the foregoing discussion, the motion to amend (Docket Entry # 105) is **ALLOWED** to the extent that plaintiffs may add the necessary allegations to set forth diversity jurisdiction and to conform the complaint to the parties' stipulations and the Report and Recommendation.  The motion is otherwise **DENIED** including the addition of the eight proposed plaintiffs. Plaintiffs shall serve all defendants with a revised proposed amended complaint in conformity with this opinion and thereafter file the amended complaint with a cover letter.[2]

                                                /s/ Marianne B. Bowler
                                                **MARIANNE B. BOWLER**
                                                United States Magistrate Judge

---

[2] It is also inappropriate at this juncture to continue captioning an amended complaint with the name of Alan C. Andersen, a dismissed plaintiff.