UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

EDWARD C. GALVIN, JR., et. al.,

    Plaintiffs,

v.                                              No. 05-11904-RCL

BAYVIEW CREMATORY, LLC, et. al.,

    Defendants.

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COME the Plaintiffs, by and through their undersigned counsel, pursuant to Local Rule 7.1(b)(2), and file this Response to the Defendants' Joint Motion to Strike Plaintiffs' First Amended Complaint by stating in response thereto as follows:

1. On August 21, 2007, the Plaintiffs, as previously directed by the Court,[1] filed their Motion to Amend Complaint, attaching their proposed First Amended Complaint thereto as an exhibit.

2. The only objection made by the "Bayview Defendants" (Docket Entry #106) was to the addition of new Plaintiffs.

3. As they have been doing since taking over the representation on this action, Plaintiffs' undersigned counsel sought to streamline and refine the allegations of the Complaint by eliminating a previously pled cause of action and by including further

---

[1] See Report and Recommendations (Docket Entry #130).

1

specificity necessary to accomplish the task of converting a class action pleading into a consolidated claim pleading.

4. Neither in their Opposition nor at the status conference hearing on September 14, 2007, did any of the Defendants raise an issue with the allegations of the proposed First Amended Complaint. If anything, the revised allegations afforded all of the Defendants with greater notice, specificity and understanding regarding the factual basis for Plaintiffs' claims.

5. On September 21, 2007, this Court entered its Order (Docket #109) permitting the amendment but denying the inclusion of the proposed additional Plaintiffs to whom Defendants objected.

6. As required by the foregoing Order, Plaintiffs' counsel removed any reference to the proposed additional Plaintiffs and filed and served the Proposed First Amended Complaint as their First Amended Complaint, otherwise unchanged from the form it was in as an exhibit to Plaintiffs' Motion to Amend Complaint.

7. Accordingly, Defendants have waived any right to object to the First Amended Complaint as filed.

8. Even if Defendants did timely object, it would have been inappropriate to deny the amendments to which Defendants now object.

9. Although Defendants have filed their Motion to Strike under F.R.C.P. 12(f), they do not single out any particular allegations nor do they explain why they believe any of the allegations are "redundant, immaterial, [or] impertinent". As such, the motion lacks the particularity required by F.R.C.P. 7(b)(1) and Plaintiffs are unable to

address such unsubstantiated claims. Accordingly, Defendant's Motion should be denied for lack of particularity.

## **ARGUMENT**

*DEFENDANTS' OBJECTIONS HAVE BEEN WAIVED*

The time to object to the proposed amendments to Plaintiffs' Complaint was at the time the proposed First Amended Complaint was proffered and attached to Plaintiffs' Motion to Amend. At that time, the analysis would have been conducted under F.R.C.P. 15(a). Thereunder, the Court has discretion in deciding whether leave is appropriate, and leave should be freely given "when justice so requires." F.R.C.P. 15(a); *see Jamieson v. Shaw,* 772 F.2d 1205, 1208 (5th Cir.1985). In deciding whether to grant leave, the Court ... may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 566 (5th Cir.2003).

In the present case, Defendants do not contend, nor did the Court previously find, that Plaintiffs have delayed in seeking leave to amend or that Plaintiffs sought to amend in bad faith or with dilatory motive. Plaintiffs promptly requested leave pursuant to the Court's July 19, 2007 Order. Furthermore, Plaintiffs had not previously sought leave to amend, so Plaintiffs' request did not present an instance of a repeated failure to correct previous deficiencies. In addition, no Defendants are claiming that they have been prejudiced by the amended pleading. Plaintiffs' proposed amendments were all

predicated on the same factual allegations as their prior Complaint. Moreover, rather than seeking to add legal theories to their Complaint, Plaintiffs instead remove a cause of action from the First Amended Complaint and more particularize their factual allegations. Consequently, Defendants would not be burdened with the task of undertaking additional discovery based on the amended pleading. Finally, futility is not an issue because the new matter is not a cause of action but rather factual allegations.

Had the Defendants objected to the new factual allegations contained in the proposed First Amended Complaint, it would have been appropriate to engage in the foregoing analysis. Plaintiffs submit that even if they were timely made, such objections should have been overruled. Nevertheless, Defendants attempts to make those objections now under the guise of a F.R.C.P. 12(f) Motion to Strike are "too little too late" – such objections having already been waived.

*DEFENDANTS' MOTION TO STRIKE IS INSUFFICIENT*

F.R.C.P. 7(b)(1) provides:

**(b) Motions and Other Papers.**

**(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.**

F.R.C.P. 12(f) states:

**Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:**
**(1) on its own; or**
**(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.**

4

To meet the requirements of F.R.C.P. 7(b)(1), Defendants' Motion to Strike, purporting to seek relief under F.R.C.P. 12(f), should contain the particularity necessary to determine what information Defendants allege to be "**redundant, immaterial, impertinent, or scandalous,**" along with a basis for why the allegations to which objections are lodged should be stricken. Defendants' Motion to Strike contains no such particularity and is therefore clearly insufficient and should be denied on that basis.

*F.R.C.P. 12(f) MANDATES DENIAL OF DEFENDANTS' MOTION TO STRIKE*

Motions to Strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D.Cal.1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.") (citing sources); *United States v. 729.773 Acres of Land, More or Less, Situate in City and County of Honolulu,* 531 F.Supp. 967, 971 (D.Haw.1982) ("A motion to strike is a severe measure and it is generally viewed with disfavor." ); *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D.Cal.1996) (" [M]otions to Strike are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." ) (cites and quotes omitted). See 5C C. Wright & A. Miller, *Federal Practice and Procedure,* § 1380 (3 ed.2004); *See also Hanna v. Lane,* 610 F.Supp. 32, 34 (N.D.Ill.1985).

A motion to strike pursuant to F.R.C.P. 12(f) may only be granted by the court if the contested language constitutes an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "Redundant matter" is that

5

which "consists of allegations that constitute a needless repetition of other averments." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 704 (2d ed.1990). Matter which is "immaterial" is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (citing 5A Charles Alan Wright & Arthur R. Miller § 1382, at 706-07) (internal citations omitted). " 'Impertinent' matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id.* (citing 5A Charles Alan Wright & Arthur R. Miller § 1382, at 711). "Scandalous" matter "improperly casts a derogatory light on someone, most typically on a party to the action." 5A Charles Alan Wright & Arthur R. Miller § 1382, at 712.

If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See 5C Wright & Miller, supra, at § 1380.  Here, the preliminary allegations are all directly related to the controversy and actually serve to more closely specify the material facts as compared to the original complaint.

## *CONCLUSION*

Defendants' Motion to Strike is ill-conceived, insufficient, unsupported and dilatory and should be denied by this Court.

Dated this 12th day of October, 2007.

                                              Respectfully submitted,
                                              Plaintiffs, by their attorneys

/s/ David H. Charlip
David H. Charlip (Florida Bar No.: 329932)
Charlip Law Group, LC
1930 Harrison Street, Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 (Fax)
dcharlip@charliplawgroup.com


/s/ Lisa Debrosse-Johnson
Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
(617) 854-3740
debrossejohnson@comcast.net

**Certificate of Service**

    I HEREBY CERTIFY that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 12th day of October, 2007.

                                                    /s/ David H. Charlip
                                                    David H. Charlip
                                                    Admitted *Pro Hac Vice*