UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD C. GALVIN, JR., et al.,
    Plaintiffs,

                                     CIVIL ACTION NO.
    v.                                05-11904-RCL

BAYVIEW CREMATORY, LLC, et al.,
    Defendants.


**MEMORANDUM AND ORDER RE:**
**DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS' FIRST**
**AMENDED COMPLAINT (DOCKET ENTRY # 112); DEFENDANT**
**NEPTUNE SOCIETY, INC.'S MOTION FOR LEAVE TO JOIN**
**DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS'**
**FIRST AMENDED COMPLAINT**
**(DOCKET ENTRY # 113)**

**October 19, 2007**

**BOWLER, U.S.M.J.**

      Defendants Bayview Crematory, LLC, Linda Stokes, Lawrence

Stokes, Hart-Wallace Funeral Home, Simplicity Burial & Cremation,

Inc., f/k/a Oceanside Family Funeral Home and Derek A. Wallace

("the Bayview defendants") as well as defendant Neptune Society,

Inc. ("Neptune")[1] move to strike the first amended complaint

filed by plaintiffs Edward C. Galvin, Jr., Patricia Hannigan,

Kathleen and Tara McDonough and Eleanor Poole ("plaintiffs").

(Docket Entry # 112).  After conducting a hearing on October 18,

2007, this court took the motion (Docket Entry # 112) under

advisement.

---

      [1]  Neptune filed a motion for leave to join the motion of
the Bayview defendants (Docket Entry # 113) which this court
allows.

PROCEDURAL BACKGROUND

The July 19, 2007 Report and Recommendation directed plaintiffs to seek leave to amend the original complaint to allege the necessary diversity and conform the complaint to the stipulations of the parties. One of those stipulations was to withdraw the class allegations. Plaintiffs thereafter filed a motion for leave to amend the complaint which, in addition to the foregoing, proposed adding eight new plaintiffs. The proposed first amended complaint eliminated the class allegations as well as Count I in the original complaint. It also added and reorganized various facts set forth in a section captioned "Preliminary Allegations."

The Bayview defendants expressly opposed the addition of the eight new plaintiffs but did not object to the addition and reorganization of various facts. (Docket Entry # 106). On September 21, 2007, this court allowed the motion for leave to amend to the extent of adding allegations to set forth diversity and conform the complaint to the parties' stipulations. The September 21, 2007 Order otherwise denied the motion including the addition of the eight new plaintiffs. (Docket Entry # 109).

The Bayview defendants and Neptune (collectively: "defendants") presently seek to strike the factual allegations appearing in the preliminary allegations section. They also complain about "additional revisions and additions to the various Counts." (Docket Entry # 106). They maintain that the additions

2

violate the September 21, 2007 Order (Docket Entry # 109) and ask
this court to strike the allegations pursuant to Rule 12(f), Fed.
R. Civ. P. ("Rule 12(f)").  (Docket Entry # 112).


<u>DISCUSSION</u>

The additional factual allegations do not violate the
September 21, 2007 Order.  <u>See</u> <u>generally</u> <u>Iacobucci v. Boulter</u>,
193 F.3d 14, 19 (1st Cir. 1999) ("trial court ordinarily is the
best expositor of its own orders" and deferring to district
judge's interpretation of her own order).  At most, they provide
specificity and conform the complaint to eliminate class
allegations.  Any such additional specificity to the counts does
not contravene the Order.

Rule 12(f) also fails to provide the relief defendants seek.
Although this court has "considerable discretion" to strike
redundant, immaterial, impertinent or scandalous matter,
<u>Alvarado-Morales v. Digital Equipment Corporation</u>, 843 F.2d 613,
617 (1st Cir. 1988), motions to strike are generally "disfavored
in practice, and not calculated readily to invoke the court's
discretion."  <u>Boreri v. Fiat</u>, 763 F.2d 17, 23 (1st Cir. 1985);
<u>accord</u> <u>Fundi v. Citizens Bank of Rhode Island</u>, 2007 WL 2407106 at
* 3 (D.R.I. Aug. 22, 2007) ("motions under Rule 12(f) are viewed
with disfavor by the federal courts and are infrequently
granted"); <u>Morris v. Gilbert</u>, 649 F.Supp. 1491, 1498 (E.D.N.Y.
1986) (motions to strike are "not favored, often being considered

3

time wasters"). Oftentimes, courts require a showing of prejudice, see S.E.C. v. Durgarian, 477 F.Supp.2d 342, 360 (D.Mass. 2007) ("Rule 12(f) motions are not typically granted without a showing of prejudice to the moving party"); accord Fundi v. Citizens Bank of Rhode Island, 2007 WL 2407106 at * 3 (D.R.I. Aug. 22, 2007) ("motions to strike are rarely granted absent a showing of prejudice to the moving party"), which is notably absent in the case at bar.

Finally, motions to strike are usually denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." DeMoulis v. Sullivan, 1993 WL 81500 at * 5 (D.Mass. February 26, 1993); In Re Paul Sriberg, 49 B.R. 80, 81 (D.Mass. 1984) (motion will be denied "unless the allegations clearly have no bearing in the matter being litigated"). Not only is there an absence of sufficient prejudice, the factual allegations in the first amended complaint are neither redundant nor otherwise unrelated to the controversy.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion to strike (Docket Entry # 112) is **DENIED**. Neptune's motion for leave to join the motion to strike (Docket Entry # 113) is **ALLOWED**. Defendants are directed to file a responsive pleading to the first amended complaint (Docket Entry # 110) on or before

October 29, 2007.


                                    __/s/ Marianne B. Bowler_____
                                    **MARIANNE B. BOWLER**
                                    United States Magistrate Judge