UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

EDWARD C. GALVIN, JR., PATRICIA
HANNIGAN, KATHLEEN
MCDONOUGH, TARA MCDONOUGH,
and ELEANOR POOLE

Plaintiffs,

v.

BAYVIEW CREMATORY, LLC, DEREK
A. WALLACE, LINDA STOKES,
LARRY STOKES, HAMEL, WICKENS
& TROUPE FUNERAL HOME, INC.,
ROGER HAMEL, HART-WALLACE
FUNERAL HOME, NEPTUNE
SOCIETY, INC., AND HART-
WALLACE BURIAL & CREMATION,
INC.,

Defendants.

CIVIL ACTION NO. 05-11904-RCL

## ANSWER OF THE DEFENDANT, HART-WALLACE FUNERAL HOME, TO THE PLAINTIFFS' AMENDED COMPLAINT

The defendant, Hart-Wallace Funeral Home ("Hart-Wallace"), hereby answers the

Amended Complaint of the plaintiffs, Edward Galvin, Jr., Patricia Hannigan, Kathleen

McDonough, Tara McDonough, and Eleanor Poole (referred to collectively as the "plaintiffs"),

as follows:

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

1

## The Parties

1.      Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

2.      Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3.      Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

4.      Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5.      Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6.      Hart-Wallace admits that Bayview Crematory, LLC is a limited liability company originally formed in the State of New Hampshire with a principal place of business in the State of New Hampshire.  Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Amended Complaint.

7.      Hart-Wallace admits the allegations set forth in paragraph 7 of the Amended Complaint.

8.      Hart-Wallace admits the allegations set forth in paragraph 8 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA  01852
978.452.0522
FAX 978.452.0482

2

9.    Hart-Wallace admits the allegations set forth in paragraph 9 of the Amended Complaint.

10.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12.    Hart-Wallace admits that Hart-Wallace Funeral Home is a d/b/a of Wallace Enterprises, Inc., a Massachusetts corporation with a principal place of business in the Commonwealth of Massachusetts, and denies the remaining allegations set forth in paragraph 12 of the Amended Complaint.

13.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14.    Hart-Wallace admits the allegations set forth in paragraph 14 of the Amended Complaint.

### Jurisdiction and Venue

15.    Paragraph 15 of the Amended Complaint contains statements and/or conclusions of law for which no answer is required.  To the extent an answer is required, Hart-Wallace denies the allegations set forth in paragraph 15 of the Amended Complaint.

16.    Hart-Wallace denies the allegations set forth in paragraph 16 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA  01852
978.452.0522
FAX 978.452.0482

3

17.     Hart-Wallace denies the allegations set forth in paragraph 17 of the Amended Complaint.

### Preliminary Allegations

18.     Hart-Wallace admits that Linda Stokes, as Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts (hereinafter "Dekes Realty Trust"), held the legal title to the real estate located in Rockingham County, New Hampshire, upon which the Bayview Crematory was built, and denies the remaining allegations set forth in paragraph 18 of the Amended Complaint.

19.     Hart-Wallace admits that Derek Wallace was the sole beneficiary of the Dekes Realty Trust at the time title to the real estate was acquired and at the time the Bayview Crematory was built and denies the remaining allegations set forth in paragraph 19 of the Amended Complaint.

20.     Hart-Wallace denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.     Hart-Wallace admits that Mr. Stokes participated in the management and supervision of the construction of Bayview Crematory and denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.     Hart-Wallace admits that Bayview Crematory, LLC was organized as a New Hampshire Limited Liability Company in January 2000 and that Derek Wallace was the sole manager and member of Bayview Crematory, LLC from the date of its organization until

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

4

September 2002, and denies the remaining allegations set forth in paragraph 22 of the Amended Complaint.

23.     Hart-Wallace denies the allegations set forth in paragraph 23 of the Amended Complaint.

24.     Hart-Wallace denies the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Hart-Wallace denies the allegations set forth in paragraph 25 of the Amended Complaint.

26.     Hart-Wallace denies the allegations set forth in paragraph 26 of the Amended Complaint.

27.     Hart-Wallace denies the allegations set forth in paragraph 27 of the Amended Complaint.

28.     Hart-Wallace admits that Derek Wallace was in control of the day-to-day operations of the Bayview Crematory from the commencement of its operations until September 2002 and denies the remaining allegations set forth in paragraph 28 of the Amended Complaint.

