UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*******************************************
| | |
|---|---|
| Edward C. Galvin, Jr., Patricia Hannigan, | * |
| Kathleen McDonough, Tara McDonough, | * |
| Eleanor Poole | * |
| | * |
| Plaintiffs, | * |
| | * Docket No.: 05-11904 (RCL) |
| v. | * |
| | * |
| Bayview Crematory, LLC, Derek A. Wallace, | * |
| Linda Stokes, Larry Stokes, | * |
| Hamel Wickens & Troupe, Funeral Home, Inc., | * |
| Roger Hamel, Hart-Wallace, Funeral Home, | * |
| Neptune Society, Inc., Simplicity Burial | * |
| & Cremation, Inc. f/k/a Oceanside Family | * |
| Funeral Home | * |
| | * |
| Defendants. | * |

*******************************************

## DEFENDANT BAYVIEW CREMATORY, LLC'S
## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND CROSS-CLAIM

The Defendant, Bayview Crematory, LLC, hereby responds to the allegations in the Plaintiffs' First Amended Complaint and the Cross-Claim filed by the defendants Hamel, Wickens & Troupe Funeral Home, Inc. and Roger Hamel as follows:

<u>The Parties</u>

1.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Admitted.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Admitted.

9. Admitted.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Jurisdiction and Venue

15. To the extent that this paragraph requires a response, the Defendant denies any wrongdoing.

16. This paragraph is a statement of law and accordingly no response is required.

17. This paragraph is a statement of law and accordingly no response is required.

## Preliminary Allegations

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. The Defendant is without knowledge or information sufficient to form a belief as to the

   truth of the allegations in this paragraph.

21.  Admitted.

22.  The Defendant admits that Bayview Crematory was a New Hampshire Limited Liability Company and that from its organization until September 2005 Derek Wallace was the manager and member but denies the remaining allegations in this paragraph.

23.  The Defendant denies the allegations in this paragraph.

24.  The Defendant denies the allegations in this paragraph.

25.  The Defendant denies the allegations in this paragraph.

26.  The Defendant denies the allegations in this paragraph.

27.  The Defendant denies the allegations in this paragraph.

28.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32.  Admitted.

33.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34.  The Defendant denies the allegations in this paragraph.

35.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.  Admitted.

37.  The Defendant denies the allegations in this paragraph.

38.  The Defendant admits that Bayview Crematory issued cremation certificates as part of its business practices, but denies the remaining allegations in this paragraph.

39. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. The Defendant denies the allegations in this paragraph.

41. The Defendant denies the allegations in this paragraph.

42. The Defendant denies the allegations in this paragraph.

43. The Defendant denies the allegations in this paragraph.

44. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46. The Defendant admits that Linda Stokes performed some bookkeeping for Bayview Crematory, but denies the remaining allegations in this paragraph.

47. Except to admit that law enforcement authorities came to Bayview Crematory, LLC on February 16, 2005, the remainder of the allegations this paragraph are denied.

48. The Defendant denies the allegations in this paragraph.

49. The Defendant denies the allegations in this paragraph.

50. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. The Defendant admits that law enforcement authorities conducted a search at Bayview on February 23, 2005. The Defendant denies the remaining allegations in this paragraph.

52. Admitted.

53. The Defendant denies the allegations in this paragraph.

54. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

57. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. The Defendant denies the allegations in this paragraph.

60. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61. The Defendant denies the allegations in this paragraph.

62. The Defendant denies the allegations in this paragraph.

63. This paragraph purports to be an excerpt from a published newspaper article. No response is required.

64. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as the term "ethical code" is vague and undefined.

65. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

67. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70. The Defendant denies the allegations in this paragraph.

71. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

73. The Defendant is without knowledge or information sufficient to form a belief as to the

        truth of the allegations in this paragraph.

74.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

75.      The Defendant denies the allegations in this paragraph.

76.      The Defendant denies the allegations in this paragraph.

77.      The Defendant denies the allegations in this paragraph.

78.      The Defendant denies the allegations in this paragraph.

79.      The Defendant denies the allegations in this paragraph.

80.      The Defendant denies the allegations in this paragraph.

81.      The Defendant denies the allegations in this paragraph.

82.      The Defendant denies the allegations in this paragraph.

83.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

84.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

85.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

86.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

87.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

88.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

89.      The Defendant denies the allegations in this paragraph.

90.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

91.      The Defendant denies the allegations in this paragraph. To the extent this paragraph contains an excerpt from a published newspaper article, no response is required.

92. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

93. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

94. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

95. Admitted.

96. Admitted.

97. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

98. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

99. The Defendant denies the allegations in this paragraph.

100. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

101. Admitted.

102. Admitted.

103. Admitted.

104. Admitted.

105. The Defendant denies the allegations in this paragraph.

106. The Defendant denies the allegations in this paragraph.

107. The Defendant denies the allegations in this paragraph.

108. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

109. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

110. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

111. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

112. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

113. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

114. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

115. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

116. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

117. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

118. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

119. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

120. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

121. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

122. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

123. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

124. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

125. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

126. The Defendant is without knowledge or information sufficient to form a belief as to the

   truth of the allegations in this paragraph.

127. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Count I
## Breach of Contract
## (Funeral Home Defendants)

128. – 136. The allegations contained in these paragraphs are not directed at this Defendant, therefore no response is required.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## Count II
## Breach of Fiduciary Duty
## (All Defendants)

137. This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

138. This paragraph is a statement of law to which no response is required.

139. The Defendant denies the allegations in this paragraph.

140. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph in that "each and every act of the process" is vague and undefined.
.

141. The Defendant denies the allegations in this paragraph.

142. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

143. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

144. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

145. The Defendant denies the allegations in this paragraph.

146. The Defendant denies the allegations in this paragraph.

147. The Defendant denies the allegations in this paragraph.

148.   The Defendant denies the allegations in this paragraph.

149.   The Defendant denies the allegations in this paragraph.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

### Count III
### Fraud
### (The Bayview Defendants)

150.   This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

151.   The Defendant denies the allegations in this paragraph.

152.   The Defendant denies the allegations in this paragraph.

153.   The Defendant denies the allegations in this paragraph.

154.   The Defendant denies the allegations in this paragraph.

155.   The Defendant denies the allegations in this paragraph.

156.   The Defendant denies the allegations in this paragraph.

157.   The Defendant denies the allegations in this paragraph.

158.   The Defendant denies the allegations in this paragraph.

159.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

160.   The Defendant denies the allegations in this paragraph.

161.   The Defendant denies the allegations in this paragraph.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

### Count IV
### Negligence
### (All Defendants)

162.   This Defendant repeats and incorporates its answers to the preceding counts as though

      more fully set forth at length herein.

163.     The Defendant denies the allegations in this paragraph.

164a –k. The Defendant denies the allegations in this paragraph.

165a-k. The Defendant denies the allegations in this paragraph.

166.     The Defendant denies the allegations in this paragraph.

167.     The Defendant denies the allegations in this paragraph.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## Count V
## Tortious Interference With A Corpse
## (All Defendants)

168.     This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

169.     The Defendant denies the allegations in this paragraph.

170.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

171.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

172.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

173.     The Defendant denies the allegations in this paragraph.

174.     The Defendant denies the allegations in this paragraph.

175.     The Defendant denies the allegations in this paragraph.

176.     The Defendant denies the allegations in this paragraph.

177.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

178. The Defendant denies the allegations in this paragraph.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## Count VI
### Intentional/Reckless Infliction Of Emotional Distress
### (All Defendants)

179. This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

180. This paragraph is a statement of law to which no response is required.

181. The Defendant denies the allegations in this paragraph.

182. The Defendant denies the allegations in this paragraph.

183. The Defendant denies the allegations in this paragraph.

184. The Defendant denies the allegations in this paragraph.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## Count VII
### Negligent Infliction Of Emotional Distress
### (All Defendants)

185. This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

186l-v. The Defendant denies the allegations in this paragraph.

187l-v. The Defendant denies the allegations in this paragraph.

188. The Defendant denies the allegations in this paragraph.

189. The Defendant denies the allegations in this paragraph.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## Count VIII
### Civil Conspiracy
### (All Defendants)

190.   This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

191.   This paragraph is a statement of law to which no response is required.

192.   The Defendant denies the allegations in this paragraph

193.   The Defendant denies the allegations in this paragraph

194.   The Defendant denies the allegations in this paragraph

195.   The Defendant denies the allegations in this paragraph

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiffs' complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant states that service of process was insufficient.

### THIRD DEFENSE

The complaint must be dismissed for lack of subject matter jurisdiction.

### FOURTH DEFENSE

The complaint must be dismissed for improper venue.

### FIFTH DEFENSE

The complaint should be dismissed for insufficiency of service of process.

### SIXTH DEFENSE

To the extent that the physical evidence has been spoliated as a result of the plaintiffs' actions, the Defendant has been prejudiced and the complaint should be dismissed.

### SEVENTH DEFENSE

The action is barred by the applicable statute of limitations.

### EIGHTH DEFENSE

This court lacks personal jurisdiction over the defendants.

### NINTH DEFENSE

If the plaintiffs suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not, and is not, legally responsible.

### TENTH DEFENSE

If the plaintiffs and/or the plaintiffs' decedent suffered injuries or damage, as alleged, such injuries or damage were caused by the superceding, intervening conduct of a third party for whom the defendant is not legally responsible.

### ELEVENTH DEFENSE

This action is barred by the doctrine of a prior pending action where claims of the same right allegedly infringed by the same wrong and which would involve the same evidence have been asserted in Essex Superior Court in Massachusetts, Civil Action No. 05-789C, <u>Anzalone, et al. v. Bayview Crematory, LLC, et al.</u>, filed on May 11, 2005 and <u>Ellis, et al. v. Bayview Crematory, LLC, et al</u>, Rockingham County Superior Court, New Hampshire, Civil Action No. 05-C-350.

