## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

EDWARD C. GALVIN, JR., PATRICIA
HANNIGAN, KATHLEEN
MCDONOUGH, TARA MCDONOUGH,
and ELEANOR POOLE

Plaintiffs,

v.

BAYVIEW CREMATORY, LLC, DEREK
A. WALLACE, LINDA STOKES,
LARRY STOKES, HAMEL, WICKENS
& TROUPE FUNERAL HOME, INC.,
ROGER HAMEL, HART-WALLACE
FUNERAL HOME, NEPTUNE
SOCIETY, INC., AND SIMPLICITY
BURIAL & CREMATION, INC.,

Defendants.

CIVIL ACTION NO. 05-11904-RCL

## **EMERGENCY MOTION OF THE DEFENDANTS FOR A PROTECTIVE ORDER**

The defendants, Bayview Crematory, LLC ("Bayview"), Linda Stokes, Larry Stokes,

Hamel Wickens & Troupe Funeral Home, Inc. ("HWT"), Simplicity Burial & Cremation, Inc.

("Simplicity"), Hart-Wallace Funeral Home ("Hart-Wallace"), and Derek A. Wallace ("Mr.

Wallace")(collectively referred to as "Defendants"),[1] move for a Protective Order preventing the

depositions of Richard Mitchell, Jill Rockey, Larry Stokes, Linda Stokes, Mr. Wallace, Hart-

---

[1] Simplicity, Hart-Wallace, and Mr. Wallace are collectively referred to herein as "the Wallace Defendants."

Wallace, Simplicity, and HWT. The plaintiffs noticed the depositions by fax transmission on November 19, 2007. The Defendants seek a protective order in this case on the grounds that:

(a)     the plaintiffs should not be permitted to conduct discovery where they have not complied with the automatic disclosure requirements of Fed. R. Civ. P. 26(a)(1) and Local Rules 26.2(A) and 35.1, in that they have not produced all medical records to the defendants as ordered by this Court at the status conference on October 18, 2007, and two of the five plaintiffs have not appeared for deposition;

(b)     the plaintiffs have not complied with Fed. R. Civ. P. Rules 5 and 30(b)(1) in that they failed to properly serve notice of the taking of the depositions; and

(c)     the plaintiffs, by seeking these depositions in this case at this time, seek to make an end run around orders of the Superior Court in Rockingham County, New Hampshire, prohibiting plaintiffs from taking depositions until all plaintiffs have been deposed, and orders of the Superior Court of Essex County, Massachusetts, prohibiting the plaintiffs from taking audiovisual depositions and closing discovery on October 31, 2007.

Should this Honorable Court rule that these depositions may proceed, the defendants respectfully request that the Court order that the depositions may not be videotaped or, in the alternative, order that the depositions and audiovisual recordings thereof shall be kept confidential and shall not be used for any purpose other than the present litigation.

## FACTUAL AND PROCEDURAL BACKGROUND

This action is one of several actions arising out of alleged events at Bayview Crematory in Seabrook, New Hampshire. Attorney Charlip, counsel for plaintiffs in this action, is also

counsel for plaintiffs in several pending actions in Massachusetts, New Hampshire, and Maine, including the pending Massachusetts action, Anzalone v. Bayview Crematory, et al., ESCV2005-00789, and the pending New Hampshire action, Ellis v. Bayview Crematory, et al., Rockingham County, NH, C.A. No. 2005-C-350.

These actions arose from news reports of an investigation of Bayview Crematory by New Hampshire law enforcement authorities in February 2005 in connection with a criminal investigation of New Hampshire medical examiners.  A number of criminal proceedings were brought in the wake of this investigation, including proceedings against Mr. Wallace.  While some of these criminal matters have concluded, the proceedings against Mr. Wallace and others are still pending.[2]

**The Anzalone action**

The Anzalone action was commenced on May 11, 2005 in Essex Superior Court.  The original tracking order provided that discovery was to be completed by March 8, 2006.  On February 23, 2006, plaintiffs served 20 notices of taking depositions of the defendants and defendants' employees to take place on the last three days of the discovery period, March 6, 7, and 8.  The Tracking Order was subsequently extended on March 27, 2006, November 16, 2006, and on April 24, 2007, resulting in the current discovery deadline of October 31, 2007.  *See* Order on Pending Discovery Motions and on Plaintiffs' Motion to Extend Tracking Order, attached hereto as Exhibit "A."

---

[2] Mr. Wallace has agreed to a plea agreement whereby he will enter a guilty plea on certain tax charges and the charges related to the allegedly unlicensed status of Bayview will be dismissed.  Mr. Wallace's plea hearing is scheduled for December 20, 2007.

With the exception of defendants Linda Stokes, Dracut Funeral Home ("Dracut"), Farrah Funeral Home ("Farrah"), and Scatamacchia Funeral Home ("Scatamacchia"), Attorney Charlip failed to take the defendants' depositions in the <u>Anzalone</u> case before the expiration of the tracking order deadline.

On October 19, 2007, Attorney Charlip served Plaintiff's Second Motion for Enlargement of Current Tracking Order Deadline for Completion of Discovery. Pursuant to Massachusetts Superior Court Rule 9A, oppositions to the motion were not due until November 1, 2007, the day after the discovery deadline expired. Certain defendants have filed oppositions to the plaintiffs' Motion for Enlargement of the Tracking Order Deadlines and a hearing is scheduled on December 13, 2007. Despite the expiration of the current tracking order deadline, defendants' oppositions to plaintiffs' Motion to Enlarge, and the lack of an order extending the discovery deadline, plaintiffs sought to conduct discovery after the discovery deadline without leave of court to do so.

On the afternoon of October 31, 2007, Attorney Charlip faxed four notices of deposition, one of which was a re-notice of a deposition for an individual whose deposition had been noticed by the plaintiffs for December 7, 2007 previously to take place in Delaware. The notice changed the location to Massachusetts. Two notices were for individuals whose depositions have never been noticed before and who are not parties to the action. Again, the depositions were noticed to take place in December 2007, well past the deadline for the conclusion of discovery. The fourth notice was for the deposition of a party to the action, but also purported to schedule it for December 2007.

Plaintiffs' counsel faxed sixteen additional notices after 6:00 p.m. on October 31, 2007, well past the close of business on the last day for the completion of discovery. All noticed depositions to take place in late November and early-mid December 2007, again, well past the deadline for the completion of discovery. Seven of the twenty deposition notices were "cross-notices" seeking to schedule depositions of non-party individuals to take place in New Hampshire. Plaintiffs' counsel never sought the assent of any defendant to the taking of an out-of-state deposition and never moved the Court for an out-of-state commission for these seven individuals.

In January 2007, plaintiffs moved for leave to videotape depositions. The Massachusetts Rules of Civil Procedure do not permit videotaped depositions except by leave of court or stipulation of all parties. *See* Mass. R. Civ. P. 30A(a). On March 16, 2007, the court denied plaintiffs' motion. *See* <u>Anzalone</u> docket, attached hereto as Exhibit "B," docket entry dated 3/16/07, denying Motion Paper # 150.

**<u>The Ellis action</u>**

The <u>Ellis</u> action was commenced on May 25, 2005 in Rockingham Superior Court in New Hampshire. At a recent status conference in the Ellis matter, Judge McHugh told Attorney Charlip that  depositions of the plaintiffs were to be conducted before any other depositions in the case.   *See* Order, dated November 8, 2007, a copy of which is attached hereto as Exhibit "C," which complements Judge McHugh's instructions to counsel and expressly provides that certain plaintiffs' depositions shall be taken before any other depositions. Notwithstanding the fact that all plaintiffs have not yet been deposed, Attorney Charlip purported to cross-notice

seven of the 20 depositions noticed in <u>Anzalone</u> in the <u>Ellis</u> case, in direct contravention of the court's order and instruction to counsel in chambers.

In addition, New Hampshire, like Massachusetts, does not permit videotaped depositions without leave of court. New Hampshire Superior Court Rule 45 provides that videotaped depositions may be taken only by agreement of all parties or by court order. See N.H. Superior Court Rule 45, a copy of which is attached hereto as Exhibit "D." Again, Judge McHugh had told Attorney Charlip during a prior status conference in chambers that plaintiffs would not be permitted to videotape depositions in the <u>Ellis</u> case.

Finally, Attorney Charlip is aware that Bayview has filed a Motion to Quash and for a Protective Order.

**<u>The Galvin action</u>**

This action was commenced as a purported class action on or about September 20, 2005, alleging, *inter alia*, intentional mishandling of a corpse, negligent mishandling of a corpse, intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy and breach of contract. At a Scheduling Conference held on October 5, 2006, this Honorable Court set November 20, 2006 as the time for making automatic disclosures.

On November 20, 2006, plaintiffs filed their Initial Disclosures; however, plaintiffs failed to provide the required disclosure as to documents pertaining to their alleged emotional distress damages claims and failed to make such documents available for inspection and copying as

required under Fed. R. Civ. P. 26(a)(1)(B)&(C).[3]  A copy of Plaintiffs' Initial Disclosures is attached hereto as Exhibit "E."

Subsequently, defendants served various Requests for Production of Documents to the plaintiffs seeking documents regarding liability and damages; however, no medical records or other documents regarding damages were produced, despite repeated subsequent requests of defense counsel for same.  In fact, on March 9, 2007, Linda Stokes moved to compel production of documents by plaintiffs, noting, "nearly all of the plaintiffs' responses to defendant's requests state: 'Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce non-privileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control.'  Despite several demands and requests for actual production of the documents, the plaintiffs have refused to produce the referenced documents."  *See* Documents 92 and 93.

In response to Linda Stokes' motion, plaintiffs represented to this Court that plaintiffs had agreed that all documents responsive to the Request for Production would be provided on or before April 20, 2007, with the exception that with respect to medical treatment, Plaintiff would identify the treatment providers, dates of treatment, and reasons for treatment to the defendant, who would then be in a position to determine which records to request and to request signed Authorizations for Release of Medical Information from the Plaintiff to obtain the medical records. With regard to mental health treatment, plaintiffs were to identify their treatment providers and dates of treatment and advise Linda Stokes as to whether plaintiffs intended to use

---

[3] Plaintiffs further failed to provide disclosures of medical information in this personal injury case as required by Local Rule 35.1.

patient-psychotherapist communications at trial and if so, plaintiffs were to provide copies of all such records to Linda Stokes. *See* Document No. 97.

Based on these representations and agreements, Linda Stokes withdrew her Motion to Compel Production of Documents on May 8, 2007. At the most recent status conference on October 18, 2007, the Court ordered plaintiffs to produce the requested medical records, not just medical authorizations. Despite this clear and direct order of the Court, plaintiffs have failed to produce any records for some of the plaintiffs and produced only limited records for one plaintiff, Kathleen McDonough, nearly *two weeks after* her deposition. Of the five remaining plaintiffs in this case, only three have appeared for deposition. Eleanor Poole and Edward Galvin have not appeared for their depositions, which were initially scheduled for February 23, 2007 and March 5, 2007, respectively.

Plaintiffs first noticed the depositions of defendants, Bayview, Dracut, Scatamacchia, Cremation Society, Hamel Wickens and Troupe, Hart-Wallace, Neptune Society, and Simplicity to take place between April 30, 2007 and May 3, 2007; however, these depositions were taken off by plaintiffs' counsel. Plaintiffs made no further effort to depose the defendants in this case until the afternoon of November 19, 2007, when plaintiffs' counsel faxed notices of taking depositions of Sergeant Richard Mitchell and Trooper Jill Rockey (for November 27, 2007); Linda Stokes and Larry Stokes (for December 6, 2007); Hal Brown (for December 7, 2007); Derek Wallace, Hart-Wallace Funeral Home, and Simplicity (for December 10, 2007); and Hamel Wickens and Troupe Funeral Home (for December 12, 2007).

For the reasons set forth herein, the deposition notices in the <u>Galvin</u> case are invalid, untimely, and not properly served.  Accordingly, the defendants request a Protective Order preventing these depositions from going forward as noticed.

## ARGUMENT

**A.**    **<u>The plaintiffs should not be permitted to conduct discovery where they have not complied with their discovery obligations.</u>**

The plaintiffs have not complied with their discovery obligations in this case.  Plaintiffs have not complied with the automatic disclosure requirements of Fed. R. Civ. P. 26(a)(1) and Local Rule 35.1, in that they have failed to provide a copy all medical and mental health records upon which they base their claims or which bear on the nature and extent of the injuries suffered.

Local Rule 26.2(A) provides that, until such automatic disclosures are made, the plaintiffs may not initiate discovery.  Moreover, the plaintiffs have failed to comply with this Court's Order that they produce copies of all pertinent medical records to the defendants.

Accordingly, the plaintiffs should not be permitted to conduct the depositions as noticed.

**B.**    **<u>The plaintiffs have failed to provide proper notice of taking deposition.</u>**

The plaintiffs have not complied with Fed. R. Civ. P. Rules 5 and 30(b)(1) in that they failed to properly serve notice of the taking of the depositions.  Rule 30(b)(1) provides that a party desiring to take the deposition of any person upon oral examination shall give *reasonable* notice in writing to every other party to the action.  Fed. R. Civ. P. 30(b)(1).  In the present case, in light of the Thanksgiving holiday, plaintiffs have given less than four business days' notice of these depositions, which is patently unreasonable.

In addition, although the certificates of service state that the notices were also sent by

mail, the undersigned counsel have yet to receive them.[4]  Pursuant to Fed. R. Civ. P. Rule

5(b)(2), service is made by delivering a copy to the person, mailing a copy, or, *if consented to in*

*writing by the person served*, by other means, including electronic means.  Fed. R. Civ. P. Rule

5(b)(2)(A), (B), & (D).  The defendants have not consented to service by fax or other means

within the meaning of Rule 5(b)(2)(D).  Therefore, service of these deposition notices by fax is

improper and invalid.[5]

     In addition, there is no indication that the plaintiffs have served any federal subpoenas

upon the non-party witnesses (Jill Rockey and Richard Mitchell), ordering them to appear in the

federal matter.  Without such subpoenas, the notices are invalid, particularly when considered in

light of the plaintiffs' attempts to circumvent New Hampshire State Court Orders, the only action

in which it is believed subpoenas were actually served on these individuals.  See *supra*.

**C.**    **The plaintiffs' notices of deposition are a clear attempt to circumvent court orders**
       **in the Anzalone and Ellis cases.**

     By seeking these depositions in this case at this time, the plaintiffs clearly seek to make

an end run around orders of the Rockingham County Superior Court, prohibiting plaintiffs from

taking depositions until all plaintiffs have been deposed, and orders of the Essex County

Superior Court, prohibiting the plaintiffs from taking audiovisual depositions and closing

discovery on October 31, 2007.

---

[4] On multiple occasions in the Anzalone case, Attorney Charlip failed to mail notices of taking deposition or other documents on the date set forth in the applicable certificate of service, actually depositing the document in the mail several days after the certified date, and, on at least one occasion, failed to deposit a document in the mail at all.

[5] Further, Fed.R.Civ.P. 30 permits the plaintiffs to take 10 depositions before requiring leave of court or assent of the other parties.  Defendants have not assented to the plaintiffs taking more than 10 depositions in this action, and plaintiffs have not obtained leave of court.  At this juncture, plaintiffs have noticed 14 depositions (three of which are no longer parties to this action).  If all noticed depositions go forward, the plaintiffs would be conducting at least one deposition in violation of the Rules of Civil Procedure.

Plaintiffs' present effort to conduct the depositions at issue in this Motion unduly burdens and prejudices the defendants in this and other actions.  First, in light of the cross-noticing of depositions to take place in three separate cases, involving some 53 plaintiffs, the depositions in this case involving four decedents will be unnecessarily prolonged to accommodate the interests of the other 53 plaintiffs, with claims concerning 32 decedents, and at least 10 defendants who are not a party to this action.

Second, it is clear that the plaintiffs in this action are attempting to conduct discovery in this case for the benefit of plaintiffs in other cases.  Counsel for plaintiffs in cases filed in Norfolk Superior Court[6] have acknowledged that they have a "consolidation agreement" with plaintiffs' counsel in this case, by which they share discovery materials from their respective cases.  While it comes as no surprise that plaintiffs in the various cases would share discovery materials among themselves or cooperate with one another, the circumstances in this litigation appear to go beyond that.

This is not the first time Attorney Charlip has sought to skirt procedural rules or court orders prohibiting discovery in one case by seeking to conduct discovery in another.  In addition to representing plaintiffs in the Galvin, Ellis, and Anzalone cases, Attorney Charlip represents the plaintiff in an action in this court encaptioned, Favaloro v. President and Fellows of Harvard College, et al., U.S. District Court, District of Massachusetts, Docket No. 1:05-cv-11594-RCL, and an action against Tufts Medical School in Suffolk Superior Court, encaptioned, Anderson v.

---

[6] Johnson v. Bayview Crematory, et al., Norfolk Superior Court, Docket No. NOCV2005-01184, is pending and Knudsen v. Bayview Crematory, et al., Norfolk Superior Court, Docket No. NOCV2005-00890, and 27 consolidated actions, are pending appeal of the court's entry of summary judgment for the defendants.

<u>Tufts University</u>, Docket No. SUCV2007-00527-F.  *See* Complaint in the case encaptioned,

<u>Anderson v. Tufts University</u>, Docket No. SUCV2007-00527-F, attached hereto as Exhibit "F."

Despite the fact that none of the plaintiffs in the <u>Anzalone</u> case had any involvement of

any kind with John Gentile, Harvard Medical School, or Tufts Medical School, and the fact that

Mr. Gentile and Harvard Medical School had been dismissed with prejudice from the <u>Favaloro</u>

action,  which was affirmed by the First Circuit, Attorney Charlip noticed their depositions in the

<u>Anzalone</u> case in an obvious effort to obtain discovery for use in unrelated cases.[7]

Attorney Charlip has repeatedly ignored rules of civil procedure and court orders to

engage in discovery that has become increasingly abusive.  In the circumstances, care must be

taken to prevent such abuses, which cause undue burden and prejudice to the defendants by (a)

requiring them to respond to discovery that is not relevant to the claims and defenses in the

specific action in which the discovery is sought; (b) allowing plaintiffs the benefit of discovery

they never requested; and (c) and allowing *de facto* extensions of discovery deadlines for

plaintiffs in the various actions that the defendants do not enjoy.

While the defendants have no interest in preventing efficient discovery in any of the

cases, plaintiffs' tactics are nothing less than abusive and defiant of the rules and orders of this

Court and other courts.

**D.      Should the Court allow the depositions, a protective order prohibiting disclosure of the video recordings outside of the litigation is necessary to preserve Mr. Wallace's right to a fair criminal trial and the defendants' right to fair trials in this and other civil cases.**

---

[7] Harvard moved for and obtained a protective order to prevent plaintiffs' "'back door' attempt to obtain discovery for other lawsuits commenced, or to be commenced, by plaintiffs' counsel."  *See* Memorandum of President and Fellows of Harvard College in Support of Motion for Protective Order, attached hereto as Exhibit "G," and <u>Anzalone</u> docket, attached hereto as Exhibit "B," docket entry dated 5/4/07, allowing Motion Paper # 178.  Tufts also objected to plaintiffs' attempts to conduct discovery in the <u>Anzalone</u> case for purposes of other cases.  *See* Letter of John D. Hanify to David H. Charlip, dated April 9, 2007, attached hereto as Exhibit "H."

Given the highly sensitive and sensational nature of the Bayview matter and the zeal with which the County Attorney has pursued some of the defendants criminally, civil counsel's disclosure of videotaped depositions of any of the witnesses in this matter would very likely have a significant adverse impact on Mr. Wallace's ability to receive a fair trial in the criminal matter.[8]

Further, there is genuine concern that, in the absence of a protective order, plaintiffs' counsel would seek to exploit the video recordings of the depositions of the defendants in the public media, which would be extremely prejudicial to the defendants in the defense of this and other civil actions.

Attorney Charlip and his co-counsel in the Ellis case have already demonstrated their propensity for making inappropriate statements about the Bayview case in the press. *See* Funeral Service Insider, March 28, 2005, which reports that Attorney Charlip plans to examine whether Bayview cremation cases were sold as cadavers and quotes him as saying, "I believe there's more going on with body parts in the funeral industry than most people are aware of. . . There's a big gap between supply and demand (of medical schools), and something's being done to close that gap – and it's not legal or ethical." *See also Crematory lawsuit gets class-action status*, Seacoast Online, October 13, 2006, in which Attorney Charlip's co-counsel, Christopher Grant, in the New Hampshire case is quoted as saying, "there is liability insurance that covers the negligence we're claiming in this case." Copies of these articles are attached hereto as Exhibits

---

[8] Mr. Wallace and the County Attorney have reached a plea agreement; however, the Court has not yet accepted Mr. Wallace's plea or issued a sentencing order, so the criminal matter is not yet concluded.  If the plea is not accepted, Mr. Wallace may choose to proceed to trial.  The criminal matter, therefore, will not be concluded until the expiration of the applicable appeal period after the Court imposes Mr. Wallace's sentence.  The sentencing hearing is currently scheduled for December 20, 2007.  The criminal matters against Linda Stokes, Larry Stokes, and Bayview have been concluded.

"I" and "J" respectively.  These statements are clearly intended to sensationalize the case and influence the potential jury pools.

Pursuant to L.R. 7.1, a good faith effort was made to reach David Charlip, Esquire and Lisa DeBrosse-Johnson, Esquire in an attempt to resolve this issue, to no avail.

Due to the nature of the relief requested  and the bases thereof, no additional memorandum is necessary.

