**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

EDWARD C. GALVIN, JR., et. al.,

       Plaintiffs,

v.                                  No. 05-11904-RCL

BAYVIEW CREMATORY, LLC, et. al.,

       Defendants.

_____/

## <u>PLAINTIFFS' RESPONSE TO EMERGENCY MOTION OF THE DEFENDANTS FOR A PROTECTIVE ORDER</u>

      Plaintiffs, Edward C. Galvin, Jr., Patricia Hannigan, Kathleen McDonough, Tara McDonough and Eleanor Poole, by and through their undersigned counsel, file this their Response to the Emergency Motion of the Defendants to a Protective Order, and as grounds therefore state:

### <u>INTRODUCTION</u>

1.     Defendants here create an alleged "emergency" on a holiday weekend by a blatantly crafted unethical smear campaign based upon false representations, half-truths ad hominem attacks and irrelevant squabbling concerning other plaintiffs and other cases where the only "constant" is the very same Defendants continued resistance to providing the Plaintiffs, whoever they might be, with any ability to conduct discovery.

2.     Defendants refer to "the Plaintiffs" as a hegemonies entity when in fact each has an individualized claim as well as an individual right to conduct discovery.

3.     No effort was made to resolve these issues with the Plaintiffs undersigned counsel.

4.      The motion is partially moot because Plaintiffs will withdraw their deposition cross-notices and will attempt to reschedule same, assuming Plaintiffs are afforded any opportunity to conduct discovery in this action.

## ARGUMENT

5.      Defendants advance three (3) alleged bases for their objections to the Plaintiff's discovery efforts:

   a.    Plaintiffs have allegedly failed to comply with their automatic disclosure requirements and appear for deposition;

   b.    Plaintiff's service of the deposition notices were defective; and

   c.    Rulings of other courts in other jurisdictions in other cases with other Plaintiffs, other filing dates and other rules of procedure should somehow foreclose the discovery rights of these Plaintiffs in this case.

## OTHER ACTIONS

6.      The "other actions" referenced by Defendants have been brought by "other Plaintiffs."  In fact, those Plaintiffs have been victimized in much the same manner that these same Defendants are seeking to victimize these Plaintiffs in the instant action. Specifically, it is the collective strategy of the Defendants to insist that they obtain all of their discovery from the Plaintiffs before and to the exclusion of supplying the Plaintiffs with any discovery.  To the extent they have cooperated in offering to supply their clients for deposition, it has been with the caveat that they would do so only on one occasion, for all of the cases where there was common counsel and before full documentary discovery was available.  At the same time the Defendants have sought to advance discovery deadlines and when the Plaintiffs found themselves caught between the impending discovery deadline, scheduling issues and the fact that Plaintiffs were being forced to conduct discovery "out

of sequence" – the Defendants would move for a protective order as they have done so here.

7.     Defendants make allegations about alleged discovery issues in other cases which allegations have never been raised in those cases, either in a 9c conference, by correspondence or by motion. As an example of Defendants lack of candor to this Court, Defendants state:

> **"On the afternoon of October 31, 2007, Attorney Charlip faxed four notices of deposition, one of which was a re-notice of a deposition for an individual whose deposition had been noticed by the plaintiffs for December 7, 2007 previously to take place in Delaware. The notice changed the location to Massachusetts. Two notices were for individuals whose depositions have never been noticed before and who are not parties to the action. Again, the depositions were noticed to take place in December 2007, well past the deadline for the conclusion of discovery. The fourth notice was for the deposition of a party to the action, but also purported to schedule it for December 2007."**

8.     In fact, the reference to the deposition on December 7, 2007 is to a deposition taken through prearrangement and by consent on December 7, 2007 in Massachusetts of Hal Brown, a witness that certain of the Defendants have agreed to share the cost of flying up to Massachusetts! See Exhibit "A" attached.  The reference to the deposition of "the party to the action" was to Derek Wallace, a deposition that his counsel had sought to postpone due to his pending criminal charges and whose deposition his counsel is still seeking to postpone.  See Exhibit "B".

