```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS


ALAN C. ANDERSEN, at al.,
     Plaintiffs,

                                        CIVIL ACTION NO.
     v.                                 05-11904-RCL


BAYVIEW CREMATORY, LLC, et al.,
     Defendants.
```

**REPORT AND RECOMMENDATION RE:
NEPTUNE SOCIETY, INC.'S ASSENTED TO MOTION FOR
ENTRY OF SEPARATE AND FINAL JUDGMENT
(DOCKET ENTRY # 124)**

**February 6, 2008**

**BOWLER, U.S.M.J.**

Defendant Neptune Society, Inc. ("Neptune"), an organization that preplans and facilitates the cremation of decedents, requests that the court enter a separate and final judgment in light of a settlement between Neptune and plaintiff Patricia Hannigan ("Hannigan") disposing of Hannigan's claims against Neptune.  (Docket Entry # 124).  Neptune and the remaining defendants also agree to dismiss any cross claims against each other.

With respect to Neptune, the first amended complaint alleges that Hannigan contacted Neptune to arrange the cremation of Gertrude Scheid, Hannigan's aunt.  Neptune, in turn, arranged to have defendant Bayview Crematory, LLC ("Bayview") cremate the body.  On January 27, 2005, Bayview cremated the body and, as

alleged in the first amended complaint, mishandled the body and the cremation. (Docket Entry # 110, ¶¶ 113-115). Although Hannigan settled her claims against Neptune, she intends to proceed with her claims against the remaining defendants. (Docket Entry # 124).

## DISCUSSION

Rule 54(b), Fed. R. Civ. P. ("Rule 54(b)") allows a court, when more than one claim for relief is presented in an action, to:

> direct the entry of a final judgment as to one or more but fewer than all of the claims or parties upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Rule 54(b), Fed. R. Civ. P. Thus, Rule 54(b) requires that: (1) there be no reason for delay; and (2) the court expressly direct the entry of judgment. Great American Trading v. I.C.P. Cocoa, Inc., 629 F.2d 1282, 1286 (7th Cir. 1980); see Willhauck v. Halpin, 919 F.2d 788, 793 (1st Cir. 1990) ("an order which disposes of one or more parties or claims but does not end the litigation must either be certified as final pursuant to Rule 54(b) or be disposed of with the remainder of the litigation at the conclusion of the entire case").

The dismissal of Neptune and the claims against it will focus Hannigan's remaining claims upon Bayview's actions once it received the body of Hannigan's aunt from Neptune as opposed to

any misconduct on the part of Neptune in mishandling the body and deciding to employ the services of Bayview.  Thus, while there is a degree of factual and legal overlap, the interrelationship between the dismissed and the remaining claims is not substantial.  See Kersey v. Dennison Manufacturing Co., 3 F.3d 482, 487 (1st Cir. 1993) (district court should "carefully compar[e] the dismissed and the unadjudicated claims for indications of substantial overlap-to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact, to the detriment of judicial efficiency").  Although not entirely clear from the filing or from oral argument on December 12, 2007, the settlement makes an appeal unlikely thereby lessening the likelihood of "piecemeal appellate review."  See Credit Francais International, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996) ("[i]n its critical role as the Rule 54(b) 'dispatcher,' the district court is to consider the strong judicial policy disfavoring piecemeal appellate review") (quoting Kersey, 3 F.3d at 487).  There is also no just reason for delay.

## CONCLUSION

Accordingly, this court **RECOMMENDS**[1] that the motion for

---

[1] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another

entry of a separate and final judgment (Docket Entry # 124) be **ALLOWED** and that the court enter a separate and final certified Rule 54(b) judgment. See Willhauck v. Halpin, 953 F.2d at 792-794 (Rule 54(b) allows entry of final judgment on fewer than all parties "only upon an *express* determination that there is no just reason for delay and upon an *express* direction for the entry of judgment" in accordance with Rules 58 and 79(a), Fed. R. Civ. P.).

   /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).