29.     Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint.

30.     Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint.

31.     Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

32.    Hart-Wallace admits the allegations set forth in paragraph 32 of the Amended Complaint.

33.    Hart-Wallace denies the allegations set forth in paragraph 33 of the Amended Complaint.

34.    Paragraph 34 contains statements and conclusions of law for which no answer is required. To the extent an answer is required, Hart-Wallace denies the allegations set forth in paragraph 34 of the Amended Complaint.

35.    Hart-Wallace denies the allegations set forth in paragraph 35 of the Amended Complaint.

36.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint.

37.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint.

38.    Hart-Wallace admits the allegations set forth in paragraph 38 of the Amended Complaint.

39.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint.

40.    Hart-Wallace denies the allegations set forth in paragraph 40 of the Amended Complaint.

41.    Hart-Wallace denies the allegations set forth in paragraph 41 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

6

42.    Hart-Wallace denies the allegations set forth in paragraph 42 of the Amended Complaint.

43.    Hart-Wallace denies the allegations set forth in paragraph 43 of the Amended Complaint.

44.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint.

45.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint.

46.    Hart-Wallace denies the allegations set forth in paragraph 46 of the Amended Complaint.

47.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint.

48.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Amended Complaint.

49.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint.

50.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint.

51.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

52.     Hart-Wallace admits that the Bayview Crematory never reopened after February 23, 2005 and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 52 of the Amended Complaint.

53.     Hart-Wallace denies the allegations set forth in paragraph 53 of the Amended Complaint.

54.     Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55.     Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint.

56.     Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint.

57.     Hart-Wallace admits that Derek Wallace formed a business entity known as Professional Mortuary Assistance, which provided mortuary trade services to funeral homes and others and denies the remaining allegations set forth in paragraph 57 of the Amended Complaint.

58.     Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint.

59.     Hart-Wallace denies the allegations set forth in paragraph 59 of the Amended Complaint.

60.     Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

8

61.     Hart-Wallace denies the allegations set forth in paragraph 61 of the Amended Complaint.

62.     Hart-Wallace denies the allegations set forth in paragraph 62 of the Amended Complaint.

63.     Hart-Wallace denies the allegations set forth in paragraph 63 of the Amended Complaint as currently phrased.

64.     Hart-Wallace admits that human remains should be handled with decorum and respect and denies the remaining allegations set forth in paragraph 64 of the Amended Complaint.

65.     Hart-Wallace admits that due diligence should be accorded in handling human remains and denies the remaining allegations set forth in paragraph 65 of the Amended Complaint.

66.     Hart-Wallace admits that a legal, professional, and ethical manner should be accorded in handling human remains and denies the remaining allegations set forth in paragraph 66 of the Amended Complaint.

67.     Hart-Wallace admits that due diligence should be accorded in handling human remains and denies the remaining allegations set forth in paragraph 67 of the Amended Complaint.

68.     Hart-Wallace denies the allegations set forth in paragraph 68 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

69.    Hart-Wallace admits that due diligence should be accorded in handling human remains and denies the remaining allegations set forth in paragraph 69 of the Amended Complaint.

70.    Hart-Wallace denies the allegations set forth in paragraph 70 of the Amended Complaint.

71.    Hart-Wallace admits that due diligence should be accorded in handling human remains and denies the remaining allegations set forth in paragraph 71 of the Amended Complaint.

72.    Hart-Wallace admits that due diligence should be accorded in handling human remains and denies the remaining allegations set forth in paragraph 72 of the Amended Complaint.

73.    Hart-Wallace admits that due diligence should be accorded in handling human remains and denies the remaining allegations set forth in paragraph 73 of the Amended Complaint.

74.    Hart-Wallace admits that human remains should be handled with dignity and respect and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 74 of the Amended Complaint.