### TWELTH DEFENSE

The plaintiffs cannot prove objective evidence of physical harm and therefore the claims for negligent infliction of emotional distress must be dismissed.

### THIRTEENTH DEFENSE

The plaintiffs suffered no damages as the result of any alleged actions on the part of the defendant and therefore the plaintiffs cannot recover.

### FORTEENTH DEFENSE

It was not reasonably foreseeable that the plaintiffs would suffer damages as the result of the defendant's actions as alleged by the plaintiffs and therefore the plaintiffs cannot recover.

### FIFTEENTH DEFENSE

The plaintiffs provided authorization to the defendant and therefore the defendant is not in breach of any contract, nor was it negligent or in violation of any regulation or act and therefore the plaintiffs cannot recover.

### SIXTENTH DEFENSE

The plaintiffs' complaint is barred by the doctrines of estoppel, laches, relief or waiver.

### SEVENTEETH DEFENSE

The plaintiffs have failed to mitigate their damages.

### EIGHTEENTH DEFENSE

The plaintiffs have not properly pleaded fraud pursuant to the requirements of Fed.R.Civ.P. 9(b). Accordingly, the fraud claim should be dismissed.

### NINETEENTH DEFENSE

The plaintiffs lack standing to bring these claims.

WHEREFORE, Defendant Bayview Crematory, LLC demands judgment against the plaintiffs and further demands that said action be dismissed.

## DEMAND FOR TRIAL BY JURY

The Defendant demands a trial by jury on all issues so triable.

## ANSWER TO CROSSCLAIM FILED BY HAMEL WICKENS & TROUPE FUNERAL HOME, INC. AND ROGER HAMEL

### COUNT I
**(Contribution)**

1. The Defendant denies the allegations in this paragraph

2. The Defendant denies the allegations in this paragraph.

WHEREFORE, Defendant Bayview Crematory, LLC demands that said cross-claim be dismissed.

### COUNT II
**(Breach of Contract)**

3. The Defendant denies the allegations in this paragraph.

4. The Defendant denies the allegations in this paragraph.

WHEREFORE, Defendant Bayview Crematory, LLC demands that said cross-claim be dismissed.

## COUNT III
### (Common Law Indemnification)

5. The Defendant denies the allegations in this paragraph.

WHEREFORE, Defendant Bayview Crematory, LLC demands that said cross-claim be dismissed.

## AFFIRMATIVE DEFENSES

Defendant incorporates and asserts by reference the affirmative defenses raised in response to plaintiffs' First Amended Complaint.

## DEMAND FOR TRIAL BY JURY

The Defendant demands a trial by jury on all issues so triable.

                                  Respectfully submitted,
                                  BAYVIEW CREMATORY, LLC.
                                  By its Attorney,

Date: October 29, 2007                  /s/ Dona Feeney
                                  Dona Feeney, Esquire
                                  BBO# 600749
                                  GETMAN, STACEY,
                                  SCHULTHESS & STEERE, P.A.
                                  Three Executive Park Drive – Suite 9
                                  Bedford, NH 03110
                                  (603) 634-4300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been forwarded to the following counsel of record via electronic filing:

Michael E. Okolita, Esquire
Donald E. Feener & Associates
120 Front Street – Suite 310
Worcester, MA  01608


Grant S. Palmer, Esquire
John J. DiChello, Esquire
Blank Rome LLP

One Logan Square
Philadelphia, PA 19103

Theodore M. Hess-Mahan, Esquire
Thomas G. Shapiro, Esquire
Shapiro, Haber & Urmy LLP
53 State Street
Boston, MA 02109

Samuel H. Rudman, Esquire
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
200 Broadhollow Road – Suite 406
Melville, NY 11747

Richard Cavanaugh, Esquire
Gallagher & Cavanaugh
1 Foot of John Street
Lowell, MA 01852

Mandi Jo Hanneke, Esquire
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA 02142

Joseph M. Desmond, Esquire
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

Bradley A. MacDonald, Esquire
Cummings, King & MacDonald
One Gateway Center – Suite 351
Newton, MA 02458

Brian K. Walsh, Esquire
Roberta Fitzpatrick, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

George E. Clancy, Esquire
Fuller, Rosenberg, Palmer & Beliveau
340 Main Street – Suite 817
Worcester, MA 01608

Robert A. Curley, Jr., Esquire
Curley & Curley, PC

27 School Street
Boston, MA  02108

American Cremation Society, Inc.
385 Washington Street
Haverhill, MA  01832

Neptune Society, Inc.
4312 Woodman Avenue – 3rd Floor
Sherman Oaks, CA  91423

Simplicity Burial & Cremation, Inc.
f/k/a Oceanside Family Funeral Home
287 High Street
Newburyport, MA  01950


                 /s/ Dona Feeney_____
October 29, 2007              Dona Feeney

F:\DFeeney\6364\05726\Andersen\Motions\Answer to Galvin Amended Complaint.doc