## CONCLUSION

For the grounds set forth above, the defendants, respectfully request that this Honorable Court enter a Protective Order to provide that:

(a)      the depositions of Richard Mitchell, Jill Rockey, Mr. Wallace, Hart-Wallace, Simplicity, HWT, Linda Stokes, Larry Stokes, and Hal Brown shall not be taken in this action as noticed;

(b)      the depositions of Richard Mitchell, Jill Rockey, Mr. Wallace, Hart-Wallace, Simplicity, HWT, Linda Stokes, and Larry Stokes, shall not be cross-noticed in other actions and shall not be conducted jointly with parties and counsel in other actions; and

(c)      the depositions Richard Mitchell, Jill Rockey, Mr. Wallace, Hart-Wallace, Simplicity, HWT, Linda Stokes, Larry Stokes, and Hal Brown shall be recorded only by stenographic means;

*Or, in the alternative,*

(1) if the depositions are videotaped, the video recording shall be maintained as confidential for use in this action only pending conclusion of all pending criminal and civil matters; and

(2) the video recording of any deposition taken in this action may be used in other civil actions relating to Bayview, only if the party seeking to use the video recording(s) in another action first secures a written agreement of all parties and counsel to the other cases to be bound by this Court's Order and/or securing similar orders in the other actions.

A proposed Order is attached as Exhibit "K."

Respectfully submitted,


_Dona Feeney /s/_
Dona Feeney, Esq.  BBO 600749
Getman, Stacey, Schulthess & Steere, P.A.
Three Executive Park Drive, Suite 9
Bedford, NH 03110
(603) 634-4300
(603) 626-3647 (fax)
_Counsel for Bayview Crematory, LLC_


_William Smith /s/_
William Smith, Esq.
Haverty & Feeney
54 Samoset Street
Plymouth, MA 02360
(508) 746-6100
(508) 746-7067 (fax)
_Counsel for Bayview Crematory, LLC_


_William Ahern, Jr. /s/_
William F. Ahern, Jr., Esq.
Mandi Jo Hanneke, Esq.

15

Clark, Hunt & Embry
55 Cambridge Pkwy.
Cambridge, MA 02142
(617) 494-1920
(617) 494-1921 (fax)
*Counsel for Linda Stokes and Larry Stokes*


_____*Brian Walsh /s/*_____
Brian K. Walsh, Esq.
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, MA 02110
(617) 769-3500
(617) 946-0569 (fax)
*Counsel for Hamel Wickens & Troupe Funeral
Home, Inc. and Roger Hamel*


_____*Richard Cavanaugh /s/*_____
Richard E. Cavanaugh, Esq. (BBO#: 557539)
Sheryl M. Bourbeau, Esq. (BBO#: 564089)
Gallagher & Cavanaugh LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
(978) 452-0482 (fax)
*Counsel for Derek A. Wallace; and
Counsel for Hart-Wallace Funeral Home; and
Counsel for Simplicity Burial & Cremation, Inc.*


_____*Maureen Reilly /s/*_____
Maureen L. Reilly, Esq.
33 Kingston St., 4th Floor
Boston, MA 02111
(617) 338-2114
(617) 451-5462 (fax)
*Counsel for Neptune Society, Inc.*


CERTIFICATE OF SERVICE

16

I hereby certify that on this date I served the above document on all counsel of record by first-class mail.

_____          *Dona Feeney /s/*_____
Date                             Dona Feeney, Esquire

F:\DFeeney\6364\05726\Andersen (Galvin)\Motions\Mot for PO deps.doc

# EXHIBIT A

# Commonwealth of Massachusetts
## County of Essex
### The Superior Court

CIVIL DOCKET#: **ESCV2005-00789-C**

RE:    Anzalone et al v Bayview Crematory LLC et al

TO:    Richard E. Cavanaugh, Esquire
       Gallagher & Cavanaugh LLP
       100 Foot of John Street
       Boott Cotton Mills
       Lowell, MA 01852

---

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **04/24/2007** the following entry was made on the above referenced docket:

**ORDER ON PENDING DISCOVERY MOTIONS AND ON PLAINTIFFS' MOTION TO EXTEND TRACKING ORDER - (see Order on file) (Thomas P. Billings, Justice)**

Dated at Lawrence, Massachusetts this 25th day of April, 2007

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY: Kevin Jones
Assistant Clerk

Telephone: (978) 687-7463

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130.

RECEIVED APR 2 7 2007

cvdgeneric_2.wpd 697683 order melnickp

*177*

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-789

### PAUL ANZALONE, et al.

vs.

### BAYVIEW CREMATORY, LLC, et al.

****

### ORDER ON PENDING DISCOVERY MOTIONS AND ON PLAINTIFFS' MOTION TO EXTEND TRACKING ORDER

The matter came before me this afternoon on the plaintiffs' motion for enlargement of tracking order deadlines, which included the appropriate request that the Court take up at the same time all pending motions relating to discovery. Some of those motions have been pending a long while, and it appears that the parties have made some progress, at least, in resolving their discovery disputes, meaning that a detailed ruling on the pending motions, as filed, would be inefficient and might even have the effect of altering or undoing agreements already made. Therefore, as announced at today's hearing, it is ORDERED:

1. No later than May 24, 2007, any party that has not responded to any other party's Interrogatories or Request for Production of Documents shall do so.

2. No later than May 24, 2007, any party that has not produced any documents now in its possession, custody or control, which is the subject of a request for production to which no timely objection has been asserted, shall produce such documents to the requesting party.

3. Any party – whether it has previously responded or is responding pursuant to this Order – which has withheld documents on claim of privilege shall, no than May 24,

2007, serve on all other parties a Privilege Log. The Privilege Log shall – for each document or related category of documents withheld on claim of privilege, trade secret, or other confidentiality protection – reasonably identify the document or category (in the case of documents, by date, author, addressee, title, and nature of privilege claimed; in the case of categories, by such description as will reasonably identify the documents and their subject matter, and nature of privilege claimed), so as to provide the basis for a reasonably informed motion to compel and ruling thereon.

4.    The parties shall endeavor, in the next 30 days, to resolve any remaining discovery disputes. They may be guided by the following, which represent my sense of several of the issues that appear to pervade the motions to compel filed in this case.

   A.    The plaintiffs have placed their mental, emotional, and psychiatric conditions and histories in issue. They shall not, therefore, object on ground of privilege to requests for records relating thereto, provided such records are reasonably delimited in time (e.g., five years before the date of loss to the present). A request for such records may be complied with by producing a signed release, specifying that statutory privileges and HIPAA protections are waived.

   B.    Contention interrogatories are proper, and shall not be objected to on the ground that they call for attorney work product, mental impressions, trial strategy, or the like.

-2-

C.   Any defendant which has a valid objection (Fifth Amendment or otherwise) relating to pending criminal proceedings shall assert it where appropriate; this case will not be further stayed on account of the criminal proceedings.

D.   The parties are to give due consideration to whether concerns based on trade secrets and related matters may be obviated by entry of a suitable protective order (for example, limiting disclosure to the "inner circle" of counsel, client, and experts and other members of the "litigation team" who sign acknowledgments of the order, and requiring return of all confidential documents and copies thereof at the conclusion of the litigation).

E.   The parties shall attempt to resolve objections based on burdensomeness, overbreadth, and the like through reasonable time delimitations — for example, by limiting requests concerning a funeral home's business practices to the period during which the home was doing business with Bayview.

F.   No funeral home defendant shall, except as noted immediately below, be required to produce its client-specific files or information for clients other than the plaintiffs in this case. Notwithstanding, any defendant in possession of *Bayview's* files may be required to such documents as pertain to persons other than the plaintiffs, provided (a) that such documents are redacted to eliminate all client-identifying information; (b) that such documents fall within one or more requests by the plaintiffs; and (c) subject to whatever

-3-

valid and timely-asserted objections there may be, on relevance or other grounds.[1]

G.  Where policies of insurance have been requested, the policies themselves — not merely the declarations pages – are to be produced.

H.  Responses to interrogatories asking for the identity of persons with knowledge are to include the last known business and/or residential address of each such person.

I.  Objections to plaintiffs' Interrogatory Nos. 4 and 12 are hereby sustained.

This may not be an exhaustive list of outstanding discovery issues, but should enable the parties to make substantial progress.

5.  There will be a further conference on **June 26, 2007 at 2:00 p.m.** to resolve any still-outstanding discovery issues. Any party that believes it is owed discovery responses beyond what it has received on that date may, no later than **June 22, 2007**, file and serve on other counsel a status report identifying any such issues.

6.  The Tracking Order is hereby amended to provide that discovery shall be concluded by **October 31, 2007**, with further dates adjusted in accordance therewith.

Thomas P. Billings, Associate Justice

Dated: April 24, 2007

---

[1]It appears that such documents may, to the extent they disclose the business practices of Bayview, be relevant to the plaintiffs' claims, even though they relate to persons other than the plaintiffs. On the other hand, the files of the funeral home defendants pertaining to non-plaintiff clients would seem to have only marginal relevance, particularly after denial of the plaintiffs' motion for class certification.

-4-

**EXHIBIT B**

# Commonwealth of Massachusetts
## ESSEX SUPERIOR COURT
### Case Summary
### Civil Docket

## Anzalone et al v Bayview Crematory LLC et al

Details for Docket: ESCV2005-00789

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | ESCV2005-00789 | **Caption:** | Anzalone et al v Bayview Crematory LLC et al |
| **Filing Date:** | 05/12/2005 | **Case Status:** | Active |
| **Status Date:** | 03/15/2006 | **Session:** | Civil-CtRm 1 (Lawrence) |
| **Lead Case:** | NA | **Case Type:** | Complex |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 10/31/2007 |
| **Service Date:** | 08/10/2005 | **Disposition:** | 12/06/2007 |
| **Rule 15:** | 10/09/2005 | **Rule 12/19/20:** | 10/09/2005 |
| **Final PTC:** | 07/08/2007 | **Rule 56:** | 11/08/2007 |
| **Answer Date:** | 10/09/2005 | **Jury Trial:** | YES |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | ESCV2005-00789 | **Caption:** | Anzalone et al v Bayview Crematory LLC et al |
| **Filing Date:** | 05/12/2005 | **Case Status:** | Active |
| **Status Date:** | 03/15/2006 | **Session:** | Civil-CtRm 1 (Lawrence) |
| **Lead Case:** | NA | **Case Type:** | Misc tort |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 10/31/2007 |
| **Service Date:** | 08/10/2005 | **Disposition:** | 12/06/2007 |
| **Rule 15:** | 10/09/2005 | **Rule 12/19/20:** | 10/09/2005 |
| **Final PTC:** | 07/08/2007 | **Rule 56:** | 11/08/2007 |
| **Answer Date:** | 10/09/2005 | **Jury Trial:** | YES |

## Parties Involved

64 Parties Involved in Docket: ESCV2005-00789

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Alias defendant name |
| **Last Name:** | Oceanside Family Funeral Home | **First Name:** | |
| **Address:** | | **Address:** | |

City:                                      State:
Zip Code:                                  Zip Ext:
Telephone:

**Party
Involved:**                                Role:        Alias deft name
Last Name:    Oceanside Family Funeral Home   First Name:
Address:                                   Address:
City:                                      State:
Zip Code:                                  Zip Ext:
Telephone:

**Party
Involved:**                                Role:        Defendant
Last Name:    American Cremation Society Inc   First Name:
Address:                                   Address:
City:         Haverhill                    State:       MA
Zip Code:     01830                        Zip Ext:
Telephone:

**Party
Involved:**                                Role:        Defendant
Last Name:    Bayview Crematory LLC        First Name:
Address:                                   Address:
City:         Seabrook                     State:       NH
Zip Code:     03874                        Zip Ext:
Telephone:

**Party
Involved:**                                Role:        Defendant
Last Name:    Caillouette                  First Name:   Paul
Address:                                   Address:
City:                                      State:
Zip Code:                                  Zip Ext:
Telephone:

**Party
Involved:**                                Role:        Defendant
Last Name:    Commonwealth Cremation &     First Name:
              Shipping Service Inc
Address:                                   Address:
City:         Boston                       State:       MA
Zip Code:     02101                        Zip Ext:

Telephone:

| Party Involved: | | Role: | Defendant |
| --- | --- | --- | --- |
| Last Name: | Commonwealth Funeral Service Inc | First Name: | |
| Address: | | Address: | |
| City: | Brighton | State: | MA |
| Zip Code: | 02135 | Zip Ext: | |
| Telephone: | | | |

| Party Involved: | | Role: | Defendant |
| --- | --- | --- | --- |
| Last Name: | Cremation Society Inc | First Name: | |
| Address: | | Address: | |
| City: | Quincy | State: | MA |
| Zip Code: | 02169 | Zip Ext: | |
| Telephone: | | | |

| Party Involved: | | Role: | Defendant |
| --- | --- | --- | --- |
| Last Name: | Dracut Funeral Home Incorporated | First Name: | |
| Address: | | Address: | |
| City: | Dracut | State: | MA |
| Zip Code: | 01826 | Zip Ext: | |
| Telephone: | | | |

| Party Involved: | | Role: | Defendant |
| --- | --- | --- | --- |
| Last Name: | Farrah Funeral Home | First Name: | |
| Address: | | Address: | |
| City: | Lawrence | State: | MA |
| Zip Code: | 01840 | Zip Ext: | |
| Telephone: | | | |

| Party Involved: | | Role: | Defendant |
| --- | --- | --- | --- |
| Last Name: | Farrah II | First Name: | Louis J |
| Address: | | Address: | |
| City: | | State: | |
| Zip Code: | | Zip Ext: | |
| Telephone: | | | |

**Party Involved:**

| | | |
|---|---|---|
| **Last Name:** | Gacek | |

**Role:** Defendant

**First Name:** Mark

**Address:**
**City:**
**Zip Code:**
**Telephone:**

**Address:**
**State:**
**Zip Ext:**

---

**Party Involved:**

**Last Name:** Hamel

**Role:** Defendant

**First Name:** Roger G

**Address:**
**City:**
**Zip Code:**
**Telephone:**

**Address:**
**State:**
**Zip Ext:**

---

**Party Involved:**

**Last Name:** Hamel

**Role:** Defendant

**First Name:** Scott

**Address:**
**City:**
**Zip Code:**
**Telephone:**

**Address:**
**State:**
**Zip Ext:**

---

**Party Involved:**

**Last Name:** Hamel Wickens & Troupe Funeral Home Inc

**Role:** Defendant

**First Name:**

**Address:**
**City:** Quincy
**Zip Code:** 02169
**Telephone:**

**Address:**
**State:** MA
**Zip Ext:**

---

**Party Involved:**

**Last Name:** Hart Wallace Funeral Home

**Role:** Defendant

**First Name:**

**Address:**
**City:** Lawrence
**Zip Code:** 01840
**Telephone:**

**Address:**
**State:** MA
**Zip Ext:**

---

**Party Involved:**

**Last Name:** Hasiotas

**Role:** Defendant

**First Name:** Arthur C

| | | | |
|---|---|---|---|
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | LaPusta | **First Name:** | Stephanie |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Scatamacchia | **First Name:** | Robert |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Scatamacchia | **First Name:** | Stephen |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Scatamacchia Funeral Home | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | Haverhill | **State:** | MA |
| **Zip Code:** | 01830 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Simplicity Burial & Cremation Inc | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | Newburyport | **State:** | MA |

| | | | |
|---|---|---|---|
| **Zip Code:** | 01950 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Spencer | **First Name:** | William F |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Stokes | **First Name:** | Linda |
| **Address:** | | **Address:** | |
| **City:** | Lawrence | **State:** | MA |
| **Zip Code:** | 01840 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Wallace | **First Name:** | Derek A |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | William F Spencer Funeral Services | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02101 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant/crossclaim |
| **Last Name:** | Bayview Crematory Inc | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Lee | **Role:** | Out-of-state attorney |
| **Address:** | Three Executive Park Drive | **First Name:** | Brian T |
| **City:** | Bedford | **Address:** | Suite 9 |
| **Zip Code:** | 03110 | **State:** | NH |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Anderson | **Role:** | Plaintiff |
| **Address:** | | **First Name:** | Edward P |
| **City:** | Peabody | **Address:** | |
| **Zip Code:** | 01960 | **State:** | MA |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Anzalone | **Role:** | Plaintiff |
| **Address:** | | **First Name:** | Paul |
| **City:** | Mansfield | **Address:** | |
| **Zip Code:** | 02048 | **State:** | MA |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Boudreau | **Role:** | Plaintiff |
| **Address:** | | **First Name:** | Kathleen |
| **City:** | Needham | **Address:** | |
| **Zip Code:** | 02192 | **State:** | MA |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Clark | **Role:** | Plaintiff |
| **Address:** | | **First Name:** | Doris R |
| **City:** | Haverhill | **Address:** | |
| **Zip Code:** | 01830 | **State:** | MA |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | |
|---|---|---|
| | **Role:** | Plaintiff |

**Last Name:** Connolly     **First Name:** Suzanne M

**Address:**     **Address:**

**City:** Dracut     **State:** MA

**Zip Code:** 01826     **Zip Ext:**

**Telephone:**

---

**Party Involved:**     **Role:** Plaintiff

**Last Name:** Dergardbedian     **First Name:** Ruth

**Address:**     **Address:**

**City:** Groveland     **State:** MA

**Zip Code:** 01834     **Zip Ext:**

**Telephone:**

---

**Party Involved:**     **Role:** Plaintiff

**Last Name:** Ellsey     **First Name:** Deborah

**Address:**     **Address:**

**City:** North Andover     **State:** MA

**Zip Code:** 01845     **Zip Ext:**

**Telephone:**

---

**Party Involved:**     **Role:** Plaintiff

**Last Name:** Fontaine     **First Name:** Janet M

**Address:**     **Address:**

**City:** Lawrence     **State:** MA

**Zip Code:** 01840     **Zip Ext:**

**Telephone:**

---

**Party Involved:**     **Role:** Plaintiff

**Last Name:** Fox     **First Name:** Debora

**Address:**     **Address:**

**City:** Framingham     **State:** MA

**Zip Code:** 01701     **Zip Ext:**

**Telephone:**

---

**Party Involved:**     **Role:** Plaintiff

**Last Name:** Hamel     **First Name:** Barbara J

**Address:**     **Address:**

**City:** Lawrence     **State:** MA

| | |
|---|---|
| **Zip Code:** 01840 | **Zip Ext:** |
| **Telephone:** | |

| | |
|---|---|
| **Party Involved:** | **Role:** Plaintiff |
| **Last Name:** Herdegen | **First Name:** Brenda |
| **Address:** | **Address:** |
| **City:** Methuen | **State:** MA |
| **Zip Code:** 01844 | **Zip Ext:** |
| **Telephone:** | |

| | |
|---|---|
| **Party Involved:** | **Role:** Plaintiff |
| **Last Name:** Herdegen | **First Name:** Shaun |
| **Address:** | **Address:** |
| **City:** Methuen | **State:** MA |
| **Zip Code:** 01844 | **Zip Ext:** |
| **Telephone:** | |

| | |
|---|---|
| **Party Involved:** | **Role:** Plaintiff |
| **Last Name:** Houle | **First Name:** Florence H |
| **Address:** | **Address:** |
| **City:** North Andover | **State:** MA |
| **Zip Code:** 01845 | **Zip Ext:** |
| **Telephone:** | |

| | |
|---|---|
| **Party Involved:** | **Role:** Plaintiff |
| **Last Name:** Invernizzi | **First Name:** Maida Ann |
| **Address:** | **Address:** |
| **City:** Milford | **State:** MA |
| **Zip Code:** 01757 | **Zip Ext:** |
| **Telephone:** | |

| | |
|---|---|
| **Party Involved:** | **Role:** Plaintiff |
| **Last Name:** Invernizzi | **First Name:** Shawn Patrick |
| **Address:** | **Address:** |
| **City:** Milford | **State:** MA |
| **Zip Code:** 01757 | **Zip Ext:** |
| **Telephone:** | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Judd | **First Name:** | Pauline |
| **Address:** | | **Address:** | |
| **City:** | East Derry | **State:** | NH |
| **Zip Code:** | 03041 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Kent | **First Name:** | Rita |
| **Address:** | | **Address:** | |
| **City:** | Peabody | **State:** | MA |
| **Zip Code:** | 01960 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Lake | **First Name:** | Arthur |
| **Address:** | | **Address:** | |
| **City:** | Framingham | **State:** | MA |
| **Zip Code:** | 01701 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | McWain III | **First Name:** | Andrew |
| **Address:** | | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02740 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Merrill | **First Name:** | Janice |
| **Address:** | | **Address:** | |
| **City:** | Newburyport | **State:** | MA |
| **Zip Code:** | 01950 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Monahan | **First Name:** | Raymond H |

| | | | |
|---|---|---|---|
| **Address:** | | **Address:** | |
| **City:** | Lawrence | **State:** | MA |
| **Zip Code:** | 01840 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Muir | **First Name:** | Rita M |
| **Address:** | | **Address:** | |
| **City:** | Haverhill | **State:** | MA |
| **Zip Code:** | 01830 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Nelson | **First Name:** | Berton |
| **Address:** | | **Address:** | |
| **City:** | Marlborough | **State:** | MA |
| **Zip Code:** | 01752 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Perez | **First Name:** | Maria |
| **Address:** | | **Address:** | |
| **City:** | Brookline | **State:** | MA |
| **Zip Code:** | 02146 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Raitt | **First Name:** | Constance |
| **Address:** | | **Address:** | |
| **City:** | Lawrence | **State:** | MA |
| **Zip Code:** | 01840 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Robertson | **First Name:** | Irene |
| **Address:** | | **Address:** | |
| **City:** | Somerville | **State:** | MA |
| **Zip Code:** | 02143 | **Zip Ext:** | |

Telephone:

**Party Involved:**
**Last Name:** Russo
**Address:**
**City:** Framingham
**Zip Code:** 01701
**Telephone:**

**Role:** Plaintiff
**First Name:** Brenda
**Address:**
**State:** MA
**Zip Ext:**

**Party Involved:**
**Last Name:** Scott
**Address:**
**City:** Merrimac
**Zip Code:** 01860
**Telephone:**

**Role:** Plaintiff
**First Name:** Patricia M
**Address:**
**State:** MA
**Zip Ext:**

**Party Involved:**
**Last Name:** Simonson
**Address:**
**City:** Dedham
**Zip Code:** 02026
**Telephone:**

**Role:** Plaintiff
**First Name:** Steve F
**Address:**
**State:** MA
**Zip Ext:**

**Party Involved:**
**Last Name:** Spinney
**Address:**
**City:** Lawrence
**Zip Code:** 01840
**Telephone:**

**Role:** Plaintiff
**First Name:** Clifton
**Address:**
**State:** MA
**Zip Ext:**

**Party Involved:**
**Last Name:** Spinney
**Address:**
**City:** Lawrence
**Zip Code:** 01840
**Telephone:**

**Role:** Plaintiff
**First Name:** Deborah
**Address:**
**State:** MA
**Zip Ext:**

**Party**

**Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Spinney | **Role:** | Plaintiff |
| **Address:** | | **First Name:** | Kenneth |
| **City:** | Lawrence | **Address:** | |
| **Zip Code:** | 01840 | **State:** | MA |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Sullivan | **Role:** | Plaintiff |
| **Address:** | | **First Name:** | Patricia |
| **City:** | Winthrop | **Address:** | |
| **Zip Code:** | 02152 | **State:** | MA |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | White | **Role:** | Plaintiff |
| **Address:** | | **First Name:** | Bambi |
| **City:** | South Yarmouth | **Address:** | |
| **Zip Code:** | 02664 | **State:** | MA |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Wilson | **Role:** | Plaintiff |
| **Address:** | | **First Name:** | Doreen |
| **City:** | Dracut | **Address:** | |
| **Zip Code:** | 01826 | **State:** | MA |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Dracut Funeral Home Inc | **Role:** | Plaintiff/crossclaim |
| **Address:** | | **First Name:** | |
| **City:** | | **Address:** | |
| **Zip Code:** | | **State:** | |
| **Telephone:** | | **Zip Ext:** | |

## Attorneys Involved

31 Attorneys Involved for Docket: ESCV2005-00789

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Johnson | **First Name:** | Lisa DeBrosse |
| **Address:** | Law Office of Lisa Johnson | **Address:** | The Pilot House at Lewis Wharf |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02110 | **Zip Ext:** | |
| **Telephone:** | 617-854-3740 | **Tel Ext:** | |
| **Fascimile:** | 617-854-3743 | **Representing:** | Anzalone, Paul (Plaintiff) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Charlip | **First Name:** | David H |
| **Address:** | 1930 Harrison Street Suite 208 | **Address:** | |
| **City:** | Hollywood | **State:** | FL |
| **Zip Code:** | 33020 | **Zip Ext:** | |
| **Telephone:** | | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Anzalone, Paul (Plaintiff) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Schulman | **First Name:** | Andrew |
| **Address:** | 3 Executive Park Drive | **Address:** | Unit 9 |
| **City:** | Bedford | **State:** | NH |
| **Zip Code:** | 03110 | **Zip Ext:** | 6921 |
| **Telephone:** | 603-634-4300 | **Tel Ext:** | |
| **Fascimile:** | 603-626-3647 | **Representing:** | Bayview Crematory LLC, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | HAVE03 |
|---|---|---|---|
| **Last Name:** | Smith | **First Name:** | William P |
| **Address:** | 54 Samoset Street | **Address:** | |
| **City:** | Plymouth | **State:** | MA |
| **Zip Code:** | 02360 | **Zip Ext:** | 4546 |
| **Telephone:** | 508-746-6100 | **Tel Ext:** | |
| **Fascimile:** | 508-746-7067 | **Representing:** | Bayview Crematory LLC, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | CUMM01 |
|---|---|---|---|
| **Last Name:** | Pierce | **First Name:** | Nicole H |
| **Address:** | 1 Gateway Center | **Address:** | Suite 351 |
| **City:** | Newton | **State:** | MA |

| Zip Code: | 02458 | Zip Ext: | |
| Telephone: | 617-630-5100 | Tel Ext: | |
| Fascimile: | 617-630-0816 | Representing: | Farrah Funeral Home, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | MORR01 |
| Last Name: | Desmond | First Name: | Joseph M. |
| Address: | 250 Summer Street | Address: | |
| City: | Boston | State: | MA |
| Zip Code: | 02210 | Zip Ext: | 1181 |
| Telephone: | 617-439-7500 | Tel Ext: | |
| Fascimile: | 617-342-4935 | Representing: | Cremation Society Inc, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | GALL08 |
| Last Name: | Cavanaugh | First Name: | Richard E |
| Address: | 100 Foot of John Street | Address: | Boott Cotton Mills |
| City: | Lowell | State: | MA |
| Zip Code: | 01852 | Zip Ext: | |
| Telephone: | 978-452-0522 | Tel Ext: | |
| Fascimile: | 978-452-0482 | Representing: | Simplicity Burial & Cremation Inc, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | GALL08 |
| Last Name: | Cavanaugh | First Name: | Richard E |
| Address: | 100 Foot of John Street | Address: | Boott Cotton Mills |
| City: | Lowell | State: | MA |
| Zip Code: | 01852 | Zip Ext: | |
| Telephone: | 978-452-0522 | Tel Ext: | |
| Fascimile: | 978-452-0482 | Representing: | Hart Wallace Funeral Home, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | GALL08 |
| Last Name: | Gallagher | First Name: | Michael W |
| Address: | Boott Cotton Mills | Address: | 100 Foot of John Street |
| City: | Lowell | State: | MA |
| Zip Code: | 01852 | Zip Ext: | |
| Telephone: | 978-452-0522 | Tel Ext: | |
| Fascimile: | 978-452-0482 | Representing: | Hart Wallace Funeral Home, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | CURL01 |
|---|---|---|---|
| **Last Name:** | Roussos | **First Name:** | Kim M |
| **Address:** | 84 Spring Valley Rd. | **Address:** | |
| **City:** | Belmont | **State:** | MA |
| **Zip Code:** | 02478 | **Zip Ext:** | |
| **Telephone:** | 617-538-1738 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | William F Spencer Funeral Services, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | CURL01 |
|---|---|---|---|
| **Last Name:** | Curley Jr | **First Name:** | Robert A |
| **Address:** | 27 School Street | **Address:** | 6th floor |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02108 | **Zip Ext:** | |
| **Telephone:** | 617-523-2990 | **Tel Ext:** | |
| **Fascimile:** | 617-523-7602 | **Representing:** | William F Spencer Funeral Services, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | LECO01 |
|---|---|---|---|
| **Last Name:** | Emanuelson | **First Name:** | Roger A |
| **Address:** | Batterymarch Park II | **Address:** | One Pine Hill Drive, Suite 101 |
| **City:** | Quincy | **State:** | MA |
| **Zip Code:** | 02169 | **Zip Ext:** | |
| **Telephone:** | 617-328-1900 | **Tel Ext:** | |
| **Fascimile:** | 617-328-2030 | **Representing:** | Hart Wallace Funeral Home, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | HAVE03 |
|---|---|---|---|
| **Last Name:** | Smith | **First Name:** | William P |
| **Address:** | 54 Samoset Street | **Address:** | |
| **City:** | Plymouth | **State:** | MA |
| **Zip Code:** | 02360 | **Zip Ext:** | 4546 |
| **Telephone:** | 508-746-6100 | **Tel Ext:** | |
| **Fascimile:** | 508-746-7067 | **Representing:** | Bayview Crematory LLC, (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Schulman | **First Name:** | Andrew |

| | | | |
|---|---|---|---|
| **Address:** | 3 Executive Park Drive | **Address:** | Unit 9 |
| **City:** | Bedford | **State:** | NH |
| **Zip Code:** | 03110 | **Zip Ext:** | 6921 |
| **Telephone:** | 603-634-4300 | **Tel Ext:** | |
| **Fascimile:** | 603-626-3647 | **Representing:** | Bayview Crematory LLC, (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | CLAR05 |
| **Last Name:** | Ahern Jr | **First Name:** | William F |
| **Address:** | 55 Cambridge Parkway | **Address:** | |
| **City:** | Cambridge | **State:** | MA |
| **Zip Code:** | 02142 | **Zip Ext:** | |
| **Telephone:** | 617-494-1920 | **Tel Ext:** | |
| **Fascimile:** | 617-494-1921 | **Representing:** | Stokes, Linda (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | FEEN01 |
| **Last Name:** | Okolita | **First Name:** | Michael E |
| **Address:** | 120 Front Street | **Address:** | Suite 310 |
| **City:** | Worcester | **State:** | MA |
| **Zip Code:** | 01608 | **Zip Ext:** | 1424 |
| **Telephone:** | 508-798-0717 | **Tel Ext:** | |
| **Fascimile:** | 508-798-1850 | **Representing:** | Scatamacchia Funeral Home, (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | FEEN01 |
| **Last Name:** | Okolita | **First Name:** | Michael E |
| **Address:** | 120 Front Street | **Address:** | Suite 310 |
| **City:** | Worcester | **State:** | MA |
| **Zip Code:** | 01608 | **Zip Ext:** | 1424 |
| **Telephone:** | 508-798-0717 | **Tel Ext:** | |
| **Fascimile:** | 508-798-1850 | **Representing:** | Dracut Funeral Home Incorporated, (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | RIEM01 |
| **Last Name:** | McKenna | **First Name:** | Dennis E |
| **Address:** | Three Center Plaza | **Address:** | |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02108 | **Zip Ext:** | |
| **Telephone:** | 617-523-9000 | **Tel Ext:** | |

| | | | |
|---|---|---|---|
| **Fascimile:** | 617-692-3454 | **Representing:** | Commonwealth Cremation & Shipping Service Inc, (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | RIEM01 |
| **Last Name:** | McKenna | **First Name:** | Dennis E |
| **Address:** | Three Center Plaza | **Address:** | |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02108 | **Zip Ext:** | |
| **Telephone:** | 617-523-9000 | **Tel Ext:** | |
| **Fascimile:** | 617-692-3454 | **Representing:** | Commonwealth Funeral Service Inc, (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | FITZ10 |
| **Last Name:** | Walsh | **First Name:** | Brian K |
| **Address:** | 101 Arch Street | **Address:** | 17th Floor Suite 1761 |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02110 | **Zip Ext:** | |
| **Telephone:** | 617-769-3500 | **Tel Ext:** | |
| **Fascimile:** | 617-946-0569 | **Representing:** | Hamel Wickens & Troupe Funeral Home Inc, (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Holber | **First Name:** | Stuart M |
| **Address:** | The Wingate Building | **Address:** | 21 Wingate Street Suite 101 |
| **City:** | Haverhill | **State:** | MA |
| **Zip Code:** | 01831 | **Zip Ext:** | |
| **Telephone:** | 978-372-1171 | **Tel Ext:** | |
| **Fascimile:** | 978-372-1198 | **Representing:** | Scatamacchia Funeral Home, (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | GETM01 |
| **Last Name:** | Feeney | **First Name:** | Dona |
| **Address:** | 3 Executive Park | **Address:** | Suite 9 |
| **City:** | Bedford | **State:** | NH |
| **Zip Code:** | 03110 | **Zip Ext:** | |
| **Telephone:** | 603-634-4300 | **Tel Ext:** | |
| **Fascimile:** | 603-626-3647 | **Representing:** | Bayview Crematory LLC, (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | FITZ10 |

| Last Name: | Walsh | First Name: | Brian K |
| Address: | 101 Arch Street | Address: | 17th Floor Suite 1761 |
| City: | Boston | State: | MA |
| Zip Code: | 02110 | Zip Ext: | |
| Telephone: | 617-769-3500 | Tel Ext: | |
| Fascimile: | 617-946-0569 | Representing: | Bayview Crematory LLC, (Defendant) |

| Attorney Involved: | | Firm Name: | FITZ02 |
| Last Name: | Fitzgibbons | First Name: | Joseph |
| Address: | 126A Pleasant Valley Street | Address: | |
| City: | Methuen | State: | MA |
| Zip Code: | 01844 | Zip Ext: | |
| Telephone: | 978-685-3090 | Tel Ext: | |
| Fascimile: | | Representing: | Caillouette, Paul (Defendant) |

| Attorney Involved: | | Firm Name: | FITZ10 |
| Last Name: | Walsh | First Name: | Brian K |
| Address: | 101 Arch Street | Address: | 17th Floor Suite 1761 |
| City: | Boston | State: | MA |
| Zip Code: | 02110 | Zip Ext: | |
| Telephone: | 617-769-3500 | Tel Ext: | |
| Fascimile: | 617-946-0569 | Representing: | LaPusta, Stephanie (Defendant) |

| Attorney Involved: | | Firm Name: | FITZ10 |
| Last Name: | Walsh | First Name: | Brian K |
| Address: | 101 Arch Street | Address: | 17th Floor Suite 1761 |
| City: | Boston | State: | MA |
| Zip Code: | 02110 | Zip Ext: | |
| Telephone: | 617-769-3500 | Tel Ext: | |
| Fascimile: | 617-946-0569 | Representing: | Caillouette, Paul (Defendant) |

| Attorney Involved: | | Firm Name: | FITZ10 |
| Last Name: | Walsh | First Name: | Brian K |
| Address: | 101 Arch Street | Address: | 17th Floor Suite 1761 |
| City: | Boston | State: | MA |
| Zip Code: | 02110 | Zip Ext: | |
| Telephone: | 617-769-3500 | Tel Ext: | |
| Fascimile: | 617-946-0569 | Representing: | Hamel, Roger G (Defendant) |

**Attorney Involved:**

| | |
|---|---|
| **Last Name:** | Walsh |
| **Address:** | 101 Arch Street |
| **City:** | Boston |
| **Zip Code:** | 02110 |
| **Telephone:** | 617-769-3500 |
| **Fascimile:** | 617-946-0569 |

| | |
|---|---|
| **Firm Name:** | FITZ10 |
| **First Name:** | Brian K |
| **Address:** | 17th Floor Suite 1761 |
| **State:** | MA |
| **Zip Ext:** | |
| **Tel Ext:** | |
| **Representing:** | LaPusta, Stephanie (Defendant) |

**Attorney Involved:**

| | |
|---|---|
| **Last Name:** | Walsh |
| **Address:** | 101 Arch Street |
| **City:** | Boston |
| **Zip Code:** | 02110 |
| **Telephone:** | 617-769-3500 |
| **Fascimile:** | 617-946-0569 |

| | |
|---|---|
| **Firm Name:** | FITZ10 |
| **First Name:** | Brian K |
| **Address:** | 17th Floor Suite 1761 |
| **State:** | MA |
| **Zip Ext:** | |
| **Tel Ext:** | |
| **Representing:** | Hamel, Roger G (Defendant) |

**Attorney Involved:**

| | |
|---|---|
| **Last Name:** | MacDonald |
| **Address:** | 1 Gateway Center |
| **City:** | Newton |
| **Zip Code:** | 02458 |
| **Telephone:** | 617-630-5100 |
| **Fascimile:** | 617-630-0816 |

| | |
|---|---|
| **Firm Name:** | CUMM01 |
| **First Name:** | Bradley A |
| **Address:** | Suite 351 |
| **State:** | MA |
| **Zip Ext:** | |
| **Tel Ext:** | |
| **Representing:** | Farrah Funeral Home, (Defendant) |

**Attorney Involved:**

| | |
|---|---|
| **Last Name:** | Mancuso |
| **Address:** | 1 Gateway Center |
| **City:** | Newton |
| **Zip Code:** | 02458 |
| **Telephone:** | 617-630-5100 |
| **Fascimile:** | 617-630-0816 |

| | |
|---|---|
| **Firm Name:** | CUMM01 |
| **First Name:** | Cheryl |
| **Address:** | Suite 351 |
| **State:** | MA |
| **Zip Ext:** | |
| **Tel Ext:** | |
| **Representing:** | Farrah II, Louis J (Defendant) |

## Calendar Events

15 Calendar Events for Docket: ESCV2005-00789

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|-----|-------------|-------------|-----------------|------|---------------|
| 1 | 10/18/2005 | 14:00 | Motion/Hearing: miscellaneous | C | Event rescheduled by court prior to date |
| 2 | 10/19/2005 | 14:00 | Motion/Hearing: miscellaneous | C | Event rescheduled by court prior to date |
| 3 | 10/20/2005 | 14:00 | Motion/Hearing: miscellaneous | C | Event rescheduled by court prior to date |
| 4 | 11/10/2005 | 14:00 | Motion/Hearing: miscellaneous | C | Event held as scheduled |
| 5 | 07/10/2006 | 10:00 | Motion/Hearing: show cause | T2 | Event canceled not re-scheduled |
| 6 | 10/12/2006 | 14:00 | Motion/Hearing: Compel | C | Event held as scheduled |
| 7 | 12/28/2006 | 14:00 | Motion/Hearing: Protective Order | C | Event held as scheduled |
| 8 | 03/13/2007 | 14:00 | Motion/Hearing: miscellaneous | C | Event rescheduled by court prior to date |
| 9 | 03/14/2007 | 14:00 | Motion/Hearing: miscellaneous | C | Event held as scheduled |
| 10 | 04/12/2007 | 14:00 | Motion/Hearing: miscellaneous | C | Event rescheduled by court prior to date |
| 11 | 04/24/2007 | 14:00 | Motion/Hearing: miscellaneous | C | Event held as scheduled |
| 12 | 06/26/2007 | 14:00 | Conf: litigation contrl | C | Event held as scheduled |
| 13 | 09/25/2007 | 14:00 | Motion/Hearing: miscellaneous | C | Event held as scheduled |
| 14 | 11/26/2007 | 16:00 | Status: Clerk Follow UP | C | |
| 15 | 12/13/2007 | 14:00 | Motion/Hearing: amend deadline | C | |

## Full Docket Entries

554 Docket Entries for Docket: ESCV2005-00789

| Entry Date: | Paper No: | Docket Entry: |
|-------------|-----------|---------------|
| 05/12/2005 | 1 | Complaint & civil action cover sheet filed |
| 05/12/2005 | | Origin 1, Type B99, Track F. |
| 05/19/2005 | 2 | Plaintiffs' Motion For Entry Of Appearance PRO HAC VICE w/Supporting |
| 05/19/2005 | 2 | Affidavit |
| 05/27/2005 | | MOTION (P#2) ALLOWED (Thomas P. Billings, Justice) Notices mailed |
| 05/27/2005 | | June 01, 2005 |
| 06/07/2005 | | CROSSCLAIM of Farrah Funeral Home v Bayview Crematory LLC |
| 06/13/2005 | 3 | Defendant Bayview Crematory LLC's assented to MOTION for a 30 day |
| 06/13/2005 | 3 | extension of deadline for filing and answer or Rule 12(b) motion |
| 06/15/2005 | 4 | Atty William P Smith's notice of appearance for Bayview Crematory LLC |
| 06/15/2005 | 5 | SERVICE RETURNED: Farrah Funeral Home(Defendant) |
| 06/15/2005 | 6 | SERVICE RETURNED: Commonwealth Cremation & Shipping Service |

| | | |
|---|---|---|
| 06/15/2005 | 6 | Inc(Defendant) |
| 06/15/2005 | 7 | SERVICE RETURNED: Commonwealth Funeral Service Inc(Defendant) |
| 06/15/2005 | 8 | SERVICE RETURNED: Cremation Society Inc(Defendant) |
| 06/15/2005 | 9 | SERVICE RETURNED: Hamel Wickens & Troupe Funeral Home Inc(Defendant) |
| 06/15/2005 | 10 | SERVICE RETURNED: Dracut Funeral Home Incorporated(Defendant) |
| 06/15/2005 | 11 | SERVICE RETURNED: American Cremation Society Inc(Defendant) |
| 06/15/2005 | 12 | SERVICE RETURNED: Scatamacchia Funeral Home(Defendant) |
| 06/15/2005 | 13 | SERVICE RETURNED: Hart Wallace Funeral Home(Defendant) |
| 06/15/2005 | 14 | SERVICE RETURNED: Simplicity Burial & Cremation Inc(Defendant) |
| 06/15/2005 | 15 | SERVICE RETURNED: Bayview Crematory LLC(Defendant) |
| 06/16/2005 | 16 | ANSWER: Farrah Funeral Home(Defendant) and |
| 06/16/2005 | 17 | ANSWER: Cremation Society Inc(Defendant) |
| 06/16/2005 | 18 | ANSWER: Simplicity Burial & Cremation Inc(Defendant) |
| 06/16/2005 | 19 | ANSWER: Hart Wallace Funeral Home(Defendant) |
| 06/16/2005 | 20 | Atty Michael W Gallagher's notice of appearance for Hart Wallace |
| 06/16/2005 | 20 | Funeral Home |
| 06/16/2005 | 21 | Atty Richard E Cavanaugh's notice of appearance for Hart Wallace |
| 06/16/2005 | 21 | Funeral Home, Simplicity Burial & Cremation Inc |
| 06/17/2005 | | MOTION (P#3) ALLOWED by agreement (Thomas P. Billings, Justice) |
| 06/17/2005 | | Notices mailed June 20, 2005 |
| 06/18/2005 | 22 | SERVICE RETURNED: Linda Stokes(Defendant) |
| 06/23/2005 | 23 | SERVICE RETURNED: William F Spencer Funeral Services(Defendant) |
| 06/29/2005 | 24 | Atty Kim M Roussos's notice of appearance for William F Spencer |
| 06/29/2005 | 24 | Funeral Services |
| 07/05/2005 | 25 | ANSWER: William F Spencer Funeral Services(Defendant) |
| 07/06/2005 | 26 | Atty Roger A Emanuelson's notice of appearance for Hart Wallace |
| 07/06/2005 | 26 | Funeral Home, Simplicity Burial & Cremation Inc |
| 07/08/2005 | 27 | ANSWER: and jury demand, Bayview Crematory LLC(Defendant) |
| 07/13/2005 | 28 | ANSWER: Linda Stokes(Defendant) |
| 07/15/2005 | 29 | Atty Michael E Okolita's notice of appearance for Scatamacchia |
| 07/15/2005 | 29 | Funeral Home |
| 07/21/2005 | 30 | ANSWER: Scatamacchia Funeral Home(Defendant) and |
| 07/21/2005 | | CROSSCLAIM of Scatamacchia Funeral Home v Bayview Crematory LLC |
| 07/21/2005 | 31 | ANSWER: Dracut Funeral Home Incorporated(Defendant) with cross-claim |
| 07/21/2005 | 32 | Atty Michael E Okolita's notice of appearance for Dracut Funeral Home |
| 07/21/2005 | 32 | Incorporated |
| 07/21/2005 | 33 | ANSWER: Commonwealth Cremation & Shipping Service and Commonwealth |
| 07/21/2005 | 33 | Funeral Services, Inc. Defendant) |
| 07/22/2005 | 34 | ANSWER: Hamel Wickens & Troupe Funeral Home Inc(Defendant) |
| 07/27/2005 | 35 | Court received notice of unavailability from Atty. David H. Charlip |
| 08/15/2005 | 36 | Defendant Dracut Funeral Home Incorporated's MOTION to admit John J |
| 08/15/2005 | 36 | DiChello and Grant S Palmer as counsel pro hac vice for Dracut |
| 08/15/2005 | 36 | Funeral Home Incorporated., with affidavit of John J DiChello, with |