## THIS ACTION

9.     Defendants state:

> **"At the most recent status conference on October 18, 2007, the Court ordered plaintiffs to produce the requested medical records, not just medical authorizations. Despite this clear and direct order of the Court, plaintiffs have failed to produce any records for some of the plaintiffs and produced only limited records for one plaintiff, Kathleen McDonough, nearly _two weeks after_ her deposition."**

10.     What defendants do not tell the Court is that Kathleen McDonough's records were offered to them at her deposition, however they declined and said to just mail the records to undersigned counsel and have undersigned counsel copy and forward the records to all defendants' counsel,

which was what was done. Notwithstanding that agreement, they used the opportunity of the hearing to sandbag Plaintiff's counsel claiming that they did not receive the records.

11.     What defendants also do not tell the Court is that Edward Galvin sought no medical attention and has no records; that Eleanor Poole requested her records which are extensive due to her recent cancer surgery; that Tara McDonough has no medical records and that Patricia Hannigan requested her medical records but has not received them as yet.

12.     Defendants further state that:

> **Of the five remaining plaintiffs in this case, only three have appeared for deposition. Eleanor Poole and Edward Galvin have not appeared for their depositions, which were initially scheduled for February 23, 2007 and March 5, 2007, respectively**.

13.     What Defendants do not tell the Court is that the Galvin deposition was never renoticed and that the Poole deposition was postponed with Defendants' consent due to her recent surgery. See Exhibit "C".

14.     When the depositions were originally noticed in the Anzalone case and the Ellis case on or about October 31, 2007, they were supposed to be crossed-noticed in the Ellis case as well. Plaintiff's counsel had given those instructions to his staff as he was leaving his office to try a case for two (2) weeks in Los Angeles, when he returned and realized that the depositions were never crossed noticed in the instant case, those Notices were sent. No counsel contacted the undersigned counsel and complained that they were unavailable or otherwise prejudiced by the late notice.

15.     The deposition notices were placed in the mail the same day that they were faxed.

16.     Whether the troopers were served by a federal subpoena or agreed to appear voluntarily does not in any way matter to whether the deposition may go forward as it relates to these defendants.

17.     The remainder of the Defendants' allegations are ridiculous, foundationless "cheap-shots" designed to try to prejudice this Court against Plaintiffs' undersigned counsel, both of whom enjoy

impeccable reputations in the legal community. Rather than constituting any evidence of "discovery abuse" on the part of the Plaintiff's counsel, such allegations actually reveal the depths to which Defendants will descend to keep the veil of secrecy covering their client's heinous acts intact.

## THE MOTION IS PARTIALLY MOOT

18.     Plaintiffs, having been advised that the New Hampshire Court, has quashed the depositions noticed in that action by Order entered sometime last week and now learning of the Defendants objections to the cross-notices of those New Hampshire depositions will withdraw such cross-notices in this action and will attempt to reschedule same, assuming Plaintiffs are afforded any opportunity to conduct discovery in this action.

19.     Plaintiffs still desire and intend to depose Lawrence and Linda Stokes on December 5, 2007 and Hal Brown on December 6, 2007.

WHEREFORE, Plaintiffs pray that the Defendants motion be denied.

Dated this 26th day of November, 2007.

Respectfully submitted,
Plaintiffs, by their attorneys

/s/ David H. Charlip
David H. Charlip (Florida Bar No.: 329932)
Charlip Law Group, LC
1930 Harrison Street, Suite 208
Hollywood, Florida 33020
954.921.2131
954.921.2191 (Fax)
dcharlip@charliplawgroup.com

and

/s/ Lisa Debrosse-Johnson
Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
(617) 854-3740
debrossejohnson@comcast.net


**<u>Certificate of Service</u>**

     I HEREBY CERTIFY that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 26th day of November, 2007.


/s/ David H. Charlip
David H. Charlip
Admitted *Pro Hac Vice*

## SERVICE LIST

### GALVIN, et al., vs. BAYVIEW CREMATORY, LLC, et al.,
### Case No.: 1:05-cv-11904-RCL

Evan J. Kaufman, Esq.
Lerach, Coughlin, Stoia, Geller,
Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747-2344
Tel:    (631) 367-7100
Fax:    (631) 367-1173
Email: ekaufman@lerachlaw.com
*Co-Counsel for Plaintiffs*

Lisa Debrosse Johnson, Esq.
The Pilot House
Lewis Wharf
Boston, MA  02110
Tel:    (617) 854-3740
Fax:    (617) 854-3743
Email: debrossejohnson@comcast.net
*Co-Counsel for Plaintiffs*

Theodore M. Hess-Mahan, Esq.
Hutchings, Barsamian, Cross,
Mandelcorn & Zeytoonian, LLP
110 Cedar Street
Wellesley Hills, MA 02481-3527
Tel:    (781) 431-2231
Fax:    (781) 431-8726
Email: mahan@hutchingsbarsamian.com
*Co-Counsel for Plaintiffs*

Thomas G. Shapiro, Esq.
Shapiro, Haber & Urmy, LLP
53 State Street
Boston, MA 02109-2803
Tel:    (617) 439-3939
Fax:    (617) 439-0134
Email: tshapiro@shulaw.com
*Co-Counsel for Plaintiffs*

Dona Feeney, Esq.