75.    Hart-Wallace denies the allegations set forth in paragraph 75 of the Amended Complaint.

76.    Hart-Wallace denies the allegations set forth in paragraph 76 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

77.     Hart-Wallace denies the allegations set forth in paragraph 77 of the Amended Complaint.

78.     Hart-Wallace denies the allegations set forth in paragraph 78 of the Amended Complaint.

79.     Hart-Wallace denies the allegations set forth in paragraph 79 of the Amended Complaint.

80.     Hart-Wallace denies the allegations set forth in paragraph 80 of the Amended Complaint.

81.     Hart-Wallace denies the allegations set forth in paragraph 81 of the Amended Complaint.

82.     Hart-Wallace denies the allegations set forth in paragraph 82 of the Amended Complaint.

83.     Hart-Wallace denies the allegations set forth in paragraph 83 of the Amended Complaint as currently phrased.

84.     Hart-Wallace denies the allegations set forth in paragraph 84 of the Amended Complaint as currently phrased.

85.     Hart-Wallace denies the allegations set forth in paragraph 85 of the Amended Complaint as currently phrased.

86.     Hart-Wallace denies the allegations set forth in paragraph 86 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

87.    Hart-Wallace denies the allegations set forth in paragraph 87 of the Amended Complaint as currently phrased.

88.    Hart-Wallace admits the allegations set forth in paragraph 88 of the Amended Complaint.

89.    Hart-Wallace denies the allegations set forth in paragraph 89 of the Amended Complaint.

90.    Hart-Wallace denies the allegations set forth in paragraph 90 of the Amended Complaint.

91.    Hart-Wallace denies the allegations set forth in paragraph 91 of the Amended Complaint.

92.    Hart-Wallace denies the allegations set forth in paragraph 92 of the Amended Complaint.

93.    Hart-Wallace denies the allegations set forth in paragraph 93 of the Amended Complaint.

94.    Hart-Wallace admits that criminal proceedings were commenced in New Hampshire against Derek Wallace and denies the remaining allegations set forth in paragraph 94 of the Amended Complaint.

95.    Hart-Wallace admits that criminal proceedings were commenced in New Hampshire against James Fuller and denies the remaining allegations set forth in paragraph 95 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

12

96.    Hart-Wallace admits that criminal proceedings were commenced in New Hampshire against Putnam Breed and denies the remaining allegations set forth in paragraph 96 of the Amended Complaint.

97.    Hart-Wallace admits that a criminal investigation of Bayview Crematory was conducted by New Hampshire authorities and denies the remaining allegations set forth in paragraph 97 of the Amended Complaint.

98.    Hart-Wallace denies the allegations set forth in paragraph 98 of the Amended Complaint.

99.    Hart-Wallace denies the allegations set forth in paragraph 99 of the Amended Complaint.

100.    Hart-Wallace denies the allegations set forth in paragraph 100 of the Amended Complaint.

101.    Hart-Wallace admits that criminal proceedings were commenced in New Hampshire against Derek A. Wallace, James Fuller, and Dr. Putnam Breed and denies the remaining allegations set forth in paragraph 101 of the Amended Complaint.

102.    Hart-Wallace admits that criminal proceedings were commenced in New Hampshire against Derek A. Wallace and Bayview Crematory and denies the remaining allegations set forth in paragraph 102 of the Amended Complaint.

103.    Hart-Wallace admits that criminal proceedings were commenced in New Hampshire against James Fuller and denies the remaining allegations set forth in paragraph 103 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

104. Hart-Wallace admits that criminal proceedings were commenced in New Hampshire against Linda Stokes and Larry Stokes and denies the remaining allegations set forth in paragraph 104 of the Amended Complaint.

105. Hart-Wallace denies the allegations set forth in paragraph 105 of the Amended Complaint.

106. Hart-Wallace denies the allegations set forth in paragraph 106 of the Amended Complaint.

107. Hart-Wallace denies the allegations set forth in paragraph 107 of the Amended Complaint.

108. Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Amended Complaint.

109. Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Amended Complaint.

110. Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Amended Complaint.

111. Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Amended Complaint.

112. Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Amended Complaint.

113. Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW
BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

114.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Amended Complaint.

115.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Amended Complaint.

116.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Amended Complaint.

117.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Amended Complaint.

118.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Amended Complaint.

119.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Amended Complaint.

120.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Amended Complaint.

121.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Amended Complaint.

122.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Amended Complaint.

123.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

124.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Amended Complaint.

125.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Amended Complaint.

126.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the Amended Complaint.

127.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the Amended Complaint.

### Count I
### Breach of Contract
### (Funeral Home Defendants)

128.    Hart-Wallace adopts by reference its answers to the allegations set forth in paragraphs 1 through 130 of the Amended Complaint.