| | | |
|---|---|---|
| 08/15/2005 | 36 | affidavit of Grant S Palmer, with affidavit of compliance. no opp. |
| 08/15/2005 | 37 | Defendant Scatamacchia Funeral Home's MOTION to admit John J DiChello |
| 08/15/2005 | 37 | and Grant S Palmer as counsel pro hac vice for Scatamacchia Funeral |
| 08/15/2005 | 37 | Home, with affidavit of John J DiChello and Affidavit of Grant S |
| 08/15/2005 | 37 | Palmer, affidavit of compliance, no opp. |
| 08/16/2005 | 38 | Plaintiff Paul Anzalone, Janet M Fontaine, Florence H Houle, Brenda |
| 08/16/2005 | 38 | Herdegen, Shaun Herdegen, Patricia Sullivan, Maria Perez, Bambi |
| 08/16/2005 | 38 | White, Debora Fox, Brenda Russo, Suzanne M Connolly, Maida Ann |
| 08/16/2005 | 38 | Invernizzi, Shawn Patrick Invernizzi, Steve F Simonson, Arthur Lake, |
| 08/16/2005 | 38 | Constance Raitt, Barbara J Hamel, Doreen Wilson, Pauline Judd, Edward |
| 08/16/2005 | 38 | P Anderson, Deborah Spinney, Clifton Spinney, Kenneth Spinney, |
| 08/16/2005 | 38 | Raymond H Monahan, Patricia M Scott, Doris R Clark, Ruth |
| 08/16/2005 | 38 | Dergardbedian, Rita M Muir, Rita Kent, Janice Merrill, Kathleen |
| 08/16/2005 | 38 | Boudreau, Andrew McWain III, Deborah Ellsey, Irene Robertson, Berton |
| 08/16/2005 | 38 | Nelson's Emergency Motion to enlarge time for perfecting service on |
| 08/16/2005 | 38 | Funeral Director defts' and to Amend Caption to include Funeral |
| 08/16/2005 | 38 | Director Defts. filed and served under rule 9a. |
| 08/24/2005 | | MOTION (P#36) is ALLOWED (Thomas Murtagh, Justice) Dated: 8/24/2005 |
| 08/24/2005 | | Notices mailed August 24, 2005 |
| 08/25/2005 | 39 | Atty Stuart M Holber's notice of appearance for Scatamacchia Funeral |
| 08/25/2005 | 39 | Home |
| 08/26/2005 | 40 | Plff's Notice of errata |
| 09/02/2005 | 41 | ANSWER by Bayview Crematory, Inc to CROSSCLAIM of Commonwealth |
| 09/02/2005 | 41 | Cremation & Shipping Service Inc, Commonwealth Funeral Service Inc |
| 09/02/2005 | 42 | ANSWER by Bayview Crematory, Inc to CROSSCLAIM of Dracut Funeral |
| 09/02/2005 | 42 | Home, Inc |
| 09/02/2005 | 43 | ANSWER by Bayview Crematory LLC to CROSSCLAIM of Scatamacchia Funeral |
| 09/02/2005 | 43 | Home |
| 09/07/2005 | | MOTION (P#37) ALLOWED. Dated: 9/6/2005 (Thomas Murtagh, Justice) |
| 09/07/2005 | | Notices mailed September 07, 2005 |
| 09/07/2005 | 44 | Plaintiffs'/Putative Class Representatives' MOTION to enlarge time to |
| 09/07/2005 | 44 | perfect service on funeral director defendants and to amend complaint |
| 09/07/2005 | 44 | to include funeral director defendants; Statement of reasons in |
| 09/07/2005 | 44 | support of motion to enlarge time to perfect service and to amend |
| 09/07/2005 | 44 | caption; Certificate of service |
| 09/07/2005 | 45 | Opposition to plaintiffs'/putative class representatives' motion to |
| 09/07/2005 | 45 | enlarge time for perfecting service on funeral directors and to amend |
| 09/07/2005 | 45 | caption to include funeral director defendants filed by Dracut |
| 09/07/2005 | 45 | Funeral Home Incorporated; Statement of reasons in support of |
| 09/07/2005 | 45 | opposition of motion |
| 09/07/2005 | 46 | Opposition to plaintiffs'/putative class representatives' motion to |
| 09/07/2005 | 46 | enlarge time for perfecting service on funeral director defendants |
| 09/07/2005 | 46 | and to amend caption to include funeral director defendants filed by |

| 09/07/2005 | 46 | Scatamacchia Funeral Home; |
| 09/07/2005 | 47 | Opposition to Plaintiffs'/putative class representatives' motion to |
| 09/07/2005 | 47 | enlarge time for perfecting service on funeral director defendants |
| 09/07/2005 | 47 | and to amend caption to include funeral director defendants filed by |
| 09/07/2005 | 47 | William F Spencer Funeral Services |
| 09/07/2005 | 48 | Affidavit of compliance with Superior Court Rule 9A. |
| 09/08/2005 | 49 | Plaintiffs'/Putative class representatives' MOTION for case |
| 09/08/2005 | 49 | management conference; Certificate of service |
| 09/08/2005 | 50 | Affidavit of compliance with Superior Court Rule 9A. |
| 09/08/2005 | 51 | Limited opposition to Plaintiffs' Motion for case management |
| 09/08/2005 | 51 | conference filed by Commonwealth Cremation & Shipping Service Inc, |
| 09/08/2005 | 51 | Commonwealth Funeral Service Inc |
| 09/08/2005 | 52 | Partial opposition to Plaintiffs' Motion for case management |
| 09/08/2005 | 52 | conference filed by Bayview Crematory LLC |
| 09/08/2005 | 53 | Partial opposition to Plaintiffs' Motion for case management |
| 09/08/2005 | 53 | conference filed by Linda Stokes, Trustee of the Dekes Realty Trust |
| 09/08/2005 | 53 | 0f 107 South Broadway, Lawrence, MA |
| 09/08/2005 | 54 | Limited opposition to the Plaintiffs'/putative class representatives' |
| 09/08/2005 | 54 | motion for case management conference filed by William F Spencer |
| 09/08/2005 | 54 | Funeral Services |
| 09/08/2005 | 55 | Limited opposition to the Plaintiffs'/putative class representatives' |
| 09/08/2005 | 55 | Motion for case management conference filed by Farrah Funeral Home |
| 09/16/2005 | | Notice sent to appear on October 18, 2005 for a hearing on Motion fro |
| 09/16/2005 | | Case Mgmt Conference |
| 09/16/2005 | | Notice sent to appear on October 18, 2005 for a hearing on Motion to |
| 09/16/2005 | | enlarge time to perfect service. |
| 10/04/2005 | | Notice sent to appear on October 19, 2005 for a hearing on |
| 10/04/2005 | | plaintiff's//punitive class representatives' motion for case |
| 10/04/2005 | | service on funeral director defts and to amend caption to include |
| 10/04/2005 | | funeral director defts |
| 10/19/2005 | 56 | Notice of unavailability from Charlip Law Group, LC (from November |
| 10/19/2005 | 56 | 21, 2005 - November 25, 2004) |
| 10/20/2005 | 57 | Atty Dona Feeney's notice of appearance for Bayview Crematory LLC |
| 10/24/2005 | 58 | Defendant Cremation Society Inc's MOTION to admit Ralph Suozzo of the |
| 10/24/2005 | 58 | law firm of Morrison Mahoney, LLP as counsel pro hac vice for |
| 10/24/2005 | 58 | Cremation Society Inc. Affidavit ofRalph Suozzo; Certificate of |
| 10/24/2005 | 58 | Service |
| 10/24/2005 | 59 | Affidavit of compliance with Superior Court Rule 9A. |
| 11/01/2005 | | MOTION (P#58) ALLOWED (Thomas Murtagh, Justice) Notices mailed |
| 11/01/2005 | | November 02, 2005 |
| 11/10/2005 | 60 | Defendant Scatamacchia Funeral Home's MOTION to admit John J DiChello |
| 11/10/2005 | 60 | and Grant S Palmer as counsel pro hac vice |
| 11/10/2005 | | MOTION (P#49) After hearing as it relates to class action, 9A filings |

| | | |
|---|---|---|
| 11/10/2005 | | on defendant by 2/15/06 response and sir reply by 3/30/06 (Thomas |
| 11/10/2005 | | Murtagh, Justice). Notices mailed November 14, 2005 |
| 11/10/2005 | | MOTION (P#44) ALLOWED after hearing (Thomas Murtagh, Justice) |
| 11/10/2005 | | Notices mailed November 14, 2005 |
| 11/10/2005 | | MOTION (P#60) ALLOWED (Thomas Murtagh, Justice) Notices mailed |
| 11/10/2005 | | November 14, 2005 |
| 11/18/2005 | 6 | Attorney Brian K. Walsh for Bayview Crematory LLC, Notice of change |
| 11/18/2005 | 6 | of address Filed 11/18/05 |
| 11/29/2005 | 61 | Class Representation Complaint with Amended Caption |
| 12/07/2005 | 62 | ANSWER by Paul Anzalone to CROSSCLAIM of Cremation Society Inc |
| 12/08/2005 | 63 | ANSWER/ Response of Farrah Funeral Home and Louis Farrah II to |
| 12/08/2005 | 63 | plaintiffs class representaion complaint with amended caption. |
| 12/15/2005 | 64 | SERVICE RETURNED (summons): Louis J. II Farrah, service made on |
| 12/15/2005 | 64 | December 06, 2005 (in hand) Filed 12/14/05 |
| 12/15/2005 | 65 | SERVICE RETURNED (summons): Derek A. Wallace, service made on |
| 12/15/2005 | 65 | December 07, 2005 (last and usual)(filed 12/14/2005 |
| 12/15/2005 | 66 | SERVICE RETURNED (summons): Robert Scatamacchia, service made on |
| 12/15/2005 | 66 | December 07, 2005 (last and usual)Filed 12/7/05 |
| 12/15/2005 | 67 | SERVICE RETURNED (summons): Stephen Scatamacchia, service made on |
| 12/15/2005 | 67 | December 07, 2005 (last and usual) |
| 12/15/2005 | 68 | SERVICE RETURNED (summons): Roger G. Hamel, service made on December |
| 12/15/2005 | 68 | 05, 2005 (in hand) |
| 12/15/2005 | 69 | SERVICE RETURNED (summons): Scott Hamel, service made on December 05, |
| 12/15/2005 | 69 | 2005 (in hand) |
| 12/15/2005 | 70 | SERVICE RETURNED (summons): Mark Gacek, service made on December 06, |
| 12/15/2005 | 70 | 2005 (in hand) |
| 12/15/2005 | 71 | SERVICE RETURNED (summons): Stephanie LaPusta, service made on |
| 12/15/2005 | 71 | December 05, 2005 (in hand) |
| 12/15/2005 | 72 | SERVICE RETURNED (summons): Paul Caillouette, service made on |
| 12/15/2005 | 72 | December 07, 2005 (in hand) |
| 12/15/2005 | 73 | SERVICE RETURNED: Arthur C. Hasiotas(Defendant) in hand |
| 12/15/2005 | 74 | SERVICE RETURNED: William F. Spencer(Defendant)accepted by his |
| 12/15/2005 | 74 | attorney in hand |
| 12/27/2005 | 75 | Amended ANSWER: Linda Stokes/Trustee of the Dekes Realty Trust of 107 |
| 12/27/2005 | 75 | South Broadway, Lawrence MA to Plaintiffs Class Representation |
| 12/27/2005 | 75 | Complaint With Amended Caption. |
| 01/04/2006 | 76 | ANSWER: Mark Gacek to plaintiff's class representation complaint with |
| 01/04/2006 | 76 | Amended caption with Affirmative defenses and cross-claim. (Filed |
| 01/04/2006 | 76 | 12/29/2005) |
| 01/04/2006 | 77 | ANSWER: Robert Scatamacchia to plaintiff's class representation |
| 01/04/2006 | 77 | complaint with amended caption with affirmative defenses and |
| 01/04/2006 | 77 | cross-claim. (filed 12/29/2005) |
| 01/10/2006 | 78 | ANSWER: Paul Caillouette(Defendant) |

| | | |
|---|---|---|
| 01/25/2006 | 79 | Attorney Shery M. Bourbeau Esq entering apperance for Defendants |
| 01/25/2006 | 79 | Derek A. Wallace, & Hart Wallace Funeral Home, And Simplicity Burial |
| 01/25/2006 | 79 | & Cremation Inc. |
| 01/25/2006 | 80 | ANSWER by Derek A. Wallace to COMPLAINT : of the class representation |
| 01/25/2006 | 80 | complaint. |
| 01/25/2006 | 81 | Plaintifs' MOTION to admit Sean Jason Gelb as counsel pro hac vice; |
| 01/25/2006 | 81 | Affidavit in support of Motion |
| 01/25/2006 | 82 | Affidavit of compliance with Superior Court Rule 9A. |
| 01/25/2006 | | Certificate of service of Lisa DeBrosse Johnson |
| 01/31/2006 | 83 | ANSWER: William F Spencer Funeral Services with amended caption. |
| 02/06/2006 | | Findings from Suffolk Superior Court: After review of the papers and |
| 02/06/2006 | | the dockets for both Essex CA#05-789 and Suffolk CA#05-3098, this |
| 02/06/2006 | | Court believes that both cases contain the same subject matter. |
| 02/06/2006 | | Suffolk CA#05-3098 and Essex CA#05-789 should at the very least be |
| 02/06/2006 | | handled and managed by the same Justice in order to ensure consistent |
| 02/06/2006 | | handling and orders. The Essex case was filed on 05/12/2005 and the |
| 02/06/2006 | | Suffolk case was filed on 07/26/2005. Therefore, it is ordered that |
| 02/06/2006 | | the Suffolk case be consolidated with the Essex case at Essex |
| 02/06/2006 | | Superior Court for management purposes. The Essex Superior Court |
| 02/06/2006 | | clerk is ordered to give notice of this ruling to all attorneys in |
| 02/06/2006 | | both cases, and to the Judge who is handling the cases certification |
| 02/06/2006 | | issue in Essex Superior Court. (Thomas Connors, Justice) (endorsement |
| 02/06/2006 | | dated 12/23/2005) Notices sent on Essex case on February 06, 2006 |
| 02/06/2006 | | (notice sent on Suffolk case on 12/23/2005) |
| 02/06/2006 | 84 | Defendant Bayview Crematory LLC's response to plaintiff's "class |
| 02/06/2006 | 84 | representation complaint with amended caption" |
| 02/06/2006 | 85 | ANSWER by Bayview Crematory LLC to CROSSCLAIM of Arthur C. Hasiotas |
| 02/06/2006 | 86 | ANSWER by Bayview Crematory LLC to CROSSCLAIM of Mark Gacek |
| 02/06/2006 | 87 | ANSWER by Bayview Crematory LLC to CROSSCLAIM of Stephen Scatamacchia |
| 02/06/2006 | | MOTION (P#81) ALLOWED (Frances McIntyre, Justice) Notices mailed |
| 02/06/2006 | | February 07, 2006 |
| 02/17/2006 | 88 | ORDER for hospital records from Lawrence General Hospital (P#88) |
| 02/17/2006 | 88 | (Frances McIntyre, Justice) along with affidavit. |
| 02/17/2006 | 89 | ORDER for hospital records from Massachusetts General Hospital - |
| 02/17/2006 | 89 | Revere Branch. (P#89) (Frances McIntyre, Justice) along with |
| 02/17/2006 | 89 | Affidavit |
| 03/15/2006 | 90 | Atty Brian K Walsh's notice of appearance for Hamel Wickens & Troupe |
| 03/15/2006 | 90 | Funeral Home Inc, Stephanie LaPusta, Paul Caillouette, Roger G. Hamel |
| 03/15/2006 | 90 | (along with certificate of service) |
| 03/15/2006 | 91 | ANSWER: Stephanie LaPusta(Defendant) with certificate of service |
| 03/15/2006 | 92 | ANSWER: Roger G. Hamel(Defendant) with certificate of service |
| 03/20/2006 | 93 | Joint MOTION to amend tracking order deadlines |
| 03/27/2006 | | MOTION (P#93) ALLOWED (Frances McIntyre, Justice) Notices mailed |

| | | |
|---|---|---|
| 03/27/2006 | | March 27, 2006 (endorsement dated 03/24/2006) |
| 03/27/2006 | | Tracking deadlines amended: see P#93 |
| 04/11/2006 | 94 | Plaintiffs'/Putative Class Representatives' Motion for Class |
| 04/11/2006 | 94 | Certification; Memorandum of law in support of Motion with exhibits |
| 04/11/2006 | 95 | Memorandum of law in opposition to #94 filed by Bayview Defendants |
| 04/11/2006 | 95 | with affidavit of william Smith, Esq. with attachments |
| 04/11/2006 | 96 | Memorandum of Law filed by Dracut Funeral Home, Mark Gacek, |
| 04/11/2006 | 96 | Scatamacchia Funeral Home in Robert Scatamacchia in opposition to |
| 04/11/2006 | 96 | P.#94, with exhibits |
| 04/11/2006 | 97 | Memorandum of Law Opposition to #94 filed by Commonwealth Cremation & |
| 04/11/2006 | 97 | Shipping Service Inc, Commonwealth Funeral Service Inc and Arthur |
| 04/11/2006 | 97 | Hasiotis |
| 04/11/2006 | 98 | Motion in opposition to #94 filed by William F. Spencer & William |
| 04/11/2006 | 98 | Spencer Funeral Services with Memorandum of Law in opposition to #94 |
| 04/11/2006 | 99 | Memorandum of Law in opposition to #94 filed by Farrah Funeral Home |
| 04/11/2006 | 100 | Memorandum of Law in opposition to #94 filed by Hamel Wickens & |
| 04/11/2006 | 100 | Troupe Funeral Home Inc., Roger Hamel, Stephanie LaPusta and Paul |
| 04/11/2006 | 100 | Caillouette |
| 04/11/2006 | 101 | Plaintiffs' reply to Bayview Defendants' memorandum of law in |
| 04/11/2006 | 101 | opposition to motion for class certification |
| 04/11/2006 | 102 | Plaintiff's reply to Dracut Funeral Home Inc., Mark Gacek, |
| 04/11/2006 | 102 | Scatamacchia Funeral Home, and Robert Scatamacchia's opposition to |
| 04/11/2006 | 102 | #94 |
| 04/11/2006 | 103 | Plaintiffs'/Putative class representaitves reply to Commonwealth |
| 04/11/2006 | 103 | Cremation & Shipping, Commonwealth Funeral Service, Inc. and Arthur |
| 04/11/2006 | 103 | Hasiotis' opposition to #94 |
| 04/11/2006 | 104 | Plaintiffs' reply to William Spencer Funeral Services and William |
| 04/11/2006 | 104 | Spencer's opposition to#94 |
| 04/11/2006 | 105 | Plaintiffs'/Putative Class Representatives' reply to Farrah Funeral |
| 04/11/2006 | 105 | Home's opposition to #94 |
| 04/11/2006 | 106 | Plaintiffs'/Putative Class Representatives reply to Hamel Wickens & |
| 04/11/2006 | 106 | Troup, Roger Hamel, Stephanie LaPusta and Paul Caillouette's |
| 04/11/2006 | 106 | opposition to #94 |
| 04/11/2006 | 107 | Affidavit of compliance with Superior Court Rule 9A. |
| 04/11/2006 | | Certificate of service of Lisa DeBrosse Johnson/notice of filing |
| 04/24/2006 | 108 | Surreply in further support of opposition to Plaintiffs'/Putative |
| 04/24/2006 | 108 | class representatives Motion for class certification filed by Dracut |
| 04/24/2006 | 108 | Funeral Home Inc., Scatamacchia Funeral Home, Robert Scatamacchia |
| 04/24/2006 | 108 | and Mark Gacek |
| 05/22/2006 | 109 | ORDER of NOTICE issued, hereon returnable at the overflow session on |
| 05/22/2006 | 109 | July 10, 2006 @10:00 AM to show cause why Plaintiffs/Putative Class |
| 05/22/2006 | 109 | Representatives' Motion for Class Certification should not be granted |
| 05/22/2006 | 109 | (Thomas P. Billings, Justice) |