Getman, Stacey, Schulthess & Steere, P.A.
Three Executive Park Drive, Suite 9
Bedford, NH 03110-6918
Tel:    (603) 634-4300
Fax:    (603) 626-3647
Email: dfeeney@gstss.com
*Counsel for Bayview Crematory*

William P. Smith, Esq.
Haverty & Feeney
54 Samoset Street, Route 44
Plymouth, MA 02360-4546
Tel:    (508) 746-6100
Fax:    (508) 746-7067
Email: wsmith@havertyfeeney.com
*Counsel for Bayview Crematory, LLC*

Matthew W. Perkins, Esq.
Lecomte, Emanuelson & Doyle
Batterymarch Park II
One Pine Hill Drive, Suite 101
Quincy, MA 02169-7485
Tel:    (617) 328-1900
Fax:    (617) 328-2030
Email: mperkins@lecomtelaw.com
*Counsel for Derek A. Wallace, Hart-Wallace Funeral Home,  and Simplicity Burial & Cremation Service*

Richard E. Cavanaugh, Esq.

Sheryl M. Bourbeau, Esq.
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852-1152
Tel:    (978) 452-0522
Fax:    (978) 452-0482
Email: richardc@gcattorneys.com
*Counsel for Derek A. Wallace, Hart-*
*Wallace Funeral Home, and Simplicity*
*Burial & Cremation, Inc.*

Mandi Jo Hanneke, Esq.
William F. Ahern, Jr., Esq.
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge, MA 02142-1234
Tel:    (617) 494-1920
Fax:    (617) 494-1921
Email: mhanneke@chelaw.com
Email: wahern@chelaw.com
*Counsel for Linda Stokes and Larry Stokes*

Brian K. Walsh, Esq.
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, MA 02110-1130
Tel:    (617) 769-3500
Fax:    (617) 946-0569
Email: brian.walsh@arbella.com
*Counsel for Hamel Wickens & Troupe*
*Funeral Home, Inc. and Roger Hamel*

Maureen L. Reilly, Esq.
33 Kingston Street
Boston, MA 02111-2208
Tel:    (617) 338-2144
Fax:    (617) 451-5462
Email: mreilly797@aol.com
*Counsel for Neptune Society, Inc.*

Thanks, and have a nice weekend.

**From:** Dona Feeney [mailto:dfeeney@Getmanstacey.com]
**Sent:** Wednesday, September 26, 2007 11:03 AM
**To:** Allan Marks
**Subject:** RE: Deposition of Hal Brown

tks

**From:** Allan Marks [mailto:AMarks@charliplawgroup.com]
**Sent:** Wednesday, September 26, 2007 10:46 AM
**To:** Dona Feeney
**Cc:** David Charlip; brian.walsh@arbella.com
**Subject:** RE: Deposition of Hal Brown

Dona,

I have already asked Mr. Brown for an estimate of his expenses and will follow up if I don't hear from him by the end of the week.

I am working on your and Brian's discovery this week and still hope to have responses to you by Monday, although it may require a couple more days. I will also get proposed deposition dates from the Plaintiffs.

The Amended Complaint is being filed ECF today.

**From:** Dona Feeney [mailto:dfeeney@Getmanstacey.com]
**Sent:** Wednesday, September 26, 2007 9:14 AM
**To:** Allan Marks
**Cc:** Brian T. Lee
**Subject:** FW: Deposition of Hal Brown

Hi Alan:

I can confirm that at least the Bayview def counsel will co-share  with plf in the cost of Mr. Brown's travel to Mass. Let me know the estimated costs. Now that Magistrate Bowler has issued her decision on amendment and assuming you will file the amended complaint shortly, may I have dates for the depositions of Poole, McDonough (2),  and Hannigan ? I would like them in October, after you have provided answers to my discovery. Once you provide dates, I will coordinate with defense attys as to who will take lead. This way we are not going crazy trying to coordinate all schedules to match a particular availability. There are not that many of us anyhow so it will not be difficult. Please let me know. My goal here is to be able to report to the Magistrate that we have completed written discovery and and moving forward with depositions of the  plaintiffs.