129.    Paragraph 129 of the Amended Complaint contains statements and/or conclusions of law for which no answer is required.  To the extent an answer is required, Hart-Wallace denies the allegations set forth in paragraph 129 of the Amended Complaint.

130.    Hart-Wallace denies the allegations set forth in paragraph 130 of the Amended Complaint.

131.    Hart-Wallace denies the allegations set forth in paragraph 131 of the Amended Complaint.

132.    Hart-Wallace denies the allegations set forth in paragraph 132 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

16

133.    Hart-Wallace denies the allegations set forth in paragraph 133 of the Amended Complaint.

134.    Hart-Wallace denies the allegations set forth in paragraph 134 of the Amended Complaint.

135.    Hart-Wallace denies the allegations set forth in paragraph 135 of the Amended Complaint.

136.    Hart-Wallace denies the allegations set forth in paragraph 136 of the Amended Complaint.

**WHEREFORE**, Hart-Wallace moves that Count I of the Amended Complaint be dismissed and that judgment enter for Hart-Wallace along with costs and reasonable attorneys' fees.

### Count II
### Breach of Fiduciary Duty
### (All Defendants)

137.    Hart-Wallace adopts by reference its answers to the allegations set forth in paragraphs 1 through 130 of the Amended Complaint.

138.    Paragraph 138 of the Amended Complaint contains statements and/or conclusions of law for which no answer is required. To the extent an answer is required, Hart-Wallace denies the allegations set forth in paragraph 138 of the Amended Complaint.

139.    Hart-Wallace denies the allegations set forth in paragraph 139 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

140.    Hart-Wallace admits that human remains should be handled with dignity and respect and denies the remaining allegations set forth in paragraph 140 of the Amended Complaint.

141.    Hart-Wallace denies the allegations set forth in paragraph 141 of the Amended Complaint.

142.    Hart-Wallace denies the allegations set forth in paragraph 142 of the Amended Complaint.

143.    Hart-Wallace denies the allegations set forth in paragraph 143 of the Amended Complaint.

144.    Hart-Wallace denies the allegations set forth in paragraph 144 of the Amended Complaint.

145.    Hart-Wallace denies the allegations set forth in paragraph 145 of the Amended Complaint.

146.    Hart-Wallace denies the allegations set forth in paragraph 146 of the Amended Complaint.

147.    Hart-Wallace denies the allegations set forth in paragraph 147 of the Amended Complaint.

148.    Hart-Wallace denies the allegations set forth in paragraph 148 of the Amended Complaint.

149.    Hart-Wallace denies the allegations set forth in paragraph 149 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

**WHEREFORE**, Hart-Wallace moves that Count II of the Amended Complaint be dismissed and that judgment enter for Hart-Wallace along with costs and reasonable attorneys' fees.

**Count III**
**Fraud**
**(The Bayview Defendants)**

150.    Hart-Wallace adopts by reference its answers to the allegations set forth in paragraphs 1 through 130 of the Amended Complaint.

151.    Paragraph 151 of the Amended Complaint contains statements and/or conclusions of law for which no answer is required.  To the extent an answer is required, Hart-Wallace denies the allegations set forth in paragraph 151 of the Amended Complaint.

152.    Hart-Wallace denies the allegations set forth in paragraph 152 of the Amended Complaint.

153.    Hart-Wallace denies the allegations set forth in paragraph 153 of the Amended Complaint.

154.    Hart-Wallace denies the allegations set forth in paragraph 154 of the Amended Complaint.

155.    Hart-Wallace denies the allegations set forth in paragraph 155 of the Amended Complaint.

156.    Hart-Wallace denies the allegations set forth in paragraph 156 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

157.    Hart-Wallace denies the allegations set forth in paragraph 157 of the Amended Complaint.

158.    Hart-Wallace denies the allegations set forth in paragraph 158 of the Amended Complaint.

159.    Hart-Wallace denies the allegations set forth in paragraph 159 of the Amended Complaint.

160.    Hart-Wallace denies the allegations set forth in paragraph 160 of the Amended Complaint.

161.    Hart-Wallace denies the allegations set forth in paragraph 161 of the Amended Complaint.

**WHEREFORE**, Hart-Wallace moves that Count III of the Amended Complaint be dismissed and that judgment enter for Hart-Wallace along with costs and reasonable attorneys' fees.