| 05/25/2006 | 110 | (REVISED) ORDER OF NOTICE issued, hereon returnable at the overflow |
| 05/25/2006 | 110 | session on July 10, 2006 @10:00 AM to show cause why |
| 05/25/2006 | 110 | Plaintiffs/Putative Class Representatives' Motion for Class |
| 05/25/2006 | 110 | Certification should not be granted (Thomas P. Billings, Justice) |
| 06/12/2006 | 111 | Stipulation of partial dismissal as to Debora Fox, Brenda Russo, |
| 06/12/2006 | 111 | Raymond H Monahan, Ruth Dergardbedian, Rita M Muir, without prejudice |
| 06/12/2006 | 112 | Defendants' MOTION to compel Plaintiff, Arthur Lake, to answer |
| 06/12/2006 | 112 | questions propounded to him at deposition; Memorandum in support of |
| 06/12/2006 | 112 | motion |
| 06/12/2006 | 113 | Plaintiff/Putative class representative, Arthur Lake's cross-motion |
| 06/12/2006 | 113 | for enlargement of time to file an opposition to Defendants' Motion |
| 06/12/2006 | 113 | to compel answers to deposition questions |
| 06/12/2006 | 114 | Opposition to #113 filed by Linda Stokes |
| 06/12/2006 | 115 | Affidavit of Jill Treddin |
| 06/12/2006 | 116 | Rule 9c certificate of compliance |
| 06/12/2006 | 117 | Affidavit of compliance with Superior Court Rule 9A. |
| 06/12/2006 |  | Certificate of service of Mandi Jo Hanneke |
| 06/16/2006 | 118 | Opposition to #112 filed by Arthur Lake |
| 06/20/2006 |  | MOTION (P#112) ALLOWED. The case law from this and other Courts |
| 06/20/2006 |  | distinguishes between "garden variety" claims of emotional distress |
| 06/20/2006 |  | (typically, "parasitic" claims for pain and suffering damages |
| 06/20/2006 |  | attendant on a physical injury) from claims focused on "psychic |
| 06/20/2006 |  | injury or psychiatric disorder." See e.g. Robart v. Almo Rent-a-car |
| 06/20/2006 |  | LLc, 2005 WL 1009746 (Mass.Super.2005;Graziano,J) and cases cited; |
| 06/20/2006 |  | Sabree v. United Bhd. of Carpenters & Joiners of Am., Local #33, |
| 06/20/2006 |  | 126F.R.D.422,426 (D.Mass.1989). The latter type of claim, in which |
| 06/20/2006 |  | the plaintiff introduces his or her emotional mental health as an |
| 06/20/2006 |  | element of the claim, warrants a more intrusive inquiry into such |
| 06/20/2006 |  | matters than does the former. This case, in which (from reading the |
| 06/20/2006 |  | complaint) emotional distress damages appear to be the primary focus, |
| 06/20/2006 |  | is plainly of the latter type. Moreover, neither the issues |
| 06/20/2006 |  | presented, nor the reasons given in the plaintiffs' opposition, |
| 06/20/2006 |  | warrant a delay in ruling on the motion. (Thomas P. Billings, |
| 06/20/2006 |  | Justice) Notices mailed 6/20/2006 |
| 06/20/2006 |  | MOTION (P#113) DENIED; see order on the underlying motion to compel |
| 06/20/2006 |  | (Thomas P. Billings, Justice) Notices mailed 6/20/2006 |
| 07/12/2006 | 119 | Affidavit of compliance with Superior Court Rule 9A. |
| 07/12/2006 |  | Certificate of service of Lisa DeBrosse Johnson/Notice of filing |
| 07/12/2006 | 120 | Plaintiffs'/Putative class representatives MOTION for order |
| 07/12/2006 | 120 | compelling Discovery; Memorandum of law in support of Motion |
| 07/12/2006 | 121 | Opposition to #120 filed by Bayview Crematory LLC |
| 07/12/2006 | 122 | Opposition to #120 filed by Dracut Funeral Home Incorporated, |
| 07/12/2006 | 122 | Scatamacchia Funeral Home with supplemental brief in support of |

| | | |
|---|---|---|
| 07/12/2006 | 122 | opposition |
| 07/12/2006 | 123 | Opposition to #120 filed by Commonwealth Cremation & Shipping Service |
| 07/12/2006 | 123 | Inc, Commonwealth Funeral Service Inc |
| 07/12/2006 | 124 | Opposition to #120 filed by William F Spencer Funeral Services, |
| 07/12/2006 | 124 | William F. Spencer; Memorandum of law in opposition to motion |
| 07/12/2006 | 125 | Opposition to #120 filed by Farrah Funeral Home |
| 07/12/2006 | 126 | Opposition to #120 filed by Cremation Society Inc and letter from |
| 07/12/2006 | 126 | Joseph Desmond dated July 5, 2006 |
| 07/12/2006 | 127 | Opposition to #120 filed by Hart Wallace Funeral Home and Derek |
| 07/12/2006 | 127 | Wallace and cross-motion for a Protective Order and Stay of Discovery |
| 07/12/2006 | 128 | Opposition to #127's Cross-Motion for a Protective Order filed by |
| 07/12/2006 | 128 | Plaintiffs' with Certificate of service |
| 07/18/2006 | 129 | Defendants Opposition to Plaintiffs /Punative class representatives |
| 07/18/2006 | 129 | Omnibus Motion for order compelling discovery. |
| 07/25/2006 | 130 | MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR CLASS |
| 07/25/2006 | 130 | CERTIFICATION - ORDER - Motion for Class Certification is DENIED (See |
| 07/25/2006 | 130 | order on file) (Thomas Murtagh, Justice). Copies mailed 7/25/06 |
| 09/13/2006 | 131 | Defendant Scatamacchia Funeral Home's MOTION to compel full and |
| 09/13/2006 | 131 | complete responses to Scatamacchia's first set of interrogatories and |
| 09/13/2006 | 131 | first set of requests for production of documents and a privelege log |
| 09/13/2006 | 131 | (filed 9/11/06) |
| 09/13/2006 | 132 | Opposition to #131 filed by Patricia M Scott, Doris R Clark |
| 09/13/2006 | 133 | Affidavit of compliance with Superior Court Rule 9A. |
| 09/13/2006 | 134 | Defendant Dracut Funeral Home Incorporated's MOTION to compel full |
| 09/13/2006 | 134 | and complete responses to Dracut's first set of Interrogatories and |
| 09/13/2006 | 134 | first set of requests for production of documents and a Privilege Log |
| 09/13/2006 | 134 | (filed 9/11/06) |
| 09/13/2006 | 135 | Opposition to #134 filed by Suzanne M Connolly |
| 09/13/2006 | 136 | Affidavit of compliance with Superior Court Rule 9A. |
| 10/06/2006 | 137 | Application (33a) of Defendant, Hamel Wickens & Troupe Funeral Home |
| 10/06/2006 | 137 | Inc v. Plaintiff, Kathleen Boudreau for Final Judgment and affidavit. |
| 11/09/2006 | 138 | Partially Assented To MOTION For Enlargement Of Current Tracking |
| 11/09/2006 | 138 | Order Deadlines. (filed 11/8/2006) |
| 11/09/2006 | 139 | Opposition Of Defendants Dracut Funeral Home, Inc Scatamacchia |
| 11/09/2006 | 139 | Funeral Home, Mark P. Gacek and Robert Scatamacchia To plaintiffs |
| 11/09/2006 | 139 | Motion For Enlargement Of Current Tracking Order Deadlines. |
| 11/09/2006 | 140 | Affidavit of compliance with Superior Court Rule 9A. with certificate |
| 11/09/2006 | 140 | of service. |
| 11/16/2006 | | MOTION (P#138) ALLOWED Only to the extent the current tracking order |
| 11/16/2006 | | will be extended by 6 months. (Leila Kern, Justice) Notices mailed |
| 11/16/2006 | | 11/16/2006 |
| 11/28/2006 | 141 | Motion of Linda Stokes, Individually and as Trustee of the Dekes |
| 11/28/2006 | 141 | Realty Trust of 107 South Broadway, Lawrence, Massachusetts for |

| 11/28/2006 | 141 | protective order and suspension of deposition, Plaintiffs' Joint |
| 11/28/2006 | 141 | opposition to the motion of Linda Stokes, individually and as trustee |
| 11/28/2006 | 141 | of the Dekes Realty Trust Motion for protective order and suspension |
| 11/28/2006 | 141 | of deposition, and Affidavit of counsel , Mandi Jo Hanneke, in |
| 11/28/2006 | 141 | compliance with superior court Rule 9A. Rule 9c certificate of Mandi |
| 11/28/2006 | 141 | Jo Hanneke, and Certificate of service. Filed 11/16/2006 |
| 11/28/2006 | 142 | Request for hearing (regarding pleading #141) Filed 11/16/2006 |
| 12/18/2006 | 143 | Plaintiffs MOTION for amendment to plaintiff's responses to Linda |
| 12/18/2006 | 143 | Stokes, Trustee's request for admissions |
| 12/21/2006 | 144 | Opposition to #143 filed by Linda Stokes |
| 12/21/2006 | 145 | Affidavit of compliance with Superior Court Rule 9A. |
| 12/26/2006 | | MOTION (P#143) ALLOWED, the objection is overruled and this motion is |
| 12/26/2006 | | Allowed. (John Lu, Justice) Notices mailed 12/22/2006 |
| 12/27/2006 | 146 | Request For Leave to file a Reply to the Opposition of the Defendant |
| 12/27/2006 | 146 | Linda Stokes, Turstee to the Plaintiffs Motion To Amend Responses to |
| 12/27/2006 | 146 | Request for Admissions. |
| 01/03/2007 | 147 | Motion of Linda Stokes, Individually and as trustee of the dekes |
| 01/03/2007 | 147 | realty trust of 107 South Broadway, Lawrence, MA for protective order |
| 01/03/2007 | 147 | and suspension of deposition. (filed in court on 12/28/06) |
| 01/03/2007 | | MOTION (P#147) The court has balanced numerous factors involving but |
| 01/03/2007 | | not limited to the central role of Ms. Stokes, The potentially very |
| 01/03/2007 | | long delay in her deposition is to await her criminal trial and the |
| 01/03/2007 | | other steps available to her to avioid an adverse inference from her |
| 01/03/2007 | | invocation of her fith amendment privilege. Discovery shall go |
| 01/03/2007 | | forward; no party should assume that the time for discovery will be |
| 01/03/2007 | | extended. This motion is DENIED. (John T Lu, Justice). Notices mailed |
| 01/03/2007 | | 1/3/2007 |
| 01/03/2007 | 148 | Request filed for hearing on the within Motion For Protective |
| 01/03/2007 | 148 | Order.(field in court on 12/28/2006) |
| 01/03/2007 | | MOTION (P#148) DENIED, A hearing is unnecesssary and given the less |
| 01/03/2007 | | than civil conduct of discovery in this case, the court sees no need |
| 01/03/2007 | | to fan the flames . (John T. Lu, Justice) Notices mailed 1/3/2007 |
| 01/03/2007 | 149 | Plaintiff's MOTION for Protective Order (filed 12/13/2006) |
| 01/03/2007 | | MOTION (P#149) DENIED, See ruling of even date on Ms. Stokes' motion |
| 01/03/2007 | | for a protective order. (John T Lu, Justice) Notices mailed 1/3/2007 |
| 01/09/2007 | 150 | Motion to Videotape Depositions. |
| 01/09/2007 | 151 | Opposition to Plaintiffs Motion For Leave To Videotape Depositions. |
| 01/09/2007 | 151 | filed by Hamel Wickens & Troupe Funeral Home Inc |
| 01/09/2007 | 152 | Opposition To plaintiffs Motion For Leave to Videotape Depositions. |
| 01/09/2007 | 152 | filed by Farrah Funeral Home |
| 01/09/2007 | 153 | Opposition to To Plaintifffs Motion for Leave To Videotape |
| 01/09/2007 | 153 | depositions. filed by Simplicity Burial & Cremation Inc. |
| 01/09/2007 | 154 | Opposition Of Defendant Linda Stokes, Trustee to Plaintiffs Motion |

| 01/09/2007 | 154 | For Leave to videotape depositions. filed by Linda Stokes. |
| 01/09/2007 | 155 | Opposition to Plaintiffs Motion for leave to videotape depositions. |
| 01/09/2007 | 155 | filed by Bayview Crematory LLC |
| 01/09/2007 | 156 | Affidavit of compliance with Superior Court Rule 9A. |
| 01/09/2007 | 157 | Certificate of service |
| 01/12/2007 | | MOTION (P#150) DENIED without prejuduce to renew upon documentation |
| 01/12/2007 | | of compliance with Superior Court R 9C (Kathe Tuttman, Justice) |
| 01/12/2007 | | Notices mailed 1/12/2007 |
| 02/05/2007 | 158 | Rule 9c certificate of compliance |
| 02/09/2007 | 159 | Stipulation of partial dismissal as to Arthur Lake, Kathleen |
| 02/09/2007 | 159 | Boudreau, with prejudice, without costs |
| 02/09/2007 | 160 | Plaintiffs' MOTION to set all pending Motions for hearing |
| 02/09/2007 | 161 | Affidavit of compliance with Superior Court Rule 9A. |
| 02/09/2007 | | Certificate of service of Lisa DeBrosse Johnson |
| 02/22/2007 | | Notice sent to appear on 3/13/2007 for a hearing on Plaintiff's |
| 02/22/2007 | | Motion for leave to videotape depositions |
| 02/26/2007 | 162 | Stipulation of partial dismissal as to Pauline Judd, with prejudice, |
| 02/26/2007 | 162 | without costs |
| 02/27/2007 | 163 | Notice of unavailability of Atty. David Charlip |
| 03/05/2007 | | Notice sent to appear on 3/14/2007 for a hearing on Plaintiff's |
| 03/05/2007 | | Motion for leave to videotape depositions |
| 03/16/2007 | | MOTION (P#150) After hearing, DENIED without prejudice to renew upon |
| 03/16/2007 | | a more particularized showing of need with respect to individual |
| 03/16/2007 | | defendants or particular witnesses. (Kathe Tuttman, Justice) Notices |
| 03/16/2007 | | mailed 3/16/2007 |
| 03/20/2007 | | Notice sent to appear on 4/24/2007 for a hearing on |
| 03/20/2007 | | Plaintiffs'/putative class representatives motion for order |
| 03/20/2007 | | compelling discovery; Cross motion for protective order and stay of |
| 03/20/2007 | | discovery; Pending Motion will also be heard |
| 04/02/2007 | 164 | Defendant Bayview Crematory LLC's partially assented to MOTION for |
| 04/02/2007 | 164 | Letters Rogatory for witnesses in the State of New Hampshire |
| 04/02/2007 | 165 | Affidavit of compliance with Superior Court Rule 9A. |
| 04/02/2007 | | Certificate of service of Dona Feeney |
| 04/04/2007 | 166 | Atty Bradley A MacDonald's notice of appearance for Farrah Funeral |
| 04/04/2007 | 166 | Home |
| 04/04/2007 | 167 | Atty Nicole H Pierce's withdrawal of appearance filed re: Farrah |
| 04/04/2007 | 167 | Funeral Home |
| 04/09/2007 | | MOTION (P#164) ALLOWED (Thomas P. Billings, Justice) Notices mailed |
| 04/09/2007 | | 4/9/2007 |
| 04/09/2007 | | Letter Rogatory: (Thomas P. Billings, Justice) |
| 04/09/2007 | 168 | Defendant Linda Stokes' MOTION to compel production of documents and |
| 04/09/2007 | 168 | answers to interrogatories w/memorandum and affidavit |
| 04/09/2007 | 169 | Affidavit of compliance with Superior Court Rule 9A. |

| 04/09/2007 | 170 | Rule 9c certificate of compliance |
| 04/09/2007 | 171 | Opposition to (P#168) filed by Plaintiffs |
| 04/10/2007 | 172 | Stipulation for voluntary dismissal with prejudice as to Constance |
| 04/10/2007 | 172 | Raitt be dismissed with prejudice and without costs. (filed 4/4/2007) |
| 04/11/2007 | | MOTION (P#168) ALLOWED IN PART. The plaintiffs shall, within 30 days, |
| 04/11/2007 | | serve full and complete responses to the enumerated interrogatories |
| 04/11/2007 | | and document requests accompanied by copies of all responsive |
| 04/11/2007 | | documents within the plaintifffs possession, custody or control |
| 04/11/2007 | | (Thomas P. Billings, Justice). Notices mailed 4/12/2007 |
| 04/19/2007 | 173 | Plaintiffs' MOTION for enlargement of current tracking order deadline |
| 04/19/2007 | 173 | for completion of discovery |
| 04/19/2007 | 175 | Partial opposition to #173 filed by Bayview Crematory LLC |
| 04/19/2007 | 174 | Partial opposition to #173 filed by Hart Wallace Funeral Home, |
| 04/19/2007 | 174 | Simplicity Burial & Cremation Inc, Derek A Wallace |
| 04/19/2007 | 176 | Opposition to #173 filed by Linda Stokes, Trustee of the Dekes Realty |
| 04/19/2007 | 176 | Ttrust 0f 107 South Broadway, Lawrence, NA |
| 04/24/2007 | 177 | ORDER ON PENDING DISCOVERY MOTIONS AND ON PLAINTIFFS' MOTION TO |
| 04/24/2007 | 177 | EXTEND TRACKING ORDER - (see Order on file) (Thomas P. Billings, |
| 04/24/2007 | 177 | Justice) |
| 04/26/2007 | 178 | Non-Party Respondent John J. Gentile's MOTION to QUASH, depostion |
| 04/26/2007 | 178 | subpoena, for protective order, and for sanctions against attorney |
| 04/26/2007 | 178 | David H. Charlip. |
| 04/26/2007 | 179 | Memorandum: In support of Non-Party respondent John J. Gentiles |
| 04/26/2007 | 179 | Motion To quash Deposition Subpoena for Protective Order. |
| 04/26/2007 | 180 | Plaintiffs Opposition to John J. Gentile's MOTION to quash depostion |
| 04/26/2007 | 180 | subpoena for proctive order, and for sanctions. |
| 04/26/2007 | 181 | Affidavit of compliance with Superior Court Rule 9A. |
| 04/26/2007 | 182 | Request for hearing filed by the Non - Party Respondent John J. |
| 04/26/2007 | 182 | Gentile. with certificate of service. |
| 04/30/2007 | 183 | MOTION of President and Fellows of Harvard College for Protective |
| 04/30/2007 | 183 | Order; memorandum in support |
| 04/30/2007 | 184 | Plaintiffs' Opposition to #183 filed by |
| 04/30/2007 | 185 | Request for leave to file reply brief in support of motion for |
| 04/30/2007 | 185 | protective order by president and fellows of harvard college |
| 04/30/2007 | 186 | Affidavit of compliance with Superior Court Rule 9A. |
| 05/02/2007 | 187 | Non-Party Respondent Henry Farmer's MOTION to quash deposition |
| 05/02/2007 | 187 | notices and for protective order; momorandum in support |
| 05/02/2007 | | MOTION (P#187) ALLOWED. Although the motion lacks a 9C certificate |
| 05/02/2007 | | and is not labled as an emergency motion, it appears from the |
| 05/02/2007 | | memorandum that the required conference has taken place and that the |
| 05/02/2007 | | situation is emergent. Counsel are directed to work out a mutually |
| 05/02/2007 | | agreeable time and place, and the issue of process. (Thomas P. |
| 05/02/2007 | | Billings, Justice) Notices mailed 5/2/2007 |

| | | |
|---|---|---|
| 05/04/2007 | | MOTION (P#183) ALLOWED, consistant with the principle expressed in |
| 05/04/2007 | | the hearing and Order of. (Thomas P. Billings, Justice) Notices |
| 05/04/2007 | | mailed 5/4/2007 |
| 05/04/2007 | | MOTION (P#178) Consistent with the principles expressed in the |
| 05/04/2007 | | hearing and Order of 4/24/03, ALLOWED. No sanctions. (Thomas P. |
| 05/04/2007 | | Billings, Justice) Notices mailed 5/4/2007 |
| 06/01/2007 | 188 | Plaintiffs' MOTION for Order compelling answers to deposition |
| 06/01/2007 | 188 | questions |
| 06/01/2007 | 189 | Opposition to #188 filed by Bayview Crematory LLC, Linda Stokes |
| 06/01/2007 | 190 | Affidavit of compliance with Superior Court Rule 9A. |
| 06/07/2007 | 191 | MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR ORDER |
| 06/07/2007 | 191 | COMPELLING ANSWERS TO DEPOSITION QUESTIONS (LINDA STOKES DEPOSITION) |
| 06/07/2007 | 191 | (Thomas P. Billings, Justice). Copies mailed 6/8/07 |
| 06/14/2007 | 192 | Stipulation of partial dismissal as to Patricia M Scott vs. |
| 06/14/2007 | 192 | Scatamacchia Funeral Home, Robert Scatamacchia, with prejudice, |
| 06/14/2007 | 192 | without costs |
| 06/14/2007 | 193 | Stipulation of partial dismissal as to Doris R Clark vs. Scatamacchia |
| 06/14/2007 | 193 | Funeral Home, Robert Scatamacchia, with prejudice, without costs |
| 06/14/2007 | 194 | Stipulation of partial dismissal as to Suzanne M Connolly vs. Dracut |
| 06/14/2007 | 194 | Funeral Home Incorporated, Mark Gacek, with prejudice, without costs |
| 06/19/2007 | 195 | Stipulation for voluntry dismissal of cross claims by Scatacchia |
| 06/19/2007 | 195 | funeral home and Robert Scatamaccia against Bayview Crematory, LLC |
| 06/19/2007 | 196 | Stipulation for voluntary dismissal of cross claims by Dracut Funeral |
| 06/19/2007 | 196 | Home, Inc and Mark P Gacek against Bayview Crematory, LLC |
| 06/20/2007 | 197 | Court received Status report of Linda Stokes, trustee of the dekes |
| 06/20/2007 | 197 | realty turst of 107 south broadway, Lawrence MA, pursuant to order |
| 06/20/2007 | 197 | dated april 24,2007. |
| 06/22/2007 | 198 | Court received Plaintiffs status report on discovery issues. |
| 06/25/2007 | 199 | Court received Joint Status report of defendants bayview crematory, |
| 06/25/2007 | 199 | LLC, Hart-Wallace Funeral Home Simplicity Burial & Creamation, Inc, |
| 06/25/2007 | 199 | and Derek Wallace Pursuant to order Dated April 24,2007. |
| 06/26/2007 | 200 | Court received Discovery status report of defendant, Cremation |
| 06/26/2007 | 200 | Society, Inc. |
| 06/27/2007 | 201 | MEMORANDUM OF DECISION AND ORDER concerning discovery motions. |
| 06/27/2007 | 201 | (Thomas P. Billings, Justice). Copies mailed |
| 08/23/2007 | 202 | Defendant Linda Stokes's MOTION for an independent Psychiatric |
| 08/23/2007 | 202 | Examination of Plaintiff Paul Anzalone |
| 08/23/2007 | 203 | Request for hearing filed by Linda Stokes |
| 08/23/2007 | 204 | Partial opposition to #202 filed by Paul Anzalone |
| 08/23/2007 | 205 | Affidavit of compliance with Superior Court Rule 9A. |
| 08/30/2007 | | Notice sent to appear on [date:date] for a hearing on [specify event] |
| 09/07/2007 | 206 | Filed Partial Opposition to Linda Stokes Trustee's Motion for |
| 09/07/2007 | 206 | Independent Psychiatric Examination . |

| | | |
|---|---|---|
| 09/25/2007 | 207 | Affidavit of Dr. Martin J Kelly |
| 09/25/2007 | | MOTION (P#202) After hearing counsel will submit agreed order to this |
| 09/25/2007 | | court (Thomas Murtagh, Justice) |
| 09/28/2007 | 208 | ORDER ON MOTION OF DEFENDANT, LINDA STOKES, TRUSTEE FOR AN |
| 09/28/2007 | 208 | INDEPENDENT PSYCHIATRIC EXAMINATION OF PLAINTIFF, PAUL ANZALONE (see |
| 09/28/2007 | 208 | Order on file) (Thomas Murtagh, Justice) |
| 10/15/2007 | 209 | MOTION of Linda Stokes, Trustee of the Dekes Realty Trust of 107 |
| 10/15/2007 | 209 | South Broadway, Lawrence, Massachusetts, to access the Criminal |
| 10/15/2007 | 209 | Records of Paul Anzalone |
| 10/17/2007 | | MOTION (P#209) ALLOWED (Thomas Murtagh, Justice) Notices mailed |
| 10/17/2007 | | 10/17/2007 |
| 10/17/2007 | 210 | ORDER ON THE MOTION TO ACCESS THE CRIMINAL RECORDS OF PAUL ANZALONE |
| 10/17/2007 | 210 | (Thomas Murtagh, Justice) |
| 11/07/2007 | 211 | Plaintiffs' Second MOTION for Enlargement of Current Tracking Order |
| 11/07/2007 | 211 | Deadlines |
| 11/07/2007 | 212 | Opposition of Defendants, Linda Stokes, Trustee of the Dekes Realty |
| 11/07/2007 | 212 | Trust and Bayview Crematory LLC, to Plaintiffs' Second MOTION for |
| 11/07/2007 | 212 | Enlargement of Current Tracking Order Deadline for completion of |
| 11/07/2007 | 212 | discovery |
| 11/07/2007 | 213 | Opposition of Defendant William F Spencer Funeral Services, and |
| 11/07/2007 | 213 | opposes the Plaintiffs' Second MOTION for Enlargement of Current |
| 11/07/2007 | 213 | Tracking Order |
| 11/07/2007 | 214 | Opposition of defendants Hamel, Wickens and Troupe Funeral Home and |
| 11/07/2007 | 214 | Cremation Society, Inc. to Plaintiffs' Second MOTION for Enlargement |
| 11/07/2007 | 214 | of Current Tracking Order Deadline for completion of discovery |
| 11/07/2007 | 215 | Limited opposition to #211 filed by Farrah Funeral Home |

# EXHIBIT C

**THE STATE OF NEW HAMPSHIRE**
Rockingham Superior Court
PO Box 1258
Kingston, NH 03848 1258
603 642-5256

RECEIVED
NOV - 9 2007

**NOTICE OF DECISION**

MARY ANN DEMPSEY
WIGGIN & NOURIE P A
PO BOX 808
MANCHESTER NH 03105-0808

05-C-0350 Michael Ellis, et al vs. Derek A. Wallace, et al

Please be advised that on 11/08/2007 Judge McHugh made the following
order relative to:

**Motion to Continue ; Order Made**
Case Mangement Conference of 11/14/07 or Alternatively Permit
Telephonic Attendance & Motion for Protective Order (see copy
of order attached)

11/08/2007                                  Raymond Taylor
                                            Clerk of Court

     cc:  Christopher E Grant Esq
          Lawrence B. Gormley
          Doreen F Connor
          David H. Charlip, Esquire
          Andrew R. Schulman
          Robert Whaland
          James G. Walker
          Joseph M. Desmond
          Ralph Suozzo
          Thomas J. Fay
          Dona Feeney
          Dawn M. Piccirilli, Esquire
          John D. Boyle, Esquire
          Michael C. Palermo
          Andrew B. Ranks, Esq.
AOC Form SUCP052 (Rev 09/27/2001)

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

ROCKINGHAM COUNTY

NO.: 05-C-0350

MICHAEL ELLIS, et al.,

Plaintiffs,

vs.

BAYVIEW CREMATORY, LLC, et al.,

Defendants.

---

## MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE OF NOVEMBER 14, 2007 OR ALTERNATIVELY PERMIT TELEPHONIC ATTENDANCE AND MOTION FOR PROTECTIVE ORDER

NOW COMES David H. Charlip, Esq., counsel to the Plaintiffs, and moves for entry of an order permitting continuance of Case Management Conference or November 14, 2007 or for telephonic attendance and additionally for a protective order for depositions scheduled for November 13, 2007, and states as follows:

1. Plaintiffs' counsel, David H. Charlip was planning on attending the depositions scheduled for November 13 and Case Management Conference scheduled for November 14, 2007 in person.

2. Plaintiffs' counsel had previously been scheduled to attend a hearing on dispositive motions on November 16, 2007 in San Francisco, CA. When Plaintiffs' counsel attempted to schedule attendance at the depositions and hearing in New Hampshire, Plaintiffs' counsel, David H. Charlip was unable to work out suitable flight arrangements.

3.    All counsel in this matter assent to Plaintiffs' counsel, David H. Charlip appearing telephonically at the Case Management Conference.

4.    All counsel in this matter assent to the continuance of the Case Management Conference with the exception of counsel, for Defendant Bayview, Dona Feeney, Esq. and Defendant Simplicity and Farmer, Dawn Piccirilli, Esq. who do not assent.

5.    Christopher E. Grant, Esq., local co-counsel for the Plaintiffs, will be physically appearing at the same time that undersigned counsel will be appearing by telephone. There is no prejudice to any party by the granting of the relief sought in this motion.

6.    Undersigned counsel is prepared to comply with all conditions relating to logistics and payment of expenses attributable to his attendance at the hearing via telephone.

7.    Defendant Simplicity and Farmer, Dawn Piccirilli, Esq. does not agree to reschedule the depositions scheduled for November 13, 2007.

WHEREFORE, by reason of the foregoing, undersigned counsel requests that this Honorable Court enter its order:

a.    continuing the Case Management Conference or, ALTERNATIVELY,

b.    permitting Plaintiffs' counsel to make telephonic appearance at the November 14, 2007 Case Management Conference; and

c.    granting a protective order requiring the rescheduling of the depositions of Katy Tewksbury and Crissy Fitzgerald set for November 13, 2007.

Dated this 29th day of October, 2007.

Respectfully Submitted,
Plaintiffs
By their attorneys,

David H. Charlip, Esq.
Pro Hac Vice
Florida Bar No.: 329932
1930 Harrison Street,  Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 Facsimile

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion to Continue Case Management Conference of November 14, 2007 or Alternatively Permit Telephonic Attendance and Motion for Protective Order as served upon counsel for the parties set forth on the attached service list by Facsimile Transmission and United States Mail, Postage Prepaid this 29th day of October, 2007.

David H. Charlip, Esq.

11/8/07

Absent the key depositions being taken in this case it would seem that a Case Management Conference would be a waste of time. Accordingly, the Conference scheduled for November 14, 2007 is Cancelled. The Court orders that the depositions of Katy Tewksbury, Crissy Fitzgerald and Steven Gordon are to be taken before the depositions noticed by the plaintiffs.

3

# EXHIBIT D

**Browse Previous Page** | **Table of Contents** | **Browse Next Page**

**Superior Court Rules Table of Contents**

# RULES OF THE SUPERIOR COURT OF THE STATE OF NEW HAMPSHIRE

## USE OF VIDEO TAPE DEPOSITIONS

45. The Court, within its discretion, may allow the use of video tape depositions that have been taken by agreement; and provided further that, if the parties cannot reach such an agreement, the Court may, in its discretion, order the taking and/or use of such depositions. At the commencement of the video tape deposition, counsel representing the deponent should state whose deposition it is, what case it is being taken for, where it is being taken, who the lawyers are that will be asking the questions, and the date and the time of the deposition. Care should be taken to have the witnesses speak slowly and distinctly and that papers be readily available for reference without undue delay and unnecessary noise. Counsel and witnesses shall comport themselves at all times as if they were actually in the courtroom.

If any problem arises as to the admissibility or inadmissibility of evidence, this should be handled in the same manner as written depositions.

45-A. A party objecting to a question asked of, or an answer given by, a witness whose testimony is being taken by videotape shall provide the Court at the pretrial settlement conference with a transcript of the videotape proceedings that is sufficient to enable the Court to act upon the objection before the trial of the case, or the objection shall be deemed waived.

The provisions of Rule 41 with respect to objections to testimony or evidence shall also apply to a video tape deposition.

**Browse Previous Page** | **Table of Contents** | **Browse Next Page**

**Superior Court Rules Table of Contents**

# EXHIBIT E



UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LORRAINE HUNT vs. BAYVIEW CREMATORY, LLC, et al. | ) No. 05-11140-RCL ) ) |
| and | ) ) |
| ALAN C. ANDERSEN, et al. vs. BAYVIEW CREMATORY, LLC, et al. | ) NO. 05-CV-11904-RCL ) ) |

## PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Local Rule 26.2 of this District, Plaintiffs[1] hereby make their initial disclosures. These initial disclosures are based upon information reasonably available to Plaintiffs at this time. Plaintiffs reserve the right to further amend or supplement these initial disclosures as required by Fed. R. Civ. P. 26(e) or as otherwise appropriate.

A.    *The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information*

| Name | Contact Information | Subject of Information |
|------|--------------------|-----------------------|
| Alan C. Andersen | 25 Queensberry Street, Unit 11 Boston, MA 02215-5014 (617) 266-2748 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Suzanne Bourassa | 20 Fieldstone Circle Whitman, MA 02382 (781) 447-0247 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| John Carlson | 6 Timber Court Seabrook, NH 03874 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |

---

[1] Plaintiffs' Initial Disclosures are made on behalf of Plaintiffs Lorraine Hunt, Alan C. Andersen, Suzanne Bourassa, John Carlson, Robert Delia, Steven Dumais, Sara-Anne Eames, Shaun Ferris, John Foster, Dennis Fowler, Edward Galvin, Jr., Britton Hall, Patricia Hannigan, Marie Ignoto, David Johnson, Dawn Lattime, Kathleen McDonough, Tara McDonough, Eleanor Poole and Donna M. Tomaso.

| Name | Contact Information | Subject of Information |
|------|-------------------|------------------------|
| Robert Delia | 29 Shattuck Street<br>Pepperell, MA  01463<br>(978) 433-9322 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Steven Dumais | 1180 Merrimack Avenue<br>Dracut, MA  01826<br>(978) 459-7340 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Sara-Anne Eames | 4 B Golden Drive<br>Newburyport, MA  01950<br>(978) 462-3403 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Judith P. Eastman | deceased | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Shaun Ferris | 6 Hawley Road<br>Windham, NH  03087<br>(617) 908-6015 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| John Foster | 6 Warren Avenue<br>Salisbury, MA  01952<br>(978) 767-1062 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |

| Name | Contact Information | Subject of Information |
|------|---------------------|------------------------|
| Diane Sullivan (daughter of deceased Joan Mae Foster) | 135 E. Maine Street, Apt. E-5 Westboro, MA 01581 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Dennis Fowler | 504 Mill Creek Road Otego, NY 13825 (607) 432-0597 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Edward Galvin, Jr. | P.O. Box 2818 Leesburg, VA 20177 (703) 728-5242 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Britton Hall | 3 Goulding Street Sherborn, MA 01770 (508) 655-4035 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Patricia Hannigan | 325 Lynch Road Newcastle, ME 04553 (207) 563-6975 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Lorraine Hunt | 470 Adams Street, Unit 4 Quincy, MA 02169 (617) 984-2634 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |

| Name | Contact Information | Subject of Information |
|---|---|---|
| Marie Ignoto | 40 Puritan Road<br>Watertown, MA  02472<br>(617) 926-2723 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| David Johnson | 26 Autumn St.<br>Tyngsboro, MA  01879<br>(978) 649-8792 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Kathyrn E. Johnson (daughter of deceased Gloria Dubois-Johnson) | P.O. Box 326<br>Tyngsboro, MA  01879 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Daniel E. Johnson (son of deceased Gloria Dubois-Johnson) | 26 Autumn St.<br>Tyngsboro, MA  01879 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Dawn Lattime | 47 Folly Mill Road<br>Salisbury, MA  01952<br>(978) 388-8559 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Stephen Lattime | 90 N. Norwood Ave.<br>54 Beach Rd.<br>Hillsdale, MI  48242 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |

| Name | Contact Information | Subject of Information |
|---|---|---|
| Kathleen McDonough | 81 Armistice Blvd.<br>Pawtucket, RI 02860<br>(401) 477-4185 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Tara McDonough | 10 Wasaga Road<br>Pawtucket, RI 02861<br>(401) 480-5006 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Eleanor Poole | 20435 Wildcat Run Drive<br>Estero, FL 33928<br>(239) 495-7697 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Donna Tomaso | 338 Hight Street, #2<br>Medford, MA 02155<br>(617) 957-0308 | Plaintiffs' claims and the circumstances surrounding the cremation of their loved ones by Bayview Crematory, including the involvement of one or more Funeral Home Defendants. |
| Derek A. Wallace | 20 Forest Road<br>Salisbury, MA 01952-1601<br>(978) 462-4911 | Conduct of Funeral Home and Bayview Crematory. |
| Linda Stokes | 2 Stonehurst Street, Apt. 2<br>Dorchester, MA 02122-1515 | Conduct of Funeral Home and Bayview Crematory. |
| James G. Higgins | Commonwealth Cremation & Shipping Service, Inc.<br>1654 Washington Street<br>Boston, MA 02118 | Conduct of Funeral Home and Bayview Crematory. |
| Kimberly Winter | American Cremation Society, Inc.<br>342 Washington Street<br>Haverhill, MA 01832<br>(978) 372-7764 | Conduct of Funeral Home and Bayview Crematory. |

| Name | Contact Information | Subject of Information |
|---|---|---|
| Jennifer A. Peabody | Southern New Hampshire Crematory Inc<br>10 A Street<br>Derry, NH 03038-1716<br>(603) 432-6090 | Conduct of Funeral Home and Bayview Crematory. |
| Mark P. Gacek | Dracut Funeral Home Incorporated<br>2159 Lakeview Avenue<br>Dracut, MA 01826 | Conduct of Funeral Home and Bayview Crematory. |
| Roger G Hamel | Hamel Wickens & Troupe Funeral Home, Inc.<br>26 Adams Street<br>Quincy, MA 02169<br><br>- and –<br><br>Cremation Society, Inc.<br>28 Adams Street<br>Quincy, MA 02169 | Conduct of Funeral Home and Bayview Crematory. |
| Scott Hamel | Cremation Society, Inc.<br>28 Adams Street<br>Quincy, MA 02169 | Conduct of Funeral Home and Bayview Crematory. |
| Arthur C. Hasiotis | Commonwealth Cremation & Shipping Service, Inc.<br>1654 Washington Street<br>Boston, MA 02118 | Conduct of Funeral Home and Bayview Crematory. |
| Henry L. Farmer III | Simplicity Burial & Cremation, Inc.<br>34 Lafayette Road<br>Salisbury, MA | Conduct of Funeral Home and Bayview Crematory. |
| Louis Farrah | Farrah Funeral Home<br>133 Lawrence Street<br>Lawrence, MA 01841 | Conduct of Funeral Home and Bayview Crematory. |

| Name | Contact Information | Subject of Information |
|---|---|---|
| Charles Keefe | Keefe Funeral Home, Inc.<br>2175 Massachusetts Avenue<br>Cambridge, MA 02140<br>(781) 648-5544 | Conduct of Funeral Home and Bayview Crematory. |
| Robert Scatamacchia | Scatamacchia Funeral Home<br>25 Railroad Square<br>Haverhill, MA 01832 | Conduct of Funeral Home and Bayview Crematory. |
| Stephen G. Scatamacchia (deceased) | American Society For Funeral Services, Inc.<br>342 Washington Street<br>Haverhill, MA 01832 | Conduct of Funeral Home and Bayview Crematory. |
| William F. Spencer | William F. Spencer Funeral Service<br>575 E. Broadway<br>South Boston, MA 02127-4404 | Conduct of Funeral Home and Bayview Crematory. |
| Jerry A. Norman | Neptune Society<br>2084 Horseblock Rd.<br>Medford, NY 11763<br>(516) 378-5990 | Conduct of Funeral Home and Bayview Crematory. |
| Daniel M. Solberg | Neptune Society<br>2084 Horseblock Rd.<br>Medford, NY 11763<br>(516) 378-5990 | Conduct of Funeral Home and Bayview Crematory. |
| Brent Lokash | Neptune Society<br>2084 Horseblock Rd.<br>Medford, NY 11763<br>(516) 378-5990 | Conduct of Funeral Home and Bayview Crematory. |

Plaintiffs reserve their right to supplement this disclosure.

B. *A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.*

Documents that are in the possession, custody, or control of Plaintiffs that Plaintiffs may use to support their claims, unless solely for impeachment, concern the funeral homes that utilized the services of Bayview and the cremation of their loved ones by Bayview. These documents include, but are not limited to, service contracts, letter agreements, cremation certificates and invoices. These documents are in the custody of Plaintiffs.

C. *A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.*

As set forth in the Complaint, Plaintiffs seek compensatory damages, interest, litigation costs, and other relief as the Court deems proper. At the appropriate time, Plaintiffs' expert will opine on the damages that the Class has sustained and provide an expert opinion in compliance with Fed. R. Civ. P. 26(a)(2).

D. *For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Plaintiffs do not have in their possession, custody or control any insurance agreements covered by Fed. R. Civ. P. 26(a)(1)(D).

DATED: November 20, 2006

By their attorneys,

*[signature]*

Thomas G. Shapiro BBO #454680
Theodore M. Hess-Mahan BBO #557109
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: 617/439-3939

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EVAN J. KAUFMAN
MARK S. REICH
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100

*Attorneys for Plaintiffs*

I:\Bayview Crematory\Pleadings\061117 Initial Disclosures.doc

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD
FOR EACH OTHER PARTY BY MAIL-HAND-FAX ON *11/20/2006*

*[signature]*

THEODORE M. HESS-MAHAN

# EXHIBIT F

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 2007-00527-F

Annette Anderson _____, Plaintiff(s)

v.

Tufts University _____, Defendant(s)

## SUMMONS

A TRUE COPY ATTEST

DEPUTY SHERIFF
Middlesex County
4/30/__
DATE OF SERVICE

To the above-named Defendant:

You are hereby summoned and required to serve upon Lisa DeBrosse Johnson, Esq. _____ The Pilot House at Lewis Wharf, Boston, MA 02110 _____, an answer to plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse ____o, Esquire, at Boston, the 19th _____ day of March _____, in the year of our Lord two thousand seven _____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT --- (2) MOTOR VEHICLE TORT --- (3) CONTRACT --- (4) EQUITABLE RELIEF --- (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
| --- | --- | --- |

| PLAINTIFF(S) | DEFENDANT(S) |
| --- | --- |
| Annette Anderson | Tufts University |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (If known) |
| Lisa DeBrosse Johnson The Pilot House at Lewis Wharf, Boston, MA 02110 Board of Bar Overseers number: 632428 | Unknown |

### Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| --- | --- | --- | --- |
| B04 | negligence | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ......................................................... $ ..............
   2. Total Doctor expenses ........................................................... $ ..............
   3. Total chiropractic expenses ..................................................... $ ..............
   4. Total physical therapy expenses ................................................ $ ..............
   5. Total other expenses (describe) ..................................... Subtotal $ ..............
B. Documented lost wages and compensation to date ................................... $ ..............
C. Documented property damages to date ............................................. $ ..............
D. Reasonably anticipated future medical and hospital expenses ...................... $ ..............
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe)                                       $ ..............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   As a result of the Defendant's improper handling of the remains of the
   plaintiff's decedent, Plaintiff sustained severe emotional distress resulting  $ 125,000 ......
   in physical manifestations                                        TOTAL $ 125,000 ......

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                        TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 2/01/07

Signature of Attorney of Record

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK,    SS.                                  TRIAL COURT
                                                SUPERIOR COURT DEPT.
                                                CIVIL NO.  07- 00527-F

---

ANNETTE ANDERSON,

     Plaintiff,

vs.

TUFTS UNIVERSITY,

     Defendant.

---

### COMPLAINT FOR DAMAGES

. Plaintiff, Annette Anderson ("Ms. Anderson"), sues the Defendant, Tufts University ("Tufts"), and alleges:

### The Parties

1.    Ms. Anderson is *sui* juris and a resident of Billerica, Massachusetts.

2.    Tufts is an educational entity organized and existing under the laws of the Commonwealth of Massachusetts, maintaining its principal place of business in Boston, Massachusetts. Tufts maintains a group of Health Science Schools that include an Anatomical Gifts Program.

### Jurisdiction and Venue

3.    Tufts is subject to the jurisdiction of this Court in that it is an entity maintaining its principal place of business in Boston, Massachusetts.

1

4.    Venue is proper in Suffolk County in that the acts of omission and commission asserted as a basis for the claims against Tufts occurred there.

### Preliminary Allegations

5.    On August 6, 2001, Mary Teresa Anderson, a resident of Woburn, Middlesex County, Massachusetts, died in Woburn, Massachusetts.

6.    Mary Teresa Anderson was the mother of Ms. Anderson.

7.    On August 6, 2001, Ms. Anderson and her brother executed an Instrument of Anatomical Gift By Next Of Kin Or Executor For A Massachusetts Medical School donating their mother's body to Tufts "within the purposes of education, research, advancement of medical science or therapy." A true and correct copy of the Instrument of Anatomical Gift By Next Of Kin Or Executor For A Massachusetts Medical School is attached hereto, marked Exhibit "A" and made a part hereof.

8.    The Instrument of Anatomical Gift By Next Of Kin Or Executor For A Massachusetts Medical School specifically directed that the anatomical remains of Mary Teresa Anderson be cremated "at the expense of Tufts University and release cremains to the next-of-kin."

9.    After her death, the body of Mary Teresa Anderson was taken to the Hearn Funeral Home in Boston, Massachusetts. Mary Teresa Anderson's body was ultimately delivered to John J. Gentile, the Director of Tufts' Anatomical Gifts Program.

10.    On or about December 10, 2001, Ms. Anderson executed and delivered to Tufts a Cremation Authorization instructing Tufts to arrange for the cremation of Mary Teresa Anderson's remains and to hold the cremated remains for pickup by an authorized agent of the

next-of-kin. A true and correct copy of the Cremation Authorization is attached hereto, marked Exhibit "B" and made a part hereof.

11.    In May of 2002, some nine (9) months after Mary Teresa Anderson's death and after Tufts' studies using Mary Teresa Anderson's body were completed, Tufts, through its agents, servants, and employees, arranged for the cremation of Mary Teresa Anderson's remains.

12.    Mary Teresa Anderson's anatomical remains were ostensibly cremated at the Bayview Crematory in Seabrook, New Hampshire on May 25, 2002. A true and correct copy of Bayview's Cremation Certificate for Mary Teresa Anderson's purported anatomical remains is attached hereto, marked Exhibit "C" and made a part hereof.

13.    The foregoing Cremation Certificate (Exhibit "C") along with the purported cremated anatomical remains of Mary Teresa Anderson was ultimately delivered to Ms. Anderson when she retrieved same from Tufts after John Gentile placed them in her possession.

14.    At the time of the cremation of the anatomical remains of Mary Teresa Anderson, the Bayview Crematory was not an authorized and approved crematory in the State of New Hampshire and had no official authority to conduct or engage in the business of cremating the remains of decedents under any rule, regulation, statute, law or ordinance of any state or of the United States of America. Further, the Bayview Crematory had no authority or approval to conduct business in the Commonwealth of Massachusetts and the owners/managers of Bayview Crematory violated Massachusetts law in its operation.

15.    Bayview's operation of its crematory was not only unauthorized and illegal, it was not in compliance with and did not observe the standards deemed ordinary and proper for the handling and cremation of decedents. Particularly, Bayview performed multiple cremations simultaneously; left bodies to decompose in non-refrigerated containers; generally failed to

3

properly handle the bodies of decedents; and failed to prepare, keep and maintain accurate and proper records of its business. This resulted in the mishandling of the anatomical remains of Mary Teresa Anderson.

**Count I**
**Violation Of Massachusetts' Anatomical Gifts Act**
**(G.L. c. 113 §§ 7 – 13)**

16.    Ms. Anderson adopts and realleges paragraphs 1 through 15 as though fully set forth herein.

17.    This is an action for damages arising from violation of the provisions of Massachusetts' Anatomical Gifts Act.

18.    Tufts had an obligation and affirmative duty to Ms. Anderson to properly handle and make appropriate disposition of the anatomical remains of her mother. Tufts was under a duty to determine that the facility used for the cremation of Mary Teresa Anderson's anatomical remains was properly authorized and approved to conduct and perform cremations, as well as being properly operated in accordance with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry.

19.    Tufts did not conduct any investigation into the authorization and approval of the Bayview crematory to operate as a crematory.

20.    Tufts failed to conduct any investigation into whether the Bayview crematory was operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry.

21.    After having used the body of Mary Teresa Anderson for the purposes of education, research and the advancement of medical science, Tufts failed to exercise good faith in the

4

disposition and return of Mary Teresa Anderson's remains to her next-of-kin, as directed by the donors of her body.

22.    Section 13 (a) of Chapter 113 of Massachusetts General Laws provides in part that: "If the donee is responsible for the disposition of the body, he shall dispose of it in accordance with the terms specified by the donor, or if no such terms are specified, he shall have said body decently buried or cremated." (Emphasis added).

23.    Accordingly, with respect to the disposition of the anatomical remains of Mary Teresa Anderson, Tufts had a statutory responsibility to dispose of her body "in accordance with the terms specified by" Ms. Anderson.

24.    Tufts did not dispose of the anatomical remains of Mary Teresa Anderson in accordance with the terms specified by Ms. Anderson and thereby violated its statutory responsibility. In that the legal status of the Bayview Crematory could have been easily determined prior to the surrender of Mary Teresa Anderson's body for cremation, Tufts' actions were in bad faith, especially in consideration of the special nature of the gift to Tufts.

25.    The above-described acts of commission and omission by Tufts constituted a violation of § 13(a) of Massachusetts' Anatomical Gifts Act.

26.    But for the above-described acts of commission, omission, and mishandling, by Tufts, the unauthorized and unapproved operation of the Bayview crematory would have been discovered; the fact that Bayview was not operated in a manner consistent with the standard of care and regard for the handling and disposition of dead bodies customary and accepted in the industry would have been determined; and the mishandling of Mary Teresa Anderson's body would likely not have occurred. Tufts acted in bad faith by failing to take the simple step of determining the underlying facts that would have prevented the mishandling of Mary Teresa Anderson's body.

5

27.     As a direct and proximate result of Tufts' bad faith, Ms. Anderson has suffered significant emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning that would not have occurred to them, but for the acts of omission and commission of Tufts, its agents and employees.

WHEREFORE, by reason of the foregoing, Ms. Anderson demands damages against Tufts, together with the costs of this action and such other relief as this Court may deem proper.

## Count II
### Reckless and/or Intentional Infliction of Emotional Distress

28.     Ms. Anderson adopts and realleges paragraphs 1 through 15 as though fully set forth herein.

29.     This is an action for reckless and/or intentional infliction of emotional distress resulting from tortious interference and mishandling of a dead body.

30.     Ms. Anderson is the daughter of Mary Teresa Anderson.

31.     Tufts was responsible for exercising good faith, propriety, and reverence in the handling of the remains of Mary Teresa Anderson.

32.     At all times material to these claims, Bayview was an unauthorized crematory, illegally and improperly receiving, handling, maintaining and cremating dead bodies, including the anatomical remains of Mary Teresa Anderson. Tufts' handling of the anatomical remains of Mary Teresa Anderson was wantonly disrespectful and wholly disregarded the feelings of Ms. Anderson by virtue of its neglect and inattention, ultimately leaving Ms. Anderson with the knowledge, belief and stigma that the remains of her mother were mishandled and not disposed of in a reverent manner.

33.     The acts of commission and omission by Tufts were so devoid of propriety, that the remains of Mary Teresa Anderson were effectively mishandled.

6

34.    Tufts knew or should have known that emotional distress would result to Ms. Anderson as a result of its conduct.

35.    Tufts' actions were beyond all bounds of decency. The intolerable nature of Tufts' actions in handling the anatomical remains of Mary Teresa Anderson was heightened by virtue of the nature of the stated and recognized service to humanity that was being rendered through the anatomical gift and the knowledge that Ms. Anderson was relying upon Tufts for the proper treatment and preservation of the remains of her mother.

36.    Tufts bad faith, gross negligence, and reckless indifference constituted a seminal failure so consequential to the emotional well-being of Ms. Anderson, that the resulting mishandling, treatment and disposition of the anatomical remains of Mary Teresa Anderson caused Ms. Anderson extreme and severe emotional distress.

37.    The above-described various acts of omission and commission by Tufts constitute at a minimum a reckless mishandling and amount to an intentional act. These acts caused Ms. Anderson severe emotional distress of such a nature that no reasonable person could be expected to endure it.

38.    As a direct and proximate result of the intentional and reckless conduct of Tufts, Ms. Anderson has suffered extreme emotional distress, stigma damages, loss of enjoyment of life, loss of right to sepulture, and loss of right to grieving and mourning for which she claims damages against Tufts.

WHEREFORE, by reason of the foregoing, Ms. Anderson demands damages against Tufts, together with the costs of this action and such other relief as this Court may deem proper.

### Demand For Jury Trial

Ms. Anderson demands trial by jury on all issues so triable as a matter of right.

7

Dated this __31__ day of ~~December, 2006.~~  January 2007

Respectfully Submitted,
Plaintiff, Annette Anderson, by her
attorneys,

Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
(617) 854-3740

8

# EXHIBIT G

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2005-00789

---

PAUL ANZALONE, et al.　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
BAYVIEW CREMATORY, LLC,  et al.　)
　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　)
　　　　　　　　　　　　　　　　)

---

## MEMORANDUM OF PRESIDENT AND FELLOWS OF HARVARD COLLEGE IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

On April 3, 2007, a subpoena *duces tecum* directed to "Records Custodian, Harvard Medical School, Anatomical Gift Program" was served at the address of the Harvard Medical School.  The subpoena calls for production of documents and taking of testimony on April 12, 2007.  This motion and memorandum from the President and Fellows of Harvard College ("Harvard") seeks a protective order to quash the subpoena *duces tecum* in its entirety.  A copy of the Subpoena to Testify and to Produce Documents Pursuant to Rules 30 and 45, Mass. R. Civ. P., is attached to Harvard's motion as Exhibit A.

Harvard, a non-party in this action, is subpoenaed to produce information concerning its Anatomical Gift Program ("AGP") for the period January, 2000 to the present.  As described below, however, plaintiffs' claims in this case have nothing whatsoever to do with Harvard's AGP.  No plaintiff claims that his or her decedent was a donor to the AGP.

Instead, it is submitted that the subpoena is a "back door" attempt to obtain discovery for other lawsuits commenced, or to be commenced, by plaintiffs' counsel.  There is a putative class

action entitled *Geraldine Favaloro v. President and Fellows of Harvard College, et al.*, filed by David H. Charlip and Lisa Debrosse Johnson – counsel for plaintiffs in the instant litigation – that is pending in the federal courts. The *Favaloro* case is currently on appeal to the United States Court of Appeals for the First Circuit following the District Court's dismissal of all claims against Harvard pursuant to the Massachusetts Uniform Anatomical Gift Act ("UAGA"), Mass. Gen. Laws. ch. 113 § 13(c). *See Geraldine Favaloro v. President and Fellows of Harvard College, et al.*, Appeal No. 07-1187, docket attached as Exhibit 1; *Geraldine Favaloro v. President and Fellows of Harvard College, et al.* C.A. 05-11594 RCL, docket attached as Exhibit 2. In addition, plaintiffs' counsel has informed Harvard's counsel of another case against Harvard he anticipates filing in the near future. Plaintiffs' subpoena here is an improper fishing expedition for information, including names of potential class members and potential plaintiffs, that would be useful in *Favaloro* and other matters. For this reason also, Harvard respectfully requests that the Court grant a protective order and quash plaintiffs' subpoena.

## I.    BACKGROUND

On June 30, 2005, Geraldine Favaloro instituted a putative class action against Harvard, John J. Gentile[1], Bayview Crematory and Linda Stokes alleging negligence, negligent infliction of emotional distress and intentional infliction of emotional distress. *See* Favaloro Complaint, ¶¶ 50-99, attached as Exhibit 3. The putative class was defined to include:

> All next of kin, family members and/or loved ones of donors to Harvard Medical School Anatomical Gift Program whose decedent/donor directed cremation of his or her anatomical remains and return of those remains to their next of kin, family members and/or loved ones that were cremated at Bayview Crematory at the direction of Harvard through its agents, within the applicable limitations period.

---

[1] Mr. Gentile is a funeral director licensed in Massachusetts who arranged for the cremation of Ms. Favaloro's mother, a Harvard donor.

*Id.* at ¶ 37.

Harvard moved to dismiss all claims against it based on the immunity provided by the Massachusetts UAGA. To encourage the advancement of medical education and research served by AGP programs, the UAGA grants those who operate AGP programs immunity from all civil liability for good faith activities conducted pursuant to the statute. *See* Mass. Gen. Laws. ch. 113 § 13(c). One of the purposes of good faith and other qualified immunities is to spare a defendant not only unwarranted liability, but unwarranted demands, including discovery, customarily imposed upon those defending a lawsuit. *See Harlow v. Fitzgerald,* 457 U.S. 800, 816 (1982).

On December 19, 2005, the United States District Court (Lindsay, J.) granted Harvard's motion to dismiss. The Court found that there were no allegations constituting a claim of bad faith by Harvard in Ms. Favaloro's complaint. Harvard was adjudged immune from Ms. Favaloro's claims based on the good faith immunity provision of the Massachusetts UAGA. All claims against Harvard were dismissed. After a number of procedural delays, Ms. Favaloro finally docketed an appeal of the dismissal of Harvard. The appeal is pending in the First Circuit. *See Favaloro* district court docket attached as Exhibit 2.

On December 1, 2006, David Charlip advised Harvard that he had been retained by the widow of another Harvard donor who was cremated at Bayview Crematory and requested copies of Harvard's records related to the donor. Upon receiving the proper authorization from the decedent's next of kin, Harvard provided copies of its records to Mr. Charlip in January 2007. In March 2007, Mr. Charlip's office informed counsel for Harvard that a lawsuit would be filed on behalf of the donor's widow against Harvard and others. As of today's date, Harvard has not been served with a complaint in this promised lawsuit.

- 3 -

On April 3, 2007, Harvard was served with a subpoena in the *Anzalone v. Bayview* matter. The subpoena seeks the following records regarding any Harvard AGP donor who was cremated at Bayview Crematory: (a) written directions regarding disposition of the donor; (b) evidence regarding payment of services related to cremation; (c) receipts related to the delivery and acceptance of the donor's cremains; (d) cremation certificates; and (e) medical examiner authorization. *See* Subpoena, p. 2, attached to Harvard's motion as Exhibit A. Counsel for Harvard contacted plaintiffs' counsel to inform him of Harvard's objection to the subpoena and to request that the subpoena be withdrawn. Plaintiffs' counsel refused to withdraw the subpoena, thus forcing Harvard to file this motion seeking a protective order and to quash the subpoena.

## II.     ARGUMENT

Subpoenas *duces tecum* "are subject to supervision by the presiding judge to prevent oppressive, unnecessary, irrelevant, and other improper inquiry and investigation." *Cronin v. Strayer*, 392 Mass. 525, 535-36 (1984); *Hudson v. Comm'r of Corrections*, 46 Mass. App. Ct. 538, 549 (1999) (holding that the trial judge has broad discretion to allow protective orders under Rule 26(c)). The scope and timing of discovery in any given litigation is within the trial judge's discretion and "the prevention of the abuse that can attend the coerced production of information ... is sufficient justification for the authorization of protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984); *see also, Massad v. Entrust Capital Mgmt, Inc.*, 21 Mass. L. Rep. 592, *4 (Mass. Super. Ct. 2006) ("With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.").

### A.     The Subpoena Seeks Information Beyond the Scope of Discovery

The permissible scope of discovery sought from a third party can be no broader than the scope of discovery in the underlying case. A subpoena *duces tecum* may only obtain production

- 4 -

of documents "relating to any of the matters within the scope of the examination permitted by [the Rules of Civil Procedure] ...." MASS. R. CIV. P. 45 (d).

Each plaintiff in this litigation has alleged that he or she entered into a written agreement with one of the funeral home defendants for funeral directing services, including cremation and return of the decedents remains. *See* Complaint, ¶¶ 81-119. Not one of the plaintiffs alleges that his or her decedent was a donor to Harvard's AGP. Accordingly, information regarding the cremation of any Harvard donor is simply not relevant to the claims by plaintiffs against the funeral home defendants and is not reasonably calculated to lead to the discovery of evidence admissible in this litigation. *See* MASS. R. CIV. P. 26(b). Plaintiffs' subpoena should be quashed and a protective order granted to Harvard.

B.    The Subpoena is Being Used for an Ulterior and Improper Purpose

Where – as is the case here – the documents sought by subpoena are irrelevant and unrelated to the <u>pending</u> action and instead sought for use in <u>separate pending or threatened</u> litigation, the subpoena exceeds Rule 45 and the subpoenaed party is entitled to a protective order prohibiting the production of documents. *See Blount Int'l, Ltd. v. Schuylkill Energy Resources Inc.*, 124 F.R.D. 523, 527 (D. Mass. 1989) (holding that discovery should be denied where the purpose of the request is to gather information for use in proceedings other than the current lawsuit); *Fair v. Sheraton Boston Corp.*, 4 Mass. L. Rep. 688, *3-4 (Mass. Super. Ct. 1995) (granting protective order where party sought discovery from third party for use in its pending and future claims for defamation and abuse of process).

The records plaintiffs seek from Harvard contain information regarding each donor to Harvard's AGP who was cremated at Bayview Crematory, including the name and contact information for the next of kin to whom each donor's cremains were returned. Though not

- 5 -

relevant to the instant litigation, these records are sought for the improper purpose of discovering additional plaintiffs for future litigation against Harvard.

Further, an individual's decision to donate his or her body to the Harvard AGP is an intensely personal and private decision made by the donor and his or her family. Out of respect for the donor and his or her family and to protect the confidentiality of the records, as a practice Harvard does not provide copies of donor records without first receiving consent from the donor's family.

The enactment of the good faith immunity provided by the Massachusetts UAGA was motivated by strong public policy concerns, including avoiding the deterrence of publicly useful actions like making or receiving anatomical donations. *See Carey v. New England Organ Bank,* 446 Mass 270, 272 (2006). One of the purposes of qualified immunities is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit. *See Harlow,* 457 U.S. at 816. A defendant's immunity is "recognized as an entitlement not to stand trial or face the other burdens of litigation...." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

## III.    CONCLUSION

For the reasons stated above, Harvard's motion for a protective order should be granted to protect Harvard from plaintiffs' subpoena seeking documents wholly irrelevant to the instant litigation and intended only for use in the *Favaloro* matter and other threatened lawsuits. Harvard respectfully requests that the Court grant Harvard's motion for a protective order and quash the subpoena *duces tecum* served on Harvard on April 3, 2007.

- 6 -

Respectfully submitted,

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE

By: _____

Edward P. Leibensperger (BBO #292620)
Melissa L. Nott (BBO #654546)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

Date:    April 10, 2007

- 7 -

## CERTIFICATE OF SERVICE

I, Melissa L. Nott, state that I caused a true and accurate copy of the above motion to be

served on April $\underline{10}$, 2007 upon counsel for Plaintiffs:

*By Hand Delivery*

Lisa DeBrosse Johnson
The Pilot House
Lewis Wharf
Boston, Massachusetts 02110

*By Facsimile*

David H. Charlip
1930 Harrison Street
Suite 208
Hollywood, Florida 33020
Fax 954.921.2191

I also caused a true and accurate copy of the above motion to be served by United States

Mail on April $\underline{11}$, 2007 upon the following counsel of record:

Bradley A. Mac Donald
Nicole H. Pierce
Cummings, King & Mac Donald
One Gateway Center
Suite 351
Newton, Massachusetts 02458-2802

John D. Boyle
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, Massachusetts 02111

William P. Smith
Haverty & Feeney
54 Samoset Street, Route 44
Plymouth, MA 02360-4546

Joseph M. Desmond
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181

Roger A. Emanuelson
Lecomte, Emanuelson and Doyle
Battery March Park II
One Pine Hill Drive, Suite 101
Quincy, MA 02169

William F. Ahern, Jr.
Mandi J. Hanneke
Clark, Hunt & Embry
55 Cambridge parkway
Cambridge, MA 02142

Robert Curley
Kim M. Roussos
Curley & Curley
27 School Street
Boston, MA 02108

Richard E. Cavanaugh
Gallagher & Cavanaugh
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852

- 8 -

Dona Feeney
Andrew Schulman
Getman, Stacey, Schulthess & Steere
Three Executive Park Drive, Suite 9
Bedford, NH 03110

Dennis E. McKenna
Rimer & Braunstein, LLP
Three Center Plaza
Boston, MA 02108

Michael E. Okolita
Donald E. Feener & Associates
120 Front Street
Worcester, MA 01608-1424

Grant S. Palmer
John J. DiChello
Blank Rome
One Logan Square
Philadelphia, PA 19103

Brian K. Walsh
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, MA 02110

Stuart M. Holber
Law Offices of Stuart M. Holder, Esquire
The Wingate Building
21 Wingate Street, Suite 101
Haverhill, MA 01832

Melissa L. Nott

- 9 -

# EXHIBIT H

HK | Hanify&King

**JOHN D. HANIFY**
Direct Dial: (617) 226-3450
E-mail: jdh@hanify.com

April 9, 2007

By Fax (954) 921-2191
And e-mail dcharlip@charliplawgroup.com

David H. Charlip, Esquire
1930 Harrison Street
Suite 208
Hollywood, FL 33020

Re:   **Paul Anzalone, et al.**
      **v. Bayview Crematory, LLC, et al.**
      **Essex Superior Ct. C.A. No. ESCV2005-00789**

Dear Mr. Charlip:

I represent Tufts University ("Tufts") with respect to a subpoena you have served in an action brought on behalf of Paul Anzalone.

The subpoena purports to be returnable on April 12, 2007. I am informed that Tufts' employee, John Gentile, was also served in his individual capacity with a separate subpoena to produce apparently the same documents including:

> "All documents relating to the delivery of the body or anatomical remains of any donor to your Anatomical Gifts Program to the Bayview Crematory...."

This is to object to any such subpoena whether directed to Tufts or its employee in accordance with Rule 45 (d). First, Mr. Gentile, in his individual capacity, does not have possession, custody or control of documents created and/or maintained by Tufts respecting its anatomical gift program. There was no basis to have served him individually with process except to induce what would otherwise been an unauthorized production of documents.

Second, the documents you seek with this process are not reasonably calculated to lead to the discovery of admissible evidence. There are no documents in Tufts' possession, custody or control that relate to the anatomical remains of any plaintiff in the Anzalone case. When I

---

Professional Corporation
Counsellors at Law

One Beacon Street
Boston, Massachusetts 02108-3107

Tel: 617-423-0400
Fax: 617-423-0498
www.hanify.com

RECEIVED APR 1 0 2007

HK | Hanify&King

David H. Charlip, Esquire
April 9, 2007
Page 2

inquired of your office as to the relevancy of this discovery, I was advised by your colleague, Allan Marks, that:

> There are disputed issues with respect to the number and frequency of cremations at Bayview. The Bayview records have already been determined to be tainted in that regard and there is conflicting testimony form parties and witnesses as to how the cremations were handled. Tufts is not the only third party from which this information is being sought.

This explanation by no means supports relevancy. It does appear to concede that the process you have issued is simply a fishing expedition. Issues respecting the integrity of Bayview business documents do not support indiscriminate subpoenas to every entity or person who may have used the services of Bayview.

Third, quite apart from relevancy and burdensomeness, these documents are deemed confidential and exempt from disclosure in accordance with Massachusetts law. M.G.L. c.113,§ 13; c.38 , §6; *Globe Newspaper Co. v. Chief Medical Examiner*, 404 Mass. 132, 134 (1989).

Accordingly, Tufts University objects to the subpoena directed to its Records Custodian and requests that it be withdrawn forthwith. Tufts relies upon this objection in declining to appear or produce documents on April 12, 2007.

Sincerely,

John D. Hanify

JDH/amc

cc:     By regular mail
        Bradley A. MacDonald, Esquire
        John D. Boyle, Esquire
        William P. Smith, Esquire
        Joseph M. Desmond, Esquire

HK | Hanify&King

David H. Charlip, Esquire
April 9, 2007
Page 3

    Roger A. Emanuelson, Esquire
    William F. Ahern, Jr., Esquire
    Robert Curley, Esquire
    Richard E. Cavanaugh, Esquire ✓
    Dona Feeney, Esquire
    Dennis E. McKenna, Esquire
    Michael E. Okolita, Esquire
    Grant S. Palmer, Esquire
    Brian K. Walsh, Esquire
    Stuart M. Holber, Esquire
    Douglas A. Robertson, Esquire

::ODMA\PCDOCS\DOCS\471882\1

# EXHIBIT I

# FUNERAL SERVICE INSIDER
## Online
News, analysis and guidance for funeral service professionals

## Inside...

### March 28, 2005

- Cremation cases turned into cadaver sales? It's a theory that could be tested in the case against Bayview and client funeral homes............................2

- 4 ways to improve your cremation due-diligence. Start by making an easy-but-important change to your insurance policy..............3

- Funeral Service Roundup: Another state considers whether it should start regulating crematories....................4

Funeral Service Insider is completely independent, with no ties to NFDA, ICFA or other trade groups, vendors, consultants or chains. Please call Publisher Doug Hernan, 301-287-2261, or write:

Funeral Service Insider
11300 Rockville Pike
Suite 1100
Rockville, MD 20852-3030

### GET FSI ONLINE!
To get your FREE e-mail version of Funeral Service Insider, send an e-mail today to fsicustomer@ucg.cor Type "begin FSI Online" and include your name, business name, ZIP code, phone number and customer number (from the FSI mailing label). You'll receive the issue up to 3 days before you usually get it in the mail.

**Dear Subscriber:**

Right on cue, the first trial lawyer has arrived on the scene of the Bayview Crematorium scandal, preparing for litigation within the next few months against the unlicensed Seabrook, N.H., crematory and the New England funeral homes that used it (FSI 3/7/2005, 3/14/2005).

**Refresher:** New Hampshire authorities first inspected Bayview on Feb. 23 and found a decomposing body in a broken cooler, an adult human and 26-week-old fetus that had been cremated together, 12 urns of cremated remains that could not be readily identified and improperly disposed-of implants and pacemakers.

The facility had not been properly registered with the state since it began operating in 1999 – and as in Tri-State and other cremation scandals, Bayview picked up remains from client funeral homes and offered prices considerably lower than competing crematories.

Early last week, attorney David Charlip of the Charlip Group, Hollywood, Fla., began running ads in New England papers urging families whose loved ones were cremated at Bayview to contact him. As of Thursday afternoon, "well over 20" relatives had contacted Charlip and the "numbers are multiplying," he told the Insider.

Charlip is seasoned at litigating against funeral homes and other players in the profession; he has represented families in the continuing lawsuits involving the improper diversion of bodies to Lynn University, Boca Raton, Fla., where mortuary students embalmed cases without families' permission (FSI 5/7/2001. 4/8/2002, 9/30/2002)). That scandal resulted in the closing of Lynn's mortuary science program, and just three weeks ago, a Broward County (Fla.) jury awarded $800,000 to a family represented by Charlip in a Lynn-related lawsuit.

Most New England FDs knew it was just a matter of time before lawyers began working the Bayview scandal. "We knew the other shoe was going to drop," laments David Walkinshaw, owner of Saville & Grannan Funeral and Cremation Services (120 calls), Arlington Mass. "Unfortunately, I think it's going to be easy work for the lawyers" who sue funeral-home clients of Bayview, he adds, "and I think that's too bad for the entire profession."

Because Tri-State received so much national publicity – and prompted such widespread calls for increased due diligence among funeral directors – jurors will be less

March 28, 2005

2  Funeral Service Insider

forgiving of FDs who failed to take such basic steps as checking Bayview's registration before using the facility, let alone performing surprise inspections to ensure the crematory wasn't commingling remains, letting equipment fall into disrepair or otherwise falling down on the job, Charlip says.

"It's reasonable to expect funeral directors and funeral-home owners to guard against this happening," the attorney says, referring to the improprieties found at Bayview. Tri-State should have awakened FDs to the fact that without their constant scrutiny, any outside crematory might commit illegal or unethical acts, Charlip adds. "It's not something far-fetched at this point," he adds.

Charlip plans to file both individual lawsuits on behalf of Bayview families and class-action litigation. He predicts each funeral home that used the unlicensed crematory will end up paying at least six figures in settlement fees or court-awarded damages – and as in the Tri-State case, you can bet that many of the funeral homes' insurance companies will try to find a way NOT to pay the damages. Charlip believes many of the firms that used Bayview might never recover. "Usually, this is a terminal event for a funeral home," Charlip says. "Typically, the funeral home ends up exhausting their insurance and going out of business or bankrupt."

## Cremation cases sold as cadavers? Attorney plans to find out in Bayview suits

As part of his litigation, Charlip plans to examine an issue that so far has not reared its head in general media coverage of Bayview; namely, whether the crematory sold black-market cadavers. "I believe there's more going on with body parts in the funeral industry than most people are aware of," he says. Medical schools can never get enough cadavers for training students, Charlip adds. "There's a big gap between supply and demand, and something's being done to close that gap – and it's not legal or ethical."

**The premise:** There are only so many ways a cut-rate crematory can stay operational for any length of time. One way is to cremate multiple cases together and commingle the cremated remains, thus saving fuel costs. **Another illegal, unethical route:** Secretly sell some of the bodies on the black market for medical cadavers, thus creating a new revenue stream, and give families cremated remains from other cases and/or containers filled with cement and other materials. **Remember:** DNA gets destroyed in the cremation process, and we're still months away from having a testing process that can definitively prove that a given sample is indeed cremated human remains (FSI 10/18/2004). **Important:** This is just a theoretical scenario. To date, Bayview has not been accused by any authority of selling bodies or body parts, or of failing to return loved ones' complete and unadulterated cremated remains to relatives.

"I think that's what's hardest for the families – that we just don't know what really happened, and we may never know," says FD David Walkinshaw, who has spoken to many relatives whose loved ones were cremated at Bayview as well as FDs who used the facility. (Note: Walkinshaw was never a Bayview client.) "We don't know if there was commingling. We don't know if things were done properly or improperly," he adds. "The question I get over and over again from families is, 'How could my funeral director do this to me?'"

"I think it was an aberration," Haverhill, Mass., FD Bob Scatamacchia says of the

WARNING: Copyright violations will be prosecuted. Funeral Service Insider shares 10% of the net proceeds of settlements or jury awards with individuals who provide essential evidence of illegal photocopying or electronic redistribution. To report violations contact: Roger Klein, Esq., Howrey & Simon, 1299 Pennsylvania Ave., N.W., Washington DC  20004-2402. Confidential line: 202-383-6846. Funeral Service Insider is published 48 times a year by UCG. Copyright 2005. Price: $295/year. To receive photocopying or electronic distribution permission, call 1-866-265-0148, and ask about our copyright waiver, bulk subscription and site license programs! Or, email: customer@ucg.com

horrors found last month at Bayview. "I was in and out of there all the time, and I never saw any of those problems. If I had, I would have stopped using them." His firm, Scatamacchia Funeral Home (100 calls) used Bayview since it opened in 1999, but the Seabrook, N.H., facility also handled the cremation of the FD's own brother last August. Scatamacchia says he visited the crematory at least once a month (although he didn't perform in-depth inspections – see next story). He was a friend of Bayview's founder, Massachusetts FD Derek Wallace, and didn't even know that New Hampshire regulated crematories at the state level. He knew that Bayview got its municipal zoning approval, "and I assumed that was all that was needed," Scatamacchia says.

"I think most funeral directors are a fairly trusting bunch," Walkinshaw says, adding that it has taken the Bayview scandal to get many neighboring FDs to start paying serious attention to the due-diligence lessons of Tri-State. "I don't think it's a matter of funeral directors not caring. I just don't think it hit high enough on their radar for them to worry until it was right in their back yard."

## 4 steps to improve your cremation due diligence

"I think it's necessary for funeral directors to practice cremation from a paranoid position," consultant and cremation pioneer Mike Kubasak told participants of FCS Worldwide's "Cremation Due Diligence" emergency audioconference last Wednesday. "There are other Tri-States and Bayviews out there. We just haven't heard about them yet."

And rest assured, if your outside crematory gets mired in scandal and lawsuits, your funeral home will be drawn into the mess, Northbrook, Ill., attorney Harv Lapin, the nation's No. 1 expert in cremation law, told our audioconference participants last week. "When you're involved in litigation, you sue everybody and let them find a way out of a case." Here are 4 ways to nip that litigation in the bud – and prevent your outside crematory from turning into a source of nightmares for your families and your firm:

**1. Ensure that your outside crematory has a written policy and procedure manual – and make sure you have a copy of that manual at your funeral home.** If the crematory doesn't have a P&P manual, insist it create one – ASAP. "It must be fully written out in black and white. There can be no other way to do that," Kubasak says. If the crematory refuses to create a P&P manual, stop using it. If the firm can't (or won't) document each step of the cremation process – plus the safeguards it has put into place to prevent commingling, ID mess-ups and other mistakes – that facility is just a lawsuit waiting to happen.

**HINT:** Create a file for each of your key business partners – trade embalmers, livery service and of course, outside crematory. Inside, you'll place not just the P&P manual but also the records of your regular, surprise inspections. (More in a minute.)

**2. Make every visit to your outside crematory a "mini-inspection."** Don't fall into the common trap of thinking that frequent visits to your crematory are a substitute for formal inspections – they're not, Kubasak says. But you can sniff out a lot of problems just by looking around when you drop off bodies and pick up cremated remains. **Example:** One FD opened the door to his outside crematory's storage room and found a cage full of rabbits – a definite no-no.

**3. Inspect your outside crematories 2-3 times/year.** "I don't believe once a year is adequate," Kubasak says. And be prepared to spend some time on each inspection – up to 7 hours, Lapin says. **Important:** Every crematory inspection needs to be a complete surprise – no advance notice whatsoever…you should vary the timing of inspections (some should be in the morning, some in the afternoon, some after hours) … and you need to

Copyright 2005.  Unauthorized reproduction or email forwarding prohibited.
For information on reprints and multiple-user site licenses, call 888-265-0148

4  Funeral Service Insider                                    March 28, 2005

## Subscriber Services

We value you as a subscriber and want to help you in any way possible. Here's how to reach us:

### EDITORIAL

Want more details on a story? Need us to investigate a topic? Call Publisher Doug Hernan, 301-287-2261 or email dhernan@ucg.com. Fax: 301-287-2991.

### CUSTOMER SERVICE

For questions about your subscription, purchasing back issues, permission to reprint an article, or multi-copy discounts, call toll free 800-500-4585. Fax any change of address to: 301-816-8945 or email customer@ucg.com

### OUR ADDRESS

Funeral Service Insider  11300 Rockville Pike, Suite 1100 Rockville, MD  20852-3030.

### CONFERENCES AND SEMINARS

Funeral Service Insider and its sister publications – American Funeral Director and American Cemetery - sponsor the most valuable, highly rated meetings in the profession ... and subscribers always receive generous discounts. Upcoming conferences include

| | |
|---|---|
| Mar. 29-30, 2005 | Advanced Arranging Skills, *feat. Mike Kubasak*  Las Vegas, Nev.  C845 |
| April 20, 2005 | 3Ps Pre-Conference: Basic Finance for Funeral Professionals, Atlanta, GA (c844pre) |
| Apr. 21-22, 2005 | 3P's: Pricing, Profit and Personnel Atlanta, GA   C844 |
| Apr. 29- May 1, 2005 | Life Appreciation Training, *feat Bill Bates,* Plano, TX (near Dallas)  C842 |
| May 19-20, 2005 | Cremation Expo of the Americas, *with exhibits,* Sarasota, FL  Note: Registration is FREE for FSI subscribers prior to April 22.  C841 |
| Jun. 6-7, 2005 | Advanced Arranging Skills, *feat. Mike Kubasak*  Las Vegas, Nev. |
| Nov. 10-11, 2005 | Preneed Sales Management Summit, *with exhibits,* Phoenix, AZ  C826 |
| Dec. 8-9, 2005 | Buy, Sell & Expand: Strategies to Value and Grow Your Firm, New Orleans, LA   C853 |

To register or get more information on any of these meetings, call our conference staff at 800-260-1545. For exhibit opportunities, call 800-929-4824, ext. 2239.

### COMMITMENT TO QUALITY JOURNALISM

Funeral Service Insider is one of the nation's most award-winning professional newsletters. We are completely independent and dedicated to providing you with fair & accurate reporting, timely news and guidance you can trust. Our journalists go the extra mile to cover all sides of a story. We do not publish unconfirmed rumors. We welcome your feedback on individual stories – and your suggestions for making Funeral Service Insider an even more valuable resource.

keep extensive notes and other records on your inspection findings, using Kubasak's checklist (FSI 10/18/2004) or a similar tool. "Any inspection that isn't documented is worthless," he adds. "It's as if the inspection never happened."

4. **Get your funeral home listed as an "additional insured" entity on your outside crematory's errors & omissions (E & O) professional liability policy** – and ensure that the crematory is similarly listed on your policy. This move, which generally costs nothing or a nominal amount, reduces an insurance company's ability to create confusion about who's covered should a lawsuit be filed, Lapin says. **Another benefit:** The insurance company will send you a notice if and when your outside crematory fails to renew its professional liability policy. "This, of course, is a red flag," Kubasak says.

PUBLISHER'S NOTE: For more expert guidance on cremation due diligence from Harv Lapin and Mike Kubasak, get the CD or tape of last week's "Cremation Due Diligence" emergency audioconference. Call 800-500-4585 and ask for TA-690. FSI subscribers save $30 off the regular price.

## Funeral Service Roundup

- **The Bayview Crematorium scandal in Seabrook, N.H., might improve the odds of putting crematory regs on the books – in a state more than 1,000 miles away.** A state legislator has filed a new bill to end Wisconsin's almost total lack of crematory regulations. The state's approximately 58 crematories are not currently licensed; in fact, a Wisconsin official told a reporter last week that the government doesn't even know how many crematories currently operate in the state or where they're located. The Wisconsin FDA supports the crematory-oversight bill, which has been filed by state Rep. Samantha Kerkman. A similar bill passed the state Assembly last year but died before reaching the state Senate floor.

Cordially,

Doug Hernan, Publisher

*Copyright 2005.  Unauthorized reproduction or email forwarding prohibited. For information on reprints and multiple-user site licenses, call 866-265-0148.*

# EXHIBIT J



**nashuatelegraph.com**
an edition of The Telegraph

This is a printer friendly version of an article from **www.nashuatelegraph.com**
To print this article if a print dialogue does not open automatically, open the File menu and choose Print.

Back

Article published Oct 13, 2006
News Digest

# State and New England briefs

**Clinton, McCain lead N.H. poll**
CONCORD – Sen. John McCain, R-Ariz., and Sen. Hillary Rodham Clinton, D-N.Y., remain the early frontrunners for support among likely New Hampshire presidential primary voters, according to a poll released Thursday night.

McCain was the top Republican, leading ex-New York Mayor Rudy Giuliani 32 percent to 19 percent with Massachusetts Gov. Mitt Romney finishing a close third at 15 percent.

The only other potential Republican candidate in double digits was Secretary of State Condaleeza Rice with 10 percent. Rice has said she has no intentions of running.

Clinton led 2004 Democratic vice presidential nominee John Edwards 30 percent to 16 percent with 10 percent for former Vice President Al Gore and 9 percent for 2004 nominee John Kerry.

Virginia Gov. Mark Warner, who dropped out of consideration Thursday, was in ninth place with 1 percent support.

The University of New Hampshire Survey Center did the telephone poll from Sept. 15-24 for WMUR-TV. The margin of error for each party's poll is an unusually high 7 percent.

Survey Director Andrew Smith said Kerry had the biggest slide in either party. Earlier UNH polls this year had Kerry hovering around 20 percent.

Kerry speaks tonight to a Democratic Party fundraising crowd in Manchester.

Among all likely voters surveyed, 35 percent selected Clinton as the person from either party they liked the least.

Following Clinton on the unlikable list were Florida Gov. Jeb Bush (23 percent), Kerry (16 percent), Gore (13 percent), McCain (12 percent) and Romney (10 percent).**AG's office: Body of newborn found**
CONCORD (AP) – The New Hampshire Attorney General's office says the body of a newborn boy was discovered Thursday at a house in Sutton.

An investigation is ongoing. The attorney general's office declined to say how the baby was found.

A call came in to the Sutton Police Department on Thursday asking that someone check the home.

An autopsy is expected to be conducted Friday.

The attorney general's office didn't release any names; a sign in front of the house at the end of the driveway says "The Raynos."**Crematorium suit gains new status**
SEABROOK (AP) – A judge ruled Thursday that a lawsuit against the owners of the Bayview

Crematorium, where dozens of families believed their loved ones' remains were mistreated, can be classified as a class-action lawsuit.

About 25 plaintiffs have signed onto the lawsuit. Last year, police said they discovered that remains at the crematorium were mishandled, mislabeled and mistreated.

Investigators said they discovered a body decomposing in an unrefrigerated unit; unlabeled urns of ashes; and more than one body was being burned at a time.

"One client in particular, Michael Ellis, has had his wife's remains analyzed and found they include orthopedic hardware and jewelry that did not belong to her," said lawyer Chris Grant, who is representing the plaintiffs.

The lawsuit alleges negligence in the handling of bodies, consumer protection violations and misrepresentation against operators Derek Wallace and Linda Stokes, as well as Simplicity Burial and Cremation Services Inc. of Massachusetts.

The plaintiffs have not specified an exact dollar amount for damages, but Grant said it could reach into the millions of dollars.

Grant said that if a judgment is eventually granted, the money would come from Wallace and Stokes' property in Massachusetts. He said the majority would come from insurance.

"We also have information that there is liability insurance that covers the negligence we're claiming in this case," Grant said.

A key witness in the case, James Fuller, died last month of cancer. He was a former worker at the crematorium and had been expected to testify at related trials.**Woman offers aid, gets attacked**
HENNIKER (AP) – Police are looking for a man who attacked a woman who gave him a ride after he said his car had broken down.

The 27-year-old woman suffered cuts and scrapes on her face and neck, but was able to fight off the attacker and get away.

Police Chief Tim Russell said the woman saw a stranger walking along the side of the road Tuesday afternoon. He told her his car had broken down, so she offered to drive him to the car and let him use her cell phone.

When they arrived, police say the man got out, pretended to make a call and said help was on the way.

As the woman returned to her car, the man grabbed her around her neck from behind with a rope. She fought him off.

Police are looking for a small gray car similar to a Honda Accord with primer paint and New Hampshire license plates.**Police suspect man robbed store twice**
KEENE (AP) – A card store that was robbed Monday was hit again Wednesday, and police believe the same man pulled both robberies.

Just before 4 p.m. Wednesday, a man confronted a clerk at Heidi's Hallmark store and demanded money. He did not show a weapon and got away with cash. But he may not get far.

Police said they recovered the getaway car and money believed taken in the robbery. They also say they have identified a suspect and expect to make an arrest.

Police say they believe it was the same man who robbed the store Monday night.

© 2006, Telegraph Publishing Company, Nashua, New Hampshire

# EXHIBIT K

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

EDWARD C. GALVIN, JR., PATRICIA
HANNIGAN, KATHLEEN
MCDONOUGH, TARA MCDONOUGH,
and ELEANOR POOLE

Plaintiffs,

v.

BAYVIEW CREMATORY, LLC, DEREK
A. WALLACE, LINDA STOKES,
LARRY STOKES, HAMEL, WICKENS
& TROUPE FUNERAL HOME, INC.,
ROGER HAMEL, HART-WALLACE
FUNERAL HOME, NEPTUNE
SOCIETY, INC., AND SIMPLICITY
BURIAL & CREMATION, INC.,

Defendants.

CIVIL ACTION NO. 05-11904-RCL

## ORDER ON
## EMERGENCY MOTION OF THE
## DEFENDANTS FOR A PROTECTIVE ORDER

This action came before the Court upon the Emergency Motion of the Defendants for a

Protective Order preventing the depositions of Richard Mitchell, Jill Rockey, Larry Stokes,

Linda Stokes, Mr. Wallace, Hart-Wallace, Simplicity, and HWT.

Thereupon consideration thereof it is ORDERED AND ADJUDGED:

(a)    the depositions of Richard Mitchell, Jill Rockey, Mr. Wallace, Hart-Wallace,

Simplicity, HWT, Linda Stokes, Larry Stokes, and Hal Brown shall not be taken in this action as

noticed;

(b)     the depositions of Richard Mitchell, Jill Rockey, Mr. Wallace, Hart-Wallace, Simplicity, HWT, Linda Stokes, and Larry Stokes, shall not be cross-noticed in other actions and shall not be conducted jointly with parties and counsel in other actions; and

(c)     the depositions Richard Mitchell, Jill Rockey, Mr. Wallace, Hart-Wallace, Simplicity, HWT, Linda Stokes, Larry Stokes, and Hal Brown shall be recorded only by stenographic means.

SO ORDERED,

BY THE COURT,

_____

DATED: _____