Dona

Dona Feeney, Esq.
Getman, Stacey, Schulthess & Steere, P.A.



EXHIBIT

"A"

10/1/2007

Three Executive Park Drive, Suite 9
Bedford, NH 03110
Ph. (603) 634-4300 x727  Fax (603) 626-3647
dfeeney@getmanstacey.com

STATEMENT OF CONFIDENTIALITY: This email comes from a law firm. Therefore, you should assume that it contains privileged or confidential information. If you received the email by mistake or inadvertence, please contact the sender and delete your copy. Unauthorized republication is forbidden.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein

**From:** Allan Marks [mailto:AMarks@charliplawgroup.com]
**Sent:** Wednesday, September 19, 2007 3:20 PM
**To:** Dona Feeney; David Charlip
**Cc:** Lisa Johnson; Brian T. Lee; Deborah J. Handrahan; William Smith
**Subject:** RE: Deposition of Hal Brown

Dona,

I was working on coordinating the date for Mr. Brown's depo. When we were originally getting dates, the earliest was late November or early December. When we noticed it, the 7th was the earliest date that he was available.

Boston should be no problem, but I will double check with Mr. Brown to make sure that date is still good in that now he will be traveling. I will also ask him to estimate his costs and expenses for the trip.

It probably would be a good idea to cross notice the depo in the other cases including Andersen, Ellis, and Brown. I know there was some resistance to videotaping the deposition that will need to get worked out.

Regarding the motion, we will certainly hold off. By the way, I understand there was some bristling at the language of paragraph 5, so after talking to Lisa, we have decided to change the paragraph to read:

"At least one defense counsel has objected to the deposition of Mr. Brown on the proposed date, and several have not responded at all. To date, despite Plaintiffs' counsel's ongoing efforts, the parties have not been able to agree to the sharing of expenses for Mr. Brown's travel to a location convenient to all counsel."

Since it appears the motion will not be filed it is probably moot, but there it is.

**From:** Dona Feeney [mailto:dfeeney@Getmanstacey.com]
**Sent:** Wednesday, September 19, 2007 3:01 PM
**To:** David Charlip; Allan Marks
**Cc:** Lisa Johnson; Brian T. Lee; Deborah J. Handrahan; William Smith
**Subject:** Deposition of Hal Brown

David:

I have a number of folks who are willing to co-share the cost of bringing Mr. Brown to Mass for

his deposition. Can you provide me with some dates in October when you are available? Between Brian Lee and myself we have most of the month free. I will cross-coordinate with defendants and if needed, with Mr. Brown. My position is that whoever is willing to share in his cost of transport gets a say in when the depo is scheduled. If they don't pay, they don't get a say. Let me know. If you would refrain from filing your current motion so we can see if we can get an earlier date, I would appreciate it. If we cannot get an October date, then I would suggest keeping the Dec 7th date and still bring the witness here to Boston.

Dona

Dona Feeney, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
Three Executive Park Drive, Suite 9
Bedford, NH 03110
Ph. (603) 634-4300 x727  Fax (603) 626-3647
dfeeney@getmanstacey.com

STATEMENT OF CONFIDENTIALITY: This email comes from a law firm. Therefore, you should assume that it contains privileged or confidential information. If you received the email by mistake or inadvertence, please contact the sender and delete your copy. Unauthorized republication is forbidden.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein

10/1/2007



GALLAGHER & CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN STREET
LOWELL, MASSACHUSETTS 01852

TELEPHONE 978.452.0522
FACSIMILE 978.452.0482

November 19, 2007

**_Via mail and fax: (954) 921-2191_**
David H. Charlip, Esq.
Charlip Law Group, LC
Harrison Executive Centre
1930 Harrison Street, Suite 208
Hollywood, FL  33020-5018

RE:    Paul Anzalone, et al. v. Bayview Crematory, LLC, et al.
       Civil Action No. ESCV2005-00789

Dear David:

I write to follow up on our teleconference on Friday in which we discussed the depositions of Derek Wallace, Hart-Wallace Funeral Home, and Simplicity Burial & Cremation ("the Wallace defendants"), currently scheduled to take place on December 10, 2007 at 10:00 a.m., 3:00 p.m., and 4:00 p.m., respectively, in the above-referenced case and the Wallace defendants' request that these depositions be postponed until after the criminal matter is concluded.