**Count IV**
**Negligence**
**(All Defendants)**

162.    Hart-Wallace adopts by reference its answers to the allegations set forth in paragraphs 1 through 130 of the Amended Complaint.

163.    Paragraph 163 of the Amended Complaint contains statements and/or conclusions of law for which no answer is required.  To the extent an answer is required, Hart-Wallace denies the allegations set forth in paragraph 163 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

164.    Hart-Wallace denies the allegations set forth in paragraph 164 of the Amended Complaint.

165.    Hart-Wallace denies the allegations set forth in paragraph 165 of the Amended Complaint.

166.    Hart-Wallace denies the allegations set forth in paragraph 166 of the Amended Complaint.

167.    Hart-Wallace denies the allegations set forth in paragraph 167 of the Amended Complaint.

**WHEREFORE,** Hart-Wallace moves that Count IV of the Amended Complaint be dismissed and that judgment enter for Hart-Wallace along with costs and reasonable attorneys' fees.

### Count V
### Tortious Interference With A Corpse
### (All Defendants)

168.    Hart-Wallace adopts by reference its answers to the allegations set forth in paragraphs 1 through 130 of the Amended Complaint.

169.    Paragraph 169 of the Amended Complaint contains statements and/or conclusions of law for which no answer is required.  To the extent an answer is required, Hart-Wallace denies the allegations set forth in paragraph 169 of the Amended Complaint.

170.    Hart-Wallace denies the allegations set forth in paragraph 170 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

21

171.    Hart-Wallace denies the allegations set forth in paragraph 171 of the Amended Complaint.

172.    Hart-Wallace denies the allegations set forth in paragraph 172 of the Amended Complaint.

173.    Hart-Wallace denies the allegations set forth in paragraph 173 of the Amended Complaint.

174.    Hart-Wallace denies the allegations set forth in paragraph 174 of the Amended Complaint.

175.    Hart-Wallace denies the allegations set forth in paragraph 175 of the Amended Complaint.

176.    Hart-Wallace denies the allegations set forth in paragraph 176 of the Amended Complaint.

177.    Hart-Wallace is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 177 of the Amended Complaint.

178.    Hart-Wallace denies the allegations set forth in paragraph 178 of the Amended Complaint.

**WHEREFORE,** Hart-Wallace moves that Count V of the Amended Complaint be dismissed and that judgment enter for Hart-Wallace along with costs and reasonable attorneys' fees.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## Count VI
## Intentional/Reckless Infliction Of Emotional Distress
## (All Defendants)

179.    Hart-Wallace adopts by reference its answers to the allegations set forth in paragraphs 1 through 130 of the Amended Complaint.

180.    Paragraph 180 of the Amended Complaint contains statements and/or conclusions of law for which no answer is required.  To the extent an answer is required, Hart-Wallace denies the allegations set forth in paragraph 180 of the Amended Complaint.

181.    Hart-Wallace denies the allegations set forth in paragraph 181 of the Amended Complaint.

182.    Hart-Wallace denies the allegations set forth in paragraph 182 of the Amended Complaint.

183.    Hart-Wallace denies the allegations set forth in paragraph 183 of the Amended Complaint.

184.    Hart-Wallace denies the allegations set forth in paragraph 184 of the Amended Complaint.

**WHEREFORE,** Hart-Wallace moves that Count VI of the Amended Complaint be dismissed and that judgment enter for Hart-Wallace along with costs and reasonable attorneys' fees.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## Count VII
### Negligent Infliction Of Emotional Distress
### (All Defendants)

185.    Hart-Wallace adopts by reference its answers to the allegations set forth in paragraphs 1 through 130 of the Amended Complaint.

186.    Hart-Wallace denies the allegations set forth in paragraph 186 of the Amended Complaint.

187.    Hart-Wallace denies the allegations set forth in paragraph 187 of the Amended Complaint.

188.    Hart-Wallace denies the allegations set forth in paragraph 188 of the Amended Complaint.

189.    Hart-Wallace denies the allegations set forth in paragraph 189 of the Amended Complaint.

**WHEREFORE,** Hart-Wallace moves that Count VII of the Amended Complaint be dismissed and that judgment enter for Hart-Wallace along with costs and reasonable attorneys' fees.

## Count VIII
### Civil Conspiracy
### (All Defendants)

190.    Hart-Wallace adopts by reference its answers to the allegations set forth in paragraphs 1 through 130 of the Amended Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

191.  Paragraph 191 of the Amended Complaint contains statements and/or conclusions of law for which no answer is required.  To the extent an answer is required, Hart-Wallace denies the allegations set forth in paragraph 191 of the Amended Complaint.

192.  Hart-Wallace denies the allegations set forth in paragraph 192 of the Amended Complaint.

193.  Hart-Wallace denies the allegations set forth in paragraph 193 of the Amended Complaint.

194.  Hart-Wallace denies the allegations set forth in paragraph 194 of the Amended Complaint.

195.  Hart-Wallace denies the allegations set forth in paragraph 195 of the Amended Complaint.

**WHEREFORE**, Hart-Wallace moves that Count VIII of the Amended Complaint be dismissed and that judgment enter for Hart-Wallace along with costs and reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint was not brought within the time period permitted by the applicable statutes of limitations, and, therefore, the plaintiffs are barred from recovery from Hart-Wallace.

GALLAGHER & CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA  01852
978.452.0522
FAX 978.452.0482

## SECOND DEFENSE

The damages alleged by the plaintiffs resulted from the negligent act(s) or failure(s) to act of a party(ies) for whose negligent act(s) or failure(s) to act Hart-Wallace is not responsible.

## THIRD DEFENSE

The process and service of process in this action were improper and insufficient.

## FOURTH DEFENSE

The Plaintiffs have failed to mitigate their damages, if any, in a reasonable manner.

## FIFTH DEFENSE

This Court lacks jurisdiction over Hart-Wallace; wherefore, the plaintiffs may not maintain this action against Hart-Wallace.

## SIXTH DEFENSE

Even if Hart-Wallace is negligent, which it denies, then such negligence was not the proximate cause of the alleged damages but said damages were the result of an intervening and superceding cause over which Hart-Wallace had no control.

## SEVENTH DEFENSE

The plaintiffs have failed to state a cause of action upon which relief could be granted and, therefore, the Amended Complaint should be dismissed.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of estoppel, laches, release, and/or waiver.

### NINTH DEFENSE

Venue is improper and, therefore, the Amended Complaint should be dismissed.

### TENTH DEFENSE

The plaintiffs assert that to the extent that evidence has been spoliated, Hart-Wallace has been adversely affected.

### ELEVENTH DEFENSE

The plaintiffs cannot prove objective evidence of physical harm and, therefore, their claims for negligent infliction of emotional distress must be dismissed.

### TWELFTH DEFENSE

The plaintiffs suffered no damages as a result of any alleged actions on the part of Hart-Wallace and, therefore, the plaintiffs cannot recover from Hart-Wallace.

### THIRTEENTH DEFENSE

Hart-Wallace denies that any action or inaction on its behalf proximately caused any damage or injury to the plaintiff.

### FOURTEENTH DEFENSE

It was not reasonably foreseeable that the plaintiffs would suffer damages as the result of any alleged actions on the part of Hart-Wallace and, therefore, the plaintiffs cannot recover from Hart-Wallace.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

### FIFTEENTH DEFENSE

The plaintiffs' damages do not exceed $75,000.00 and, therefore, the plaintiffs' Amended Complaint must be dismissed.

### SIXTEENTH DEFENSE

The plaintiffs have not complied with Fed.R.Civ.P. 9(b) in pleading, and therefore, their claim for fraud must be dismissed.

### SEVENTEENTH DEFENSE

The plaintiffs lack standing.

**THE DEFENDANT, HART-WALLACE FUNERAL HOME, DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THE PLAINTIFFS' AMENDED COMPLAINT.**

Respectfully submitted,

_/s/ Sheryl M. Bourbeau_
Michael W. Gallagher (BBO#: 183400)
Richard E. Cavanaugh (BBO#: 557539)
Sheryl M. Bourbeau (BBO#: 564089)
Gallagher & Cavanaugh LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
Attorneys for the Defendant,
Hart-Wallace Funeral Home

Dated: 10/29/07

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as identified on
the Notice of Electronic Filing (NEF) and paper copies will be sent to
those indicated as non-registered participants on <u>10/29/07</u>.

*/s/ Sheryl M. Bourbeau*

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482