As we discussed, you indicated you would be amenable to postponing the depositions of the Wallace defendants if we would agree that the depositions may be conducted after the discovery deadline. I now write to confirm that, if plaintiffs agree to postpone these depositions until after the criminal matter is concluded, we will stipulate that the depositions of the Wallace defendants may be conducted after the discovery deadline in this case, provided that the depositions are conducted within a reasonable time after we notify you that the criminal matter is concluded and Mr. Wallace is available to testify.

Please confirm whether plaintiffs will agree to this proposal. Thank you very much.

Sincerely yours,

GALLAGHER & CAVANAUGH

Richard E. Cavanaugh
Sheryl M. Bourbeau

SMB/lk
cc:    Lisa DeBrosse Johnson, Esq.
       Counsel of record

EXHIBIT
"B"

## Allan Marks

| | |
|---|---|
| **From:** | Dona Feeney [dfeeney@Getmanstacey.com] |
| **Sent:** | Monday, October 15, 2007 8:58 AM |
| **To:** | Allan Marks; Walsh, Brian; Brian T. Lee; mr@reilly-law.com; William Smith; William Ahern; Mandi Jo Hanneke; Sheryl Bourbeau; Richard Cavanaugh |
| **Cc:** | David Charlip; Lisa Johnson |

**Subject:** RE: McDonough Depositions

Alan: thanks. I will email and fax the notices out today. Dona

Dona Feeney, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
Three Executive Park Drive, Suite 9
Bedford, NH 03110
Ph. (603) 634-4300 x727 Fax (603) 626-3647
dfeeney@getmanstacey.com

STATEMENT OF CONFIDENTIALITY: This email comes from a law firm. Therefore, you should assume that it contains privileged or confidential information. If you received the email by mistake or inadvertence, please contact the sender and delete your copy. Unauthorized republication is forbidden.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein

---

**From:** Allan Marks [mailto:AMarks@charliplawgroup.com]
**Sent:** Friday, October 12, 2007 1:35 PM
**To:** Dona Feeney
**Cc:** David Charlip; Lisa Johnson
**Subject:** RE: McDonough Depositions

Dona,

Ms. McDonough and Ms. Vasconcelos are confirmed for October 17th at 10:00 a.m. and 1:00 p.m. at Lisa's office. I understand that you will arrange for the reporter.

Patricia Hannigan has confirmed that she will be available for October 18th at 10:00 a.m. at Lisa's office. Similarly, you will arrange for the reporter.

Please send the notices at your convenience.

---

**From:** Dona Feeney [mailto:dfeeney@Getmanstacey.com]
**Sent:** Wednesday, October 10, 2007 3:39 PM
**To:** Allan Marks
**Cc:** Brian T. Lee; David Charlip; Lisa Johnson; William Ahern; William Smith; Walsh, Brian; Richard Cavanaugh; Sheryl Bourbeau; mr@reilly-law.com
**Subject:** RE: McDonough Depositions



**EXHIBIT**

"C"

Hi Allan:

Thanks for your email. Why don't we plan on 10am and 1pm for the Mcdonoughs on October 17th. I will arrange the steno. By copy of this email I am advising all defense counsel of this date. If they cannot attend, I would ask you try to send someone from your office if possible. If there is a prob for anyone, call me please.

We can hold the morning of Oct 18th for Ms. Hannigan, lets say 10am at Lisa's office. We can get the steno. Allan, just confirm she can make it. Lets let Mrs. Poole recuperate and diary that to a future date. Thanks for getting back to me. (Deb O., pls arrange steno for 10/17 and 10/18 understanding we need to get confirm on th 18th) Dona

Dona Feeney, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
Three Executive Park Drive, Suite 9
Bedford, NH  03110
Ph. (603) 634-4300 x727  Fax (603) 626-3647
dfeeney@getmanstacey.com

STATEMENT OF CONFIDENTIALITY: This email comes from a law firm. Therefore, you should assume that it contains privileged or confidential information. If you received the email by mistake or inadvertence, please contact the sender and delete your copy. Unauthorized republication is forbidden.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein

---

**From:** Allan Marks [mailto:AMarks@charliplawgroup.com]
**Sent:** Wednesday, October 10, 2007 2:49 PM
**To:** Dona Feeney
**Cc:** Brian T. Lee; David Charlip; Lisa Johnson
**Subject:** RE: McDonough Depositions

Dona,

Kathleen McDonough and Tara McDonough Vasconcelos are available on October 17th. You just need to let me know the times. I'm pretty sure you can use Lisa's office. I am waiting to hear back from Patricia Hannigan tomorrow, but would talk to her about being deposed on the 18th. Eleanor Poole is recovering from breast cancer surgery and radiation, so her internist has advised her not to travel for the time being. I asked her to provide a date as soon as she can make the trip.

As far as what you find "odd", I did obtain the date of the 25th from the McDonoughs and proposed that to you. I don't micromanage our clients' day-to-day lives, so if you want to inquire as to the specifics for the change in that date you can ask them at their depo.

Carmen is faxing you the last of the discovery for Eleanor Poole and Patricia Hannigan right now. Thank you for accommodating us on the response dates.

**From:** Dona Feeney [mailto:dfeeney@Getmanstacey.com]
**Sent:** Tuesday, October 09, 2007 11:15 AM
**To:** Allan Marks
**Cc:** Brian T. Lee
**Subject:** RE: McDonough Depositions

Alan:

It is early October, so I would like October dates for your fed ct plaintiffs (Mcdonough's, Poole, and Hannigan). We have four defense lawfirms ready to accommodate any date in October. Plaintiffs have four lawfirms representing their interests, as well. Please give me some October dates during the weeks of October 15, 22 and October 29th. You can select the dates and we will be available. They can be different dates or two witnesses per date. Again it is up to you. I prefer not to notice the depositions but will if necessary.

As I recall from your prior emails, the McDonoughs were available on Oct 25th and your office suggested the date. Then you emailed that David was not available. When I asked about Lisa's covering, you emailed that you would check. Now you indicate the McDonoughs are not available. Odd, but the month is young so lets get these (and the other plfs) set for October. I do know that the morning of Oct 24th is free for at least one deposition that Lisa could cover as Anzalone was moved to a 2pm start time; and the morning of Oct 18th is free as we need to be in federal court that afternoon for a status conference. So we can certainly do 2 of the 4 on those dates.

Dona


Dona Feeney, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
Three Executive Park Drive, Suite 9
Bedford, NH  03110
Ph. (603) 634-4300 x727  Fax (603) 626-3647
dfeeney@getmanstacey.com

STATEMENT OF CONFIDENTIALITY: This email comes from a law firm. Therefore, you should assume that it contains privileged or confidential information. If you received the email by mistake or inadvertence, please contact the sender and delete your copy. Unauthorized republication is forbidden.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein

11/26/2007

**From:** Allan Marks [mailto:AMarks@charliplawgroup.com]
**Sent:** Tuesday, October 09, 2007 10:08 AM
**To:** Dona Feeney
**Cc:** David Charlip; Lisa Johnson
**Subject:** RE: McDonough Depositions

Yes. I was trying to arrange for Lisa to cover the depos on the 25th, but then the clients told me they had a problem with the date. What other dates do you have available for November.

Also, I will have the discovery responses for Patricia Hannigan and Eleanor Poole to you by tomorrow. Sorry for the additional delay.

I never heard back from you regarding Hal P Brown. I know we worked out the cost sharing, but I sent you an email about the currently scheduled date of December 7. I recall that the date was a problem for you and I wanted to make sure that was still the case before I go back to Mr. Brown for alternative dates.

Thanks.

---

**From:** Dona Feeney [mailto:dfeeney@Getmanstacey.com]
**Sent:** Tuesday, October 09, 2007 9:52 AM
**To:** Allan Marks
**Subject:** McDonough Depositions

Alan: May I hear from you on these?

Dona Feeney, Esq.
Getman, Stacey, Schulthess & Steere, P.A.
Three Executive Park Drive, Suite 9
Bedford, NH 03110
Ph. (603) 634-4300 x727  Fax (603) 626-3647
dfeeney@getmanstacey.com

STATEMENT OF CONFIDENTIALITY: This email comes from a law firm. Therefore, you should assume that it contains privileged or confidential information. If you received the email by mistake or inadvertence, please contact the sender and delete your copy. Unauthorized republication is forbidden.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein